# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# CRIMINAL MINUTES - GENERAL

Phoenix Division

**CR-19-0898-PHX-DLR**  DATE: August 29, 2019

Title: <u>USA</u>    vs. <u>David Allen Harbour</u>
       Plaintiff    Defendant

================================================================

HON:   <u>Deborah M. Fine</u>        Judge # <u>70CD/DMF</u>

       <u>Caryn Smith</u>            CourtSmart
       Deputy Clerk               Recorded

**APPEARANCES:**
Kevin Rapp for Plaintiff
Retained attorney, Alan Baskin, for Defendant

================================================================
**PROCEEDINGS:**    <u>  X  </u> Open Court    <u>     </u> Chambers    <u>     </u> Other

4:11 PM - This is the time set for Status Hearing re: Bond.  LET THE RECORD REFLECT Defendant's Motion for Substitution of Counsel (Doc. 28) was granted by Judge Rayes prior to this hearing.

Discussion is held regarding the burden on Pretrial Services monitoring defendant's monetary transactions over $1000.  In attempt to alleviate the burden and expedite approval when requested, IT IS ORDERED that if the defense informs the Government of a proposed transaction and the Government has no objection to the proposed transaction, then Pretrial Services may approve the transaction without further inquiry.  IT IS FURTHER ORDERED that if a proposed transaction by defendant is too complex for Pretrial Services to reasonably review, then Pretrial Services shall deny approval and defense may file a motion with the Court for approval.  If this situation appears likely to occur repetitively, then the Court will consider the use of an outside expert, such as an accountant, for review of financial transactions over $1000 pending proceedings and will also consider whether requiring approval of pretrial transactions over $1000 continues to be appropriate.

Argument is heard regarding the bond amount.  IT IS ORDERED that the $500,000 secured property bond shall replace the $1,000,000 signature bond once the $500,000 secured property bond is posted.  IT IS FURTHER ORDERED that electronic monitoring and home detention remains in place until the $500,000 secured property bond is posted.  IT IS FURTHER ORDERED that promptly upon the $500,000 secured property bond being posted, the parties shall file a stipulation and proposed form of order to remove the electronic monitoring and home detention pretrial release

conditions as well as to release the $1,000,000 signature bond. Upon request of defense counsel and with no objection by the Government, IT IS ORDERED defendant may attend his nephew's football game at Valley Vista High School on August 30, 2019.

Discussion is held regarding reimbursement regarding services of CJA Attorney, Mark Kokanovich, who is present at today's hearing. The Court notes that the presence of CJA Attorney Mark Kokanovich is required at the hearing taking place for an orderly transition of the case and for the reimbursement issue to be addressed. IT IS ORDERED directing Mr. Kokanovich to file his billing following the normal CJA procedures. Once billing has been processed and paid by the Court, Mr. Kokanovich shall provide the documentation of payment to retained defense counsel of record. IT IS FURTHER ORDERED that within thirty days of receipt of the documentation, defendant shall make reimbursement to the United States Courts for the full cost (fees and expenses) of CJA Attorney, Mark Kokanovich's representation in this matter. IT IS FURTHER ORDERED upon the conclusion of this hearing, CJA Attorney, Mark Kokanovich, is withdrawn from further representation of the defendant in this matter.

The Government moves to amend release conditions to add additional victims/witnesses regarding whom the defendant shall have no contact. There being no objection by Defense, IT IS ORDERED granting the oral motion and that defendant shall avoid all direct or indirect contact with the following additional persons and their family members: Joe Cathey, Diane Cathey, Dan Willson, Gary Matthews, Charles Wear, Carol Hill, Pat Hill and John Grissinger.

4:49 PM – Court is adjourned.

Time in court: 38 min (4:11 PM – 4:49 PM)