MICHAEL BAILEY
United States Attorney
District of Arizona
KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-00898-PHX-DLR (DMR) |
| Plaintiff, | |
| v. | **JOINT STATUS MEMORANDUM** |
| David Allen Harbour, | |
| Defendant. | |

The scheduling order requires the parties to submit a joint status report three days prior to the first status conference scheduled for January 27, 2020.  (*See* CR 39.)

**I.     Discovery Process**

The United States has obtained documentary evidence from a wide-variety of different sources (*e.g.*, interviews of witnesses, bank records, documents and digital devices obtained during a search warrant, etc.) The production log indicates the government has to date disclosed 37,534 documents.

Regarding digital devices, the government has subjected the devices to a filter review based on attorney emails and phone numbers provided to the government by the defense. The government is willing to release the digital devices to the defense contingent

1 on agreement regarding their authenticity.  In the alternative, if the defense provides an
2 eight terabyte hard drive the government can provide the defense a mirrored image.

**II.     Jencks Act information**

The government has conducted numerous interviews, both at the investigative stage and following Harbour's arrest and indictment. The government has yet to follow up with the witnesses to have them adopt their statements so that it may comply with its *Jencks* obligation. Nevertheless, the government intends to disclose numerous interviews on February 3, 2020 (as required by the scheduling order) despite the statements not constituting Jencks Act information.

In accordance with the Scheduling Order, if the government obtains additional Jencks Act material, it will disclose those materials to Defendants as soon as practicable or at least thirty days prior to trial. (*See* CR 36; footnote 1 ("Any statements that have not been adopted by a testifying witness will be disclosed thirty days prior to the firm trial date.")

**III.    Defense Position**

The Defense views discovery as being in its early stages and ongoing.  Mr. Harbour has yet to receive all discovery from the government.  The government is still evaluating Mr. Harbour's iPhone and MacBook laptop computer.  Upon completing its evaluation, the government will produce the contents of its evaluation to Mr. Harbour.  The government is also going to contact the POC for the SEC investigative file and request that the SEC disclose any remaining testimony or documents.

**IV.    Meet And Confer Regarding Discovery**

When requested by defense counsel, the United States is willing to meet with defense counsel telephonically or in person to review discovery and answer any questions about specific discovery relevant to their client.

Respectfully submitted this 22nd day of January, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

s/ Kevin Rapp
KEVIN M. RAPP
Assistant U.S. Attorney

**Certificate of Service:**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

s/ Angela Schuetta
U.S. Attorney's Office

- 3 -