MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249)
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
kevin.rapp@usdoj.gov
Telephone (602) 514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-00898-PHX-DLR (DMF) |
|---|---|
| Plaintiff, | **GOVERNMENT'S MEMORANDUM RE: DEFENDANT'S VIOLATION OF RELEASE CONDITIONS** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant David Allen Harbour ("Harbour") violated a financial condition of his pretrial release by using a fraudulently obtained credit card to make several charges in excess of $1,000 that were for his benefit. As a result, Harbour does not inspire confidence that he will comply with his pretrial release conditions. Accordingly, the Court should modify his release conditions by imposing further restrictions on financial transactions by requiring (1) any transaction in excess of $500 to be approved by his assigned pretrial services ("PTS") officer; (2) disclosing to PTS any and all credit cards in either his or his wife's possession (or anyone else that is maintaining a credit card for his benefit) to PTS; and (3) Harbour should be required to disclose all bank accounts that are being used for his benefit to PTS.

## RELEVANT FACTS

On April 6, 2019, at 12:03 a.m. (four months prior to Harbour's indictment and arrest) an application for an American Express Platinum Card ("AMEX card")

was submitted and approved for his wife, Abby Harbour. (*See* Ex. A)[1]. The application falsely represented that she had an annual income of $150,000. (*Id*.)

On August 5, 2019, Harbour was arrested as a result of being indicted for 3 counts of wire fraud and 19 counts of money laundering involving a fraudulent investment scheme. (*See* Doc. 3). On August 8, 2019 following a series of hearings to determine appropriate release conditions Harbour was released on a $1,000,000 bond. (*See* Doc. 17). His financial conditions required that "defendant shall not make any financial transactions totaling over $1000.00 in any month to any person or entity without approval of Pretrial Services. Any transaction over $1000 to any person or entity in any month *that benefits defendant* also requires Pretrial Services approval." (emphasis added)(*Id.*) Despite this condition the following transactions were made on Abby Harbour's AMEX card for the benefit of Harbour.

    09/19/2019 - $10,797.75 payment (page 2)
    10/29/2019 - $59,000.00 charge (page 3)
    11/06/2019 - $59,300.00 payment (page 3)
    12/03/2019 - $1,287.19 payment (page 4)

(*See* Ex. B).

Three of the transactions, exceeding $1000, were made for a Skybox at The Phoenix Waste Management Open golf tournament. (*See* Ex. C). Harbour confirmed that he understood that he had to make payments exceeding $1000 after being released on conditions for a week. (*Id*.)

On February 4, 2020, Pretrial Services Officer Tammy Mahan submitted a Petition for Action on Conditions of Pretrial Release for the Court's consideration and requested that a summons issue for Defendant's appearance on the Petition for Action on Conditions of Pretrial Release. (*See* Doc. 58). This Court ordered the parties to be prepared to address whether the condition referenced in the Petition should be removed, modified, or replaced.(*Id.*)

---

[1] Exhibits A – D have been filed separately under seal.

**LAW AND ARGUMENT**

"The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, permits the revocation of release and an order of detention for a person who has been released under 18 U.S.C. § 3142 and has violated a condition of that release." *United States v. Addison*, 984 F. Supp. 1, 2 (D.D.C. 1997); *see also See* 18 U.S.C. § 3142(c)(1)(B) & (c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release.").

Here, Harbour has been charged with 22 counts of wire fraud and money laundering involving the diversion of investor funds for his own personal benefit. Recently, defense counsel has been notified that the U.S. Department of Justice, Tax Division has approved tax evasion charges for calendar years 2005, 2006, 2011, 2012.

The above is relevant to the recent petition alerting the Court that Harbour violated release conditions related to certain financial conditions. *First*, the fraudulent use of an AMEX card is nothing new for Harbour. During the investigating agents interviewed W.Y. (*See* Ex. D). She advised investigating agents that Harbour (unable to qualify for a AMEX card due to poor credit) convinced her to obtain one for his benefit. (*Id.*). Later he also obtained an AMEX card for Abby Harbour based on W.Y.'s credit. As detailed in her memorandum of interview Harbour convinced W.Y. that he was making payments on the card when in fact he was not. Ultimately, W.Y was sued by AMEX for Harbour's charges. The relationship between W.Y. and Harbour (financial and otherwise) ended sometime in 2017.

As a result of no longer having access to the AMEX card based on W.Y.'s credit in April 2019 Harbour was experiencing financial pressures. His had no documented source of income, no home, was not paying rent, and had no vehicles in his name.[2] On April 6, 2019, at 12:03 a.m., either Harbour (or Harbour's wife at his direction) applied for an AMEX card. (Ex. A). The application fraudulently represents that Abby is making $150,000 in annual income. Of course, at the time, she had no employment (neither did Harbour for that matter). (*Id.*)(Doc. 10). Lastly, the Court may recall at Harbour's

---

[2] *See* Doc. 10; PTS report dated August 5, 2015.

1  detention hearing it was a concern to pretrial services that Harbour and his wife were
2  inconsistent about who managed the household finances.[3] In addition, Harbour was
3  initially held detained as an economic danger to the community. (*Id.*)

4  Despite the Court directing Harbour to seek approval for any transactions exceeding
5  $1000 he engaged in four transactions, using the AMEX (fraudulently obtained in his
6  wife's name), to pay for an assets that Harbour has not reported to PTS, namely a Skybox
7  at the Phoenix Waste Management Open. He circumvented this condition by charging the
8  AMEX card in Abby's name, being paid for the box (that he can no longer afford) and
9  then apparently claiming he did not know he was prohibited from doing so. In sum,
10 Harbour's conditions should be modified.

**CONCLUSION**

Based on the forgoing, the modifications to his conditions, recommended by the United States, should be imposed.

Respectfully submitted this 15th day of May, 2020.

    MICHAEL BAILEY
    United States Attorney
    District of Arizona

    *s/ Kevin Rapp*
    KEVIN M. RAPP
    Assistant U.S. Attorney

---

[3] (*Id.*)("Ms. Harbour could not verify the defendant's monthly financial obligations adding it was all unknown to her. Which is contrary to what the defendant reported, as he noted Ms. Harbour handles all household expenses and obligations. Pretrial Services is concerned with the conflicting information provided by the defendant and Ms. Harbour.")

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of May, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alan Baskin
Baskin Richards PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
415-494-8887
Email: alan@baskinrichards.com
*Attorneys for defendant David Allen Harbour*

*s/Marjorie Dieckman*
US Attorney's Office