**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile 602-595-7800
E-mail: alan@baskinrichards.com
         mmilovic@baskinrichards.com
Name and State Bar No.:   Alan Baskin #013155
                          Mladen Z. Milovic #035560

*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | **Case No.  CR-19-00898-PHX-DLR** |
| Plaintiff, | **MOTION TO DISMISS FORFEITURE COUNT AS IT RELATES TO ALLEGED INVESTOR-VICTIM "R.G."** |
| vs. | |
| David Allen Harbour, | **(Oral Argument Requested)** |
| Defendant. | |

Pursuant to Fed. R. Crim. P. 12(b)(3)(B), David Allen Harbour ("Harbour") moves to dismiss the forfeiture count as it relates to investor-victim "R.G." and R.G.'s transaction amount of $1,001,242.67 from the July 30, 2019 indictment ("Indictment").

**I.     INTRODUCTION.**

The government attempts to smuggle an impermissible and unrelated fraud claim in the Indictment by burying it in a forfeiture claim.  The government charges Mr. Harbour with wire fraud and transactional money laundering related to several transactions that occurred between July 2014 and October 2015.  The Indictment also names a transaction from March 22, 2010 involving R.G., but does not include it in any of the charged counts.  This is because the five-year statute of limitations would bar any substantive count of wire fraud or money laundering

related to a 2010 transaction. *See* 18 U.S.C. § 3282.

Instead, the government improperly includes the 2010 transaction in its forfeiture allegation, even though R.G.'s transaction with Mr. Harbour had nothing to do with the alleged scheme common to the wire fraud and money laundering counts in the Indictment. The Court must dismiss, and not allow the government to include the R.G. March 2010 transaction amount in the forfeiture allegation.

## II.   BACKGROUND.

The Indictment alleges that Mr. Harbour promoted and sold investments commonly known as "payday loans," but used the money he raised for purposes other than what was promised. The Indictment revolves around a series of loans to an entity called Green Circle, the first of which was on July 30, 2014:

> HARBOUR set up various LLCs with investor-victims to facilitate investments in payday lending. HARBOUR represented funds from investors would go to Green Circle, the Native American lending entity established by HARBOUR, which would finance consumer loans and generate profits….

[Doc. 3 at ¶ 3(a).]

The Indictment includes a list of alleged investor-victims, their investment amounts, and the transaction dates. [Doc. 3 at 6:1-9.] The list includes R.G., who loaned $1,001,242.67 on March 22, 2010, over four years before the first Green Circle transaction. [*Id.* at 6:1-3.] R.G.'s transaction is not part of or connected to Green Circle or any of the twenty-two charged counts; it is linked only to the forfeiture allegation.

## III.   ARGUMENT.

The Indictment fails to allege facts establishing that R.G. is a victim or that her alleged March 2010 transaction with Mr. Harbour has any connection to the offenses charged. Because the alleged transaction with R.G. lacks any relationship with the charged offenses, any proceeds from that transaction are not subject to forfeiture. Accordingly, under Rule 12(b)(3)(B), any allegations regarding the alleged 2010 transaction with R.G. must be dismissed from the

Indictment. Fed. R. Crim. P. 12(b)(3)(B) (authorizing motion to dismiss based on a "defect in the indictment" including "failure to state an offense").

### A. The Government's Inclusion of R.G.'s Transaction in the Forfeiture Allegation is Improper Because R.G.'s Transaction is Unrelated to the Scheme Alleged in the Indictment.

The government's forfeiture claim is based on the federal civil forfeiture statute, 18 U.S.C. § 981, the criminal forfeiture statute, 18 U.S.C. § 982, and 28 U.S.C. § 2461(c). Those sections limit forfeiture to property that "constitutes or is derived from proceeds traceable" to certain offenses, including mail and wire fraud. 18 U.S.C. § 981(a)(1)(C).[1] This means that proceeds subject to forfeiture must have been "obtained 'as the result of the commission of the offense'" giving rise to the forfeiture. *United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016) (authorizing forfeiture of sums obtained as a result of the "fraud scheme as a whole"). Even when forfeiture is allowed for proceeds from uncharged or acquitted conduct, the funds must be from "conduct [that] was part of the **same** scheme to defraud." *United States v. Cox*, 851 F.3d 113, 129 (1st Cir. 2017) (agreeing with *Lo*) (emphasis added). In other words, to be subject to forfeiture, funds must be related to the fraud scheme for which a person is charged.

Money that is unrelated to the indictment's fraud scheme—i.e., funds that are not "traceable" or "the result of the offense"—is not subject to forfeiture. *See, e.g., United States v. Capoccia*, 503 F.3d 103, 116 (2d Cir. 2007) (prohibiting forfeiture of proceeds of older transactions that pre-dated the offenses of conviction and were not alleged to be part of the charged offenses); *cf. United States v. Riley*, 143 F.3d 1289, 1292-93 (9th Cir. 1998) (in

---

[1] 18 U.S.C. § 981(a)(1)(C) subjects property to civil forfeiture if it is obtained in violation of various listed statutes or if it is obtained as a result of "any offense constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of this title.") "Specified unlawful activity" is defined as any act or activity constituting an offense listed in 18 U.S.C. § 1961(a). 18 U.S.C. § 1956(c)(7)(A). In Section 1961(a), there are dozens of federal statutes provided as constituting a specified unlawful activity, including "section 1343 (relating to wire fraud)." 18 U.S.C. § 1961(a)(1). Section 981(a)(1)(C) authorizes the forfeiture of proceeds that are traceable to a violation of Wire Fraud, 18 U.S.C. § 1343. *United States v. Day*, 524 F.3d 1361, 1374-75 (D.C. Cir. 2008); see U.S.C. §1956(7) (referencing 18 U.S.C. § 1961(1) that lists wire fraud).

restitution context, when defendant used proceeds from fraud scheme as down payment for bank loan, the bank loan proceeds could not be part of restitution because they were not related to the fraud scheme); *United States v. Dickerson*, 370 F.3d 1330, 1341 (11th Cir. 2004) (a criminal defendant cannot be compelled to pay restitution for conduct committed outside of the scheme, conspiracy, or pattern of criminal behavior underlying the offense of conviction).

Applied to the Indictment, this important limitation on the government's forfeiture power requires dismissal of the R.G. transaction from the forfeiture claim. Unlike in *Lo* (where forfeited amounts were related to the same fraud scheme as the counts to which the defendant plead guilty), the proceeds of the alleged R.G. transaction have nothing to do with the offenses charged. The Indictment states that "upon conviction of one or more of the offenses alleged in Counts 1 through 22 of this Indictment," Mr. Harbour shall forfeit, among other things, a "sum of money equal to at least $4,101,242.67 in United States currency, representing the amount of money involved in the offenses."[2] [Doc. 3 at ¶ 8(b).] The government calculates this $4.1 million by adding $2,901,242.67 from "investor-victims" and an alleged $1,100,000 unauthorized withdrawal from Green Circle. [Doc. 3 at ¶ 4.] The government's forfeiture calculation includes R.G.'s transaction amount of $1,001,242.67, as she is one of the "investor-victims." [Doc. 3 at 6:1-9.]

But the Indictment does not allege any connection between R.G.'s 2010 transaction and any of the offenses charged, such as the years-later Green Circle transactions. Nor could it: the documents R.G. provided to the government show that she contracted with Mr. Harbour and others for business and personal investment advice, and bear no connection to an alleged payday investment scheme. [*See* Exhibit 1, R.G. Narrative Notes.]

Accordingly, because the Indictment fails to allege that the R.G. transaction has any relationship with the offenses charged, that transaction and its alleged proceeds must be

---

[2] Upon information and belief, there is a typographical and/or mathematical error in the forfeiture count, as the total sum is $4,001,242.67 – not $4,101,242.67 as noted in Paragraph 4 of the Indictment.

dismissed from the government's forfeiture claim.

### B. R.G.'s Inclusion in the Indictment is an Improper Attempt to Bypass the Wire Fraud Statute of Limitations.

The R.G. transaction must also be dismissed from the forfeiture claim (and struck from the Indictment throughout) with prejudice because the Government cannot punish Mr. Harbour for the R.G. transaction. While *Lo* may authorize forfeiture for some uncharged or acquitted conduct **if related** to a charged fraud scheme, the Indictment seeks to punish Mr. Harbour for **uncharged**, **expired**, and **unrelated** conduct. The statute of limitations has long lapsed for that 2010 transaction and the government's effort to smuggle the allegations back in through the forfeiture claim must be dismissed.

The federal statute of limitations for wire fraud is five years. 18 U.S.C. § 3282 ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). A criminal statute of limitations is Congress' bright-line articulation of the minimum requirements of due process and 18 U.S.C. § 3282 limits exposure to prosecution to a fixed period of time. Statutes of limitation are a defendant's primary safeguard against the possibility of prejudice from pre-accusation delay. *See United States v. Lovasco*, 431 U.S. 783, 789 (1977). As a result, criminal limitations statutes are "to be liberally interpreted in favor of repose." *United States v. Habig*, 390 U.S. 222, 227 (1968); *United States v. Scharton*, 285 U.S. 518, 522 (1932).

Here, the government does not, and cannot, allege any instance of wire fraud Mr. Harbour committed in connection with R.G. on or around March 22, 2010. *See also U.S. v. Scarano*, 975 F.2d 580, 585 (9th Cir. 1992) (wire fraud not a continuing offense for purposes of statute of limitations); *U.S. v. Niven*, 952 F.2d 289, 293 (9th Cir. 1991) (overruled on other grounds); *United States v. Garlick*, 240 F.3d 789 (9th Cir. 2001). The government knows it cannot charge Mr. Harbour with wire fraud for the transaction between him and R.G. Instead, the government attempts to bypass the statute of limitations by including R.G. as a "victim"

and including her $1,001,242.67 transaction in the forfeiture allegation. It cannot do so.

### C. R.G. is Not a "Victim."

"Victims" are persons who are "directly or proximately harmed" as a result of the commission of an offense that entitles the victims to restitution, such as wire fraud. *See* 18 U.S.C. § 3663A(a)(2). A person can be a victim of some crime even if the person is not named in the indictment as part of any charged count, but only if the person was harmed as a result of the same particular scheme or artifice to defraud identified in the charged counts. If the harm to a particular person is not identified in any charged count and was not the result of the same particular scheme or artifice to defraud identified in the charged counts, the person cannot be a "victim." *See, e.g., U.S. v. Brown*, 665 F.3d 1239, 1252 (11th Cir. 2011) (restitution orders for alleged victims not identified in any charged counts are appropriate only if the conduct was closely related to the conviction of the offense). The fraud against the victim must not be too tangential to be part of the same scheme. *See United States v. Thomsen,* 830 F.3d 1049, 1067 (9th Cir. 2016). Such is the case here. R.G.'s transaction with Mr. Harbour from ten years ago was not related to payday lending or Green Circle. R.G. is not a victim.

### IV. CONCLUSION.

The government cannot allege or prove any criminal allegations against Mr. Harbour involving R.G. Knowing this, the government names R.G. as an investor-victim and includes her transaction amount of $1,001,242.67 in the forfeiture allegation. This is improper, as R.G.'s transaction is entirely separate and different from the alleged payday lending scheme involving Green Circle. The Court must dismiss R.G. as an investor-victim, strike any reference to her in the indictment and dismiss the amount of $1,001,242.67 from the forfeiture allegation.

6

RESPECTFULLY SUBMITTED this 17th day of July, 2020.

                BASKIN RICHARDS PLC

                /s/ Alan Baskin
                Alan Baskin
                Mladen Milovic
                2901 N. Central Avenue, Suite 1150
                Phoenix, Arizona  85012
                *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kevin M. Rapp
U.S. Attorney's Office
40 N. Central Ave., Suite 1800
Phoenix, AZ  85004
*Attorneys for Plaintiff*


 /s/ Cristina McDonald

7

# EXHIBIT 1 – FILED UNDER SEAL