# Exhibit A



**U.S. Department of Justice**

**MICHAEL BAILEY**
United States Attorney
District of Arizona

---

Two Renaissance Square     Main:    (602) 514-7500
40 N. Central Ave., Suite 1800     Main Fax:    (602) 514-7693
Phoenix, AZ 85004-4408

August 7, 2020

Alan Baskin, Esq.
Mladen Milovic, Esq.
Baskin Richards PLC
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012

**SENT VIA E-MAIL ONLY**

    Re:    *United States v. David Allan Harbour,*
            CR-19-00898-PHX-DLR (DMF)

Dear Messrs. Baskin and Milovic:

    I hope this letter finds you well during this challenging time. The purpose of this letter is meant as a request for the defense not to disclose any of the items provided to the defense pursuant to the scheduling order to third parties, including the use in unrelated state court civil litigation. It has come to my attention that there is the intent on your part to provide, among other things, the preliminary witness and exhibit list as some type of an exhibit in a civil case.

    The purpose of the scheduling order is to provide both parties discovery (*e.g.*, reports, Jencks Act material, preliminary exhibit and witness lists, etc.) before the government is statutorily obligated to provide these items in order to avoid delays prior to and during trial. My experience is that this agreement benefits the defense far more than the prosecution. In any event, these items are not provided for the unfettered use by the defense in a state civil case to gain some type of strategic advantage or for the dissemination to third parties.

    As I am sure you are aware, it is not uncommon for the government to seek a protective order when federal prosecutors believe that the defense will not protect sensitive discovery including reports of interviews (i.e., victims statements) and witness and exhibit lists. I did not have that concern here, but obviously, recent revelations indicate that a protective order may be necessary. Please confirm that you will not persist in disclosing any items provided pursuant to the scheduling order to third parties. If you are not inclined to agree to this request, I would ask that you give the government the opportunity to seek a protective order with Judge Rayes before you disclose any documents disclosed by the government to date. The protective order will, among other things, require that all discovery remain in your office, not be disseminated to third parties, and that any review with your clients or other witnesses occur only in your office.

August 7, 2020
Page 2

      If you have any questions, please do not hesitate to contact me at (602) 514-7609.

                        Sincerely,

                        <u>s/ *Kevin M. Rapp*</u>
                        KEVIN M. RAPP
                        Assistant United States Attorney

KMR/jsf

# Exhibit B

| | |
|---|---|
| **From:** | Alan Baskin |
| **To:** | Rapp, Kevin (USAAZ) |
| **Cc:** | Mladen Milovic |
| **Subject:** | David Harbour |
| **Date:** | Monday, August 10, 2020 7:20:49 AM |

Kevin

This responds to your letter on Friday.  I hope that you and family are safe and well.

We have moved to stay two civil actions pending the outcome of the criminal case.  This requires advising the courts of the overlap of the criminal and civil matters, which as you know is a necessary predicate to obtaining a stay.  To protect the parties' privacy interests and with a view towards keeping information about the criminal case out of the public domain, the motions and exhibits have been filed under seal.

We are sensitive to your concerns, which have been directly addressed by filing under seal, and cannot and will not avoid the truth.  Please keep in mind that stays will provide a significant benefit to the criminal witnesses and likely the government, as they would otherwise have to be deposed, something they do not have to submit to in the criminal matter.  A balanced view leads to the inescapable conclusion that stays may benefit the government more than Mr. Harbour.  No need exists to involve Judge Reyes, but please feel free to call if you wish to discuss further.

Last, given the pandemic and that we have not spoken in a while, do you have a realistic assessment as to the likelihood of the trial starting as scheduled on November 4?  Please let me know how your office is handling/planning for upcoming trials such as ours.

Alan


Alan Baskin
Baskin Richards PLC
2901 N. Central Avenue, Suite 1150
Phoenix, AZ  85012
Office: (602) 812-7979
Fax: (602) 595-7800
alan@baskinrichards.com



[www.baskinrichards.com](www.baskinrichards.com)

This transmission is intended only for the party to whom it is addressed and may contain privileged and confidential information. Any unauthorized use, dissemination or copying of this transmission is prohibited. If you have received this transmission in error, please notify us immediately by return email, and delete or destroy this communication and any copies (digital or paper), including all attachments. Unless expressly stated in this e-mail, nothing in this message should be construed as a digital or electronic signature.

We do not provide tax advice and therefore any advice contained in this email and any attachments is not intended or written to be used, and cannot be used, for purposes of avoiding tax penalties that may be imposed on any taxpayer.

# Exhibit C

| | |
|---|---|
| **From:** | Rapp, Kevin (USAAZ) |
| **To:** | Alan Baskin |
| **Cc:** | Mladen Milovic |
| **Subject:** | RE: David Harbour |
| **Date:** | Tuesday, August 11, 2020 4:13:00 PM |

Alan:

Thanks for the quick email. Unfortunately your response misses the point. The non-public disclosure provided pursuant to the scheduling order is not to be disseminated to third parties. Period. The filing under seal in a state court proceeding still allows the disclosure to be viewed by parties to the litigation. And, we cannot control what they do with the disclosure. In addition, what prevents a state court judge from unsealing the documents at a later date?. Your rationale that you need to use the disclosure to convince a judge of the overlap between a Federal criminal case and a state civil case is, to put it mildly, disingenuous. You have a publicly filed indictment, other publicly filed pleadings and your own discovery that could be used to further your argument. Accordingly, we will not disclose any further discovery until a protective order is in place. I'm in San Diego this week finishing up a recusal case but will file a motion and order next week.

Also, your argument that government witnesses would not be subject to a deposition is similarly disingenuous. The only reason you are seeking a stay is to prevent your client from having to invoke his 5th and the attendant consequences in a civil case, Lastly, I also find it bad faith that you filed the pleading *after* I alerted you to the issue.



All the best,

**Kevin M. Rapp| Assistant U.S. Attorney**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, kevin.rapp@usdoj.gov**