**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile 602-595-7800
E-mail: alan@baskinrichards.com
         mmilovic@baskinrichards.com
Name and State Bar No.:    Alan Baskin #013155
                           Mladen Milovic #035560
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.  CR-19-00898-PHX-DLR(DMF) |
| Plaintiff, | **DEFENDANT'S RESPONSE TO MOTION FOR A PROTECTIVE ORDER** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

## I.    INTRODUCTION.

The government's motion for a protective order (the "Motion") fails at every level to establish the basis for such an order. The Motion focuses on two distinct documents ("the Documents") filed under seal in a parallel civil case brought against Mr. Harbour by a named victim in the indictment. The Documents are witness and exhibit lists created by the government and disclosed to Mr. Harbour as required by the Court in its October 16, 2019 scheduling order. [Doc. 39.] Mr. Harbour did not file or make use of any of the underlying exhibits, discovery or investigative reports. The disclosure of the Documents did not and does not require a protective order, and the Government's three-page Motion offers no legal authority, does not make the showing of good cause required by Rule 16, Fed R. Crim. P. and

is filled with improper, overbroad allegations of harm without any specific examples or reasoning as required for a protective order.

## II.     BACKGROUND.

### A.     The R.G. Motion to Stay.

Mr. Harbour filed motions to stay two parallel civil cases, involving Plaintiffs R.G. and 8901, LLC ("8901").[1] The government's Motion focuses on the R.G. Motion to Stay, which Mr. Harbour filed under seal on August 10, 2020. [*See* Exhibit 5.] R.G. is named an "investor-victim" in the indictment and listed on the government's witness list. R.G. is also the subject of a motion to dismiss the portions of the indictment related to her in this matter [Doc. 98], but the Court has yet to rule, and Mr. Harbour will not presume any ruling. Mr. Harbour has no indication that if the motion to dismiss is granted, R.G. will be removed from the government's witness list and/or not be the subject of a superseding or later indictment (to which Mr. Harbour would object).

After settlement negotiations stalled in the R.G. case, and discovery was about to begin in earnest, Mr. Harbour drafted a motion to stay. On Friday, August 7, 2020, the government sent a letter to Mr. Harbour's counsel stating that it had learned Mr. Harbour intended to disclose the Documents as exhibits to the motion, and requested Mr. Harbour not do so. [Doc. 119-2 at 2-3.] The letter provided no legal authority or basis for the government's request, nor did it distinguish between the 8901 motion that had been filed a month earlier and R.G. In response Mr. Harbour's counsel emailed the government that he had filed under seal motions to stay two[2] civil cases, and explained the need for disclosure of the Documents, that the

---

[1] The Motion is directed at the filings in *"R.G." v. David Harbour, et al.*, Maricopa County Superior Court CV2018-054740. Although counsel advised the government on August 10, 2020 that Mr. Harbour had filed motions to stay two civil actions, the government does not address the motion Mr. Harbour filed on July 2, 2020, over a month before counsel's exchange, in *8901, LLC v. David Harbour et al.*, Maricopa County Superior Court CV2019-009504. On August 21, 2020, the civil court in 8901 granted the motion in part. [*See* Exhibit 3.] The relevant filings are attached as Exhibits 1-6, and this Response addresses both matters.

[2] At 7:20 a.m. on Monday, August 10, 2020, when Mr. Harbour's counsel sent his email, he thought that both the 8901 and R.G. motions had already been filed, writing, "[we] have moved

2

Documents were filed under seal, and how a motion to stay the civil case could benefit the government. [Doc. 119-2 at 5.]

Mr. Harbour used the motion to stay and supporting exhibits to advise the civil court of the overlap between the parallel civil case and this matter and explain the necessity for a stay. To safeguard the alleged investor-victim's confidentiality and interests, Mr. Harbour's counsel worked transparently and diligently with opposing civil counsel in advance of filing the motion. R.G. or her counsel apparently contacted the prosecutor to advise him of a potential motion to stay shortly before it was filed after learning of it through Mr. Harbour's counsel. On August 20, 2020, R.G. filed her response, which consisted of five pages and no exhibits and was not filed under seal. [*See* Exhibit 6.]

**B.    The 8901 Motion to Stay.**

The 8901 case involves a residential lease and improvements agreement between Mr. Harbour and 8901 related to a house Mr. Harbour's family lived in for several years. [*See* Exhibit 4.] The individual who controls 8901 was a long-time business partner and friend of Mr. Harbour, evicted the Harbours from their home immediately upon Mr. Harbour's indictment, has been interviewed by the government, and has been the subject of conversations between the prosecutor and Mr. Harbour's counsel. The parties' counsel in the 8901 matter coordinated such that the motion to stay, response and reply were all filed under seal, along with the exhibits.

8901 was the first case where Mr. Harbour filed a motion to stay, which was on July 2, 2020. [*See* Exhibit 1.] On August 21, 2020, the court granted the Harbours a partial stay based on a finding of sufficient similarity of issues such that facts and circumstances in the civil and criminal matters would overlap. [*See* Exhibit 3.] The prosecutor never expressed any concern about the 8901 motion, even though Mr. Harbour's counsel had advised the prosecutor of two

---

to stay two civil actions pending the outcome of the criminal case." [Doc. 119-2 at 5.] Although the 8901 motion was filed over a month before counsel's exchange, Mr. Harbour's counsel was mistaken, as the R.G. motion was filed later in the day on August 10, after counsel's email.

3

motions to stay in the August 10, 2020 email the government attached to its Motion. [Doc. 119-2 at 5.]

On August 11, 2020, the government, however, had advised Mr. Harbour that it would "not disclose any further discovery until a protective order is in place." [Doc. 119-2 at 8.] Although the government has provided some additional discovery since August 11, this is worrisome, particularly where the government's Rule 16 disclosure deadline was December 17, 2019, and raises concerns about whether and for how long the government has withheld documents. [Doc. 39 at 1.] Mr. Harbour reserves the right to take all necessary measures to preclude the admission of any documents disclosed by the government after December 17, 2019.

Although the government did not attach it as an exhibit, on August 12, 2020, Mr. Harbour's counsel sent a lengthy response to the prosecutor's August 11 email. The emails proved unavailing, and the government filed its Motion, which the Court should deny.

## III. ARGUMENT.

Federal Rule of Criminal Procedure 16(d)(1) provides that the Court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The party seeking the protective order bears the burden of showing good cause. *See United States v. Benzer*, 2015 U.S. Dist. LEXIS 169109, at *13 (D. Nev. December 15, 2015). The Motion fails as a matter of law.

This District Court and others in the Ninth Circuit have utilized the analysis under Fed. R. Civ. P. 26(c) to help determine whether a party has met its burden of establishing "good cause" pursuant to Fed. R. Crim. P. 16(d). *See United States v. Arredondo*, 2012 U.S. Dist. LEXIS 77465, at *5 (D. Ariz. June 4, 2012); *United States v. Patkar*, 2008 U.S. Dist. LEXIS 6055, at *12-13 (D. Haw. January 28, 2008). This parallels the approach other circuits have taken by applying Fed. R. Civ. P. 26(c) to criminal cases, and holding that "good cause" exists when a party shows disclosure will result in a clearly defined, specific, and serious injury. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007).

In the Ninth Circuit, to prevent access to unfiled discovery materials under Rule 26(c), a party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). For this reason, blanket protective orders – like the one requested by the government – are disfavored. *See San Jose Mercury News, Inc. v. United States District Court – N.Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Greeson v. Mitchell*, 2016 U.S. Dist. LEXIS 57577, at *10 (E.D. Cal. April 28, 2016).

Although the government bears the burden of showing good cause for a protective order, it fails to make any substantive arguments supporting that burden. Instead, the Motion merely narrates the exchange of correspondence between the government and Mr. Harbour's counsel regarding the dissemination of the Documents. The government's narrative also misrepresents that Mr. Harbour filed the Documents in an "unrelated state civil case." [Doc. 119 at 2:2-3.] The parallel civil cases directly involve one of the government's identified investor-victims, a transaction at issue in this criminal case and a second witness whom the government has interviewed and named as a witness.

Instead of offering any analysis regarding good cause, the Motion's "Argument" section provides no argument at all. It is a page-long discussion of the proposed terms of such an order. This fails to establish good cause and articulates no reasons why or examples how the Documents' under-seal filings in parallel civil matters have resulted or will result in a clearly defined, specific, and serious injury. *See Foltz*, 331 F.3d at 1130; *Wecht*, 484 F.3d at 211. The Motion provides no explanation of how the alleged sensitive nature of each Document will cause some specific prejudice or harm. For this reason alone, the government's Motion must fail.

The Motion's exhibits containing some of the correspondence between the government and Mr. Harbour's counsel do not help the government meet its burden of showing good cause. The government's only argument in the correspondence seems to be that the Documents "are not provided for the unfettered use by the defense in a state civil case to gain some type of strategic advantage or for the dissemination to third parties." [Doc. 119-2 at 2.] Characterizing the disclosure of the Documents as "dissemination to third parties" is somewhat misleading. As explained above, the Documents were disclosed under seal in a parallel civil case against Mr. Harbour where the plaintiff is one of the alleged investor-victims identified in the indictment, and where the civil and criminal allegations involve the same business transaction. The Documents were also disclosed under seal in another civil case against Mr. Harbour where the individual controlling the plaintiff entity is listed as a witness in this matter, and documents related to the property at issue in the case are listed as exhibits in this matter. The two civil cases and this criminal matter are intricately related. Mr. Harbour is not disclosing the Documents to random third parties. Any suggestion to the contrary is false.

Second, Mr. Harbour's disclosure of the Documents in the parallel civil cases is not meant to gain him some "strategic advantage." The Documents helped educate the courts as to the overlap of the criminal and civil matters, and Mr. Harbour could not presume that either Plaintiff, as adverse parties, would agree with or accept his analysis, which was proven true in Plaintiffs' responses. [*See* Exhibits 2 and 6.] Disclosure of the Documents tethered R.G. and the individual controlling 8901 to the facts and circumstances outlined in the criminal indictment.

Last, civil stays may provide a significant benefit to the criminal witnesses and the government because the plaintiffs would otherwise have to be deposed – something they do not have to submit to in the criminal matter. The government may well benefit from not having critical witnesses make statements under oath in civil cases that could subject them to cross-examination at the criminal trial. There is no gamesmanship or strategic maneuvering here. Mr. Harbour's motions to stay and use of the Documents in the civil cases were in the interests

of justice, judicial efficiency, and for the benefit of all parties involved.

There is no reason or need for the Court to enter a protective order.

## IV.   CONCLUSION.

The government fails to articulate any "good cause" regarding its request for a protective order. The government does not, and cannot, show how limited disclosure of the Documents under seal has resulted in or will result in specific harm and serious injury. The Court must deny the government's Motion.

RESPECTFULLY SUBMITTED this 28th day of August, 2020.

BASKIN RICHARDS PLC


/s/ Alan Baskin
Alan Baskin
Mladen Milovic
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kevin M. Rapp
U.S. Attorney's Office
40 N. Central Ave., Suite 1800
Phoenix, AZ  85004
*Attorneys for Plaintiff*


 /s/ Cristina McDonald