**EXHIBIT 1 – FILED UNDER SEAL**

**EXHIBIT 2 – FILED UNDER SEAL**

# EXHIBIT 3

Clerk of the Superior Court
*** Electronically Filed ***
08/21/2020 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-009504            08/20/2020

|  |  |
|---|---|
| HONORABLE DANIELLE J. VIOLA | CLERK OF THE COURT<br>K. Cabral<br>Deputy |
|  |  |
| 8901 L L C | JEFF A SHUMWAY |
| v. |  |
| TIMOTHY GOTTSCHALK, et al. | ROBERT D MITCHELL |
|  | ALAN S BASKIN<br>JUDGE VIOLA |

### ORDER GRANTING PARTIAL STAY

The Court has received and considered Defendants David Harbour and Abby Gottschalk Harbour's Motion to Stay Proceedings, the Response, the Reply, and the Notice of Joinder filed by Defendants Timothy Gottschalk and Julianne Gottschalk. The Court concludes that the pending federal matter and the instant matter are parallel proceedings (at least in part) that justify a complete stay of this matter. There is sufficient similarity of the issues that some facts and circumstances will necessarily overlap. The Court has further considered the extent to which the Harbours may have to choose whether to invoke their Fifth Amendment Rights, the burden on the other parties if a stay is ordered, the ongoing criminal investigation, the current trial date in the federal matter, and the public interest in bringing this litigation to a conclusion.

**IT IS ORDERED** granting Defendants David Harbour and Abby Gottschalk Harbour's Motion to Stay Proceedings in part as to discovery for a period of 90 days. The partial stay applies to any discovery in the form of a deposition, interrogatory or request for admission as to Defendants David Harbour and Abby Harbour only.

**IT IS FURTHER ORDERED** setting a telephonic status conference on **November 19, 2020 at 9:15 a.m. (time allotted: 15 minutes)** to address the status of the pending federal matter and whether the partial stay should be extended.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-009504 08/20/2020

The conference will be held by:

**THE HONORABLE DANIELLE J. VIOLA**
**MARICOPA COUNTY SUPERIOR COURT**
**EAST COURT BUILDING**
**101 WEST JEFFERSON**
**7TH FLOOR, COURTROOM 714**
**PHOENIX, AZ 85003**
**602-506-3442 TEL**

The parties shall call 602-506-9695 to access the Conference Bridge. (The long distance toll free number is 1-855-506-9695). The system will prompt you to enter the conference pass code. Enter the code 958767 followed by the # (pound) sign. If disconnected for any reason, repeat instructions above. **Note:** Participants who call in prior to the Moderator (Court staff) opening the bridge will hear music while waiting.

# EXHIBIT 4

Jeff A. Shumway (15300)
20343 N. Hayden, #105-244
Scottsdale, AZ 85255
Telephone: (602) 738-4992
jeff.shumway@theshumwaygroup.com
Attorneys for Plaintiff



COPY

NOV 07 2019

CLERK OF THE SUPERIOR COURT
V. MCIVOR
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| 8901, LLC, a Wyoming Limited Liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY GOTTSCHALK and JULIANNE GOTTSCHALK, husband and wife; DAVID HARBOUR and ABBY GOTTSCHALK HARBOUR, husband and wife.<br><br>Defendants. | NO. CV2019-009504<br><br>**COMPLAINT: BREACH OF GUANANTEE; BREACH OF CONTRACT** |

Plaintiff 8901, LLC, a Wyoming limited liability company, for its Complaint hereby alleges the following against defendants TIMOTHY GOTTSCHALK AND JULIANNE GOTTSCHALK, husband and wife ("Gottschalk") and DAVID HARBOUR AND ABBY GOTTSCHALK HARBOUR, husband and wife ("Harbour" and collectively with Gottschalk the "Defendants").

**PARTIES AND JURISDICTION**

1. Plaintiff 8901, LLC is a Wyoming limited liability company which, at all relevant times, did business in Maricopa County, Arizona.

1. Defendants Timothy Gottschalk and Julianne Gottschalk are husband and wife. On information and belief Defendants are residents of the State of Kansas, who spend substantial time in Arizona. On information and belief, the Gottschalk Defendants own real property in Arizona. All acts by Timothy Gottschalk and Julianne Gottschalk were taken on behalf of the marital community.

2. Defendants David Harbour and Abby Gottschalk Harbour are husband and wife. Defendant Abby Harbour is the daughter of Defendants Timothy and Julianne Gottschalk. The Harbour Defendants are residents of Maricopa County, Arizona. All acts by David Harbour and Abby Harbour alleged herein were taken on behalf of the marital community.

3. All acts alleged herein took place in, or caused damages in, Maricopa County, Arizona.

4. This Court has jurisdiction over this controversy pursuant to Ariz. Constitution Art. VI, § 14, A.R.S. § 12-123 and by agreement of the parties.

5. Venue is proper in this Court pursuant to A.R.S. § 12-401.

**GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference each of the allegations contained in all previous paragraphs as though fully set forth herein.

7. Plaintiff purchased a residential property in Paradise Valley, Arizona (the "Property"), as part of a business arrangement that benefited David and Abby Harbour.

8. At the time of Plaintiff's purchase of the Property, Plaintiff and the Harbours entered into a residential lease agreement whereby the Harbours agreed to 1) occupy the

1

Property; 2) pay rent on a monthly basis; and 3) make one million five hundred thousand dollars ($1,500,000) in improvements to the Property (the "Improvement Obligation").

9. The Harbours' agreement to lease, occupy and improve the Property are documented by a residential lease agreement (the "Lease"), and a secured promissory note (the "Note").

10. To induce Plaintiff to purchase the property and enter into the Lease with their daughter (Abby Harbour) and her husband (David Harbour), the Gottschalks unconditionally guaranteed the Harbours' performance of the Improvement Obligation (the "Guarantee").

11. The Harbours have breached the Lease and the Note by failing to make the required rent payments and by failing to meet the Improvement Obligation.

12. Plaintiff has made demand on the Harbours under the Lease and the Note.

13. The Harbours have refused to honor their obligations pursuant to the Lease and the Note and have breached the Lease and the Note.

14. Plaintiff has made demand on the Gottschalks under the Guarantee for the payment of the $1,500,000 Improvement Obligation.

15. Gottschalks have refused to honor their obligations as required by the Guarantee and have breached the Guarantee.

*Remainder of Page Intentionally Blank)*

2

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Lease)

### (The Harbour Defendants)

16. Plaintiff incorporates by reference each of the allegations contained in all previous paragraphs as though fully set forth herein.

17. As set forth above, the Harbour Defendants have defaulted on their obligations under the Lease by, *inter alia*, failing to pay the rental amounts when due and by failing to perform the Improvement Obligations.

18. As a result of the Harbours' breach of the Lease Plaintiff has been damaged in an amount of at least $777,000.

19. As a result of the Harbours' breach of the Improvement Obligation Plaintiff has been damaged in an amount of at least $1,500,000.

20. Plaintiff has been forced to retain counsel to prosecute this action and is entitled to recover its reasonable attorneys' fees and costs pursuant to the terms of the Lease and Arizona law, including, but limited to, A.R.S. § 12-341.01.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Secured Promissory Note)

### (Harbour Defendants)

21. Plaintiffs incorporate by reference each of the allegations contained in all previous paragraphs as though fully set forth herein.

22. As set forth above the Harbour Defendants executed and delivered to Plaintiff the Secured Promissory Note.

23. The Harbour Defendants have defaulted on their obligations under the Secured Promissory Note by failing to make the payments required therein.

24. As a result of the Harbour Defendants' breach of the Secured Promissory Note Plaintiff has been damaged in an amount not less than $1,500,000 for principal and for interest in an amount not less than $690,000.

25. As a result of the Harbours' default Plaintiff is entitled to collect interest at the rate of 12% per annum from November 30, 2015.

26. Plaintiff has been forced to retain counsel to prosecute this action and is entitled to recover its reasonable attorneys' fees and costs pursuant to the terms of the Secured Promissory Note and Arizona law, including, but limited to, A.R.S. § 12-341.01.

## THIRD CLAIM FOR RELIEF

### (Breach of Guarantee – The Gottschalk Defendants)

27. Plaintiffs incorporate by reference each of the allegations contained in all previous paragraphs as though fully set forth herein.

28. Timothy Gottschalk and Julianne Gottschalk executed and delivered to Plaintiff the Guarantee pursuant to which the Gottschalls unconditionally guaranteed the Harbours' Improvement Obligation.

29. Despite demand, the Gottschalks have refused to honor their Guarantee.

30. As a result of the Gottschalk's default under the Guarantee Plaintiff has been damaged in an amount not less than $1,500,00.

31. Plaintiff has been forced to retain counsel to prosecute this action and is entitled to recover its reasonable attorneys' fees and costs pursuant to the terms of the Secured Promissory Note and Arizona law, including, but limited to, A.R.S. § 12-341.01.

4

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

1. For damages against the Harbour Defendants for breach of the Lease in an amount not less than $651,000, plus such other amounts that may be proven at trial;

2. For Damages against the Harbour Defendants for breach of the Secured Promissory Note for an amount not less than $1,500,000 and for prejudgment interest in an amount not less than $777,000, plus such other amounts that may be proven at trial;

3. For damages against the Gottschalks for breach of the Guarantee in an amount not less than $1,500,000, plus such other amounts that may be proven at trial;

4. For prejudgment interest at the highest legal rate;

5. For post-judgment interest at the highest legal rate;

6. For its attorneys' fees and costs of suit herein; and

7. For such other and further relief as the Court may deem just and proper.

Dated: November 6, 2019

SHUMWAY LAW OFFICES, PLC

By: _____
Jeff A. Shumway
Attorneys for Plaintiff

**EXHIBIT 5 – FILED UNDER SEAL**

**EXHIBIT 6 – FILED UNDER SEAL**