WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>David Allen Harbour,<br><br>   Defendant. | No. CR-19-00898-001-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant's motion to dismiss the indictment's forfeiture count as it relates to investor-victim "R.G." and R.G.'s transaction amount of $1,001,242.67, which is fully briefed. (Docs. 98, 108, 113.) For the following reasons, the Court will deny the motion.

**I. Background**

The government alleges that between about January 2010 through October of 2015, Defendant David Harbour promoted and sold fraudulent high-yield investments, also known as "payday loans." (Doc. 3 at 1.) Mr. Harbour allegedly used investor funds for purposes other than promised and misrepresented material facts to those investors. (*Id.* at 2.) On July 30, 2019, a grand jury issued an indictment, charging Mr. Harbour with wire fraud in Counts 1-3 and transactional money laundering in Counts 4-22. (*Id.*) The charged offenses relate to a series of transactions that occurred between July 2014 and October 2015. (*Id.* at 7-9.) The indictment also includes a forfeiture allegation, including R.G.'s

2010 transaction in the amount of $1,001,242.67. (*Id.* at 6.) On July 17, 2020, Mr. Harbour moved to dismiss the forfeiture count as it relates to R.G. and R.G.'s transaction amount. (Doc. 98.) The court held oral argument on the motion on August 20, 2020 and took the matter under advisement. (Doc. 122.)

**II. Legal Standard**

A defendant may move to dismiss an indictment for failure to state an offense. Fed. R. Crim P. 12(b)(3)(B)(v). In determining whether to grant a motion to dismiss, the Court is required to "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citation omitted). Although both parties argued facts not alleged in the indictment, when addressing "a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.* "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1995) (quoting *United States v. Marra*, 481 F.2d 1196, 1199 (6th Cir. 1973)). And, the Court can consider a motion to dismiss only where it involves questions of law rather than fact. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

**III. Discussion**

Mr. Harbour alleges that R.G. and her funds are not part of the alleged "high-yield" investment scheme charged in the indictment.[1] Thus, he asserts that dismissal of the forfeiture count as it relates to R.G.'s transaction is appropriate because the indictment fails to establish a factual nexus between the charged conduct and the January 2010 transaction amount of $1,001,242.67.[2] Contrary to Mr. Harbour's arguments, dismissal is

---

[1] The Indictment alleges that Mr. Harbour "solicited investor-victims to invest by promoting excessive returns in short periods of time." (Doc. 3 at 4.) Mr. Harbour told investors their funds would be invested in "short term, high interest rate loans to small and start-up businesses." (*Id.*) Mr. Harbour represented funds from investor-victims would go to Green Circle, a lending entity created by him. (*Id.*) The first loan to Green Circle was on July 30, 2014. (*Id.* at 7.) R.G.'s transaction occurred four years earlier, leading Mr. Harbour to contend that it is not connected to any of the twenty-two charged counts.

[2] The government contends that the indictment sufficiently includes R.G.'s transaction in the forfeiture count. Specifically, it underscores that ¶ 3(b) and ¶ 5 of the indictment allege that victim-investors invested funds as early as January 2010, and ¶ 4 of

inappropriate.

It is well-established that an indictment "need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." Fed. R. Crim. P. 32.2(a). Rather, the Indictment is a mere notice document. *See* Fed. R. Crim. P. 32.2 advisory committee's note ("As courts have held, subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment."). "If an indictment is not required to name specific property for later forfeiture, it would be manifestly illogical to require its allegations to specify the factual nexus between the unlawful conduct and the as-yet-unspecified property." *U.S. v. Palfrey*, 499 F.Supp.2d 34, 48-49 (D.D.C. 2007). Although the government's response (Doc. 108) suggests the preponderance of the evidence standard for proving a nexus has been met by presenting additional instances of wire fraud and facts not alleged in the indictment, the government need not establish a factual nexus between R.G.'s transaction and the charged conduct in the indictment at this juncture. Rather, at trial, the government must establish a factual nexus between the forfeiture money judgment and the charged illegal activity. *Id.* at 48; *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997) (at trial, to prevail in securing a forfeiture order, the government must establish a causal link between the violation and the property); *United States v. Dote*, 150 F.Supp.2d 935, 943 (N.D. Ill. 2001) (the amount of money subject to forfeiture is a matter for the government to prove at trial and a question of fact, not a matter the Court can resolve on a motion to dismiss); *U.S. v. Chan*, No. CR. 96-350 WBS, 2006 WL 224389, at *2 (E.D. Cal. Jan. 27, 2006) (a defendant may not use Fed. R. Crim. P. 12(b) to challenge a forfeiture allegation based on evidence not appearing on the face of the indictment).

In sum, the government shall have the opportunity to prove at trial whether R.G.'s 2010 transaction is sufficiently related to the charged conduct to justify the forfeiture allegation. The indictment otherwise sufficiently places Mr. Harbour on notice that the government will seek a forfeiture money judgement, including R.G.'s 2010 transaction.

---

the indictment includes R.G. as a "victim-investor."

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 3) is **DENIED.**

Dated this 11th day of September, 2020.

Douglas L. Rayes
United States District Judge