IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>David Allen Harbour,<br><br>  Defendant. | No. CR-19-00898-001-PHX-DLR<br><br>**ORDER** |

  Before the Court is the government's motion for protective order (Doc. 119), which is fully briefed. (Docs. 123, 128.) Under Federal Rule of Criminal Procedure 16(d), the Court may issue protective orders for good cause. "The Ninth Circuit has yet to define what constitutes 'good cause' to restrict discovery pursuant to Federal Rule of Criminal Procedure 16." *United States v. Patkar*, No. CR. 06-00250 JMS, 2008 WL 233062, at *4 (D. Haw. Jan. 28, 2008). Nonetheless, courts have found the standards for good cause for protective orders in civil cases under Federal Rule of Civil Procedure 26(c) useful. *Id.* In civil litigation, "the party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citation omitted). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (quoting *Cipollone v. Liggett Grp., Inc.*,

785 F.2d 1108, 1121 (3rd Cir. 1986)).

In its reply, the government notes that the relevant witness list contains the names of victim-investors and cooperating witnesses and that the exhibit list identifies records expected to be admitted through these witnesses.  The government also suggests, generally, that the witnesses in this case are concerned for their safety and privacy, but provides no support for why the witnesses should be concerned for their safety, especially when the relevant documents are under seal. In this case, the government has not made any showing of specific injury to a victim's privacy or safety for *each document*.  The government also does not supply the Court with specific information explaining whose safety or privacy, specifically, is at risk, what threatens their safety or privacy, and what tailored portions of discovery must be protected in order to prevent that injury.  Ordinarily, when presented with an insufficient showing of good cause, the Court would deny a motion for protective order outright.  However, the Court takes witness safety very seriously and is hesitant to deny protections at this juncture, in the event they are, indeed, necessary.

**IT IS ORDERED** that the government has a final opportunity to meet the good cause standard by filing a thorough supplemental brief, no later than October 5, 2020, which makes specific and detailed argument as to the safety concerns faced by witnesses in the absence of a protective order with regard to each document.  Defendant may file a response no later than October 9, 2020.

Dated this 30th day of September, 2020.

Douglas L. Rayes
United States District Judge

- 2 -