**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-00898-001-PHX-DLR |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Before the Court is Defendant David Allen Harbour's Motion to Obtain Grand Jury Transcripts. (Doc. 130.) The motion is fully briefed and for the reasons set forth herein is denied.

**I. Background**

Defendant seeks an order for the disclosure of the grand jury transcripts for cross examination of trial witnesses. Counsel for Defendant alleges that, through communications with government counsel, he learned that the Grand Jury indictment was based on the testimony of an IRS Agent ("Agent"). Defendant alleges that the Agent likely took statements from fact witnesses, individuals with years of dealings with Defendant, and "most likely relayed these statements to the Grand Jury to obtain the indictment." (Doc. 130 at 2.) Defendant wants to use the transcripts to cross examine the Agent in the event any fact witness gave a statement to the Agent that might be inconsistent with the witness's trial testimony. Defendant also argues the transcripts are needed to determine if

there are errors in the government's investigation such as "whether the government failed to subpoena critical documents, whether the government failed to interview material witnesses, whether the government ignored pertinent and exculpatory evidence, and whether the government made assumptions in its investigation without any foundation." *Id.*

There is a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). "This 'indispensable secrecy of grand jury proceedings,' *United States v. Johnson,* 319 U.S. 503, 513 (1943), must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." *Id.* at 682. Rule 6(e) provides that grand jury transcripts may be disclosed "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The Supreme Court described Rule 6(e)'s standard as follows:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and the their request is structured to cover only the material so needed.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Notably, the trial court should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a "particularized need exists [] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959) (internal quotations omitted). When considerations justifying secrecy are lesser, the party asserting a need for grand jury transcripts will similarly shoulder a lesser burden to show justification. *Douglas Oil*, 441 U.S. at 222-223. However, a defendant's claim of particularized need must be more than mere speculation. *U.S. v. Walczak,* 783 F.2d 852, 857 (9th Cir. 1986). Ultimately, the decision whether to grant a request for grand jury

transcripts is within the sound discretion of the trial court. *Id.* (citing *United States v. Murray,* 751 F.2d 1528, 1533 (9th Cir. 1985)).

**II. Discussion**

The burden is on Defendant to show that disclosure of grand jury transcripts is appropriate. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400 (1959). The argument for disclosure, here, is like the argument made in *Walczak*—that the testifying officer might have provided information to the grand jury that was different from or inconsistent with information obtained from other witnesses. *Id.* Specifically, the Ninth Circuit summarized the argument as the need "to determine whether the testimony of law enforcement officers improperly summarized the testimony of other agents." *Id.* In rejecting that argument and affirming the trial court's decision to deny the request for transcripts, the Court stated,

> Even under the permissive *Dennis* interpretation of the "particularized need" standard, the district court was correct in denying Walczak's motion to discover the grand jury transcripts. Walczak gave two reasons why he sought discovery of the transcripts: to show that the grand jury had no evidence that the district court had jurisdiction to prosecute, **and to determine whether the testimony of law enforcement officers improperly summarized the testimony of other agents.** Neither reason constitutes "particularized need." [] **Walczak alleges no facts to support his second reason, which is therefore speculative.** Consequently, the district court's denial of Walczak's motion to discover the grand jury transcripts was correct.

*Id.* (emphasis added). Defendant's argument—that the transcripts are needed because a fact witness may have given a statement to the Agent inconsistent with their trial testimony—is based on speculation. While particularized need can be shown when grand jury records are necessary to impeach a witness, more than a desire for a "fishing expedition" is required. *United States v. Kim,* 577 F.2d 473, 478 (9th Cir. 1978). Defendant's mere speculation, here, that the transcripts *might* reveal inconsistencies is not sufficient to establish a particularized need to release the transcripts to him.

//

//

**IT IS ORDERED** that Defendant David Allen Harbour's Motion to Obtain Grand Jury Transcripts (Doc. 130) is **DENIED.**

Dated this 5th day of October, 2020.

Douglas L. Rayes
United States District Judge