**BASKIN PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7977
E-mail: alan@baskin.law
            mmilovic@baskin.law
Name and State Bar No.:    Alan Baskin #013155
                                          Mladen Milovic #035560

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | **Case No.  CR-19-00898-PHX-DLR(DMF)** |
| Plaintiff, | **DEFENDANT DAVID ALLEN HARBOUR'S RESPONSE TO THE UNITED STATES' SUPPLEMENTAL BRIEFING IN SUPPORT OF A PROTECTIVE ORDER** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

## I.    INTRODUCTION.

The government's supplemental brief (the "Brief") fails to address the issues identified in the Court's September 30, 2020 Order (the "Order").  The Court requested detailed briefing regarding the safety concerns faced by witnesses in the absence of a protective order for the relevant documents, yet the Brief contains no arguments responsive to this request. The government does not even identify the specific documents it took issue with Mr. Harbour disclosing under seal in parallel civil proceedings.  Without articulating the injury or prejudice any victims or witnesses may experience as a result of the disclosure of these un-specified documents, the government cannot satisfy a necessary condition of both well-established

caselaw and the Court's Order.

Instead, the government waves off the Court's concerns and focuses on new and generalized arguments regarding the private nature of the government's discovery, the necessity to protect victim information, and preventing disclosure of documents when such disclosure can adversely impact ongoing investigations.   In addition to being nonresponsive, the government's new arguments are unavailing.  The Court should deny the government's motion for a protective order.

## II.     ARGUMENT.

### A.     The Government Failed to Respond to the Court's Order.

The government filed its motion for a protective order (the "Motion") because Mr. Harbour filed the government's witness list and exhibit list (the "Documents") ***under seal*** in parallel civil proceedings. In its Order, the Court expressed concern as to why the witnesses in this case should be concerned for their safety, especially when the Documents were filed under seal.  [Doc. 138 at 2:5-7.]  The Court also expressed concern that the government had not made any showing of specific injury to a victim's privacy or safety for each Document.  [Id. at 2:7-8.]   The Court further noted the government's failure to supply the Court with specific information explaining whose safety or privacy was at risk and what the threat to their safety or privacy was.  [Id. at 8-10.]  Lastly, the Court requested the government to submit detailed briefing on the safety concerns faced by witnesses in the absence of a protective order with regard to each relevant Document.  [Id. at 16-18.]

The government's Brief, however, does not address any of the Court's specific issues above or respond to the Court's request for a briefing on the actual safety concerns the witnesses face.  The Brief uses the word "safety" only twice – and neither time as part of a substantive discussion of victims' safety concerns.  The government's Brief is devoid of any discussion about how each Document will cause specific harm or prejudice if the Court does not grant a protective order.  The government does not even identify the specific Documents in its Brief. This is a critical requirement. *See Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130

BASKIN PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7977

2

(9th Cir. 2003).  Instead, the government's Brief sidesteps the Court's narrow and specific briefing instructions in favor of what amounts to another failed, and improper, attempt to show good cause for obtaining a protective order in this case.

**B.      A Protective Order is Unnecessary Because Disclosure of the Documents Under Seal Maintains the Privacy of the Government's Discovery.**

The government argues a protective order is appropriate because the government's discovery in criminal cases is private.  [Doc. 141 at 2:12-24.]  The government then cites to caselaw and other legal authority that discusses the private nature of pretrial proceedings.  [Doc. 141 at 2:18-24 and at 3:1-3.]  Mr. Harbour did not distribute or disclose any of the government's discovery to the public.  Instead, he filed a tiny portion of the discovery under seal in parallel civil proceedings.  Doing so necessarily restricts public access to those relevant documents. *See Grundberg v. Upjohn Co.*, 140 F.R.D. 459, 464 (D. Utah 1991).

The government again argues that Mr. Harbour utilized the Documents for strategic reasons to benefit him in parallel state civil proceedings.  [Doc. 141 at 3:4-6.]  This is inaccurate. As explained in Mr. Harbour's response to the government's Motion, the relevant documents helped educate the state civil courts as to the overlap of the criminal and civil matters.  [Doc. 123 at 6.]  Also, a stay of the civil cases could benefit the criminal witnesses and the government because the plaintiffs in the civil cases – witnesses and victims in this case – would have to be deposed under oath, which they do not otherwise have to do here until trial.  [Doc. 123 at 6.] This allows the government to avoid having critical witnesses provide testimony in the civil cases that could subject them to cross-examination at this criminal trial. [Doc. 123 at 6.]  There was no "strategic reason" for Mr. Harbour disclosing the relevant documents under seal.

**C.      A Protective Order is Unnecessary Because Disclosure of the Documents Under Seal Maintains Protection of Victim and Witness Information From Public Disclosure.**

The government argues that courts have discretion to issue protective orders in criminal cases to protect the privacy and security interests of victims.  [Doc. 141 at 3:10-16.]  Mr. Harbour preserved the privacy of individuals named in the Documents by filing the relevant

Baskin plc
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7977

BASKIN PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7977

documents under seal.  *See United States v. Dejvid Mirkovic*, 2016 U.S. Dist. LEXIS 101861, at *3 (E.D.N.Y. Aug. 2, 2016).

The government relies on *Patkar* and The Crime Victims' Rights Act ("CVRA") to argue that public disclosure of criminal discovery would act as a deterrent to victims reporting crimes and that a victim's right to be treated with fairness and respect for his or her privacy outweighs any public interest in disclosure.  [Doc. 141 at 4:1-4.]  As support, the government cites to exhibits in which alleged victims in this case state they do not want their information made public.  [Doc. 141 at 4:10-17.]  This argument again misses the critical point; there was no public disclosure.  The government's arguments would make sense if Mr. Harbour freely disseminated discovery materials from this case to the public.  That is not the situation and the government's repeated insinuations to the contrary are inappropriate and completely unsupported.

The government lists a plethora of documents that comprise its discovery and argues that issuing a protective order is the only way to avoid possible harm to victims and witnesses from having the information in these documents disclosed.  [Doc. 141 at 4:5-9, 18-21.]  Mr. Harbour did not disclose any of the documents or information the government listed, and the government again disregards the Court's Order directing it to explain how each document Mr. Harbour disclosed under seal would threaten a victim's safety or privacy.  [Doc. 138 at 2:17-18.]  Instead, the government makes the conclusory assertion that release of the information it listed would compromise the victims' and witnesses' privacy, and possibly their security – but does not specify how each document would do so.  Such a broad allegation of harm, unsubstantiated by specific examples or articulated reasoning as to how the victims' and witnesses' privacy and security is compromised, does not satisfy the good cause standard.  *See Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).  There is no need for a protective order.

BASKIN PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7977

**D.      A Protective Order is Not Necessary Because Disclosure of the Documents Under Seal Will Not Negatively Impact an Ongoing Investigation.**

Last, the government argues that a protective order is necessary because public disclosure of discovery materials would negatively impact an ongoing investigation into Mr. Harbour. [Doc. 141 at 4:26-28.] The government then cites to more than a half-page of caselaw that almost entirely contemplates public access to documents that may adversely affect law enforcement interests. [Doc. 141 at 5:1-19.] None of this is relevant to documents filed under seal in parallel civil proceedings, a procedure preventing public access that could adversely affect an ongoing investigation. *See United States v. Dejvid Mirkovic*, 2016 U.S. Dist. LEXIS 101861, at *3 (E.D.N.Y. August 2, 2016). The government's broad and conclusory claim that public dissemination of discovery materials would jeopardize the ongoing investigation into Mr. Harbour does not pass muster for good cause. *Beckman*, 966 F.2d at 476. The Court should deny the government's Motion.

## III.      CONCLUSION.

The government fails to address the Court's specific and narrow concerns regarding witness safety in the absence of a protective order with regard to each particular Document. Notwithstanding this failure, the government's second attempt at showing good cause for a protective order fails at every level, as the government cannot differentiate between documents freely disseminated for public access and documents filed under seal. For the foregoing reasons, Mr. Harbour respectfully requests that the Court deny the government's motion for a protective order.

RESPECTFULLY SUBMITTED this 9th day of October, 2020.

BASKIN PLC

/s/ Alan Baskin
Alan Baskin
Mladen Milovic
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona  85012
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kevin M. Rapp
Coleen Schoch
U.S. Attorney's Office
40 N. Central Ave., Suite 1800
Phoenix, AZ  85004
*Attorneys for Plaintiff*

/s/ Cristina McDonald