**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Before the Court is the government's motion for protective order (Doc. 119), which is fully briefed. (Docs. 123, 128, 141, 144.) Particularly, the government seeks a protective order limiting "the dissemination of the discovery materials it has produced, *and will be producing*, to Defendant . . . to prevent Harbour from making the discovery materials available to third parties, including disclosure (sealed or unsealed) in parallel state civil proceedings." (Doc. 141 at 1 (emphasis added).) The government's motion is granted in part and denied in part, as explained below.

Under Federal Rule of Criminal Procedure 16(d), the Court may issue protective orders for good cause. "The Ninth Circuit has yet to define what constitutes 'good cause' to restrict discovery pursuant to Federal Rule of Criminal Procedure 16." *United States v. Patkar*, No. CR. 06-00250 JMS, 2008 WL 233062, at *4 (D. Haw. Jan. 28, 2008). Nonetheless, courts have found the standards for good cause for protective orders in civil cases under Federal Rule of Civil Procedure 26(c) useful. *Id.* In civil litigation, "the party

asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citation omitted). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Here, the government argues, *inter alia*, that the materials it has disclosed or will disclose to Defendant should not be unsealed or disseminated to third parties in order to preserve the victims' rights "to be treated with fairness and with respect for the victim's dignity and privacy" under the Crime Victim Rights Act. *See* 18 U.S.C.A. § 3771(a)(8). The government notes that materials sealed on the state civil docket contain victims full names, email communications, and text messages, and expresses concern for the privacy of victims.[1] The Court concludes that sealing the personal information of victims—defined as their names, work or home addresses, phone numbers, email addresses, or other information that can reasonably be used to identify the victim, such as photographs or identification numbers—is necessary to protect victim dignity and privacy. Therefore, the personal information of victims must remain sealed and may not be disseminated to third parties. However, the government has failed to demonstrate good cause for the granting of a protective order as to any other information, especially materials that the government has not yet disclosed and has not identified or described to the Court with any particularity. The materials over which the government expresses primary concern are already sealed in the state civil case, and the Court is unconvinced that any harm would result from maintaining the status quo. Even though the Court declines to issue a protective order to increase protections beyond those already in place, this order does not open the door for disclosed materials to be used outside of the current parameters. Accordingly,

//

---

[1] The government does not make clear whether the victims' email addresses and phone numbers are included within these communications.

1 **IT IS ORDERED** that the government's motion for protective order (Doc. 119) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the personal information of victims must be sealed and must not be disseminated to third parties, absent further action by the Court or agreement of the parties.

Dated this 16th day of October, 2020.

_____
Douglas L. Rayes
United States District Judge