MICHAEL BAILEY
United States Attorney
District of Arizona
KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
COLEEN P. SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-00898-PHX-DLR (DMF) |
| Plaintiff, | |
| v. | **JOINT STATUS MEMORANDUM AND MOTION TO VACATE STATUS HEARING** |
| David Allen Harbour, | |
| Defendant. | |

    This Court ordered that the parties submit a joint status report three days prior to the status conference scheduled for December 29, 2020. (*See* CR 149). This Court further ordered that, unless the parties indicate a reason to hold the status conference, or the Court determines that it is necessary after reviewing the parties report, the status conference will be vacated. (*Id.*) The parties agree that the status conference can be vacated.

**I.  Discovery Process**

    Since the last status conference, the United States filed a superseding indictment that charges Harbour with additional counts of wire fraud, mail fraud, and tax evasion related charges. (*See* CR 154). The United States also recently disclosed a modest amount of additional discovery. The parties have recently conferred regarding the status of discovery issues.

## II. Jencks Act information

Consistent with the Scheduling Order, if the United States obtains additional Jencks Act material, it will disclose those materials to the Defendant as soon as practicable or at least thirty days prior to trial. (*See* CR 36; footnote 1 ("Any statements that have not been adopted by a testifying witness will be disclosed thirty days prior to the firm trial date.")). Witness interviews and trial preparation are ongoing, and once those statements are adopted, they will be disclosed consistent with the United States' obligation.

## II. Plea offer

The United States intends to extend a plea offer within the next 30-60 days that will include the additional charges in the Superseding Indictment.

## III. Defense Position

The Defense is aware of witness interviews that the United States has not disclosed yet because the witnesses have not adopted the statements yet. The Defense recalls the United States mentioning these interviews during the first status conference held on February 3, 2020. The Defense expects the government to disclose these witness interviews and any accompanying documents in a timely manner.

Following the Government's November 23, 2020, superseding indictment, and pursuant to the Court's October 22, 2020, Scheduling Order, the Defense expects that the government has added all relevant charges related to the purported scheme that is the subject of this criminal matter. Mr. Harbour is preparing his defense on reliance of the representation that no further charges are forthcoming against him related to the purported scheme.

During recent discussions between the Government and the Defense, the Government stated that some emails would be disclosed this week. The Defense expects these emails to be disclosed by December 23, 2020. The Defense also recently requested that the Government return all electronic devices seized from Mr. Harbour. The Government has yet to respond.

### IV. Government's Response

The Government intends to disclose any remaining discovery in its possession before January 1, 2021. However, it is likely that some Jencks Act material will be disclosed shortly before trial (30 days) depending on the status of trial preparation and witness meetings that have been impacted by the COVID-19 pandemic. As for the return of digital devices, the Government is preparing a stipulation that accounts for the authenticity of the mirrored devices for use at trial.

### V. Meet And Confer Regarding Discovery

When requested by the Defense, the United States is willing to meet with defense counsel telephonically or in person to further review discovery and answer any questions about specific discovery relevant to their client.

### VI. Agreement to Vacate the Status Conference

The parties are regularly meeting and conferring regarding discovery and other issues. Accordingly, the parties agree that the status conference is not necessary and should be vacated.

Respectfully submitted this 22nd day of December, 2020.

>                                         MICHAEL BAILEY
>                                         United States Attorney
>                                         District of Arizona
>
>                                         *s/ Kevin Rapp*
>                                         KEVIN M. RAPP
>                                         COLEEN P. SCHOCH
>                                         Assistant U.S. Attorney

## Certificate of Service

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants in this case.

*s/ Joy Faraj*
U.S. Attorney's Office