1  MICHAEL BAILEY
   United States Attorney
2  District of Arizona
   KEVIN M. RAPP
3  Assistant U.S. Attorney
   Arizona State Bar No. 014249
4  Email: Kevin.Rapp@usdoj.gov
   COLEEN P. SCHOCH
5  Georgia State Bar No. 366545
   Email: Coleen.Schoch@usdoj.gov
6  Two Renaissance Square
   40 N. Central Ave., Suite 1800
7  Phoenix, Arizona  85004
   Telephone:  602-514-7500
8  *Attorneys for Plaintiff*

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE DISTRICT OF ARIZONA

11

12  United States of America,                  CR-19-00898-PHX-DLR  (DMF)

                          Plaintiff,
13         v.                                  **GOVERNMENT'S MEMORANDUM
                                               RE: SUPPLEMENTAL PETITION FOR
14                                             DEFENDANT'S VIOLATION  OF
                                               RELEASE CONDITIONS**
15  David Allen Harbour,
                                               **(Assigned to Magistrate Judge Deborah
16                         Defendant.          M. Fine)**

17

18                          **INTRODUCTION**

19         Defendant David Allen Harbour's ("Harbour") supervising U.S. Pretrial Officer,

20  Tammy Mahan ("Officer Mahan"), has filed a petition alleging a violation of his release

21  conditions.  The violations are based on Harbour's failure to seek approval from Officer

22  Mahan before engaging in financial transactions exceeding $1000. (CR 169)  A violation

23  hearing is scheduled for January 12, 2021, before Magistrate Judge Deborah M. Fine. (CR

24  179)

25         The petition for violation fails to include additional allegations that Harbour

26  engaged in, without Officer Mahan's approval, financial transactions exceeding $1000.

27  Specifically, on or about October 2020, Harbour directed that nearly $1 million be used to

28  pay tax liens on a property that was subject to forfeiture.  Accordingly, the United States

is requesting that those transactions be included in any hearing to determine if Harbour engaged in financial transactions that violated a financial condition of his pretrial release. (*See* Exh. A).

## LAW AND ARGUMENT

The Bail Reform Act of 1984 ("Act"), 18 U.S.C. § 3141, et seq., is the statutory scheme governing the circumstances under which bail may be granted as well as subsequently revoked. *United States v. Wong*, No. CR 12-00645 LEK, 2012 WL 5464178, at *2 (D. Haw. Nov. 8, 2012); *United States v. Addison*, 984 F. Supp. 1, 2 (D.D.C. 1997); *see also* 18 U.S.C. § 3142(c)(1)(B) & (c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release.").

Section 3148 addresses the sanctions for violation of conditions of supervised release. "A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 states,

> (b) Revocation of Release.-***The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court.*** A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer-
> (1) finds that there is-
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) ***clear and convincing evidence that the person has violated any other condition of release.*** *(*emphasis added*)*

- 2 -

1       Here, the government supplements the current petition with other facts that

2   demonstrate that Harbour has violated a condition of his release, namely engaging in

3   financial transactions that exceeds $1000 without first seeking approval of Officer Mahan.

4   (*See* Exh A)

5                                   **CONCLUSION**

6       Based on the foregoing, this Court should consider additional evidence that Harbour

7   violated his conditions of release.

8       Respectfully submitted this 8th day of January, 2021.

9                                   MICHAEL BAILEY
United States Attorney
10                                  District of Arizona

11                                  *s/ Kevin Rapp*
KEVIN M. RAPP
12                                  COLLEN P. SCHOCK
Assistant U.S. Attorneys
13

14

15

16                              **CERTIFICATE OF SERVICE**

17      I hereby certify that on this same date, I electronically transmitted the attached

18  document to the Clerk's Office using the CM/ECF system for filing and transmittal of a

19  Notice of Electronic Filing to the following CM/ECF registrants:

20  Alan Baskin
    Baskin Richards PLC
21  2901 N. Central Avenue, Suite 1150
    Phoenix, Arizona 85012
22  415-494-8887
    Email: alan@baskinrichards.com
23
24  *Attorneys for defendant David Allen Harbour*

25  *s/ Joy Faraj*
26  Joy Faraj
    U.S. Attorney's Office
27

28