WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Before the Court is Defendant's sealed *Ex Parte* Motion to Compel Compliance with Subpoenas Issued to Alonzo Primus, LJP Consulting, LLC, Phillip N. Burgess, and Princeton Alternative Income Fund ("PAIF"), (Doc. 167), which is fully briefed. The Court presided over oral argument on the motion on January 26, 2021 (Doc. 195). Although the Court made findings from the bench, this order seeks to clarify what materials the Court ordered to be produced and to provide directions to the Witnesses regarding the delivery of the responsive materials.

**I.  Background**

On July 20, 2020, the Court permitted Defendant Allen Harbour ("Defendant") to file an *ex parte* Motion for Issuance of Subpoena *Duces Tecum*. (Doc. 103.) Thereafter, the Subpoenas to Produce Documents, Information or Objects in Criminal Case were issued and served on PAIF, LJP Consulting LLC, and Phillip N. Burgess (collectively, the "Witnesses"). Items 1-5 of Exhibit A to each subpoena requested that identical types of

financial records for each witness "from 2014 to present" be produced. Item 6 of each subpoena then requested communications from "2014-present" between the Witnesses and their employees regarding or related to "Green Circle." The Witnesses' attorney negotiated with Defendant's attorney to narrow the scope of the documents requested. Although the attorneys reached certain agreements, they did not fully resolve their issues.

On December 8, 2020, the Court granted Defendant the right to proceed *ex parte* in his motion to compel compliance with the subpoena. (Doc. 166.) In doing so, the Court explained that preserving the sealed and *ex parte* nature of Defendant's applications for pretrial subpoenas duces tecum—within which Defendant risked divulging trial tactics to convince the Court that the *Nixon* standards were satisfied—was necessary to prevent Defendant's trial strategy from being revealed to the government. (*Id.*); *see also U.S. v. Beckford*, 964 F. Supp. 1010, 1026 (E.D. Va. 1997) (citations omitted) ("[T]he Sixth Amendment supplies justification for interpreting Rule 17(c) to permit *ex parte* procedures respecting the issuance of pre-trial subpoenas duces tecum in the rare instance in which a defendant would be required to disclose trial strategy [] to the Government in his pre-issuance application.").

## II. Discussion

The Court reviewed and heard oral argument on each item in each subpoena, and thereafter ordered sets of documents to be produced by each of the Witnesses. As to each set of documents ordered to be produced, the Court found that they are relevant, admissible, sufficiently specific, not otherwise procurable reasonably in advance of trial by exercise of due diligence, that Defendant cannot properly prepare for trial without such production and inspection in advance of trial, that the failure to obtain such production may tend to unreasonably delay the trial, and that the application is made in good faith and is not intended as a general "fishing expedition." In addition, as to the communications requested, the Court found that their production was not prohibited by Fed. R. Crim. P. 17(h), which applies only to statements in the possession of a party.

The delivery point of the materials responsive to the subpoenas, and whether the

government would be allowed the same opportunity to examine the responsive materials was not discussed in the motions or at oral argument. Nevertheless, even where the Court has allowed the defendant to file an *application* for subpoena duces tecum that is *ex parte*, once the application is granted, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise." *United States v. Buntyn*, No. 1:20-cr-00708 KWR, 2020 WL 5657602, at * 2 (D.N.M. Sept. 23, 2020) (quoting *U.S. v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011)). Rather, "the plain language of Rule 17(c) authorizes the court to 'direct the witness to produce the designated items in court before trial or before they are to be offered in evidence,' and once 'the items arrive,' to 'permit the parties and their attorneys to inspect all or part of them.' *Id.* (quoting Fed. R. Crim. P. 17(c)).

Consequently, although the Court will permit Defendant's subpoena application and motion to compel to remain *ex parte* and under seal to prevent the disclosure of Defendant's trial strategy to the government, it will direct that the government have access to the material, itself, once it is produced by the third parties.[1] *See United States v. Ellis*, No. 19-369, 2020 WL 6204340, at *2 (W.D. Pa. Oct. 22, 2020). Particularly, the third-parties shall produce, within 30 days of the date of this order, the requested materials either electronically to both Defendant and the government or to the Court, at which time the Court will notify both parties that the documents are available for inspection and copying. The materials ordered to be produced below, if not delivered to both sides electronically, shall be delivered by the Witnesses to:

> The Chambers of District Judge Douglas L. Rayes
> Sandra Day O'Connor United States Courthouse
> 401 W Washington Street
> Phoenix, AZ 85003

Pursuant to the Court's findings, as stated at the January 26, 2021 oral argument, the Court rules on the production of the items identified in Exhibit A to each subpoena as follows:

---

[1] Defendant is not required to provide a copy of the subpoena to the government.

**IT IS ORDERED** that Defendant's sealed *Ex Parte* Motion to Compel Compliance (Doc. 167) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the following documents in each Witnesses' possession and identified in Exhibit A to each subpoena shall be produced by each Witness within 30 days:

1. Green Circle's accounting ledgers, quick books, bank statements, signature cards, checks and wire transfers for the time frame of June 2015 through July 2017.
2. Green Circle's financial statements, including profit and loss statements, balance sheets and income statements for the time frame of June 2015 through July 2017.
3. The items requested in this category are covered by the preceding categories.
4. The items requested in this category are covered by the preceding categories.
5. PAIF's financial statements for the time frame of June 2015 through July 2017.
6. Contemporaneous electronic, written or otherwise recorded communications between Alonzo Primus, Green Circle Officers, Mr. Burgess and Robert Farrell relating to the borrowing base calculation and the $1.1 million transfer.

**IT IS FURTHER ORDERED** that Witness LJP Consulting, in addition to items set forth above shall produce:

7. All agreements between LJP Consulting and Green Circle.
8. All evidence of payment or compensation to LJP Consulting from or on behalf of Green Circle.

**IT IS FURTHER ORDERED** that, should an agreement not otherwise be reached as to the payment of costs associated with production, the Witnesses may file an application for costs no later than March 1, 2021.

Dated this 29th day of January, 2021.

Douglas L. Rayes
United States District Judge