MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
COLEEN P. SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-19-00898-PHX-DLR (DMF) |
|---|---|
| Plaintiff, | **GOVERNMENT'S MEMORANDUM RE: RELEASE CONDITIONS** |
| v. | |
| David Allen Harbour, | **(Assigned to Magistrate Judge Deborah M. Fine)** |
| Defendant. | |

### Summary of Argument

Defendant has not sufficiently identified recurring expenses with specificity and instead requests that the Court relax both his financial and travel conditions. The Court should reject this request. The Court should order that Defendant accurately identify recurring expenses. Second, expenses and transactions exceeding $1,000 (regardless of whose name is on the bank account) that are directly or indirectly for the benefit of Defendant and his family, should be approved first by Pretrial Services (PTS) before the subject transaction is commenced. Defendant's travel restrictions should remain the same.

### Relevant Facts

On May 19, 2020, this Court amended Defendant's pretrial release conditions and imposed the following conditions:

- Defendant shall not make financial transactions totaling over $1,000 in any month to any person or entity without prior approval of Pretrial Services.

- Prior Approval of Pretrial Services is not required for pre-established rents, this includes payments for Defendant's home, attorney's fees, and reoccurring payments. (Doc. 188, Ex. 1, pp 5-6).

The Court clarified that the name on a particular [bank] account is not dispositive of whether the Defendant is making the financial transaction. (*Id.*) The Court directed the Defendant to confer with his attorney and further ordered that when making financial transactions—even if the account is not in the Defendant's name—not for attorney's fees, reoccurring payments, or preestablished rents on *his* home for Defendant's residential housing, then Defendant still needs to seek preapproval from Pretrial Services. (*Id.*)

On December 20, 2020, Pretrial Services (PTS) filed a violation of based on a violation of these financial conditions. (Doc. 169)  On January 8, 2021, the government filed a petition for a supplemental violation. (Doc. 189)  On January 13, 2021, the Court directed Defendant to provide the government and PTS a schedule of recurring expenses. (Doc. 183)  On January 22, 2021, Defendant provided the government the schedule. (*See* Ex. A). On February 4, 2021, the government requested further information about several categories of what was identified as recurring expenses. (*See* Ex. B).  In response, defense counsel provided the government a response that insisted that Mr. Harbour does not need PTS approval for any expenses or income and that Mr. Harbour will notify PTS of any financial transactions totaling over $1,000 that he makes or directs to be made in any month to any person or entity. (*Id.*)  Despite the Court's direction regarding the fact that the names on bank accounts are not dispositive, defense counsel insisted that Mr. Harbour did not have to advise PTS of any direct financial transactions totaling over $1,000 out of an account that is in his name, his wife's name, or any other name, and not notify PTS if the transactions are for attorney's fees, expenses or debts existing *prior* to the indictment, reoccurring payments, children's expenses, family expenses, and pre-established rents or

mortgage payments. (*Id.*)  In addition, defense counsel made baseless allegations about witness intimidation by the government and grand jury misconduct. (*Id.*)  The Pretrial Services Officer also expressed concerns about the Defendant's request. (*See* Ex. C)

### Discussion

The Superseding Indictment ("SSI") details a fraudulent scheme perpetrated by Defendant resulting in losses to victims of approximately $4.3 million. (Doc. 154)  Among the victims is a widow (R.G.) who entrusted $1,000,000 of her late husband's life insurance to Harbour for an unspecified investment.  Another includes Defendant's former employee and her husband (C.H. and P.H.) that entrusted $587,000 (that was their life savings) to Harbour for a failed investment.  In both cases, Harbour never returned the funds, misrepresented the nature of the investment, received an exorbitant referral fee, and failed to provide any explanation as to what happened to the funds.  Meanwhile, Harbour continued to live a lavish lifestyle.  The SSI includes additional victims.  Moreover, Harbour has been charged in this recent SSI with evading $4.2 million in taxes. (*Id.*)

In light of these serious allegations detailed in the indictment and broadened in the SSI, the government has, since his August 2019 arrest, concerns about Harbour continuing to pose an economic danger to the community.  *United States v. Hoover*, 2014 WL 2094201 (D. Az 2014) ("The Ninth Circuit allows district courts to assess the economic danger of a defendant's release, not just the defendant's use of force or physical violence….the Government paints Hoover as an intelligent but deceitful person, sophisticated in the art of hiding assets and international travel, capable of conning vulnerable widows, former clients, and elderly victims out of their money to support himself and his immediate family with a lifestyle of the rich and famous. The Government argues, with legitimate justification from the evidence discussed herein, that Hoover is an economic danger to the community if he were released from custody as he is particularly adept at placing other people's money and property in family member's names or under his control."); *see also See United States v. Reynolds,* 956 F.2d 192 (9th Cir.1992).

Defendant is before the Court for a second petition that alleges he violated his financial conditions of release. Defendant's response to this latest petition is a request to relax his financial and travel conditions. The Court should reject this request. The government requests that the Court impose a condition of release that requires Defendant to advise pretrial services of *any* transaction exceeding $1,000 that is not a bona fide recurring expense. Sporadic monetary gifts, loans, variable income, rental revenue, investment dividends, "professional services" unrelated to his criminal defense, among other non-recurring transactions, are not fixed recurring expenses. The Court should further request that Defendant clarify with specificity which expenses are recurring expenses and transactions. The Court should further order that Defendant advise PTS in advance and seek approval before engaging in the subject transactions not deemed recurring. Lastly, Defendant should continue to seek PTS approval before travelling out of the District of Arizona, including California.

Respectfully submitted this 10th day of February, 2021.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kevin Rapp*
KEVIN M. RAPP
COLLEN P. SCHOCK
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alan Baskin
Baskin Richards PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
415-494-8887
Email: alan@baskinrichards.com

*Attorneys for defendant David Allen Harbour*

*s/ Joy Faraj*
Joy Faraj
U.S. Attorney's Office