**BASKIN PLC**
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone No. 602-812-7977
E-mail: alan@baskin.law
  mmilovic@baskin.law
Name and State Bar No.:  Alan Baskin #013155
       Mladen Z. Milovic #035560

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No.  CR-19-00898-PHX-DLR(DMF) |
|---|---|
| Plaintiff, | **DEFENDANT DAVID ALLEN HARBOUR'S MEMORANDUM REGARDING HIS PRETRIAL RELEASE CONDITIONS** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

Mr. Harbour respectfully requests that the Court implement the following release conditions:

1. Mr. Harbour may travel throughout the District of Arizona and to the state of California without permission from PTS.  Mr. Harbour must obtain permission from PTS to travel to any other state other than Arizona and California;

2. Mr. Harbour will not obtain new financial accounts without prior notification to and approval from PTS; and

3. Mr. Harbour will *notify* PTS of all financial transactions totaling over $1,000 that he makes or directs to be made in any month to any person or entity, *except* for transactions that are for attorney's fees, professional fees, expenses or debts

existing prior to the indictment, reoccurring payments, children's expenses, family expenses, and preestablished rents and/or mortgage payments. Mr. Harbour does not, however, need to obtain PTS' ***approval*** for any expenses or income.

## I. INTRODUCTION.

The Court instructed the parties to confer regarding proposed ***amended*** release conditions – not to file memoranda reiterating the same release conditions that keep bringing the parties before the Court. The government's memorandum [Doc. 203] rehashes arguments about some purported economic danger posed by Mr. Harbour, which are unavailing. Instead, the Court has repeatedly identified the central issue in formulating Mr. Harbour's release conditions: flight risk.

Mr. Harbour is no flight risk. He has not violated any release conditions, has made all court appearances, has remained in steady contact with his Pretrial Services Officer ("PTS"), has fully cooperated with her requests, and has engaged in good-faith discussions with her about the application and scope of the release conditions. Despite this, Mr. Harbour, PTS, and the government continue to interpret the release conditions differently and all seek clarity from the Court. Mr. Harbour's proposed amended release conditions do not create a danger of flight risk and align more closely with PTS' proposed conditions than the government's seemingly static conditions.

## II. BACKGROUND.

On May 19, 2020, the Court revised Mr. Harbour's release conditions to provide that Mr. Harbour is not to make financial transactions totaling over $1,000 in any month to any person or entity without prior approval of Pretrial Services. [Doc. 188 at Ex. 1 at 18:1-4.] The Court also clarified that prior approval of Pretrial Services is not required for preestablished rents, attorney's fees, and reoccurring payments. [*Id*. at 18:5-8.] The Court deleted the condition that any transaction over $1,000 to any person or entity in any month that benefits Mr. Harbour also requires Pretrial Services' approval because the condition

proved to be unwieldy.  [*Id*. at 18:12-16.]  The Court reiterated that flight risk was its main concern – not economic danger.  [*Id*. at 16:9-10, 20:22-23.]

On December 20, 2020, PTS filed a petition alleging violations of Mr. Harbour's release conditions, and on January 8, the government filed a petition alleging a supplemental violation.  [*See* Doc. 169 and Doc. 183.]  On January 11, Mr. Harbour filed a response to both petitions.  [Doc. 188.]  On January 13, 2021, the Court directed Mr. Harbour to provide the government and PTS a schedule of recurring expenses, which he provided on January 22.  [*See* Doc. 191, Doc. 203 at Ex. A.]  On February 4, 2021, the government requested additional information from Mr. Harbour, who had provided much of this information in response to the petitions filed by the government and PTS. [*See* Doc. 188, Doc. 203 at Ex. B.]

Pursuant to the Court's instruction for counsel to confer regarding proposed amended release conditions, Mr. Harbour suggested certain amended conditions that would alleviate further confusion and misinterpretation by the parties.  [*Id*.]  The government responded by filing a separate memorandum arguing that the conditions should essentially remain unchanged and requesting information that Mr. Harbour had already provided.  [Doc. 203.] PTS suggested different conditions than the government, again showing the disconnect between its interpretation and the government's.  [Doc. 203 at Ex. C.]  Mr. Harbour's proposal is more closely aligned with PTS' interpretation, which seeks to craft release conditions that alleviate flight risk and ensure his continued appearance at court proceedings.  Accordingly, the Court should grant Mr. Harbour's proposed amended release conditions.

**III.  DISCUSSION.**

The government spends the better part of a page discussing certain allegations in Mr. Harbour's superseding indictment [*See* Doc. 203 at 3:4-27.], which serve no practical purpose other than to attempt to inflame the Court.  Due to the constraints of the Bail Reform Act, the Court's only concern at this point is whether Mr. Harbour is a flight risk and whether he will continue to make his required court appearances.  [Doc. 188 at Ex. 1 at 16:9-12, 20:22-23.]

3

Mr. Harbour is not a flight risk and will continue to appear in court as needed. He does not have a passport. His entire immediately family, which includes his wife, two daughters, mother and sister live in Arizona, as do many of his close friends. Mr. Harbour is also employed in Arizona, and his proposed amended release conditions do not increase flight risk. The only reason Mr. Harbour requests the ability to travel to California without PTS approval is because his employment occasionally requires travel on short notice and seeking rapid approval from PTS prior to each instance of traveling to California may adversely impact his employment. Mr. Harbour recognizes that he should still seek permission from PTS to travel to any other state other than Arizona and California.

The government requests that the Court impose a condition of release that requires Mr. Harbour to advise PTS of, and seek approval for, any transaction exceeding $1,000 that is not a bona fide recurring expense. [Doc. 203 at 4:4-12.] This is the same condition that has led the parties to appear before the Court again based on different interpretations of the release condition and what may qualify as a "recurring expense." The government further argues that sporadic monetary gifts, loans, variable income, rental revenue, investment dividends, professional services unrelated to his criminal defense, among other non-recurring transactions, are not fixed recurring expenses. [Doc. 203 at 4:6-8.] These categories are inherently ambiguous as well. If the Court accepts the government's proposed conditions, the parties will inevitably be back before the Court arguing what is considered a "sporadic" monetary gift, whether a transaction qualifies as a loan, what is considered "variable" income, and what is the nature of certain professional services and recurring expenses.

The government also requests that the Court order Mr. Harbour to clarify with specificity which expenses and transactions are recurring. [Doc. 203 at 4:8-10.] Mr. Harbour provided sufficient specificity for recurring expenses, income, and other transactions. [*See* Doc. 188 and Doc. 203 at Ex. B.] Providing the minutia of expenses, income, and transactions is overly burdensome and unreasonable, and PTS does not seek further detail. The government's request thus amounts to little more than an attempt to improperly obtain

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

discovery about Mr. Harbour's life, employment, family, and friends, which is directly at odds with the intent behind imposing release conditions and the Bail Reform Act. *See United States v. Wittig*, 2004 U.S. Dist. LEXIS 2137, at *17 (D. Kan. Jan. 28, 2004) (noting that the Bail Reform Act was never meant to be a discovery device and that, in a case where charges include criminal forfeiture, the government must instead rely on its investigative means and the rights to discovery granted under the Federal Rules of Criminal Procedure to locate and trace property related to or acquired through alleged criminal conduct).

PTS recommended only that the Court order Mr. Harbour to report all transactions totaling over $1,000 to PTS, except for expenses that are preexisting and reoccurring. [Doc. 203 at Ex. C.]  Importantly, PTS used the word "report" instead of the phrase "obtain approval for."  Mr. Harbour's proposed amended release conditions comport more closely with PTS' reasonable position.

Mr. Harbour's amended release conditions do not increase his flight risk or adversely affect the likelihood that he will continue to appear at future court appearances.  He has been a model member of the community since his release from custody and continues to maintain gainful employment.  The proposed conditions also minimize the ambiguity that would be inherent in the government's proposed conditions.

## IV.   CONCLUSION.

For the foregoing reasons, Mr. Harbour respectfully requests that the Court implement Mr. Harbour's proposed amended release conditions, which address the Court's concerns and align with the conditions sought by PTS.

5

RESPECTFULLY SUBMITTED this 17th day of February, 2021.

BASKIN PLC

/s/ Alan S. Baskin
Alan Baskin
Mladen Z. Milovic
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kevin M. Rapp
Coleen Schoch
U.S. Attorney's Office
40 N. Central Ave., Suite 1800
Phoenix, AZ  85004
*Attorneys for Plaintiff*

 /s/ Cristina McDonald

6