MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Arizona Bar No. 014249)
Email: Kevin.Rapp@usdoj.gov
COLEEN P. SCHOCH (Georgia Bar No. 366545)
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-PHX-DLR(DMF) |
| Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FORFEITURE COUNT AS IT RELATES TO ALLEGED INVESTOR-VICTIMS "R.G.," "A.W.," "D.W.," "C.H.," AND "P.H." AND TO DISMISS COUNTS 11 AND 12 [Doc. 199]** |
| David Allen Harbour, | |
| Defendant. | |

**SUMMARY OF ARGUMENT**

Defendant David Allen Harbour's ("Defendant") sequel motion seeking a dismissal of the forfeiture allegation fares no better than the original. R.G. and victims included in the Superseding Indictment ("SSI") (A.W., D.W., P.H., and C.H.) were among the investors defrauded by Defendant based on a series of misrepresentations and omissions of material facts. Second, the money judgment in the forfeiture allegation can include funds that were traceable to Defendant's fraud that are outside the five-year statute of limitations applicable to substantive counts. Lastly, in furtherance of the fraudulent scheme, Defendant committed both wire and mail fraud involving some of the investors. Therefore, the SSI properly alleges the mail fraud counts that furthered the scheme. This motion should be denied.

## I.     Legal Standard

The Court is well-versed in the legal standard governing Defendant's request to dismiss the SSI's forfeiture allegation. As noted by the Court in its most recent Order, a defendant may move to dismiss an indictment for failure to state an offense. (Doc. 137); Fed.R. Crim P. 12(b)(3)(B)(v).    In determining, however, whether to grant a motion to dismiss, the Court is required to "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citation omitted). When addressing "a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.*   "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1995) (quoting *United States v. Marra*, 481 F.2d 1196, 1199 (6th Cir. 1973)). And, the Court can consider a motion to dismiss only where it involves questions of law rather than fact. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

## II.    Argument

Defendant engaged in an investment fraud scheme that had similar hallmarks: (1) he would invest the victims' money in an unspecified and vague investment; (2) he promised high rate of returns and/or efforts to prevent creditors or the government from attaching their funds; (3) he provided victims with modest interest payments (sometimes in the form of *Ponzi* payments) or none at all; and (4) their principal investment was never returned. For example, the government detailed how Defendant separated R.G. from her husband's life insurance proceeds in 2010. (*See* Doc. 154) In addition to the victims in the July 2019 Indictment, additional victims have been added to the SSI that include C.H., P.H., A.W., and D.W. Defendant argues that none of these new victims have substantive counts connected to the scheme, and therefore, any forfeiture allegations based on money they lost due to Defendant's fraud should be time barred because they are outside the five-year statute of limitations. (Mot. at 6)

First, it is unclear how this motion differs from the previous motion to dismiss. The court found there, that, based on applicable law, a motion to dismiss based on this theory is inappropriate. (Doc. 132 ) The court found it is well-established that an indictment "need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." Fed. R. Crim. P. 32.2(a). Rather, the Indictment is a mere notice document. *See* Fed. R. Crim. P. 32.2 advisory committee's note ("As courts have held, subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment."). "If an indictment is not required to name specific property for later forfeiture, it would be manifestly illogical to require its allegations to specify the factual nexus between the unlawful conduct and the as-yet-unspecified property." *U.S. v. Palfrey*, 499 F.Supp.2d 34, 48-49 (D.D.C. 2007). Indeed, the Court found that the government need not establish a factual nexus between R.G.'s transaction and the charged conduct in the indictment at this juncture. Similarly, the government, pretrial, need not establish a nexus between the transactions involving D.W., A.W., C.H., and P.H. and the forfeiture allegation. Rather, at trial, the government must establish a factual nexus between the forfeiture money judgment and the charged illegal activity. *Id.* at 48; *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997) (at trial, to prevail in securing a forfeiture order, the government must establish a causal link between the violation and the property); *United States v. Dote*, 150 F.Supp.2d 935, 943 (N.D. Ill. 2001) (the amount of money subject to forfeiture is a matter for the government to prove at trial and a question of fact, not a matter the Court can resolve on a motion to dismiss); *U.S. v. Chan*, No. CR. 96-350 WBS, 2006 WL 224389, at *2 (E.D. Cal. Jan. 27, 2006) (a defendant may not use Fed. R. Crim. P. 12(b) to challenge a forfeiture allegation based on evidence not appearing on the face of the indictment).

In addition, Defendant's argument that the money judgment is defective because some of the funds were acquired outside the five-year statute of limitations is unavailing. It is a well-settled point of law that the government may seek the forfeiture of *all* proceeds

involved in a scheme or conspiracy. *See* 18 U.S.C. § 981(a)(1)(C) (providing that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable" to mail fraud, wire fraud or a conspiracy to commit mail and wire fraud is subject to forfeiture); *United States v. Venturella,* 585 F.3d 1013, 1015, 1016–17 (7th Cir.2009) (holding that the defendants must forfeit the total proceeds of the scheme to defraud); *Unitd States v. Capoccia,* 503 F.3d 103, 117–18 (2d Cir.2007) ("Where the conviction itself is for executing a scheme, engaging in a conspiracy, or conducting a racketeering enterprise, the government need only establish that the forfeited assets have the 'requisite nexus,' Fed.R.Crim.P. 32.2(b)(1), to that scheme, conspiracy, or enterprise."); *see also United States v. Emor,* 850 F.Supp.2d 176, 217 (D.D.C.2012) ("When a defendant has engaged in a mail or wire fraud scheme, forfeiture is not limited to the proceeds gained through the particular mailing or wire transaction on which the conviction was based; rather, it 'extends to the entire scheme' of which the mailing or wire transaction was a part." (quoting *Venturella,* 585 F.3d at 1015)). Defendant has cited no authority, binding or persuasive, which leads to a different conclusion. Thus, the Court should also reject Defendant's motion to dismiss based on being barred by the statute of limitations.

### III.   Mail Fraud Counts are Properly Alleged

Defendant's motion to dismiss the mail fraud counts is also unavailing and should be denied. Defendant argues that "the government does not allege, nor can it, that the payments were in furtherance of an alleged mail fraud scheme that concluded almost two years prior, or how these payments comprised part of any scheme." (Mot. at 7) Defendant misstates and/or misunderstands the fraudulent scheme alleged in the SSI.

In determining whether either a mail or wire scheme exists, a defendant's words and statements as well as the circumstances in which they are used as a whole may be considered. *See United States v. Woods*, 335 F.3d at 997-1000 (9th Cir. 2003). The overall success of a mail or wire fraud scheme is immaterial. *United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996); *United States v. Utz*, 886 F.2d 1148, 1150-51 (9th Cir. 1989). It also does not matter whether the material mailed or transmitted electronically was itself false

or deceptive so long as the mails or wires were used as a part of the scheme, and a mailing or wire transmission is caused when one knows that the wires will be used in the ordinary course of business or when one can reasonably foresee such use. *See United States v. Serang*, 156 F.3d 910, 914-15 (9th Cir. 1998); *U.S. v. Hubbard*, 96 F.3d 1223, 1231-32 (9th Cir. 1996). Each individual mailing in furtherance of a prohibited scheme to defraud constitutes a separate mail-fraud violation. *United States v. Poliak,* 823 F.2d 371, 372 (9th Cir. 1987).

Defendant promised high rates of return on A.W. and C.H.'s investment. Defendant, however, misrepresented material information to both A.W. (Count 11) and C.H. (Count 12) to convince them to invest $100,000 and $87,000, respectively.[1] A.W. received a couple interest payments, by mail, from Defendant to her account at Liberty Trust located in Dallas, TX. Likewise, C.H. received a paltry $255 payment from Defendant (by mail) to her account at Liberty Trust for the purpose of keeping the account open with the promise that additional payments would be forthcoming. Again, neither A.W. nor C.H were informed of the exorbitant 25% finder's fee that was paid to Defendant upon receipt of their funds, they received only minimal interest payments or none at all, and no return on their principal. When C.H. demanded the return of funds, Defendant blamed J.T./KSQ. Similarly, when A.W. asked for her funds to be returned, Defendant initially told her that the funds were pooled and then later claimed they had been transferred to another venture. A.W. incorrectly believed her funds were protected by the promissory notes Defendant executed along with promises by Defendant that she would be paid. None of this was true.

Therefore, the mailings detailed in Counts 11 and 12 are within the five-year statute of limitations and in furtherance of Defendant's scheme to defraud. This motion should be denied.

---

[1] C.H.'s husband, P.H., also invested $500,000 with defendant and neither received an interest payment nor a return of principle.

Respectfully submitted this 17th day of February, 2021.

                                        MICHAEL BAILEY
                                        United States Attorney
                                        District of Arizona

                                        *s/ Kevin Rapp*
                                        KEVIN M. RAPP
                                        Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a copy transmitted to the following CM/ECF registrant:

Alan Baskin, Esq.
*Attorney for Defendant*


*s/ Joy Faraj*
U.S. Attorney's Office