**BASKIN PLC**
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone No. 602-812-7977
E-mail: alan@baskin.law
          mmilovic@baskin.law
Name and State Bar No.:    Alan Baskin #013155
                           Mladen Z. Milovic #035560

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No.  CR-19-00898-PHX-DLR(DMF) |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT DAVID ALLEN HARBOUR'S MOTION FOR A BILL OF PARTICULARS** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

## I.    INTRODUCTION.

The Constitution guarantees a criminal defendant a sufficient description of the charges in the indictment.  This constitutional safeguard enables the defendant to prepare his defense.  The November 24, 2020 superseding indictment ("SSI") does not provide Mr. Harbour that ability.

If the government's Response [Doc. 211] to Mr. Harbour's Motion for a bill of particulars [Doc. 200] makes one thing clear, it is that the government will not commit itself to a scheme theory, as it changes with every filing.  This necessitates a bill of particulars. The Response boils down to four unavailing arguments: (1) the Motion is untimely; (2) the November 24, 2020 indictment ("SSI") is sufficiently specific to advise Mr. Harbour what he

must defend against; (3) its discovery obviates the need for a bill of particulars; and (4) excerpts from witness interviews and unrelated civil matters sufficiently inform Mr. Harbour of the misrepresentations and omissions the government alleges he made to investors.  None of these arguments are accurate or in accordance with well-established law.  Also, the Response fails to respond to many of the Motion's critical arguments and requests, fails to distinguish or address the relevant caselaw and relies on inapposite authority.  The Court should order the government to provide a bill of particulars.

## II.    ARGUMENT.

The government suggests that if an indictment is minimally adequate, there is no need for a bill of particulars.  [Doc. 211 at 3:6-22.]  That is not the law.  Because a bill of particulars cannot save a defective indictment, *Russell v. United States*, 369 U.S. 749, 770 (1962), a court only reaches the question of whether to order a bill of particulars if the indictment provides the minimum notice required to satisfy the Constitution.  Mr. Harbour does not argue a lack of minimum notice, and the Court should still exercise its "broad discretion" to order a bill of particulars to enable Mr. Harbour to prepare his defense.  *Will v. United States*, 389 U.S. 90, 98-99 (1967).

### A.    The Motion is timely.

The government argues that the Motion is untimely because Mr. Harbour waited 18 months since the first indictment was returned on July 30, 2019.  [Doc. 211 at 6:6-7.]  Under Fed. R. Crim. P. 7, the Court may permit a defendant to seek a bill of particulars more than fourteen days after arraignment.  *See* Fed. R. Crim P. 7.  The pending motion is on the heels of an SSI the government long promised was forthcoming but that it did not obtain until November 24, 2020.  It is not Mr. Harbour's fault it took that long for the government to obtain the SSI.  The government cites no case denying a bill of particulars on this ground; to the contrary, courts have rejected this timeliness argument.  *See United States v. Feil*, 2010 WL 1525263, at *2 (N.D. Cal. Apr. 15, 2010).

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

**B.     The government fails to address several arguments from the Motion.**

The government fails to address a number of issues raised in the Motion that are imperative to Mr. Harbour's understanding of the charges.  The government does not explain how alleged investor-victims R.G., C.H., P.H., A.W., and D.W. are connected to the ever-changing scheme [Doc. 200 at 4-7], what duties Mr. Harbour owed to specific investor-victims, what material omissions are alleged to have violated those duties [Doc. 200 at 10-11], and how Counts 11 and 12 in the Indictment are sufficient to show a federal crime took place [Doc. 200 at 13-14].  Given the government's concessions to these arguments, it must be ordered to provide a bill of particulars addressing each issue.

**C.     The Indictment is not sufficiently detailed or specific to advise Mr. Harbour of the alleged theory of scheme liability he must defend against at trial.**

The government argues that the SSI provides sufficient details of the charges and essential facts such that a bill of particulars is not warranted.  [Doc. 211 at 2-6.]  The government relies on caselaw that is distinguishable and inapplicable.  For example, *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007), *United States v. Black*, 2005 WL 4864408 (W.D. Wisc. 2005), and *United States v. Thomas*, 893 F.2d 1066, 1070 (9th Cir. 1990) are distinguishable because they do not concern a defendant seeking a bill of particulars.  Instead, they involve whether an indictment provided fair notice and sufficient clarity of the crimes charged.  *Resendiz-Ponce*, 549 U.S. at 108-10; *Thomas*, 893 F.2d at 1070; *Black*, 2005 WL 4864408, at *7-10.

Here the SSI does not "fairly inform" Mr. Harbour of the charges against which he must defend and does not provide sufficient clarity of the charged crimes and scheme.  Instead, the government continues to alter and broaden the alleged scheme to include promises or representations by Mr. Harbour that go well beyond any alleged high-yield investment fraud scheme related to payday.  Although the SSI charges Mr. Harbour with engaging in a high-yield investment fraud scheme by making false and misleading statements

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

and omissions.  [Doc. 154 at 3:1-9], the government now asserts that that the SSI charges a scheme to defraud based on "false promises that the victims would shield their assets from government seizure and creditors" as well.  [Doc. 211 at 2:3-4.]  This novel theory is directed towards victim R.G. and appears nowhere in the first indictment or the SSI.  The government's identification of this scheme for the first time in a responsive filing proves Mr. Harbour's point that the SSI does not fairly inform him what he must defend against at trial.

If anything, this claim is an admission that investor-victim R.G. was not part of the alleged payday lending scheme at the heart of the SSI, as she made a low interest loan to Mr. Harbour years before his alleged participation in any payday lending loan program.  If the government can continue to assert new and shifting theories, Mr. Harbour will have to wait until the close of its case at trial to find out what the actual scheme is.

*United States v. White*, 753 F.Supp. 432, 433 (D. Conn. 1990) and *United States v. Facciolo*, 753 F.Supp. 449, 450-51 (S.D.N.Y. 1990) are also easily distinguishable.  The court in *White* partially granted defendant's motion for a bill of particulars to provide significant and specific information related to a conspiracy charge, such as a complete listing of the persons that the government would claim were co-conspirators, the location of the acts performed by the conspirators, and the location where the principal offense occurred.  *White*, 753 F.Supp. at 434.  The Court ordered the government to provide such information despite – as the government seems to argue in Mr. Harbour's case here – the government already providing the defendant with a superseding indictment, a detailed criminal complaint, and substantial material through the course of discovery.  *Id*.

In *Facciolo*, the court denied the defendant's motion for a bill of particulars because the government provided every single piece of evidence the defendant would need to glean the essential elements needed to inform himself of the charges against him.  *Facciolo*, 753 F.Supp. at 451.  Here, the government cannot credibly claim that it has provided such breadth of information.  The government's disclosure of L.P.'s witness interview and other additional discovery after filing the Response undercuts any such claim.

4

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

Also, Mr. Harbour cannot glean the essential elements of the charges against him – namely, the existence of a scheme – when the charges in the SSI are increasingly general and broaden in scope with each filing by the government.  Mr. Harbour needs a bill of particulars to inform himself of the exact scheme alleged and the attendant charges.  *Wong Tai v. United States*, 273 U.S. 77, 82 (1927), which is nearly a century old, is also distinguishable because Mr. Harbour does not seek complete discovery of the government's case.  Mr. Harbour asks only that the government articulate and provide detail as to the confusing scheme(s), specific misrepresentations and omissions, and facts supporting the mail fraud counts. [Doc. 200 at 4-11.]

The "scheme" is objectively confusing because the SSI treats the R.G. fraud, the KSQ/J.T. fraud, and Green Circle fraud as three separate schemes, but also unsuccessfully tries to connect the three.  [Doc. 200 at 5-7.]  The Response only confuses Mr. Harbour more as the government now seems to plead that the alleged scheme involved false promises by Mr. Harbour to shield individuals' assets from the government and creditors.  [Doc. 211 at 2:3-4.]  Mr. Harbour is understandably at a loss as to what the scheme is anymore.

The Court should order the government to provide a bill of particulars so Mr. Harbour can know and understand the theory of scheme liability he must defend against and the exact nature of the alleged misrepresentations and omissions he made as part of the confusing scheme the government describes in the Indictment and Response.

**D.**     **The voluminous discovery weighs in favor of a bill of particulars.**

The government also argues it has provided extensive discovery – approximately 47,500 documents – and that Mr. Harbour has access to several other avenues to obtain relevant discovery, such as "collateral litigation proceedings with the FTC and SEC, parallel civil cases filed against the defendant by aggrieved investors, statements from victims and employees, and many other involved third parties."  [Doc. 211 at 2:16-22.]  This volume of discovery weighs heavily in favor of obtaining a bill of particulars.  *See, e.g., United States v. Bortonovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (per curiam); *United States v. Feil*, 2010 WL

1525263, at *8 (N.D. Cal. Apr. 15, 2010); *United States v. Nachamie*, 91 F.Supp.2d 565, 571 (S.D.N.Y. 2000); *see also United States v. Bazezew*, 783 F.Supp.2d 160, 168 (D.D.C. 2011) (rejecting argument that bill of particulars was not necessary due to the large volume of discovery produced).

The government's caselaw supporting its argument against a bill of particulars due to the volume of discovery is again distinguishable.  *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) and *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) are inapplicable because the government has not provided full discovery, as borne out by its Response, where it quotes at great length from L.P.'s witness interview, which it failed to disclose until after the Response was filed.  The government provided yet another disclosure two days before the filing of this reply, again undercutting its representations of providing "full discovery."

The government argues that, in addition to the above discovery available to Mr. Harbour, it has "voluntarily identified and produced approximately 81 trial exhibits and provided a preliminary witness list."  [Doc. 211 at 2:22-24.]  Most of the exhibits identified by the government have nothing to do with the allegations and arguments in the Response and do not help Mr. Harbour identify what exactly he needs to defend against.

The government's Response fails to address, distinguish, or refute a single case the Motion cites for the proposition that the volume of discovery in this case weighs in favor a bill of particulars.  This is because the government cannot do so and knows that the overwhelming authority of caselaw authority favors of a bill of particulars.

### E.      The government's discussion of the discovery is misleading and provides little clarity.

The government argues that it is not required to identify the relevant statements and documents it provided supporting the allegations in the Indictment, but provides no caselaw supporting this argument, which is for good reason, as well-established caselaw mandates that the government identify the relevant statements and documents supporting the allegations in

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

the Indictment.  *See United States v. Trumpower*, 546 F.Supp.2d 849, 852 (E.D. Cal. 2008); *United States v. Sampson*, 448 F.Supp.2d 692, 696 (E.D. Va. 2006); *United States v. Nachamie*, 91 F.Supp.2d 565, 571 (S.D.N.Y. 2000); *United States v. Caine*, 270 F.Supp. 801, 806 (S.D.N.Y. 1967); *United States v. Trie*, 21 F.Supp.2d 7, 21-22 (D.D.C. 1998).  Mr. Harbour's case is complicated and involves a substantial record, and he cannot fairly be expected to prepare for trial by reviewing almost 48,000 pages of disclosed discovery and over a hundred thousand pages of discovery from electronic devices to speculate as to what are the allegedly false and misleading statements summarized in the SSI and new scheme alleged in the Response.

The government's Response contains a few disclosed reports and civil filings that purportedly advise Mr. Harbour of the "various misrepresentations and omissions of material facts he employed to obtain funds from the victim-investors and support the various charges in the [SSI]."  [Doc. 211 at 7:12-15.]  The reports and filings, however, are cherry-picked and fail to sufficiently apprise Mr. Harbour of what misrepresentations and omissions he made.  The excerpts taken from witness interviews provide more confusion than clarity as to Mr. Harbour's alleged misrepresentations and omissions.

For example, the government provides an excerpt from alleged victim-investor M.B. [Doc. 211 at 7:21-22.]  The excerpt states that M.B. received a call from the SEC after he stopped receiving interest payments from Harbour.  [*Id.*]  The SSI, however, shows interest payments to M.B. in 2017 [Doc. 154 at 11], well after his meeting with the SEC in 2016.  The government then summarily concludes that Mr. Harbour "diverted $450,000 of M.B.'s $1 million investment for his own personal expenditures without M.B.'s permission. [*Id*. at 23-24.]  This does nothing to advise Mr. Harbour of any misrepresentations or omissions he made to M.B.

The government next references what it calls discovery in an SEC case involving in part two investors named in the SSI, and claims that matter gives Mr. Harbour notice of the ever-changing scheme it alleges here.  [Doc. 211 at 8:2-3.]  This contention is unavailing, as

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

the SEC complaint, to which Mr. Harbour neither admitted nor denied the allegations, was filed contemporaneously with the settlement, so there was no discovery.  Mr. Harbour's current counsel entered the SEC matter at the very end of the investigation to finalize a nearly fully negotiated settlement after a conflict caused prior counsel to withdraw.  The issue presently before the Court is whether Mr. Harbour has notice of the current charges so he can defend; attempting to impute notice to Mr. Harbour by speculating about what his current counsel knew and when does not suffice, particularly here where the alleged unlawful scheme is continually evolving.

The government's next excerpt is from its interview with Mr. Harbour's bookkeeper, L.P.  [Doc. 211 at 9-10.]  As explained above, the nondisclosure of this interview until after the Response was filed cuts against the government's argument that Mr. Harbour has had access to "full discovery" and is a perfect example of why a bill of particulars is necessary. The government produced L.P.'s seven-page interview to Mr. Harbour but did not provide any supporting documents substantiating any of L.P.'s statements in the interview.  This begs the question of how the government intends to prove its case based on L.P.'s statements.

The Response also provides an excerpt from P.B., a principal of PAIF, the "hedge fund [Mr. Harbour] used to fund loans to payday lenders."  [Doc. 211 at 10:16-24.]  The government also states that P.B. was "unaware that [Mr. Harbour] was under investigation by the SEC and the FTC" and that "[d]isclosure of both investigations would have impacted whether PAIF remained in a business relationship with [Mr. Harbour]," but offers no temporal connection linking these events to Mr. Harbour's relationship with PAIF.  [Doc. 211 at 11:1-4.]  The government must cure these deficiencies through a bill of particulars.

## III.    CONCLUSION.

The government's Response confuses more than it clarifies, alleges a new scheme and ignores crucial arguments and requests in the Motion.   The Court should instruct the government to provide a bill of particulars conforming to the requests in the Motion.

BASKIN PLC
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
Telephone 602-812-7977

RESPECTFULLY SUBMITTED this 24th day of February, 2021.

BASKIN PLC

/s/ Alan S. Baskin
Alan Baskin
Mladen Z. Milovic
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kevin M. Rapp
Coleen Schoch
U.S. Attorney's Office
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004
*Attorneys for Plaintiff*

 /s/ Cristina McDonald