**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

On November 24, 2020, a superseding indictment ("SSI") was issued in this matter. (Doc. 154.) Seeking clarity as to the charges against him, Defendant filed a motion for bill of particulars, which is fully briefed.[1] (Docs. 200, 211, 215.) His motion is granted in part and denied in part as detailed below.[2]

The Court has broad discretion to direct the government to file a bill of particulars "to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." Fed. R. Crim.

---

[1] Because of the nature of the issue presented, the Court finds that oral argument is not necessary or useful. Accordingly, the request for oral argument is denied. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir.1999); *Vasquez v. City of Phoenix*, Nos. CV-04-481-PHX-DGC, CV-05-608-PHX-DGC, 2006 WL 1147716, at *1 n. 1 (D. Ariz. May 1, 2006).

[2] The government opposes the motion, in part, on the basis that it is untimely. A motion for a bill of particulars may be made at a time later than 14 days following the arraignment "if the Court permits." Fed. R. Crim. P. 7(f). Considering the history of this case and the recent issuance of the SSI, the Court considers the motion timely and will evaluate it on its merits. *U.S. v. Feil*, No. CR 09-00863 JSW, 2010 WL 1525263, at *2 (N.D. Cal. Apr. 15, 2010).

P. 7(f); *U.S. v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *Will v. U.S.*, 389 U.S. 90, 99 (1967). In deciding the appropriateness of a bill of particulars, "[t]he Court must strike a 'prudent balance' between the legitimate interests of the government and the defendant." *U.S. v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (citing *U.S. v. MacFarlane,* 759 F. Supp. 1163, 1169 (W.D. Pa. 1991). "A defendant is not entitled to know all the [e]vidence the government intends to produce but only the [t]heory of the government's case." *U.S. v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979) (quoting *Yeargain v. U.S.*, 314 F.2d 881, 882 (9th Cir. 1963); *U.S. v. Ryland,* 806 F.2d 941, 942 (9th Cir.1986). And, "the purposes of a bill of particulars are served when 'the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense.'"[3] *U.S. v. Tam*, No. 5:16-CR-00401-EJD, 2017 WL 3782752, at *2 (N.D. Cal. Aug. 31, 2017) (quoting *U.S. v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984)). "Unlike discovery, a bill of particulars is not intended to provide the defendant with the fruits of the government's investigation. Rather, a bill of particulars is intended to give a defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *U.S. v. Muhammed*, No. CR-12-01793-PHX-DGC, 2013 WL 5200117, at *1 (D. Ariz. Sept. 16, 2013) (citations and internal quotations omitted) (emphasis in original). However, the government cannot "fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided." *U.S. v. Bortnovsky,* 820 F.2d 572, 575 (2d Cir.1987).

Here, Defendant makes a variety of requests for information from the government, which the Court will address below. In response, the government generally objects that a bill of particulars is inappropriate because the SSI is sufficiently detailed, Defendant has received approximately 47,500 supplemental documents during discovery from the government, and the government has voluntarily identified and produced approximately 81 trial exhibits and provided a preliminary witness list. Having reviewed the 19-page

---

[3] Here, Defendant disputes that he has been provided full discovery, noting that the government has continued to provide him with new materials, even since the filing of its response. (Doc. 215 at 4, 6.)

SSI, which attempts to address conduct spanning nearly one decade through summary, the Court concludes that it lacks certain necessary specifics. "Logic compels the conclusion that this alleged long-term scheme involved a great many persons, and an even greater number of transactions. In this mass of historical facts, there is no way for [Defendant] to divine how the government intends to prove the specific criminal conduct." *U.S. v. Trumpower*, 546 F. Supp. 2d 849, 852 (E.D. Cal. 2008). Moreover, even though the government has provided Defendant with countless documents, "[i]t is not enough . . . to simply assure Defendant or this Court that the necessary facts are found somewhere in the tens of thousands of pages of discovery materials." *Muhammed*, 2013 WL 5200117, at *2. Having concluded that a bill of particulars is appropriate, the Court now turns to the specific material sought by Defendant.

First, Defendant requests that the government provide (1) the complete factual basis for claiming R.G. was part of the alleged high-yield payday investment scheme, (2) the complete factual basis for claiming Defendant controlled Canyon Road, LLC and NorthRock, LLC, (3) the names, or initials, of the individuals who lost money with KSQ and who were solicited by Defendant to invest in Green Circle in order to recoup their losses, (4) when Defendant made any such solicitations, and (5) the factual basis for alleging the Green Circle and KSQ schemes are part of one, cohesive, overarching scheme. The Court will grant the third and fourth of these requests. The other items requested are denied because they seek disclosure of evidence not required to provide fair notice of the charges, which is not the function of a bill of particulars. *U.S. v. Caine*, 270 F. Supp. 801, 807 (S.D.N.Y. 1967); *U.S. v. Nachamie*, 91 F. Supp. 2d 565, 575 (S.D.N.Y. 2000).

Second, turning to the charges concerning alleged fraudulent representations, Defendant requests that the government provide information detailing (1) who made each representation, (2) the precise content of the representation, (3) the form of the representations (i.e., oral or written), (4) if written, the specific document making such representation, (5) the date of the representation, (6) to whom the representation is alleged to have been made, and (7) the manner in which the representation is claimed to be false

or fraudulent. "A defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information." *Trie*, 21 F. Supp. 2d at 21 (quotation omitted). "The government must provide information as to exactly what the false statements are, what about them is false, who made them, and how [Defendant] caused them to be made." *Id.* at 21-22. *See also U.S. v. Sampson,* 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) ("[T]he indictment fails to state which specific documents were fraudulent, and what was allegedly fraudulent about the documents at issue. Defendant must also be put on notice as to the specific dates of the allegations, the documents, and what the false statements were within the documents."). Here, the SSI lumps together an unknown number of representations into broad categories, which inhibits Defendant from ascertaining which statements he must defend against. This request is granted in its entirety.

Third, to the extent the SSI relies on a fraud-by-omission theory as to the alleged KSQ/J.T. fraud scheme, it fails to allege the particular omissions—aside from a general failure to inform clients of the 25% finder's fee—or the source of any duty to disclose or any material omissions that would permit the government to pursue that theory at trial. Therefore, Defendant requests that the government should identify: (1) who made the alleged omissions, (2) precisely what is alleged to have been omitted, (3) the form of the omission (i.e., oral or written), (4) if written, what specific document is alleged to have been omitted, (5) when that omission is alleged to have occurred, (6) the nature of the alleged duty to disclose, (7) to whom that duty allegedly was owed and to whom the omission is alleged to have been directed, and (8) the manner in which the omission is allegedly fraudulent. Defendant's request will be granted as to items one, two, four and five. *See Tam*, 2017 WL 3782752, at *5 (ordering government to "provide additional information as to the material omission and disclosure obligation" of defendant in a bill of particulars).

Fourth, turning to Defendant's alleged control of Green Circle, Defendant seeks

- 4 -

information, not included in the SSI, as to (1) how Defendant controlled Green Circle or its employees, (2) which Green Circle employees submitted specific draw requests, (3) why Defendant was tasked with providing financial projections and borrowing base certificates for Green Circle if he was not an employee of Green Circle, (4) how Defendant's alleged misrepresentations of Green Circle's profitability passed muster if PAIF reviewed all its funding to Green Circle and the Chief Credit officer of PAIF, Alonzo Primus, controlled the Green Circle checking account, (5) who at Green Circle authorized the draw requests, (6) who at PAIF reviewed and approved the draw requests and funding, and (7) how Defendant's alleged misrepresentations resulted in an unauthorized transfer of $1.1 million from PAIF to one of Defendant's entities by way of Green Circle, and (8) why the $1.1 million payment for reduction of outstanding debt owed by Green Circle to Defendant's entity was not a legitimate repayment of a valid debt.  Defendant's first, fifth, and sixth requests are granted.  The remainder are denied.

Fifth, turning to the alleged *Ponzi* payments, Defendant argues that the government must identify (1) each transaction the government claims was a *Ponzi* payment, (2) the new investor who invested money, (3) the old investor who was paid some amount from the new investor's money, and (4) how each such payment, if it exists, meets the definition of a *Ponzi* payment.  The SSI currently fails to identify the alleged *Ponzi* payments. Instead, the government points to the thousands of documents and exhibits produced, while citing to a long-settled SEC civil case that allegedly went into more detail about the *Ponzi* payments, but never entered the discovery stage.  The government's effort essentially amounts to telling Defendant to "go fish," and doing so "presume[s] that the defendant knows what the government alleges that he did . . . and therefore has all the information he needs, a premise inconsistent with the presumption of innocence." *Trie*, 21 F. Supp. 2d at 21.  Defendant's request is granted.

Finally, relevant to Counts 11 and 12, Defendant argues that the government should specify (1) which entity A.W. and C.H. invested in that was part of Defendant's alleged fraudulent scheme, (2) how Defendant controlled any such entity, (3) what materially false

and fraudulent promises, pretenses, representations, or concealments of material facts Defendant made to each of A.W. and C.H. that gave rise to the mail fraud counts, (4) what connection any monies invested by A.W. and C.H. have to the payments made to them several years later, and (5) how, if at all, the transactions involving A.W. and C.H. in Counts 11 and 12 furthered any alleged scheme by Defendant. Because these requests go to the theory of the government's case, rather than seek evidence not required to provide fair notice of the charges, Defendant's first and third requests are granted, but the remainder are denied.

**IT IS ORDERED** that Defendant's motion for bill of particulars (Doc. 200) is **GRANTED IN PART** and **DENIED IN PART** as detailed herein. The government shall produce the bill no later than **March 22, 2021**.

Dated this 4th day of March, 2021.

Douglas L. Rayes
United States District Judge