**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>David Allen Harbour,<br><br>            Defendant. | No. CR-19-00898-001-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant's motion to dismiss forfeiture count as it relates to alleged investor-victims R.G, A.W., D.W., C.H., and P.H and to dismiss counts 11 and 12, which is fully briefed. (Docs. 199, 212, 214.) For the following reasons, Defendant's motion is denied.[1]

A defendant may move to dismiss an indictment for failure to state an offense. Fed. R. Crim P. 12(b)(3)(B)(v). In determining whether to grant a motion to dismiss, the Court is required to "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citation omitted). Although both parties argued facts not alleged in the indictment, when addressing "a pre-trial motion to dismiss an indictment for failure to state an offense,

---

[1] Because of the nature of the issues presented, the Court finds that oral argument is not necessary or useful. Accordingly, the request for oral argument is denied. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir.1999); *Vasquez v. City of Phoenix*, Nos. CV-04-481-PHX-DGC, CV-05-608-PHX-DGC, 2006 WL 1147716, at *1 n. 1 (D. Ariz. May 1, 2006).

the district court is bound by the four corners of the indictment." *Id.* "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1995) (quoting *United States v. Marra*, 481 F.2d 1196, 1199 (6th Cir. 1973)). And, the Court can consider a motion to dismiss only where it involves questions of law rather than fact. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

Defendant argues that the forfeiture count, insofar as it relates to R.G., A.W., D.W., C.H., and P.H (the "Victim-Investors"), should be dismissed for two reasons. To begin, he argues that dismissal is appropriate because the superseding indictment ("SSI") fails to show a nexus between the Victim-Investors' funds and the scheme charged. Defendant made an identical argument seeking to dismiss the forfeiture count as to R.G.'s transaction, which the Court rejected in its September 11, 2020 order. (Doc. 132.) In denying Defendant's first motion to dismiss, the Court explained,

> [T]he government need not establish a factual nexus between R.G.'s transaction and the charged conduct in the indictment at this juncture. Rather, at trial, the government must establish a factual nexus between the forfeiture money judgment and the charged illegal activity. . . *U.S. v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997) (at trial, to prevail in securing a forfeiture order, the government must establish a causal link between the violation and the property); *U.S. v. Dote*, 150 F.Supp.2d 935, 943 (N.D. Ill. 2001) (the amount of money subject to forfeiture is a matter for the government to prove at trial and a question of fact, not a matter the Court can resolve on a motion to dismiss).

(*Id.* at 3.) Despite no change in law, Defendant nevertheless repeats his prior argument as to R.G and extends it to four additional victim-investors—A.W., D.W., C.H., and P.H. Because the government is not required to establish a nexus between the Victim-Investors' transactions and the conduct charged in the SSI prior to trial, the Court rejects this argument.

Relatedly, Defendant argues that the forfeiture count as it relates to the Victim-Investors should be dismissed because the inclusion of such funds is an attempt to bypass the five-year statute of limitations. Defendant's argument is misguided. The government

may seek forfeiture of all proceeds tied to a scheme, not merely those acquired within the statute of limitations period. *See* 18 U.S.C. § 981(a)(1)(C) (providing that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable" to mail fraud, wire fraud or a conspiracy to commit mail and wire fraud is subject to forfeiture); *U.S. v. Emor*, 850 F. Supp. 2d 176, 217 (D.D.C.2012) (quoting *U.S. v. Venturella*, 585 F.3d 1013, 1015 (7th Cir. 2009)) ("When a defendant has engaged in a mail or wire fraud scheme, forfeiture is not limited to the proceeds gained through the particular mailing or wire transaction on which the conviction was based; rather, it 'extends to the entire scheme' of which the mailing or wire transaction was a part."). Defendant's motion as to the forfeiture count is therefore denied.

Next, Defendant argues that counts 11 and 12 of the SSI should be dismissed because the government will not be able to show that the two relevant 2016 payments from Defendant's entities to A.W. and C.H. were made in furtherance of an alleged mail fraud scheme, noting that the scheme that Defendant believes the government is connecting the payments to—the KSQ scheme—collapsed two years prior. *See U.S. v. Hubbard*, 96 F.3d 1223, 1227-28 (9th Cir. 1996) ("A violation of the mail fraud statute involves: 1) the existence of a scheme to defraud, and 2) using or causing the use of mails in the furtherance of the scheme."). In doing so, Defendant appears to be arguing about issues of fact that the Court cannot resolve on a motion to dismiss. *Jensen*, 93 F.3d at 669. The SSI clearly and concisely alleges the elements of wire fraud; whether the government can meet those elements at trial is not a determination the Court will make at this juncture. Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 199.) is **DENIED.**

Dated this 9th day of March, 2021.

Douglas L. Rayes
United States District Judge