PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Arizona Bar No. 014249)
Email: Kevin.Rapp@usdoj.gov
COLEEN P. SCHOCH (Georgia Bar No. 366545)
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>David Allen Harbor,<br><br>    Defendant. | CR-19-00898-PHX-DLR (DMF)<br><br>**UNITED STATES' A BILL OF PARTICULARS [Doc. 200]** |

The Court granted the defendant David Allen Harbour's ("Harbour") Motion for a Bill of Particulars as to certain evidence. (Doc. 200) The Court has ordered the government to identify certain information regarding Harbour's investment activity.

### I. Green Circle Investors

A. The names, or initials, of the individuals who lost money with KSQ and who were solicited by Defendant to invest in Green Circle in order to recoup their losses are as follows:

1. D.D.[1]
2. C.W.[2]
3. D.S.[3]
4. R.S.[4]
5. F.W.[5]
6. T. and C.B.[6]
7. M.D.[7]

The solicitation of Green Circle investors began after KSQ collapsed in 2012. The investors were solicited between April 2014 and approximately July 2014.

## II. Misrepresentations regarding the nature of the KSQ and Green Circle investments.

A. Harbour's Misrepresentations

(1) Harbour made the misrepresentations to investors.

(2) Harbour made the following misrepresentations of material facts to investors:

- That the investors historically received a 20% return on investments.
- That Harbour had invested with the same investors for over 20 years.
- That the pay day lending was making money and that it was doing "great."
- That all investors will be "out of this deal by like spring of 2017 and everybody should get all of their money back, plus interest."
- That any collateral that secured Harbour's personal guarantees were lien free.
- That Harbour had a successful 10-year track record.
- That the borrowers' loans were performing, and they were making payments.

---

[1] (See Bates 041646-041715).
[2] (See Bates 004637-004685, 004691-004731, 004841-004844, 004922-004923, 004936-004943, 037534-037690, 040368-040371, 005804-005960;(See Ex A.)
[3] (Id.)
[4] (Id.)
[5] (Id.)
[6] (Id.)
[7] (See Bates 040389-040391).

- That any marketing and legal expenses would be paid by the Tribe and/or Harbour rather than from investor funds. Harbour misrepresents that these expenses would be reimbursed by the Indian Tribe or him personally.

These misrepresentations are detailed in interviews and statements of investors, employees of Harbour, and Harbour in IRS Memoranda of Interviews (MOI), FBI 302s, and depositions of the following witnesses with corresponding Bates ranges of statements:

1. P.B.[8]
2. M.B.[9]
3. C.H.[10]
4. R.T.[11]
5. L.P.[12]

B. Harbour's Omissions

Harbour made the following omissions of material fact to investors between 2011-2019:

- Failed to disclose that investment funds would be transferred from a business account (*e.g.*, Oaktree Management, Milagro Consulting, Punjanza, etc.) established for the purpose of the investment but were ultimately diverted to his or his wife's personal bank account. (*See* Ex. B Appendix A-3, item numbers 9, 11, 22, and 24; Ex. C, Appendix C-2, item number 3; Ex. D.

---

[8] (*See* Bates 040379-040381).

[9] (*See* Bates 040379-040378, 037550-037677).

[10] (*See* Bates 040382:040383, 040350:040365, 040346:040349).

[11] (*See* Bates 037333-037533).

[12] (*See* Bates 047530-047536, 040332-040338).

Appendix D-1, item number 11; D-2, item numbers 4, 5, 7, and 10; and D-3, item number 20).[13]

- Failed to disclose that investor funds were not all being transferred to Green Circle. (*See* Exs. B, C and D (Appendices A, B, and D)).
- Failed to disclose that interest payments to investors were not the result of borrowers' making payments on their loans rather the payments came from other investor funds in the form of *Ponzi* payments.(*See* Exs. B- D; Appendix A-2, item number 3; Appendix B-2, item number 9; and Appendix C-4, item number 3).
- Failed to disclose that investment funds were used for personal expenses including, but not limited to, monthly dues for private golf/country club memberships, American Express payments that included family and travel expenses, among other things, expenses related to Gozzer Ranch condominium and boat expenses, and legal fees related to investigations by the SEC, FTC and the IRS. Also, Harbour misrepresented that any legal fees that an investor would require to evaluate the investment would be paid by him. Instead, the fees came from the investors' funds. (*See* Exs. B-E; Appendix A-3, item numbers 4, 8, and 26; Appendix A-4, item number 10; Appendix B-3, item number 2; Appendix C-3, item number 2; and Appendix D-3, item numbers 38 and 41; see M.B. SEC deposition, Bates 037550-037677).
- Failed to disclose that he knew very little about the underlying business, but his role was just to merely recruit investors to provide funds. (Harbour FTC

---

[13] Exs. B-E include summary charts that the government intends to admit through the noticed expert, FBI Forensic Accountant Jeanette Paige. These charts are in draft form and the finalized charts will be disclosed on April 5, 2021 pursuant to the amended scheduling order. (Doc. 149).

deposition, Bates 048494 - 048803).

- Failed to disclose his compensation that included a 25% referral fee for referring KSQ investors to Joel Tucker and a undisclosed compensation from Green Circle investor funds that was sourced from investor funds.(*See* Bates 047530-047536, 040332-040338).
- Failed to alert investors that he was under investigation by the Securities and Exchange Commission in 2018. (*See* SEC complaint Bates 005053-005064)
- Failed to disclose to Green Circle investors that the FTC had filed a predatory lending lawsuit against six Payday Lending entities that were majority owned by LLCs under Harbour's majority control.
- Failed to disclose that investor funds were diverted to pay a penalty to the FTC rather than for consumer loans.(*See* Ex. D; Appendix C-3, item number 2).
- Failed to disclose that entities under his control owed investors millions of dollars in connection with raising money for prior payday lending operations.
- Failed to disclose that he and his business partner, M.D., were personally liable for losses associated with the KSQ payday lending scheme.
- Failed to disclose to Green Circle investors that he had tax liens and was arrears on substantial tax due and owing to the IRS.
- Failed to disclose that the owner (Joel Tucker) of the previous payday lending scheme (KSQ) was under federal criminal investigation.
- Failed to disclose that Green Circle investors (*e.g.*, R.T., M.D., M.B., etc.) would be in a subordinate position to PAIF.

### C. Form of the misrepresentations

Harbour made misrepresentations orally during in person meetings, telephone calls, and text messages. The various personal guarantees, loan agreements, and amortization schedules failed to disclose and/or omitted the material information detailed above.

(1) If written, the specific documents making such misrepresentation (emails, promissory notes, and loan agreements) (*See* multiple Bates ranges provided in Disclosure 2, which covers 037535-042928 that includes emails and various promissory notes).

(2) The dates of the misrepresentation and omissions of material facts are contained on various emails and promissory notes detailed in the discovery referenced above and, on the dates Harbour had in person meetings with investors as detailed in their MOIs and FBI 302s.

(3) The misrepresentations and omissions of material facts were made to investors including those listed above.

(4) The way the representation is claimed to be false included misrepresentations as detailed above and also omitted material information set forth above.

### D. Control of Green Circle

The agreement between Harbour and Green Circle included the establishment of a limited liability company known as Milagro Consulting LLC ("Milagro"). Milagro had a consulting agreement with Green Circle that details Harbour's responsibilities with Green Circle. [14] Harbour also worked with Stefan Adreev who was a Green Circle employee on financial reporting that was to be provided pursuant to the consulting agreement referenced above. Harbour had the Indian Tribe hire Laura Purifoy and Blake Collins who submitted

---

[14] (*See* Bates 038932-039059).

draw requests to PAIF. Both were under Harbour's control. [15] Draw requests were approved by Bob Farrell in 2015. Howard and Jack Cook approved the requests in 2016 and then forwarded the approved Green Circle draw requests for PAIF.

Respectfully submitted this 22nd day of March, 2021.

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

*s/ Kevin Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alan Baskin
Email: alan@baskin.law
*Attorney for defendant David Allen Harbour*

 *s/ Zachry Stoebe*
U.S. Attorney's Office

---

[15] (*See* L.P. MO, Bates 047530-047536, 040332-040338).