**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Before the Court is Defendant's motion to continue the trial date, which is fully briefed. (Docs. 220, 225, 227.) Trial is currently set to proceed on May 18, 2021. However, following significant and ongoing delays regarding his receipt of responsive materials to a Rule 17(c) subpoena duces tecum concerning Green Circle, Defendant now requests a continuance until no earlier than January 19, 2022.[1] He argues, *inter alia*, that such a continuance is necessary to enable counsel to adequately review the Green Circle witnesses' voluminous[2] responsive materials and prepare for trial. The Court will grant Defendant's motion for the following reasons.

The Ninth Circuit looks to four factors when assessing the appropriateness of a continuance: (1) the degree of diligence exercised by the defendant prior to the date the

---

[1] Defendant notes that he would ordinarily have sought a continuance only until September 2021, but government counsel will be serving as lead prosecutor in a three-month trial beginning on August 23, 2021. (Doc. 220 at 2.)

[2] Defendant asserts that he awaits receipt of "tens of thousands" of additional documents. (Doc. 220 at 1.)

continuance is sought; (2) whether the continuance would serve a useful purpose if granted; (3) whether granting the continuance will cause inconvenience to the Court or government; and (4) the amount of prejudice to be suffered by the defendant if a continuance is not granted. *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985). The Court will address each factor, in turn.

First, Defendant has diligently sought the materials responsive to the Green Circle subpoenas. On July 17, 2020—ten months before the current trial date—Defendant filed the original motion for the issuance of subpoenas duces tecum, which the Court granted on July 23, 2020. (Docs. 104, 107.) Defendant would have had more than adequate time to review the materials if they were produced in accordance with the Court's order. However, the relevant witnesses refused to produce responsive documents. Defendant conscientiously and repeatedly sought to confer and reach an agreement with the witnesses but was unsuccessful. Defendant then filed a motion to compel on November 9, 2020, which the Court granted in part, ordering the witnesses to produce certain responsive materials by March 1, 2021. (Doc. 167, 198.) However, Defendant's receipt of the materials was again delayed—due to no fault of his own—when the witnesses sought a production extension until April 1, 2021, which the Court granted. (Doc. 219.) However, this timeline gives Defendant little more than a month to review all the relevant materials and prepare a defense; moreover, it appears that certain materials will not be produced by the April 1 deadline. In sum, despite exercising due diligence, Defendant has faced substantial delays in accessing thousands of documents that he intends to rely on in preparing his defense.

Second, the continuance will serve the useful purpose of enabling counsel and defense experts to review materials that the Court has already determined are relevant and necessary to Defendant's defense. Notably, in granting Defendant's motion to compel, the Court found that the materials ordered to be produced are "relevant, admissible, sufficiently specific, not otherwise procurable reasonably in advance of trial by exercise of due diligence, that Defendant cannot properly prepare for trial without such production and

inspection in advance of trial, that the failure to obtain such production may tend to unreasonably delay the trial, and that the application is made in good faith and is not intended as a general 'fishing expedition.'" (Doc. 198 at 2.) Here, granting the continuance will therefore allow counsel to inspect these vital materials in advance of trial.

Third, although a continuance will cause delay in the expeditious resolution of this case, such a delay will not unreasonably inconvenience the government or the Court. Rather, the government will have more time to prepare for trial, and the continuance will reduce pressure on the Court's spring and summer calendar, which is often double-booked following the year-long pandemic-induced court closure.

Fourth, Defendant's ability to put on a full and vigorous defense would be hindered in the absence of a continuance. Particularly, if the trial were to proceed as planned in May, counsel would have inadequate time to review the thousands of responsive materials still being produced that are relevant to preparing a defense to the complex alleged Green Circle scheme. Balancing these four factors, a continuance is appropriate. Accordingly,

**IT IS ORDERED** that Defendant's motion to continue trial (Doc. 220) is **GRANTED.**

**IT IS FURTHER ORDERED** that the jury trial in this matter is continued until January 25, 2022 at 9:00 a.m.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference is continued until January 11, 2022 at 9:30 a.m.

**IT IS FURTHER ORDERED** that the time from the date of this order through the first day of trial, January 25, 2022, shall be excluded from computation under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

Dated this 22nd day of March, 2021.

Douglas L. Rayes
United States District Judge