**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Before the Court is Defendant's *ex parte* Rule 17(c) motion for issuance of subpoenas duces tecum related to Canyon Road (Doc. 232) and his *ex parte* motion to seal said motion (Doc. 231). Defendant has established that preserving the sealed and *ex parte* nature of his Rule 17(c) motion—within which he has risked divulging trial tactics in order to meet his burden of demonstrating that the *Nixon* standards are satisfied—is necessary to prevent Defendant's trial strategy from being revealed to the government. *See U.S. v. Nixon,* 418 U.S. 683, 699-700 (1974); *U.S. v. Sleugh*, 896 F.3d 1007, 1017 (9th Cir. 2018). Consequently, the Court will grant Defendant's motions.

Nevertheless, even where the Court has allowed a defendant to file an application for subpoena duces tecum that is *ex parte*, once the application is granted, as here, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise." *U.S. v. Buntyn*, No. 1:20-cr-00708 KWR, 2020 WL 5657602, at * 2 (D.N.M. Sept. 23, 2020) (quoting *U.S. v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011)). Rather, "the plain language

of Rule 17(c) authorizes the court to 'direct the witness to produce the designated items in court before trial or before they are to be offered in evidence,' and once 'the items arrive,' to 'permit the parties and their attorneys to inspect all or part of them.'" *Id.* (quoting Fed. R. Crim. P. 17(c)).

Consequently, although the Court will permit Defendant's Rule 17(c) motion to remain *ex parte* and under seal to prevent the disclosure of his trial strategy to the government, it will direct that the government have access to the responsive material, itself, once it is produced by the third parties.[1] *See United States v. Ellis*, No. 19-369, 2020 WL 6204340, at *2 (W.D. Pa. Oct. 22, 2020). Particularly, the third-parties—BOK Financial Services, Inc. and Praff, Kieffer & Company—shall produce, within 30 days and 60 days of the date of this order, respectively, the requested materials either electronically to both Defendant and the government, or to the Court, at which time the Court will notify both parties that the documents are available for inspection and copying.

The materials ordered to be produced below, if not delivered to both sides electronically, shall be delivered to:

> The Chambers of District Judge Douglas L. Rayes
> Sandra Day O'Connor United States Courthouse
> 401 W Washington Street
> Phoenix, AZ 85003

**IT IS ORDERED** that Defendant's *ex parte* motion to seal (Doc. 231) is **GRANTED**. Defendant's *ex parte* Rule 17(C) motion for issuance of subpoenas duces tecum related to Canyon Road and the exhibits attached thereto (Doc. 232) shall be filed under seal, along with the motion to seal (Doc. 231).

//
//
//
//

---

[1] Defendant is not required to provide a copy of the subpoenas to the government.

**IT IS FURTHER ORDERED** that Defendant's *ex parte* Rule 17(C) motion for issuance of subpoenas duces tecum related to Canyon Road (Doc. 232) is **GRANTED**. The subpoenas, attached to the motion, shall be issued to the entities identified therein. The entities shall produce the responsive material in the manner described above. .

Dated this 7th day of April, 2021.

Douglas L. Rayes
United States District Judge