IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>David Allen Harbour,<br><br>    Defendant. | No. CR-19-00898-001-PHX-DLR<br><br>**ORDER** |

  Before the Court is Defendant David Allen Harbour's ("Defendant") Motion to Continue Trial. (Doc. 256.) The motion is fully briefed and, for the following reasons, granted.

  On July 7, 2019, a grand jury indicted Defendant on three counts of Wire Fraud and nineteen counts of Transactional Money Laundering. Two months later, the Court entered a Scheduling Order setting trial for November 4, 2020. After multiple continuances, Defendant filed a proposed Amended Scheduling Order asking that trial begin on January 25, 2022. (Doc. 234.) The Court adopted the proposed Amended Scheduling Order in June 2021 and the issued the final Amended Scheduling Order, setting the trial in this matter for January 25, 2022. (Doc. 240.)

  Three months later, Defendant moved to vacate the scheduling order and re-set the current trial date as a status conference. (Doc. 244). The motion alleged that he was suffering from "Long COVID-19," resulting in fatigue, loss of concentration, and loss of memory, all of which prevented him from recalling critical facts about this case and how important documents and information fit into his defense. These significant cognitive

defects, he argues, render him incapable of "meaningfully participat[ing] in his defense" or conferring with counsel. (Doc. 244 at 6.)

The Court denied the Motion to Vacate and Re-Set the Trial (Doc. 247), and Defendant sought reconsideration (Doc. 249). At a status conference considering the motion, the Court expressed concerns that Defendant's motion amounted to claim of incompetency under 18 U.S.C. § 4241 and discussed sending Defendant to a facility for restoration. Defendant objected, arguing that 18 U.S.C. § 4241 was inapplicable because his trouble preparing for trial was not due to a mental deficiency or defect. The Court denied Defendant's Motion for Reconsideration (Doc. 252) but allowed Defendant to file a motion to continue trial to explain why 18 U.S.C. § 4241 is not applicable to his claim of mental incompetence, directing him to address the question of the statutory meaning of "mental disease or defect."

Defendant's Motion to Continue explains that his condition is not a mental disease or defect because it is physical and temporary, the effects of having contracted COVID-19. Defendant analogizes his situation to that of a person who has suffered a stroke, a physical affliction. Defendant's medical expert Dr. McHenry opines that Defendant could not meaningfully participate in his own defense or confer with his counsel in advance of or during his trial due to his deficits. He asserts that preparing for trial and going to trial in his current condition will only worsen his problem. He argues that he needs time to recover, and the restoration methods employed by the Attorney General at facilities such as Butner are not useful or applicable to his recovery. Defendant asks for a three-month continuance to give him ample time to rehabilitate and prepare for trial.

The Government responds with conflicting positions. It first agrees that Defendant's medical evidence proves by a preponderance of the evidence that he is incompetent to stand trial. Later, it argues that it is concerned that Defendant is feigning or exaggerating his symptoms and should be sent to the Butner facility, for among other things, to be evaluated for malingering. The Government's response does not address the

issue the Court asked the parties to address, whether Defendant's claim of COVID-related mental disabilities amounts to a mental disease or defect under 18 U.S.C. § 4241, requiring the Court to order Defendant be committed for restoration. The case the Government cited, *United States v. Quintero*, 995 F.3d 1044 (9th Cir. 2021), does not address the issue. In *Quintero*, the defendant unquestionably suffered from a mental disease or defect.

The Government's response, however, raises a troubling question about Defendant's alleged disability. According to the Government, Defendant is continuing to work in a sophisticated occupation, recently making what the Government describes as a complex real estate transaction.

The Defendant's Reply and attached Declaration of Bart Shea explain the scope of Defendant's employment and his work under Mr. Shea as VP of Projects. That, coupled with the medical opinions of Defendant's medical doctor, Dr. McHenry, and the forensic psychological evaluation, support Defendant's claim that he suffered from a physical condition, COVID-19, that left him with an inability to adequately prepare for trial. His condition is not controlled by 18 U.S.C. § 4241 because he is not suffering from a mental disease or defect as used in that statute. The Court finds excludable delay under Title 18 U.S.C §3161(h)(7)(A) from 1/25/2022 to 3/28/2022.

**IT IS ORDERED** that Defendant David Allen Harbour's Motion to Continue Trial (Doc. 256) is **GRANTED**.

**IT IS FURTHER ORDERED** setting trial before a jury to commence on Monday, March 28, 2022 at 9:00 a.m. through Friday, April 8, 2022, for a total of ten (10) days.

**IT IS FURTHER ORDERED** setting a Final Pretrial Conference for Monday, March 14, 2022, at 9:30 a.m. Pretrial Motions will be due on or before February 22, 2022. A separate scheduling order will issue setting additional case management deadlines.

**IT IS FURTHER ORDERED** that any subpoenas previously issued and served in

//

//

this matter remain in effect and are answerable at the new trial date, and the party who served the subpoena should advise the witnesses of the new trial date.

Dated this 22nd day of November, 2021.

Douglas L. Rayes
United States District Judge