1

**ASHLEY D. ADAMS, PLC**
**Ashley D. Adams, 013732**

2

7502 E. Monterey Way
Scottsdale AZ 85251

3

Phone:        (480) 219-1366
Facsimile:    (480) 219-1451

4

aadams@azwhitecollarcrime.com
*Attorney for Defendant*

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8

| United States of America, | Case No.  CR-19-00898-PHX-DLR (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **MOTION TO WITHDRAW AS COUNSEL OR IN THE ALTERNATIVE MOTION TO CONTINUE THE TRIAL FOR A PERIOD OF 90 DAYS** |
| David Allen Harbour, | |
| Defendant. | |

9

10

11

12

13

14

15

        Ashley D. Adams, on behalf of Adams & Associates, PLC, hereby files  a Motion to

16

Withdraw as Counsel, or in the alternative, moves for a continuance of the trial set on March

17

28, 2022, for a period of 90 days.  This Motion is supported by the attached Memorandum

18

of Points and Authorities.

19

20

21

22

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

**MEMORANDUM OF POINTS AND AUTHORTIES**

**I.      Adams & Associates, PLC was retained only on a limited basis in order to assist Mr. Baskin's firm.**

Undersigned counsel was contacted by Allan Baskin, Mr. Harbour's former attorney, in February of 2020, to assist with Motion Writing and Trial Strategy.  Adams & Associates signed an Engagement Letter with Mr. Baskin's firm and Mr. Harbour on or about February 20, 2020.   The firm received a retainer of $15,000.00.   (*See* Engagement Letter dated February 20, 2020, attached as Exhibit 1.)

Between May of 2020 until early December 2021, undersigned had little involvement in the preparation of the defense.   Mr. Baskin consulted with undesigned regarding various motions that have been filed in the case, and sent counsel drafts to review before filing. Undersigned sat on approximately five Zoom and/or phone calls with Mr. Baskin, Ms. Milovic and Mr. Harbour. On one occasion, Jason Silver was also on a phone conference. Undersigned duties did not include reviewing *any* of the discovery provided by the government during this limited engagement.

In January of 2021, Mr. Baskin inquired whether undersigned would be willing to assist with the trial, and in particular, witness preparation for the defense forensic accounting expert, direct examination of such witness, and with cross examination of the government's forensic accounting witness.   The parties also discussed the possibility of undersigned handling the cross examination of witness R.G.

Thereafter, in late January, 2021, undersigned prepared an amended engagement letter, with Mr. Harbour only, which was not executed by him until March 29, 2021. (*See*

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

Amended Engagement executed on March 29, 2021, attached as Exhibit 2.)  *The engagement provides that Adams & Associates would be acting as co-counsel to Alan Baskin.  Id.*  The engagement letter further required that Mr. Harbour was to provide Adams & Associates with a retainer of $100,000.  *Id.*  To date, only $50,000 of this retainer has been paid.  Counsel entered a Notice of Appearance and Association of Counsel, on or about March 31, 2021.  (See DKT. 230.)

Between March 31, 2021, and until the Government's filed its most recent Petition to Revoke Mr. Harbour's release, undersigned counsel continued to act only as a "second chair lawyer."  Mr. Baskin and his firm were acting as lead counsel, and made all decisions pertinent to the defense.  Meanwhile, Mr. Silver was to handle the tax issues, and this firm was supposed to handle the expert witnesses, and possibly R.G.   Between March 31, 2021, and mid-December of 2021, undersigned also reviewed drafts of the various Motions *in Limine* that had been drafted by Mr. Milovic of Mr. Baskin's firm, and motions related to Mr. Harbour's COVID-19 and health issues, including the most recent continuance motion.  Undersigned has attended two meetings with the defense's forensic expert, and has begun preparation of the expert's direct examination.  Finally, undersigned had intended on meeting with Mr. Harbour regarding R.G's testimony, but Mr. Harbour was not well enough to attend the meeting.  Counsel has not yet prepared the cross examination of R.G.

**II**.   **Undersigned has only reviewed a limited amount of discovery.**

Importantly, undersigned has only reviewed a limited amount of discovery in the case.  The reason is because Adams & Associate's role was always meant to be limited. As such, review of all of the government's discovery was not necessary.  Counsel's focus was on bank

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

1  records, various consulting and operating agreements, and the flow of funds between various

2  entities. Only a few victim and witness statements have been reviewed by undersigned.

3  Discovery in this case is voluminous, and counsel has not *received,* much less

4  reviewed most of it.  Mr. Baskin's firm has provided access to some of its work product.

5  However, counsel has never received all of documents produced by the government, and thus

6  still is not aware of the total amount of documents produced.  Undersigned certainly does not

7  have the institutional knowledge of the evidence needed to be ready for trial by March 29,

8  2022.  Undersigned Counsel, who is a sole practitioner with  other cases, including upcoming

9  trials that would cause  undesigned, as the "last lawyer standing" of the original three-lawyer

10  team led by Mr. Baskin, is not only likely to commit malpractice with respect to  this case,

11  but also with respect to many other cases for other clients.   Adams & Associates was also

12  never retained to handle the entire matter, and was only retained to assist Mr. Baskin's firm.

13  **III.    Mr. Baskin has withdrawn as counsel, and Mr. Silver has also filed a Motion to Withdraw, which could not have been anticipated by undersigned.**

14

15  As this Court is aware, Mr. Baskin filed an *Ex Parte* Motion to Withdraw as Counsel

16  on or about December 20, 2021 (DKT. 285), which was granted by Judge Fine on or about

17  December 22, 2021.  (DKT. 293.)  It is undersigned's understanding that Mr. Silver has also

filed a Motion to Withdraw.

18  This firm agreed to handle the revocation proceedings in light of these recent

19  withdrawals, and will continue to represent Mr. Harbour, if needed, until these proceedings

20  have been completed.  However, counsel cannot possibly be prepared for trial by the date

21  scheduled, and thus believes that it is in the best interests of Mr. Harbour to file this Motion

22

to Withdraw, and to allow him to find other counsel.  Counsel would request that she be allowed to withdraw after the revocation hearing set for January 18, 2021.

It is undersigned understanding that Mr. Harbour has contacted Stephen Dichter, Esq. to possibly serve as his counsel and Mr. Dichter and undersigned have conversed.  He has stated that he has a firm trial date in San Miguel County, New Mexico, commencing April 15, 2022, and, obviously, cannot try this case on March 29, 2022. He also has a trial in February (a USPTO Bar proceeding).  Assuming that Mr. Dichter can be retained, after the government reviews his prospective fee agreement and, if necessary, the Court reviews and approves it,[1]  he will obviously need sufficient time to prepare.  Mr. Dichter has not been retained, but he has been in discussions with Mr. Harbour.  Mr. Dichter has advised that he could be prepared to try this case by late-June, 2022, were Adams & Associates to stay on the case in the capacity for which it originally agreed-as second chair.  If this firm withdraws, Mr. Dichter advises that  he could be ready to try it after the summer.

### IV.   The government has advised that it objects to any continuance.

On or about January 7, 2022, undersigned e-mailed, and called Kevin Rapp, the AUSA assigned to this case, and inquired whether the government would be opposed to a 90-day continuance.  The government has advised that it will oppose a continuance.  As such, undersigned believes that she has no present choice, other than to withdraw.

---

[1] Mr. Dichter is from a small law firm that could not financially endure a demand to divest itself of the substantial fees it would have to be paid to first chair a fraud, tax, and money-laundering case on short notice against the government's most seasoned trial lawyer, he would have to be a fool to take on the case, no matter how interesting or financially rewarding it might be.

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

## V.   Mr. Harbour requests a 90-day continuance of the trial in light of recent events.

Assuming that the issue of Mr. Dichter's potential involvement is not simultaneously resolved, Counsel also requests that this Court continue the trial for a period of 90 days, which would allow Mr. Harbour to retain new counsel.  Obviously, Mr. Dichter cannot agree to substitute in as counsel at this time because he is unable to certify that he will be ready for trial by March 29, 2022, pursuant to L.R.C. 83.3(b)(1), due to his other trial in mid-April of 2022.  Moreover, it is doubtful that any trial lawyer could be "ready" to try a case of this complexity from a standing-start by that date, even without two trials in-between.

Also, it must be conceded, that, if Mr. Harbour's release is revoked, the time needed to prepare his defense for a trial of this magnitude will be longer, not shorter. The auditorium or gymnasium used by CivicCare in Florence (formerly CCA) for attorney-client meetings is not conducive to the meaningful exchange of privileged information.  The drive to CCA is also *at least* an hour drive, for most attorneys living in the Phoenix areas.   The revocation matter has also substantially distracted counsel from trial preparation.   The issues involved therein are complex, and consuming.

While this case is not young, it is also not particularly old.  Reviewing the history of delays while, as has been the tradition here since the enactment of the Speedy Trial Act, virtually all delays are borne by the Defense, no matter what the actual cause.  It is the most expeditious manner in which to exclude time.

Here, as the Court knows, the case was delayed for about 9 months under DKT. 134 dated September 16, 2020, approved by DKT. 136, two days later. Trial was reset to May 18,

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

2021.   While the motion cited the usual defense bases for continuances, provocatively, also interwoven therein was the government's issues.  Such involved the lead prosecutor, Mr. Rapp, who was also the lead-District of Arizona prosecutor in *United States v. Lacey,* 18-cr-00422 (the "Backpage" case).  The Backpage trial was, at that point, supposed to commence in January 2021, and setting the trial in this case in May was, obviously, of importance to the government.

Next, on November 24, 2020, the government superseded the indictment (DKT. 154) making the case even more complex.  The Backpage trial did not start in January, 2021. Meanwhile, the May 2021 trial date in this case was sought to be extended in DKT. 220 filed on March 1, 2021.  In granting the motion, DKT 229 dated March 23, 2021, which the government opposed, the Court noted that the defense would have requested a delay until September 2021, but requested January 2022 because "government counsel will be serving as lead prosecutor in a three-month trial beginning on August 23, 2021."

The *Backpage* case commenced trial on or about that date with the result known to all involved in this case. It is notable that, in its opposition, the government did not mention the delay attributable to the prosecutor's unavailability.  So, the government was the beneficiary of its own unavailability to start the trial in September.  In any universe having equanimity, the government surely owes the defense the four months that Mr. Harbour shouldered for the United States Attorney's Office.

This time around, as the Harbour and Backpage cases continue to circle each other, the government faces (or, perhaps, due to the appeal just filed in Backpage from the denial of the motion to dismiss based on double jeopardy (DKT. 1445, dated January 2, 2022), faced

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

another potential period of unavailability.  Pursuant to DKR. 1377 (no separate order), the re-trial for The Backpage case was set to be retried from February 2022 through April 29, 2022.  Had there not been an appeal, can it be assumed that Mr. Rapp would have walked out of his three month long trial into a trial in this case two weeks later?  While defense counsel understands that the briefing schedule ordered by the 9th Circuit for the double jeopardy appeal will likely erase the current trial date, it has not done so yet.  As such, the reality is that, had the new Backpage trial date stood, another "defense delay" of this case would have ensued, and everyone would be satisfied.

A continuance in this matter is in the interests of justice.  It could not have been contemplated that the two other members of the defense team, especially, the lead lawyer, would have sought to withdraw in late-December, nor that the tax lawyer, Jason Silver, would also be seeking to withdraw.[2]  Mr. Baskin's withdrawal took with it years of accumulated knowledge possessed only by the Defendant.   In addition, third party records, which have been promised for months and months, by Green Circle and its counsel, have yet to be produced.  This alone mandates an additional continuance.

While undersigned does not believe that her firm has a similar conflict, Adams & Associates simply does not have the ability to be prepared for trial by the end of March, 2022. The best way to deal with this issue is to vacate the present trial date, reset it to a date in late-June or early July, 2022, and then order a hearing on determination of counsel.  Mr.

---

[2] We have been told Mr. Silver is seeking to withdraw and assume that the motion was filed *ex parte*, as was Mr. Baskin's.  It does not appear on the docket.

ADAMS & ASSOCIATES, PLC
7502 E. Monterey Way
Scottsdale, AZ 85251
(480) 219-1366

1 Dichter will forward his proposed fee agreement to the government before that hearing – fee

2 agreements are almost never privileged – and the government can react to it.  Assuming the

3 government does not oppose it or suggest it will seek to order the firm to disgorge the fees –

4 whose source will be disclosed plainly in the proposed agreement – Mr. Dichter can enter an

5 appearance.

6         Therefore, counsel requests that this Court set this trial sometime after mid-June,

7 2022, which would allow Mr. Dichter, or a new lawyer additional time to be prepared for

8 trial.  If the case is continued and Mr. Dichter (or someone other than him, if the government

9 acts in a manner that contraindicates his being able to be engaged) assumes the first-chair

10 trial position, Adams & Associates is willing to remain involved.  However, if none of the

11 above suggested options comes to pass, Adams & Associates cannot be left as the last lawyer

12 and be made to assume the first chair position in a trial starting in March 2022, if for no other

13 reason, the principles set forth in ER 1.1 of Rule 42 of the Rules of the Supreme Court of

14 Arizona.

15 **VI.    Conclusion.**

16         For the reasons set forth above, undersigned requests that this Court allow Adams &

17 Associates to withdraw as counsel.  This firm will agree to continue on through the revocation

18 proceedings, the final day of hearing for which is scheduled for  January 18, 2021, because

19 that date is imminent, and counsel decided long ago to not leave Mr. Harbour, and Mr.

20 Baskin's firm in abeyance.  Mr. Harbour deserves to be represented by counsel in a

21 proceeding in which he stands to lose his liberty, and in which the government has relied

22 completely on unreliable hearsay, and other unsubstantiated evidence, of which counsel has

since become familiar with, as a matter of default.   The Court should order other relief consistent with the points raised in this Motion.

RESPECTFULLY SUBMITTED this 11th day of January, 2022.

**ADAMS & ASSOCIATES, PLC**


By: */s/ Ashley Adams*
        Ashley D. Adams
        *Attorneys for Defendant*



**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

Kevin M. Rapp
Coleen Schoch
U.S. Attorney's Office
40 N. Central Ave., Suite 1800
Phoenix, AZ  85004
Kevin.rapp@usdoj.gov
Coleen.schoch@usdoj.gov
*Attorneys for Plaintiff*




 */s/Kathy Taylor*
Paralegal to Ashley D. Adams