# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Initials |
|---|---|---|---|
| $145,000.00 | 9-22-2012 | 10-6-2017 | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

**Borrower:** Volente Healthcare, LLC
4530 E Shea Blvd Suite 160
Phoenix, AZ 85028

**Lender:** Ken Bobrow

_____

_____

**Principal Amount:** $145,000.00     **Initial Rate:** 30.00%     **Date of Note:** September 22, 2017

**PROMISE TO PAY.** Volente Healthcare a Arizona limited liability company ("Borrower") promises to pay to Ken Bobrow, an Individual ("Lender), or order, in lawful money of the United States of America, the principal amount of ONE HUNDRED FORTY FIVE THOUSAND & 00/100 DOLLARS ($145,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance. Interest shall be calculated from the date of each advance until repayment of each advance.

**PAYMENT.** Borrow will pay ONE HUNDRED NINETEEN & 18/100 DOLLARS ($119.18) per day until the funding from BDK Leasing is received or at the time Borrower is paid back. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. The annual interest rate for this Note is computed on a 365/365 basis: that is, by applying the ratio of the annual interest rate over a year of 365 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**FIXED INTEREST RATE.** The interest rate on this Note is fixed at a rate of 30.00% per annum.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments of accrued unpaid interest. Rather, early payments will reduce the principal balance due. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: **Ken Bobrow.**

**LATE CHARGE.** If a payment is 15 days or more late, Borrower will be charged **10.00% of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 35.00% ("Default Interest Rate").

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

    **Payment Default.** Borrower fails to make any payment when due under this Note.

    **Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

    **Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of the Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

    **Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

13691379.1

**Cure Provisions.** Any default is curable and may be cured if Borrower, after receiving written notice from Lender demanding cure of such default, cures the default within thirty (30) days.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else who is not Lender's salaried employee to help collect this Note if Borrower does not pay. Borrower will be liable for all reasonable costs incurred in the collection of this Note, including but not limited to, court costs, attorneys' fees and collection agency fees, except that such costs of collection shall not include recovery of both attorneys' fees and collection agency fees.

**GOVERNING LAW. This note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Arizona without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Arizona.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Maricopa County District Court, State of Arizona.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $50.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**COLLATERAL.** Borrower acknowledges this Note is secured by a UCC and a corporate guarantee by Savior Hospice, LLC.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note when due. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

| **Borrower's Initials** | |
|---|---|
| _____ | **NO ORAL AGREEMENTS. This written agreement is the final expression of the agreement between Lender and Borrower and may not be contradicted by evidence of any prior oral agreement or of a contemporaneous oral agreement between Lender and Borrower.** |
| **Lender's Initials** | **NONSTANDARD TERMS. The following space contains all nonstandard terms, including all previous oral agreements, if any, between Lender and Borrower:** |
| _____ | **By initialing boxes to the left, Lender and Borrower affirm that no unwritten oral agreement exists between them.** |

13691379.1

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

VOLENTE HEALTHCARE, LLC

_____

BY: JEFF SMITH, MEMBER

SAVIOR HOSPICE, LLC

_____

BY: JEFF SMITH., MEMBER

LENDER:

_____

13691379.1