# PROMISSORY NOTE

$8,000,000                                                                August 13, 2021

      FOR VALUE RECEIVED, the undersigned, SHEA CONNELLY DEVELOPMENT, LLC an Arizona Limited Liability Company, REMEDIATION FINANCIAL INC., an Arizona Corporation, SCD CONSTRUCTION, LLC an Arizona Limited Liability Company, BART SHEA, and Individual and DAVID LUNN, an Individual (collectively the "BOROWER"), hereby jointly and severally promise to pay to the order of DEEL INVESTMENTS LP, in the proportions set forth on the schedule attached hereto, and their successors and assigns (collectively the "LENDER") at 2601 Callaway Ridge, Joplin MO 64804, or at such other place as LENDER may direct, in lawful money of the United States of American constituting legal tender in payment of all sums owed to LENDER by BORROWER that LENDER may as of the date hereof or hereafter loan or advance or re-loan to the BORROWER from time to time, LENDER'S sole and absolute discretion, pursuant to the "Transaction Documents" as defined in the LOAN AGREEMENT of even date herewith, together with interest thereon at the rate of 20% per annum and other charges owed to LENDER as provided herein and in the LOAN AGREEMENT, the principal amount advanced from time to time by LENDER to BORROWER under this Note in aggregate amount not to exceed at any one time EIGHT MILLION DOLLARS (U.S.) ($8,000,000.00). Each of the BORROWERS and the LENDER is sometimes referred to herein as a "Party", and together as the "Parties". Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the LOAN AGREEMENT.

1. **Principal and Interest.** Interest will accrue at the rate of twenty percent (20%) per annum from the date of each advance and be added to the outstanding principal balance of this Note. The entire balance of principal, interest, other charges, and additional payments due the earlier of the sale of the Porta Bella Project in Santa Clarita, CA to Proligis LP, a Maryland Limited Partnership and/or Waymark Development, LLC a California Limited Liability Company, but no later than January 31, 2022, unless the sale of the Santa Clarita, CA property is extended by the Court.
2. **Disbursements.** Proceeds of the Loan will be disbursed by LENDER to BORROWER pursuant to written requests for Advances from BORROWER, in LENDER'S sole and absolute discretion. A schedule setting forth the principal amount and date of each Advance made under this Note, together with a schedule of all interest accrued thereon, shall be maintained by LENDER and provided to BORROWER upon request.
3. **Additional Provisions Regarding Interest.** Interest on all principal amounts outstanding from time to time hereunder shall be calculated on the basis of a 360-day year applied to the actual number of days upon which principal is outstanding, by multiplying the product of the principal amount and Applicable Rate set forth herein by the actual number of days elapsed and dividing by 360.

4. **LOAN AGREEMENT.** This Note is issued under the terms of and pursuant to the terms of the LOAN AGREEMENT to which reference is made for a statement of the additional terms and conditions under which the indebtedness was incurred.
5. **Use of Proceeds.** BORROWER shall use the proceeds under this Note solely for the purpose of providing working capital for the Borrower to implement, operate and maintain its real estate development business, make advances and loans to employees and pay expenses it deems necessary.
6. **Events of Default.** Upon the occurrence of any one or more of the following events ("Events of Default"):
    a. Failure to make any payment of the principal of or interest, other charges or amounts on this Note or the other Transaction Documents on the date when due and payable; or
    b. The occurrence of any Event of Default specified in this Note or the other Transaction Documents; or
    c. The occurrence of any Event of Default in any other instrument or agreement executed in connection with or securing this Note which is not cured within any cure period provided with respect thereto (if any); or
    d. Any breach of any representation, warranty or covenant specified in this Note, the LOAN AGREEMENT, or the other Transaction Documents,

then, or at any time thereafter during the continuance of any such event, LENDER may give notice of such Event of Default to the BORROWER and declare this Note and indebtedness evidenced hereby to be forthwith due and payable, whereupon this Note and the indebtedness evidenced hereby shall become forthwith due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in the LOAN AGREEMENT or in any other instrument executed in connection with or securing this Note to the contrary notwithstanding. LENDER shall be entitled to all remedies under the LOAN AGREEMENT.

7. **Usury Interest.** Nothing contained herein, nor any transaction related hereto, shall be constructed or so operate as to require BORROWER to pay, or LENDER to accept, interest at a rate greater than it is lawful in such case to contract for, or to make any payment or to do any act contrary to law. It is understood and agreed that in the event that the payment of any interest due hereunder would subject the LENDER hereof to any penalty under applicable law, then *ipso facto* the obligations of the undersigned to make such payment shall be reduced to the highest rate authorized under applicable law, and that if any clauses or provisions contained herein or in any of the other Transaction Documents operate or would prospectively operate to invalidate this Note or any of the other Transaction Documents, in whole or in part, then only such clauses or provisions shall be held to be invalid.
8. **No Waiver or Release.** If there is any Event of Default hereunder, the failure of the LENDER hereof promptly to exercise its right to declare the principal remaining unmatured hereunder to be immediately due and payable shall not constitute a waiver of such right while such default continues nor a waiver of such right in connection with any

Initials BS

4. **LOAN AGREEMENT.** This Note is issued under the terms of and pursuant to the terms of the LOAN AGREEMENT to which reference is made for a statement of the additional terms and conditions under which the indebtedness was incurred.

5. **Use of Proceeds.** BORROWER shall use the proceeds under this Note solely for the purpose of providing working capital for the Borrower to replenish reserves and maintain its real estate development business, make advances and loans to employees and pay expenses it deems necessary.

6. **Events of Default.** Upon the occurrence of any one or more of the following events ("Events of Default"):

   a. Failure to make any payment of the principal of, or interest, other charges or amounts on this Note or the other Transaction Documents on the date when due and payable; or

   b. The occurrence of any Event of Default as specified in this Note or a Transaction Document; or

   c. The occurrence of any Event of Default in any other instrument or agreement executed in connection with or securing this Note which is not cured within any cure period provided with respect thereto (if any); or

   d. Any breach of any representation, warranty, or covenant specified in this Note, the LOAN AGREEMENT, or the other Transaction Documents,

then, or at any time thereafter during the continuance of any such event, LENDER may give notice of such Event of Default to the BORROWER and declare this Note and indebtedness evidenced hereby to be forthwith due and payable, whereupon this Note and the indebtedness evidenced hereby shall become forthwith due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in the LOAN AGREEMENT or in any other instrument executed in connection with or securing this Note to the contrary notwithstanding. LENDER shall be entitled to all remedies under the LOAN AGREEMENT.

7. **Usury Interest.** Nothing contained herein, nor any transaction related hereto, shall be construed or so operate as to require BORROWER to pay, or LENDER to accept, interest at a rate greater than it is lawful in such case to contract for, or to make any payment or to do any act contrary to law. If it is understood and agreed that in the event that the payment of any interest due hereunder would subject the LENDER hereto to any penalty under applicable law, then ipso facto, the obligations of the undersigned to make such payment shall be reduced to the highest rate authorized under applicable law, and that if any clauses or provisions contained herein or in any of the other Transaction Documents operate or would prospectively operate to invalidate this Note or any of the other Transaction Documents, in whole or in part, then only such clauses or provisions shall be held to be invalid.

8. **No Waiver or Release.** If there is any Event of Default hereunder, the failure of the LENDER hereof promptly to exercise its right to declare the principal outstanding hereunder to be immediately due and payable shall not constitute a waiver of such right while such default continues nor a waiver of such right in connection with any

Initials BS _____                                                                 Page 3 of 5

future default on the part of the BORROWER. It is expressly understood and agreed that the BORROWER shall not be released from liability hereon by reason of any forbearance or extension of time granted, with or without notice or consent of the BORROWER.

9. **Waivers.** BORROWERS hereby waives demand, presentment for payment, notice of dishonor, protest, and notice of protest and diligence in collection or bringing suit and agrees that the LENDER may accept partial payment, or release or exchange security or collateral, without discharging or releasing any unrelated collateral or the obligations evidenced hereby.

10. **Attorneys' Fees.** BORROWER agrees to pay reasonable attorneys fees and costs incurred by the LENDER in collecting or attempting to collect this Note, whether by suit or otherwise.

11. **Miscellaneous.** As used herein, the terms "BORROWER" and "LENDER" shall be deemed to include their respective successors, legal representatives and permitted assigns, whether by voluntary action of the Parties or by operation of law.

12. **Governing Law.** The interpretation, validity and performance of this Note shall be governed by the laws of the State of Missouri, without regard to the conflicts of the law rules. Each party consent to the jurisdiction of Jasper County, Missouri.

13. **Litigation.** Any litigation arising out of this Note by either party shall be filed in the Circuit Court of Jasper County, Missouri.

14. **Modification.** This Note may not be modified except by written agreement signed by the BORROWER and the LENDER, or by their respective successors or assigns.

15. **JURY WAIVER.** THE BORROWER AND THE LENDER (BY ITS ACCEPTANCE HEREOF) HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY AND UNCONDITIONALY WAIVE ANY RIGHT TO HAVE A JURY PARTICIPATE IN RESOLVING ANY DISPUTE (WHETHER BASED UPON CONTRACT, TORT, OR OTHERWISE) BETWEEN OR AMONG THE UNDERSIGNED AND LENDER ARISING OUT OF OR IN ANY WAY RELATED TO THIS NOTE, THE TRANSACTIONS CONTEMPLATED HEREIN OR ANY RELATIONSHIP BETWEEN THE UNDERSIGNED AND LENDER. THIS PROVISION IS A MATERIAL INDUCEMENT TO LENDER TO PROVIDE THE FINANCING DESCRIBED HEREIN AND IN THE OTHER TRANSACTION DOCUMENTS.

16. **Notices.** All notices and other communications hereunder shall be in writing, and shall be deemed to have been duly given (a) upon hand delivery thereof, (b) upon facsimile and written confirmation of transmission, (c) upon receipt of any overnight deliveries, or (d) on the third (3rd) business day after mailing United States certified mail, return receipt requested, postage prepaid, addressed to each party at the following addresses:

If to LENDER:   c/o Daryl Deel
2601 Callaway Ridge
Joplin, MO 64804

If to BORROWER:   c/o Bart Shea
2055 S. Cottonwood Dr
Tempe, AZ 85258

or to such other different address(es) as LENDER or BOROWER may specify in writing using the notice procedure called for in this Section 16.

17. **Successors and Assigns.** This Note shall be binding upon the Borrower and its successors and assigns. This Note and the other Transaction Documents shall inure the benefit of the Lender and unless otherwise expressly provided in a particular provision hereof, all subsequent successors and assigns.
18. **Integration.** This Note, together with the other Transaction Documents (as defined in the LOAN AGREEMENT) embody the entire agreement of the BORROWER and the LENDER (by acceptance hereof) with regard to the subject matter hereof. There are no representations, promises, warranties, understandings or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein. BORROWER acknowledges that the execution and delivery of this Note is its free and voluntary act and deed, and that said execution and delivery have been induced by, nor done in reliance upon, any representations, promises, warranties, understandings or agreements made by Lender, its agents, officers, employees or representatives.
19. **Modifications.** No promise, representation, warranty or agreement made subsequent to the execution and delivery of this Note, and no revocation, partial or otherwise, or change, amendment or addition to, or alteration or modification of, this Note shall be valid unless the same shall be in writing signed by all Parties hereto.
20. **Time of Essence.** Time is expressly made of the essence of this Note.
21. **Severability.** The illegality or unenforceable of any provision of this Note or any instrument or agreement required hereunder shall not in any way affect or impair the legality or enforceability of the remaining provisions of this Note or any instrument or agreement required hereunder.
22. **Headings.** The headings or captions of sections and paragraphs in this Note are for reference only, do not define or limit the provisions of such sections or paragraphs, and shall not affect the interpretation of this Note.

23. **ORAL ARGUMENTS.** The following notice is given to comply with §§432.045 and 432.047 of the Revised Statutes of Missouri: ORAL OR UNEXECUTED AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANYWAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWERS) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

As used in the immediately preceding notice, the term "this writing" is deemed to include this Note and other loan documents and Transaction Documents.

IN WITNESS WHEREOF, BORROWER has caused this Promissory Note to be executed and delivered effective as of the date first set for above.

**BORROWER:**

**REMEDIATION FINANCIAL INC.**

By: _____
Name: Bart Shea
Title: President and COO

**SHEA CONNELLY DEVELOPMENT, LLC**

By: _____
Name: Bart Shea
Title: President and Manager

**SCD CONSTRUCTION, LLC**

By: _____
Name: Bart Shea
Title: President and Manager

**BART SHEA**

_____
By: Bart Shea
Title: Individual

**DAVID LUNN**

_____
By: David Lunn
Title: Individual

State of ARIZONA )
                 )
County of MARICOPA)

SUBSCRIBED and sworn before me on this 13th day of AUGUST, 2021 by Bart Shea, Individually, as Owner, Officer, Manager or Director of his entities either owned or indirectly owned, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

My commission expires:

1/29/2025

_____
Notary Public

State of ARIZONA )
                 )
County of MARICOPA)

SUBSCRIBED and sworn before me on this 13th day of AUGUST, 2021 by David Lunn Individually, as Owner, Officer, Manager or Director of his entities either owned or indirectly owned, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

My commission expires:

1/29/2025

_____
Notary Public