IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-0898-PHX-DLR |
| Plaintiff, | |
| v. | **ORDER** |
| David Allen Harbour, | |
| Defendant. | |

    The Court has been very clear with counsel for the parties to cease filing hearing exhibits on the Court's docket in support of their positions for the Pretrial Release Revocation and Detention Hearing.  Rather, the parties are to present the exhibits appropriately at the evidentiary hearing, with an original printed document marked as an exhibit, a printed copy for the Court, and a copy to opposing counsel.

    Despite these clear instructions, Defendant's counsel has again filed documents on the Court's docket in support of Defendant's positions for the Pretrial Release Revocation and Detention Hearing (*see* exhibits to Doc. 306).  The Court notes that these documents also include private information, such as personal addresses and financial account information.  These documents, all the exhibits to Doc. 306, will be stricken.  Counsel are well aware of the proper handling of exhibits for the ongoing hearing, and shall follow such procedures.

    Further, Defendant's counsel has filed "Defendant's Supplemental Memorandum for Defendant's Release Revocation Hearing" as a motion even though it only contains

argument and proffer (Doc. 306). Also, "Defendant's Supplemental Memorandum for Defendant's Release Revocation Hearing" filed as a motion (Doc. 306) contains argument based on exhibits not yet admitted into the record. The motion will be denied without prejudice, as the Court will consider arguments by counsel at the close of the evidence in other forms as the Court directs. The Court will not consider the supplemental memorandum (Doc. 306), and it will not consider the Government's filing at Doc. 294 for the same reasons as previously explained. The Government's filing at Doc. 294 was also filed as a motion, which is denied without prejudice, as the Court will consider arguments by counsel at the close of the evidence in other forms as the Court directs.

At the close of the evidentiary portion of the hearing, the Court will enter orders allowing the parties to file briefing regarding the issues before the Court of whether Defendant violated his release conditions, whether given any violation the Defendant should be detained or released pending further proceedings, and whether Defendant's release conditions should be amended if he is released. Such briefing is only briefing the Court will consider regarding the information presented at the evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** striking all the exhibits to Doc. 306.

**IT IS FURTHER ORDERED** denying the motion at Doc. 306 without prejudice.

**IT IS FURTHER ORDERED** denying the Government's filing at Doc. 294 without prejudice.

Dated this 18th day of January, 2022.

_____
Honorable Deborah M. Fine
United States Magistrate Judge