# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>David Allen Harbour,<br><br>    Defendant. | No. CR-19-0898-PHX-DLR<br><br>**ORDER AND DETENTION ORDER** |

    This matter is before the Court on the allegations of violations of pretrial release, which were referred to undersigned for all further proceedings (Doc. 268 at 2). The allegations are contained in the United States' Petition to Revoke Defendant Harbour's Pretrial Release (Doc. 267), the United States' Supplemental Petition (Doc. 290), and the United States' Second Supplemental Petition (Doc. 326). Defendant was provided notice of all the allegations against him in the Petition (Doc. 267), Supplemental Petition (Doc. 290), and Second Supplemental Petition (Doc. 326), and the parties have been provided full opportunity to present evidence and argument (*see* Docs. 293, 295, 310, 327, 338, 339, 344). This matter was taken under advisement (Doc. 344).

    While the Court only references a small portion of the evidence and arguments in its conclusions below, the Court reviewed and weighed all of the evidence presented, considered the arguments made, and consulted applicable law in reaching the conclusions herein.

## I. THE ALLEGED PRETRIAL RELEASE VIOLATIONS

In the United States' Petition to Revoke Defendant Harbour's Pretrial Release (Doc. 267), the United States' Supplemental Petition (Doc. 290), and the United States' Second Supplemental Petition (Doc. 326), the United States alleged that Defendant Harbour violated various conditions of his pretrial release. The alleged violations are set forth below along with the Court's decisions regarding the allegations. The applicable standard of proof is probable cause for commission of a crime, and the standard of proof is clear and convincing evidence for violation of a release condition that does not constitute commission of a crime. *See* 18 U.S.C. § 3148.

### A. Defendant Shall Not Commit Any Federal, State or Local Crime (Doc. 17)

The standard of proof is probable cause. *See* 18 U.S.C. § 3148.

#### 1. *Witness Tampering in Violation 18 U.S.C. § 1512(b)(1)*

In the Petition and Supplemental Petition, the United States alleges that Defendant Harbour engaged in witness tampering in violation 18 U.S.C. § 1512(b)(1) by directing Kenneth Bobrow ("Bobrow") to contact victims such as Mark Burg ("Burg") and Richard Turasky ("Turasky") in an effort to alter their testimony in exchange for payment of funds from a third party (Doc. 267; Doc. 290 at 1, ¶1). On the record before the Court at this time, the Court finds that probable cause has not been shown on each and every element.

#### 2. *Conspiracy to Commit Wire Fraud, Bank Fraud, and False Statement on Loan and Credit Applications in violation of federal law*

In the Second Supplemental Petition, the United States alleges that Defendant Harbour conspired to commit wire fraud, bank fraud, and false statement on loan and credit applications in violation of 18 U.S.C. §§ 371, 1014, 1349, 1343, and 1344 (Doc. 326). In sum, the United States alleges that Defendant Harbour conspired with Bart Shea and Bobrow to provide a false gift letter by email to Equitable Home Mortgage, Inc. in support of a loan to purchase XXXX E. Georgia Ave., Phoenix, AZ 85016 (*Id.*).

. . .

1    Upon additional review of the record before the Court and review of the authorities
2 cited by counsel, the Court finds that probable cause has been shown that Defendant
3 Harbour conspired to commit wire fraud, bank fraud, and false statement on loan and credit
4 applications in violation of 18 U.S.C. §§ 371, 1014, 1349, 1343, and 1344.

5    **B.    Avoid all direct or indirect contact with persons who are considered**
6 **alleged victim(s), potential witness(es) including Burg and Turasky (Doc. 17)**

7    In the Petition and Supplemental Petition, the United States alleges that Defendant
8 Harbour directed Bobrow to contact Burg and Turasky between June 2020 and December
9 13, 2021 (Doc. 267; Doc. 290 at 2, ¶3).

10    The standard of proof for this violation of release conditions is clear and convincing
11 evidence. *See* 18 U.S.C. § 3148. While Bobrow is not a perfect witness, the phone records
12 and other evidence corroborate Bobrow's statement to investigators that Defendant
13 Harbour told Bobrow that Defendant Harbour wanted Bobrow to convince Burg to take
14 the money (Government Exhibit 18 at ¶18). The Court finds that the United States has met
15 its burden of clear and convincing evidence as to Burg but not as to Turasky.

16    **C.    Defendant shall not solicit investors for any investment while on pretrial**
17 **release (Doc. 17)**

18    In the Supplemental Petition, the United States alleges that Defendant Harbour
19 successfully solicited Bobrow to invest $142,000 for the purchase of the residence on
20 Georgia Avenue, valued at $3.7 million, for Defendant Harbour's benefit (Doc. 290 at 2,
21 ¶3). The standard of proof for this violation of release conditions is clear and convincing
22 evidence. *See* 18 U.S.C. § 3148.

23    The Court finds that the United States has not met its high burden of clear and
24 convincing evidence regarding these allegations.

25    **D.    Notify Pretrial Services of Financial Transactions (Doc. 221)**

26    In this allegation of the Supplemental Petition, the United States asserts that
27 Defendant "Harbour borrowed approximately $1,950,000 without seeking prior approval
28 from Pretrial Services" (Doc. 290 at 2, ¶4). The standard of proof is clear and convincing

evidence. *See* 18 U.S.C. § 3148. The Court clarified on the record in open Court on December 21, 2021, at Defendant Harbour's initial appearance on the Supplemental Petition (Doc. 293) that the condition in Doc. 89 (referenced in the Second Supplemental Petition (Doc. 290 at 2, ¶4)) was amended on March 2, 2021, in Doc. 221, which would apply as of the time of the amendment. The pertinent replacement conditions in Doc. 221 read:

> 2.) Defendant shall not obtain new financial accounts without prior notification to and approval from PTS. 3.) Defendant shall notify PTS of all financial transactions totaling over $1,000 that he makes or directs to be made in any month to any person or entity, except for transactions that are for attorney's fees, professional fees, expenses or debts existing prior to the indictment, reoccurring payments, children's expenses, family expenses, and regular housing payments. Defendant does not, however, need to obtain PTS' approval for any expenses or income.

As previously discussed by the Court, these financial conditions were intended to restrict Defendant Harbour from "obtain[ing] new financial accounts without prior notification to and approval of Pretrial Services. *Debt to me seems like a new financial account*." (Hr'g Tr. Dec. 29, 2021, p. 19 (emphasis added)).

The Court finds unavailing the defense arguments that the monies were advances of income, not loans, and therefore did not run afoul of release conditions. The Court finds that the United States has shown by clear and convincing evidence that Defendant Harbour violated his release conditions by borrowing money without complying with his conditions regarding such borrowing.

**II.   DETENTION OR RELEASE ON CONDITIONS PENDING FURTHER PROCEEDINGS**

In sum, Defendant Harbour violated his conditions of release in multiple ways while on pretrial release. Further, Defendant Harbour is a serious flight risk. While Defendant Harbour has appeared for Court and reported to Pretrial Services as directed thus far, Defendant's incentive to flee is great considering the potential sentence should he be convicted. This incentive increases as trial approaches, and there is the looming possibility

of additional charges relating to conduct at issue in the pretrial violations. Noteworthy is that Defendant Harbour does not have a reliable third-party custodian available because the people with whom he is close, including his spouse, appear to be aware of or involved in the violations of his release conditions. Persons with whom Defendant Harbour is close have been willing and able to provide Defendant Harbour with large sums of money, and there is no effective way for the Court to effectively monitor, let alone control, Defendant Harbour's access to large sums of money. The sums of money to which Defendant Harbour has access dwarf the secured bond in this matter. Also noteworthy is that the Court has already tried various iterations of financial restrictions in release conditions. Of great concern to the Court is that Defendant Harbour appears to have structured financial transactions in order to avoid having to report to Pretrial Services his receipt of significant sums of money. New counsel's assurances at this stage of the case that Defendant Harbour will take his release conditions more seriously and offer to pledge Defendant's interest in future development proceeds are insufficient to mitigate flight risk even when coupled with more restrictive conditions of release. The false gift letters pertaining to the Georgia Avenue property demonstrate that Pretrial Services and the Court cannot rely on the documents provided by Defendant Harbour being accurate.

Based on the evidence presented and having considered possible release conditions, including those proposed by Defendant Harbour, such as electronic monitoring, home detention/arrest, computer monitoring, financial monitoring, restrictions on associations/communications, and considering the factors set forth in 18 U.S.C. § 3142, the Court finds that there are not conditions the Court can set that can reasonably assure the Defendant's appearance at future court proceedings and that Defendant Harbour is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148.

Insofar as concerns about access to Defendant Harbour for trial preparation purposes, counsel's access to Defendant Harbour for trial preparation purposes can be addressed if and as any such issues arise. *See* 18 U.S.C. § 3142(i). The Court notes that

- 5 -

Defendant Harbour was present by video-teleconference at recent hearing settings. Further, defense counsel has not reported any unusual or recent impairment in ability to meet with Defendant Harbour.

### III.  THE SECURED BOND (Doc. 43)

The Court finds that forfeiture of the secured appearance bond (Doc. 43) is not appropriate given that Defendant Harbour has not failed to appear. Further, it is not entirely clear to the Court that the persons who posted such bond, Timothy and Julianne Gottschalk, understood the bond to be to secure anything other than Defendant Harbour's appearances in this matter. In addition, the secured appearance bond (Doc. 43) should not be released until such time as any and all appeals of this Order are decided in the event that an appeal may result in Defendant Harbour's release.

Accordingly,

**IT IS ORDERED** granting in part and denying in part the United States' Petition to Revoke Defendant Harbour's Pretrial Release (Doc. 267), Supplemental Petition (Doc. 290), and Second Supplemental Petition (Doc. 326) as set forth herein.

**IT IS FURTHER ORDERED** detaining Defendant Harbour pending further proceedings.

**IT IS FURTHER ORDERED** that the secured bond (Doc. 43) shall not be released until further Court order after any appeals are resolved.

**IT IS FURTHER ORDERED** acknowledging that this Order does not prevent Defendant Harbour from seeking temporary release to the extent such release is necessary for preparation of Defendant Harbour's defense or for another compelling reason pursuant to 18 U.S.C. § 3148.

Dated this 1st day of March, 2022.

_____
Honorable Deborah M. Fine
United States Magistrate Judge