Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Jill Ann Herman, 020180
jherman@cdslawfirm.com
Iulia A. Taranu, 034458
itaranu@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | **DEFENDANT'S SUBMISSION RE PROPOSED CHANGES TO NEW CONDITIONS OF RELEASE RE "WITNESSES"** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

One of the new Conditions of Release that will be in effect, assuming that Defendant is able to raise the additional $500,000 cash bond, both reduces but, more importantly, expands the list of persons with whom David Harbour is not permitted to have "direct or indirect contact" to include Daryl Deel, Melvin Dunsworth and Maya Langbein.[1]

---

[1] Abby Harbour has frequent, even sometimes including daily contact with Maya Langbein. Her husband, John Langbein has been David Harbour's friend for about a generation, His name is not on the excluded list, but, nonetheless, is disclosed and discussed here with a view towards complete transparency. While it would have been easier and well within the *letter* of the restriction for David Harbour to have all the

This Order does not preclude Abby Harbour from having contact with anyone on the list. However, Abby Harbour is, has been, and will continue to be in regular contact with Daryl Deel, Melvin Dunsworth and Maya Langbein. We propose to address the subject head-on because we are certain that, notwithstanding the absence of any Order specifying with whom Abby Harbour can have contact, the government will contend that all contacts between Abby Harbour and any of these three people would constitute an "indirect contact" by David Harbour.

Secondly, as to David Harbour, we want to show why Maya Langbein's husband, John Langbein – whose name is *not* on the list – should be someone with whom David Harbour may have contact because, otherwise, we believe that the government might contend that a contact by either David or Abby Harbour would constitute an "indirect" contact between David Harbour and Maya Langbein.

Third, we will address why contacts between David Harbour and Daryl Deel and Melvin Dunsworth should be permitted[2].

**A.  Abby Harbour**

---

contact with John Langbein he wanted to have, we are concerned that this interpretation might not pass the "really, Mr. Dichter?" test.  Therefore, we seek clarification.

[2] So that it be absolutely clear, the undersigned plans to have as much contact with Daryl Deel and Melvin Dunsworth as they are willing to have with me. The new order provides that contact "exclusively through the defendants counsel of record is permitted." We need a clarification here. I would think that that my defense of this case would be benefitted if my client could be on telephone calls between the me and Deel and/or Dunsworth. Parenthetically, this will mean that my conference bridge phone number will be provided to the government for trap and trace purposes. Is the Court meaning to say that I am not permitted to have my client participate in a phone call or calls between me and the defense witnesses?  If this the Court's intent, we had certainly better know it.

1. **Daryl Deel**:  Daryl and Pat Deel have been family friends of the Harbours for 14 years.  Daryl is presently assisting Abby Harbour with respect to her two jobs. One of Abby's jobs is with Clayton Flooring. Daryl Deel is trying to refer construction companies and contractors to Abby for her to bring to Clayton Flooring [3] Abby is also working for a merchant credit card services company and here too, Daryl Deel is trying to refer merchant services business to her.

On a social level, Mr. and Ms. Deel talk to and Facetime with Abby and the Harbour daughters frequently to offer moral support and fellowship. They are called "Papa Daryl" and "Mimi Pat" by Abby and the girls.  The Deels were a part of the Harbour's wedding in 2010. The families have spent Thanksgivings, Christmases, New Year's, and Easters together. They have vacationed together, gone to Europe together, spent summers together and attended sporting and musical events together. A month prior to David Harbour's 2021 arrest, they were staying with the Deels.  In the near future, Deel was planning to visit here in Arizona. Abby Harbour and Daryl Deel are also business partners through Abby's SLAT in "Prōze," which is a company that supplies CBD products nationwide.

2. **Melvin Dunsworth**:  Melvin Dunsworth and David Harbour have known each other for 15 years.  The girls refer to him as "Uncle Melvin." He was also a part of the Harbour wedding in 2010.  He has also traveled extensively with the Harbours. As the government knows, Dunsworth spent the week of December 6, 2021 at the Georgia

---

[3] Incidentally, the vast majority of Clayton Flooring's work is commercial; not residential so counsel's *paean* about not allowing Mr. Harbour into people's homes, as if he was some kind of werewolf, was not even correct.

3

Avenue residence with the Harbour family. As with Daryl Deel, he has been a source of comfort and fellowship to both the Harbour family and especially to Abby Harbour. And as with Daryl Deel, he has been assisting Abby Harbour by referring business to her. Since she is the only one working in the family and since the government contends that David Harbour is facing a very lengthy prison sentence, is it not important that Abby Harbour develop business contacts that might assist in sustaining her and the children?

**3. Maya Langbein:** David Harbour has known John Langbein for 20 years. The Langbeins are close, longstanding, family friends. Their children are the same ages as the Harbour children and when, for example, David's mother, who lives here, is not available to pickup the girls, it is as likely as not that Maya will help Abby out by doing so. The Langbeins loaned the Harbours a 2011 Tahoe when he was arrested in 2019. John Langbein, Maya's husband, is also trying to refer credit card merchant services business to Abby Harbour.

**4. Conclusions Re Abby Harbour:** Again, this Order does not preclude Abby Harbour from doing anything. There is no reason for Abby Harbour to be discussing the *facts* of her husband's case with any of these three individuals. The only one who is or might be a government witness is Maya Langbein, who received the buyer's side commission split (3%) on Bart Shea's purchase of the Georgia Avenue property. The other two, Deel and Dunsworth, are crucial defense witnesses but there is no reason for Abby to discuss with them the facts of David's case or the evidence except in assisting the undersigned in a *Kovell* capacity.

However, there is every reason for Abby to discuss with either or both of them whether and, if so, how, they might like to assist the Harbour family. That is, in fact, what friends often like to do, especially if they think that a friend is being abused by the government. And, here, both of these family friends absolutely believe that to be the case and have told the government precisely that on numerous occasions. Deel and Dunsworth were interviewed and called numerous times by government agents. To put it as kindly as it can be put, government agents worked mighty hard trying to turn them, but neither succumbed and, one of them, Dunsworth, told the government to just stop calling him lest he get his lawyer involved to make them cease and desist. The other, Deel, told the government in no uncertain terms that he would spend his money as he saw fit.[4]

What if Darryl Deel is willing to continue to fund David's defense or to help the Harbour family? He was the source of the first part of the fees paid to the undersigned for the defense of this case.[5] As Exhibit 84 (the Defense's forensic document examination report makes clear), a later advance by Deel Investments, LLC's to Shea Connelly Development, LLC ("SCD") under the August 13, 2021 line of credit was the source for the payment of the first half of the undersigned's fees in this case and was also

---

[4] Which, by the way is exactly what Abby's father, Timothy Gottschalk, told the government agents when he was interviewed.

[5] The very first $75,000 had come from what was originally a $1 million draw by Shea Connelly Development, LLC on the August 13, 2021 $8 million line of credit. The funds were going to be used for the Burg settlement that Baskin was negotiating but when the settlement did not go through, $800,000 was wired by Baskin to Shea (even though Deel had wired it directly to Baskin), Baskin kept $100,000, $25,000 went to Ashley Adams, and $75,000 was send to the undersigned, of which approximately $50,000 was paid to Ashley Adams and $25,000 to the undersigned.

supposed to be the source of the unpaid second half. The second half, now long-overdue, remains unpaid because SCD, without any explanation, simply did not pay the money.

We disclosed this arrangement to the Court and the government by attaching the "known" Shea signature on SCD's agreement to pay the Harbour fees to the undersigned in this case through advances to Harbour. *See*, Defense Exhibit 84, Known Documents, K-5. Though SCD reneged on its contractual obligation, Mr. Deel may want to advance the balance of the fees anyway, or he may not. But why should Abby Harbour not be permitted to discuss this with him? Neither Deel nor Dunsworth has ever been on the no-contact list before now and the government has known about their support to and of the Harbour family for many years.

We recognize that the government is adopting an *in loco parentis* position with respect to Deel and Dunsworth. However, each of them believes Harbour to be completely innocent and, frankly, both know a lot more about the facts of this case than does the government. Each had substantial involvement in payday lending himself. Each knows, and has told the government, that the reason that the first payday lending failed was due to Operation Chokepoint, a clandestine Department of Justice scheme, about which it lied to Congress, to threaten banks into not permitting the use of Automatic Clearing House accounts. Each knows that the reason Green Circle failed was because PAIF foreclosed, wiping out OakTree and the lenders to OakTree (e.g., Burg and Turasky).

Each has told the government on numerous times that they were not and are not "victims" of Harbour. Each has told the government agents and the government lawyers

6

to leave them alone. Each has been willing to assist the Harbour family in the past and both will be testifying for the defense. Again we are bringing this up in an effort to be totally transparent. While even under the new conditions of release, once they are in effect, there still will be nothing that would preclude Abby Harbour from asking Deel, Dunsworth, or anyone else for help for her family, including for her husband, David Harbour, or that would preclude the undesigned from doing it, we see no reason to try to hide that it might occur.

Of course, if the government does not take the position that calls between Abby Harbour and any of these people are not "indirect contacts" with them by David Harbour, then these points are superfluous.

**B. David Harbour**

**1. John Langbein**: As mentioned above, he is a 20-year friend of David Harbour and unlike Daryl Deel and Melvin Dunsworth has never been involved in business with David Harbour. He is simply a very close friend. Why cannot David Harbour have friends? Again, John Langbein is not listed in the Order but we want guidance anyway for the reasons outlined.

**2. Melvin Dunsworth:** Melvin Dunsworth and David Harbor owned NorthRock. Recently, claiming that it was based upon statements made to Joe Cathey by the agents working this case, Cathey sued Harbour in a single-count fraud case in Kansas. Perhaps not uncoincidentally, another lender to NorthRock just sued Melvin Dunsworth in the same court. In the Cathey case, Harbour is proceeding *in propria persona.* There is a commonality of interest between Dunsworth and Harbour based upon the recently

instituted lawsuits which might involve sharing of evidence and witnesses. Harbour, once released may need to discuss this case with Dunsworth. Now, under the new conditions of release, he will not be able to do that over the telephone and Dunsworth is not able to come to Arizona every time Harbour and he may need to confer about their cases moving through the same docket in Kansas. This will likely lead to a request to expand those to whom Harbour is able to speak over the telephone to Dunsworth and anyone else he needs to speak to in order to mount his defense. And, if the Court declines to modify the contact list, as outlined, which would not be unexpected, Harbour will seek to stay the litigation in Kansas until this case is resolved.

**3. Daryl Deel:** Our comments here repeat and expand on those made in the Abby Harbour section, above. Daryl Deel cannot possibly be considered a government witness. He is absolutely a defense witness. Why has the government tried to forbid Harbour from having contact with our own witnesses? Of course, under the new conditions, Harbour could not ask Deel if he wished to assist the Harbour family in any number of ways. And, of course, he will not do so. But Abby Harbour may well do so, and, if asked, so might I.

**4. Conclusion as to David Harbour**: He needs to be able to directly contact and coordinate with Melvin Dunsworth in their cases in Kansas unless the Harbour case there is stayed. That request will be made by Harbour, if the court does not ease the telephone restriction. I would imagine that a stay request might be granted. With respect to Deel and Dunsworth, there is no reason why Harbour should not be able to be in contact with his own witnesses.

Why after three years, does the government seek to have Deel and Dunsworth on the no contact list? This is not explained. Finally, we do not think that the court means to forbid David Harbour from participating with the undersigned in contacting defense witnesses.

RESPECTFULLY SUBMITTED this 21st day of July 2022.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
Stephen M. Dichter
Jill Ann Herman
Iulia A. Taranu
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Roseanne Tomlinson