IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| | |
| David Allen Harbour, | |
| Defendant. | |

On December 3, 2021, the United States filed an *Ex Parte* Petition to Revoke Defendant Harbour's Pretrial Re Release (Doc. 267). The Government later filed the United States' Supplemental Petition (Doc. 290), and the United States' Second Supplemental Petition (Doc. 326.) After holding evidentiary hearings on the detention motion, Magistrate Judge Deborah M. Fine entered a Detention Order granting in part and denying in part the United States Petition to Revoke Defendant Harbour's Pretrial Release ordering him detained pending further proceedings. (Doc. 346.) Both parties filed objections to Judge Fine's Detention Order, requesting a *de novo* hearing. On June 14, 2022, two days before the scheduled evidentiary hearing, the United States filed a Second Superseding Indictment wherein the grand jury found probable cause to charge Defendant Harbor with eight additional felonies, all allegedly committed while out on release. (Doc.

387.)

Before the Court are Defendant's Objections to Ruling in Doc. 346 (March 1, 2022) and Motion to Revoke the Order of Detention (Doc. 358), the United States Appeal of the Magistrate Judge's Failure to Find a Violation of Certain Release Conditions (Doc. 360) and the question of Defendant's detention or release and as to the new charges alleged in the Second Superseding Indictment. (Doc. 387.) The Court held evidentiary hearings on June 16, 2022, and June 23, 2022. In addition to the exhibits introduced at these evidentiary hearings, the parties stipulated to the admission of the exhibits admitted at the hearings before Judge Fine. The Court has considered the evidence presented and the arguments of counsel.

**I. Alleged Pretrial Release Violations**

In the *Ex Parte* Petition to Revoke Defendant Harbour's Pretrial Re Release (Doc. 267), the United States' Supplemental Petition (Doc. 290), and the United States' Second Supplemental Petition (Doc. 326) the United States alleged that Defendant violated various conditions of his pretrial release, including the commission of certain crimes. Judge Fine correctly set forth the applicable standard of proof. For the commission of a crime the standard is probable cause. For alleged violations of release conditions, the applicable standard of proof is clear and convincing evidence. *See* 18 U.S.C. § 3148.

    **A. Alleged commission of crimes**

Judge Fine evaluated the evidence of the allegations of criminal offenses in the context of the probable cause standard of proof. However, because a grand jury, after evaluating the evidence, found that probable cause was proven as to the alleged crimes, the Court finds that probable cause has been shown to exist as to those offenses alleged in Counts 27 through 34 of the Superseding Indictment, alleged to have occurred while Defendant was out on release.

    **B. Alleged violations of conditions of release**

        **1. Avoid all direct or indirect contact with persons who are considered alleged victims, potential witnesses including Burg and Turasky**

**(Doc. 17)**

The United States alleges that Defendant directed Bobrow to contact Burg and Turasky between June 2020 and December 2021.  (Doc. 267; Doc. 290).  The evidence showed that Defendant's attorney was in contact and had communications with victims and potential witnesses and/or their attorneys in efforts to "settle" civil claims.  The testimony was murky as to Defendant's involvement in those efforts.  First, a key witness to Defendant's alleged efforts to indirectly contact Burg was Kenneth Babrow—an elderly gentlemen whose wife described him as easily confused and having a weak memory—contradicted himself in interviews about his communications with Defendant.  Second, the phone records are inconsistent with the claim that Defendant was in the room with Babrow when he called Burg during a call which allegedly occurred in the Defendant's presence.  The Court finds that the United States has not met its burden of clear and convincing evidence as to this allegation.

### 2. Defendant shall not solicit investors for any investment while on pretrial release (Doc. 17)

The United States alleges that Defendant violated his release condition that prohibited him from soliciting investors for any investment.  The evidence showed that Defendant solicited Bobrow to invest $142,000 for the purchase of a residence on Georgia Ave., valued at $3.7 million, for Defendant's benefit.  (Doc. 290.)  The down payment on the subject property included $142,000 put up by Bobrow at Defendant's urging.  Although the property was purchased in the name of Mr. Shea's company, and Defendant is not an owner and will not receive any profits from the sale of the property, Defendant received the economic benefit of the use of a nearly $4 million house as a family residence.  The Government has met its burden of clear and convincing evidence as to this allegation.

### 3. Defendant shall notify Pretrial Services of Financial Transactions. (Doc. 221)

On March 2, 2021, Magistrate Judge Fine Modified Defendant's conditions of release.  (Doc. 221 Nos. 2 and 3).

> 2.) Defendant shall not obtain new financial accounts without prior notification and approval from PTS.
>
> 3. ) Defendant shall notify PTS of all financial transactions totaling over $1,000 that he makes or directs to be made in any month to any person or entity, except for transactions that are for attorney's fees, professional fees, expenses or debts existing prior to the indictment, reoccurring payments, children's expenses, family expenses, and regular housing payments. Defendant does not, however, need to obtain PTS' approval for any expenses or income.

Judge Fine explained that the intent of the modification was to restrict Defendant from "obtaining new financial accounts without prior notification to and approval of Pretrial Services." She had previously explained to Defendant that the word "debt" as used in the conditions of release is a new financial account. (Hr'g Tr. Dec. 29, 2021, p. 19.) The Government alleges that Defendant borrowed approximately $1,950,000 without seeking approval from Pretrial Services. (Doc. 290.)

Defendant argues that he did not violate the conditions of release because the $1,950,000 was an advance on expected income, not a loan. The Court finds this argument unpersuasive. An advance of income before it is owed or is due is a loan, and this particular transaction is commonly known as a pay-day loan. The Defendant's attempt to "finesse" this transaction, which is clearly a loan, by labelling it as an advance on expected income, is an obvious attempt to circumvent the condition of release that he report financial transactions to PTS. The Government has met its burden of clear and convincing evidence as to this allegation.

**II. Detention or Release on Conditions Pending Further Proceedings**

**A. Serious flight risk**

The Court finds that Defendant has violated his conditions of release in multiple ways. The Court also finds that, for the reasons set forth by Judge Fine in her Detention Order (Doc. 346 p.4-5), he is a serious flight risk.

**A. Danger to any other person or the community**

Pursuant to under 18 U.S.C. § 3148(b) when there is probable cause that a crime was committed on pretrial release "a rebuttable presumption arises that no condition or

- 4 -

combination of conditions will assure that the person **will not pose a danger to the safety of any other person or the community."**  (Emphasis added.)  The Government argues that because of the new charges in the Superseding Indictment, charged while Defendant was out on release, the rebuttable presumption[1] applies.

But 18 U.S.C. § 3148 must be read in the context of entire Bail Reform Act. Otherwise, a presumption of dangerousness arises for charges upon which the Court could not have held the person in custody as a danger in the first place.  That is not a consistent or logical interpretation of the Bail Reform Act.  Based on the Court's reading of 18 U.S.C. § 3148(b) there is no legal basis for the Court to apply the presumption that no condition or combination of conditions will assure that the Defendant will not pose a danger to the safety of any other person or the community for the new crimes alleged in the Superseding Indictment.

The charges for which the government may request detention on dangerousness are set out in 18 U.S.C. § 3142(f)(1).  None of the charges in the Indictment or the Superseding Indictments meet the criteria of 18 U.S.C. § 3142(f)(1).[2]  Generally, financial crimes do not trigger the dangerousness factor.  The Government's arguments that the statutory presumption of dangerousness applies to financial crimes charged for offenses occurring while a defendant is out on release are based on cases where conditions are set to mitigate financial dangerousness. But those cases are not on point.  While the Bail Reform Act does not allow detention based on dangerousness on financial crime charges, the Bail Reform Act does allow the Court to set release conditions that mitigate financial danger to the community.  *See* 18 U.S.C. § 3142(c)(1)(B), including subsection (xiv) (the Court may order least restrictive conditions that are "reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community").

Assuming, however, that the Government is correct and the rebuttable presumption

---

[1] For the enumerated presumption charges, "[a]lthough the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir.1991)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  The government's evidentiary hurdle is clear and convincing evidence regarding dangerousness when dangerousness is applicable. *Id.*

[2] *See also* 18 U.S.C. § 3156(a)(4), which defines crime of violence.

in 18 U.S.C. § 3148(b) applies, Defendant has rebutted the presumption and the Government has not met its burden of proof. The Court finds that based on the evidence that Defendant has no criminal record, no violent history, no history of a drug problem, no history of an alcohol problem, and is charged with financial crimes, the Defendant has overcome the presumption that he is a danger to any other person or the community.

Based on the evidence presented at the revocation hearings, and the history contained in the Court file, the Court finds that although Defendant is a flight risk, there are conditions the Court can set that can reasonably assure the Defendant's appearance at future court proceedings and that Defendant is likely to abide by those conditions.

**IT IS ORDERED** that Defendant's Objections to Ruling in Doc. 346 (March 1, 2022) and Motion to Revoke the Order of Detention (Doc. 358), are **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that the United States' Appeal of the Magistrate Judge's Failure to Find a Violation of Certain Release Conditions (Doc. 360) **IS GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that as to the new charges alleged in the Second Superseding Indictment (Doc. 387) because the Defendant has overcome the presumption set forth in 18 U.S.C. § 3148(b) if it applies, and for the reasons set forth herein, the Government's request for detention with no conditions for release is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall be released, under the conditions set forth in the Order Setting Conditions of Release, when the bond set forth in those conditions has been posted.

Dated this 21st day of July, 2022.

Douglas L. Rayes
United States District Judge