Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710
Attorneys for Defendant David Harbour

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>David Allen Harbour,<br><br>                    Defendant. | Case No. 2:19-cr-00898-DLR (DMF)<br><br>**MOTION # 2 TO DISMISS COUNTS 11-and 12 and ALLEGATIONS IN THE INDICTMENT NOT AMOUNTING THE CHARGES PURSUANT TO 18 U.S.C. § 3282**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant, David Harbour, by and through undersigned counsel, respectively moves this Court to dismiss Counts 11 and 12 of the Second Superseding Indictment ("SSI") (doc. 387) and to strike allegations in the SSI not amounting to actual counts pursuant to 18 U.S.C. § 3282 and Federal Rule of Criminal Procedure 12(b)(3)(B) as the statute of limitations has passed.

## **BACKGROUND**

This Motion is titled "Number 2" signifying that it should be read and considered after Motion Number 1, which is the Motion to Strike Portions of the Indictment as

Surplusage. The explanation for the Order in which these Motions should be considered is outlined in Motion Number 1.

The Indictment, Doc. 3, filed 7/30/19 contained the names of two "victim-investors," as the government has termed them, and three "victims." This is an undefined term and is confusing. Originally, the victim-investors who were not "charged" victims were R.G. and C.W. (who was later dropped). R.G. was the subject of pretrial motions activity focused not on the *criminal* trial on guilt beyond a reasonable doubt but on the potential later criminal forfeiture proceeding about which *this* defense team is presently unconcerned. The victims were R.T., M.B., and Green Circle, by which the government meant PAIF. The Superseding Indictment, Doc. 154, filed 11/24/20, added two new charged victims, C.H. and A.W., both mail fraud counts, and two new victim-investors, P.H. (husband of C.H.) and D.W. (husband of A.W.).

The "SSI", Doc. 387, filed 6/14/22, added no new "victims" and three new investor-victims, K.B. and his ex-wife, P.C. and J.C.[1] Thus, as detailed more fully in Motion #1, there are now 5 "victims" and 6 "investor-victims," whom, for sake of convenience, we refer to as the Group of 5 and the Group of 6. The purpose of Motion #1 is to eliminate the Group of 6 from the trial or trials that will commence on February 1, 2023. The rationale for doing so is outlined in Motion # 1.

---

[1] We do not address here the tax charges added in the Superseding Indictment nor the "mortgage fraud" charges added in the SSI. These charges are addressed in Motion Number 3, the Motion to Sever and for Relief from Prejudicial Joinder. While there are a myriad of problems for the government buried in those charges, all of them, prudently, ought to wait for jeopardy to attach. For the present, it is sufficient that they be severed from the "payday loan" charges that remain the "heartland" of the prosecution.

With respect to "victims," this Motion addresses the Statute of Limitations applicable to A.W. and C.H., the two alleged mail fraud victims (Counts 11 and 12). With respect to the Group of 6, this Motion addresses the Statute of Limitations which is applicable to them all.  Importantly, however, if Motion #1 is granted and, as a result, neither the Group of 6, themselves, e.g., as witnesses, nor any claims with respect to the Group of 6 will be presented to the *petit* jury that will determine whether Harbour is guilty beyond a reasonable doubt with respect to Counts 1-23 (wire fraud, mail fraud, money laundering), then a decision on the Statute of Limitations with respect to the so-called "victim-investors" can be deferred until the time that the criminal forfeiture proceeding commences. Perforce, that will occur only *if* there is a conviction.

The overriding difficulty here is that there is a mismatch between the government seeking a criminal forfeiture on behalf of persons who are not charged victims. Title 18 U.S.C. §982 provides that as a part of the sentencing of persons for, *inter alia*, mail fraud, wire fraud and money laundering, the Court can order forfeited property traceable to the convicted offense. Here, there are three wire fraud, two mail fraud, and eleven money laundering charges involving the Group of 5, in bits and pieces, that do not involve any of the Group of 6. We do not see a statutory basis to criminally *forfeit* property associated with the Group of 6 of their claims.

So, we are puzzled and hope the government explains how the Group of 6 belong anywhere in the SSI, even if only for criminal forfeiture purposes. We suggest that the transcript of the hearing on the previous motion to dismiss (August 20, 2020) suggests

that the Court also had difficulty with the concept the government was (and is, we think) trying to advance.

On the other hand, if, perchance, the Group of 6 (or their issues) are permitted to be introduced before the *petit* jury, then the Court will need to determine whether the 5-year SOL applicable to the members of the Group of 6 has expired. Besides the obvious prejudice to Harbour of permitting the Group of 6 or their supposed losses from infecting and potentially inflaming the *petit* jury, if, in addition, the SOL has expired, the prejudice would seem even worse.

## **LEGAL STANDARD**

F.R.Crim.Pro. 12 permits motions to dismiss an indictment, or portions of an indictment, where the government has failed to properly plead a case. Motions to dismiss an indictment exist to solely test the sufficiency of the indictment to charge an offense. *United States v. Luros*, 243 F. Supp. 160, 165 (N.D. Iowa 1965). Only the words of the indictment may be used to determine the sufficiency of the indictment and a court is not free to consider evidence that does not appear on the face of the indictment. *Id. citing to United States v. South Florida Asphalt Co.*, 329 F.2d 860 (5th Cir. 1964); *Padilla v. United States*, 278 F.2d 188 (5th Cir. 1960).

18 U.S.C. § 3282 states that an indictment for all offenses not capital must be brought within five years after the offense was committed. An exception to this rule is found in 18 U.S.C. § 3293 for when the government proves that wire fraud affects a financial institution; in that instance, a ten-year statute of limitations applies. Where a statute of limitation applies to the indictment itself, a defense based on the statute must be

1  raised at trial or before trial on motion. *Askins v. United States*, 251 F.2d 909, 913 (D.C.

2  Cir. 1958).

3
## ARGUMENT
4

5      The statute of limitation period begins to run when all of the elements of the

6  underlying offense have been committed. *United States v. Charnay*, 537 F.2d 341, 354

7  (9th Cir. 1976); *United States v. Drebin*, 557 F.2d 1316, 1333 (9th Cir. 1977). Wire fraud

8  requires the government to prove (1) a scheme to defraud, (2) use of the wires in
9
10  furtherance of the scheme and (3) a specific intent to deceive or defraud. 18 U.S.C. §

11  1343; *United States v. Hussain*, 972 F.3d 1138, 1143 (9th Cir. 2020). For wire fraud,

12  completion of the fraud is defined to be the time at which benefits induced through the

13  predicate fraudulent act are gained. *United States v. Sebero*, No. 08-CR-185-JLQ, 2009
14
15  WL 720953, at *2 (E.D. Wash. Mar. 16, 2009), *citing to Carroll v. United States*, 326

16  F.2d 72, 86 (9th Cir. 1963).

17      Each use of a wire to further an intended scheme to defraud constitutes a separate

18  offense of the wire fraud statue. *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir.
19
20  2001). Because each transmission of a wire is a separate offence, each transmission

21  carries its own statute of limitations. The governement has not pled that any of the

22  charged offenses subject to this motion targeted a financial institution[2]; rather, all of the

23  victims are individuals. Thus, only the five-year statute of limitations applies.

24

25

26

27  ---
   [2] The Second Superseding Indictment does contain charges of bank fraud; however, those charges relate to the mortgage fraud issue and are not the subject of this current motion.
28

Absent laches or equitable tolling, courts may not ignore the statute of limitations. *United States v. Marolf*, 173 F.3d 1213, 1218 (9th Cir. 1999). Due to the strict nature of statute of limitations and since wire fraud and mail fraud are completed at the time of the defendant receiving the proceeds of the fraud, anything and everything associated with the Group of 6 is, putatively, beyond the 5-year SOL.

Happily, in Doc. 267, p. 5, ll. 3-4, the government drew a line in the sand where it conceded the SOL had expired, *viz.,* "[a]lthough Hill's $500,000 investment is outside the statute of limitations, it is part of Harbour's scheme." This solves one issue. PH's advance to DNA Investments occurred on February 8, 2013. *See*, SSI, Doc. 387, p. 11, l. 21. However, the government's sentence punctuates the overarching issue, the one that permeates Motion #1: the government has conflated the state's (any state's) scheme and artifice law, where the scheme and artifice to defraud constitutes the offense, with Federal mail and wire fraud, where the *mailing* or the *wire* in furtherance of a scheme and artifice constitutes the crime. Without the mailing or the wire, the mere scheme and artifice is not a Federal crime.

Using the government's concession as a guide, K.B. and his former wife, P.C.'s December 2007 transaction is beyond the 5-year SOL. So, of course, putatively, is R.G.'s March 22, 2010, transaction, C.H.'s December 15, 2012, transaction (Count 12), and J.C.'s 2012 transactions. However, since we can easily count backwards from July 30, 2019 (Doc. 3, the Indictment), A.W.'s February 18, 2014, is also barred. So is D.W.'s February 20, 2014 transaction. And it is easy to see that the government concedes the applicability of the SOL to all of the Group of 6 because, if the government thought it had

a chance to argue that the SOL had not run, it would have made the Group of 6 charged victims.

Of course, neither of the two superseding indictments tolled the SOL with respect to anything other than the counts that had been charged within the SOL, e.g., Counts 1-10 (wire fraud) and money laundering. In fact, the wire fraud charges themselves reflect the government's understanding that it is the use of the mails or of interstate wire facilities that constitute the crimes; not the scheme, because there are three alleged wire fraud victims and counts and eleven money laundering counts. "Generally speaking, the return of an indictment tolls the statute of limitation with respect to the charges contained in the indictment." *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir.1990). Tolling then continues when the superseding indictment on the same charges is returned while the prior indictment is still pending. *Id*. However, if the counts in the superseding indictment broaden or substantially amend the charges in the original indictment, <u>the statute of limitations would not have been tolled as to those charges</u>. *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013) *quoting United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 778 (9th Cir.1986).

In determining if a superseding indictment substantially broadens or amends a timely indictment, it is considered if the additional pleadings allege violations of a different statue, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence. *Id*. "The central concern in determining whether the counts in a superseding indictment should be tolled based on similar counts

included in the earlier indictment is notice." *United States v. Spanier*, 744 F. App'x 351, 354 (9th Cir. 2018).

In criminal cases, we do not often discuss equitable tolling but, rather, circumstances that extend the end of the alleged crime and, thus, delay the inception of the SOL. This is where we expect the government to take their arguments concerning Counts 11 and 12 (A.W. and C.H.) and, if the government takes the position that the Group of 6 are includable in the criminal trial, with respect to that as well. We will look forward to learning the government's position on Counts 11 and 12 and the Group of 6 and reply accordingly.

RESPECTFULLY SUBMITTED this 9th day of September 2022.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
    Stephen M. Dichter
    Justin R. Vanderveer
    2800 North Central Avenue, Suite 860
    Phoenix, Arizona 85004
    Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800

Phoenix, Arizona 85004
Attorneys for the United States


/s/ Yvonne Canez