# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>David Allen Harbour,<br><br>           Defendant. | No. CR-19-00898-001-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant's Submission Re Proposed Changes to New Conditions of Release Re "Witnesses" (Doc. 425.)  The submission is fully briefed and, as set forth below, Defendant's proposed changes, which become effective as of the date Defendant posts the required bond and is released from pre-trial custody, are granted in part.

A condition of Defendant's release imposed by the Court is that he shall:

> Avoid all direct or indirect contact with persons who are considered alleged victims, potential witnesses, . . . and family members of victims/witnesses and coconspirators. . . . Daryl Deel, . . . Melvin Dunsworth, [and] Maya Langbein. . . .

Defendant seeks to have his conditions of release clarified regarding contact by his wife, Abby Harbour with Deel, Dunsworth and Langbein ("the subject individuals").  He asks that the order be clarified to specifically state that Abby Harbour may have contact with the subject individuals for business purposes without causing a violation of the condition that Defendant have no indirect contact.  Defendant also seeks to have the conditions modified to allow him direct contact with the subject individuals and to clarify

that Defendant may have direct contact with John Langbein. Finally, Defendant seeks clarification about whether he may be on the phone with his counsel when counsel speaks with and interviews Deel and Dunsworth without violating his conditions of release.

Having considered the parties' positions,

**IT IS ORDERED** that:

1. Defendant's request for the conditions of release be clarified to state that Abby Harbour may have contact with the subject individuals for business purposes only without creating a violation of Defendant's no direct or indirect contact restriction is **GRANTED**.

2. Defendant's request that the conditions be modified to allow direct and indirect contact with the subject individuals is **DENIED**, except he may have telephonic contact, when in the presence of counsel, with Dunsworth concerning their joint cases in Kansas.

3. Defendant's request that the order be modified to specifically allow direct and indirect contact with John Langbein, husband to Maya Langbien is **DENIED**. Defendant may have no contact with John Langbein.

4. Defendant's request that he be allowed to be on the line or in the room with his counsel when he interviews the subject individuals is **GRANTED**. Defendant may listen to counsel's discussion and interviews with the subject individuals, but shall not communicate with the subject individuals, except as allowed in number 2 above.

Dated this 4th day of October, 2022.

Douglas L. Rayes
United States District Judge