GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-19-00898-PHX-DLR (DMF) |
|---|---|
| Plaintiffs, | |
| vs. | **NOTICE OF CONFESSIONS, ADMISSIONS, AND STATEMENTS** |
| David Allen Harbour, | |
| Defendant. | |

Notice is hereby given, pursuant to Fed. R. Crim. P. 16(a)(1)(a) and L.R. Crim. P. 16.1, that the confessions, admissions, and statements contained in the disclosure provided in this case (and/or contained in any supplemental disclosure provided before trial) will be introduced into evidence by the government at the trial in this matter. *United States v. Hall*, 742 F.2d 1153, 1156 (9th Cir. 1984); *United States v. Long*, 455 F.2d 962, 963 (9th Cir. 1972).

Those confessions, admissions, and statements may include, but are not limited to, the following:

1. Any non-hearsay statements made by Defendant Harbour during the under-oath examination administered by the Federal Trade Commission ("FTC") on April 7, 2015, and the Securities Exchange Commission on January 10, 2017. In addition, any non-

hearsay statements in the under oath-depositions made in *Wilson v. Wilson* on April 17, 2019, and *Sandford v. Harbour* on July 23, 2019. The transcripts of these depositions have been disclosed to the defendant and/or are not within the Government's exclusive possession or control,[1] or were already in the possession of Defendant or his attorneys before the indictment in this case.

2. Any non-hearsay statements made by Defendant Harbour, in a non-custodial setting, to FBI Special Agent Jeremy Denhoff on May 9, 2016. The report of this interview ("FBI 302") has already been disclosed to the defendant.

Respectfully submitted this 20th day of December, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Kevin M. Rapp
KEVIN M. RAPP
COLEEN SCHOCH
Assistant U.S. Attorneys

---

[1] As a technical matter, the United States does not believe it is legally required to provide notice of its intention to introduce statements from the defendant's under-oath examinations or depositions. Rule 16(a)(1)(A) applies only to statements made "in response to interrogation by a person the defendant knew was a government agent," and the FTC and SEC under-oath examinations do not qualify as "interrogation." *Cf. United States v. Stall,* 726 F.2d 584, 587-88 (9th Cir. 1984) ("The government did not violate Fed. R. Crim. P. 16(a)(1)(A) by failing to inform Von Stoll of oral statements made by him to IRS Agent Beyer. The rule is specifically limited to statements made by a defendant 'in response to interrogation. . . .' Because Von Stoll's statements were . . . not in response to interrogation, we need not decide whether he was prejudiced by the failure to disclose them."). Nevertheless, the United States has included the FTC and SEC examinations, and depositions in two civil cases, in this notice in an abundance of caution.

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Stephen M Dichter, *Attorney for Defendant*

s/Daniel Parke
U.S. Attorney's Office