Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | **DEFENDANT'S FIRST MOTION IN LIMINE: TO EXCLUDE RG, PC, JC, PH, DW, AND KB FROM GOVERNMENTS VICTIMS AT TRIAL** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

Defendant, David Harbour (Defendant), by and through undersigned counsel, respectfully moves this Court *in limine* to strike prejudicial surplusage from the Second Superseding Indictment ("SSI") in terms of the upcoming *criminal* trial pursuant to Federal Rules of Evidence 401, 402, and 403. We incorporate by reference as if fully set forth herein Doc. 444 (Motion to Dismiss re Surplusage), filed 9/09/2022 and the Consolidated Reply, Doc. 457, filed 10-14-2022.

## I. BACKGROUND

This motion, in essence, was raised in Defendant's Motion to Dismiss Surplusage (Doc. 444). In its orders at oral argument, the Court noted that the motion would be better taken as a motion in limine and instructed counsel to re-raise the motion if Defendant

chose to proceed. The principal reason this motion is brought is that it remains unclear what the government intends to try to introduce before the *petit* jury to try to prove the *charges* in the indictment beyond a reasonable doubt versus what it intends to try to prove later in a Rule 32.2 forfeiture proceeding *if* it obtains convictions on offenses for which forfeiture has been noticed, here, the "payday" loan allegations, or, ultimately, what it plans to offer as relevant conduct, should it obtain convictions of Counts 1-23.

II. ARGUMENT

    **A. The Group of 6 is not relevant to any of the charged counts and should be excluded.**

There are five alleged victims of the *charges* in the "payday loan" portion of the SSI and six so-called "investor-victims" whose alleged losses are associated with no charges at all. We will call these two disparate groups, the Group of 5 and the Group of 6. The Group of 6 consists of RG, PC, JC, PH, DW, and KB.

The government's error may be summarized as follows: Federal law does not criminalize schemes and artifices to defraud *people* or entities[1]; State criminal codes do that. Under the laws of the various, the scheme to defraud is the crime. Under the Federal criminal code, the crime is the use of the mail (18 U.S.C. §1341) or interstate wire facilities (18 U.S.C. §1343) in furtherance of a scheme and artifice to defraud. Because Federal law does not criminalize schemes and artifices to defraud people or entities, the Group of 6 has no relevance in a jury trial under Fed. R. Evid. 401 since the Group of 6 is not tied to any charged offenses.

---

[1] Financial institutions are an exception and there are others but there is no general Federal "scheme and artifice" statute akin, e.g., to A.R.S. §13-2310.

2

An example contrasting §§ 1341 and 1343 with a "general" scheme and artifice statute is present in this case. For example, Count 28 accuses Defendant of bank fraud. If Mr. Harbour knowingly engaged in a scheme and artifice to defraud a financial institution – meaning that he acted with the willfulness required to support a scheme and artifice to defraud a bank - then whether the mails, the facilities of interstate commerce, carrier pigeons, or hand to hand deliveries were used in furtherance of the scheme is irrelevant. It is the *scheme* that is punished.

Counts 1-10 are wire fraud counts. There are three victims identified in Counts 1-10. R.T. is Count 1, 9 and 10. M.B. is Counts 2, 4, 5, 6, 7, and 8. PAIF is Count 3. Counts 11 and 12 are mail fraud counts. Count 11 relates to AW. and Count 12 relates to C.H.

Counts 13-23 are transactional money laundering counts. The specified underlying "unlawful activity" charged is "wire fraud" under 18 U.S.C. §1343. Note that the specific underlying activity is not a "scheme and artifice" to defraud but the use of interstate wire facility in furtherance of the scheme and artifice to defraud. In other words, the money laundering charges have no independent existence. A conviction for money laundering can only be returned if the underlying, companion, wire fraud charges are convicted. And, perforce, the money laundering must relate to the three alleged victims of wire fraud, R.T., M.B. and PAIF. If the wire fraud charges fail, the money laundering charges automatically fall.

Where this all comes to a head is in ¶25 of the SSI, the list of so-called "investor-victims." There are 11 identified "investor-victims." Three of them are the alleged victims of the wire fraud counts. They are R.T. ("SNI Fund I/ R.T."), M.B., and PAIF.

Two are the alleged victims of the mail fraud counts. They are C.H. and A.W. The other six "investor-victims" are not associated with any charges. That is, they are not alleged victims of wire fraud, mail fraud, or the transactional money laundering charges associated with the wire fraud charges.

So, K.B. and the $2.5 million claim must be disallowed. So must his ex-wife's claim, P.C. for $200,000 (even though P.C.'s $200,000 is included in K.B.'s $2.5 million. Same with R.G., for just over $1 million and J.C. for $3 million, P.H. for $500,000, and D.W. for $100,000.[2] None of these claims are associated with any count in the SSI or the earlier iterations of the indictments.

To punctuate the overriding principle: The government did not allege that any of these six "investor-victims" were victims of mail fraud, wire fraud, or transactional money laundering. In other words, there are no allegations of Federal crimes committed by the Defendant against them. Understanding, with the background we supplied, that the crime is not a "scheme and artifice" to defraud but "wire fraud" and "mail fraud," makes the distinction easy to see.

**B. Any probative value the Group of 6 may have, of which there is none, would be substantially outweighed by a danger of unfair prejudice, confusion of the issues, and a waste of time.**

To permit the government to describe the Group of 6 as "victims" of Defendant's alleged scheme and artifice when they are not victims of wire fraud and mail fraud will be incredibly prejudicial to the Defendant receiving a fair trial.

---

[2] The issue of whether, assuming Defendant is convicted, these alleged "losses" may be considered as "relevant conduct" is a separate issue that is not ripe for decision.

4

Evidence under Fed. R. Evid. 403 should be excluded when the danger of unfair prejudice substantially outweighs any probative value. Unfair prejudice as to a criminal defendant speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 650, 136 L. Ed. 2d 574 (1997). To be clear, the 'probative value' of evidence is distinct from Fed. R. Evid. 401 'relevance'; considerations into Fed. R. Evid. 403 should not be made on the basis of 401 relevance, but on "such considerations as waste of time and undue prejudice." *Id*. at 184. The probative worth of a particular piece of evidence is affected by the scarcity or abundance of other evidence on the same point. *Id*. at 185. "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision[s] of this kind under Rule 403." Advisory Committee Notes to Fed. R. Evid. 404; *see also United States v. Montgomery*, 150 F.3d 983, 1000-1001 (9th Cir. 1998) ("In addition to satisfying the four-part test, evidence of other crimes must also satisfy the Rule 403 balancing test—its probative value must not be substantially outweighed by the danger of unfair prejudice. The Government has the burden of demonstrating that the evidence of other crimes satisfies these requirements.").

The Group of 6 has no probative value on the charges contained in the indictment; they are not connected to the charges in any other way than for a potential forfeiture proceeding. To allow the government to present a case containing this group would severely confuse the issues, as evidence of any potential wrongdoing towards the Group of 6 is not applicable to the charged counts.

The risk does not end at confusing the issues; there is a substantial risk that the jury hearing evidence that Mr. Harbour 'defrauded' individuals through other means is evidence that he is guilty of the charged counts. Additionally, some of these transactions occurred outside of the statute of limitations, further adding to the risk of confusion of the issues based on pre-statute of limitations events. *See United States v. Young*, 702 F.Supp.2d 11 (D.Me. 2010).

### C. The Group of 6 should only be applicable to a subsequent forfeiture proceeding, similarly to this Court's ruling regarding R.G.

This Court has already ruled that evidence pertaining to R.G. may only be submitted at a potential forfeiture proceeding. *See* Exhibit 1, pg. 7 ln. 3-6. In the same proceeding, the government affirmatively stated it intended to seek the admission of evidence relating to people not affiliated with any counts. *Id*. at pg. 7-8, ln. 23-25;1-3. The government conceded that R.G. was only to be used for forfeiture purposes at sentencing. *See* Doc. 108. As the government points out, criminal asset forfeiture is not part of the substantive offense; rather it is punishment for the convicted offense. *Id*. at pg. 8 ln. 22-23.

The same stands true for the remaining members of the Group of 6; the government should only be permitted to present evidence of the Group of 6 at a subsequent forfeiture proceeding. As the government also points out in Doc. 108, funds involved in a fraudulent scheme are only subject to a preponderance of the evidence standard. *See United States v. Cox*, 851 F.3d 113, 129 (2017) (holding that the preponderance of the evidence standard applies to criminal forfeiture because it is part of the sentence rather than the substantive offense). The Group of 6 is not directly tied to

any particular count, rather, the government has been permitted to include them because they are part of the alleged "requisite nexus between the property and the offense charged." Doc. 108 pg. 4 ln. 19-10.

We stand confused by the government's representations at the December 1, 2022, hearing since they now assert that they intend to admit evidence from the remaining members of the Group of 6 at trial, but conceded R.G. is only appropriate for a forfeiture proceeding. We do not see how the remaining members are any different. The government lamented in Doc. 108 that new victim-investors came forward, but they were unable to add them in a new indictment because, at the time, grand juries had been suspended. Pg. 3-4. However, when the government had the opportunity to remedy this with a new grand jury and the Second Superseding Indictment, they did not do so; those "victim-investors" remain unlinked to any direct charges. Since the government declined to link them to a charge, it is only logical that this Court exclude them from trial and leave them for a potential forfeiture proceeding.

## III. CONCLUSION

The Group of 6 should be excluded from evidence at trial pursuant to Fed. R. Evid. 401, 402, and 403. This Court has already excluded R.G. because the government did not link her to any charges and the same exclusion should be granted for the remaining members of the Group. Since they are not connected to any charges, they have no relevance, and whatever probative value they may have would run the risk of unfair prejudice and confusing the issues before the jury.

For the forgoing reasons, the Defendant respectfully requests this Court to exclude the Group of 6 *in limine* from the upcoming trial while, of course, permitting their evidence only at a subsequent forfeiture proceeding.

RESPECTFULLY SUBMITTED this 20th day of December 2022.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
　　Stephen M. Dichter
　　Justin R. Vanderveer
　　2800 North Central Avenue, Suite 860
　　Phoenix, Arizona 85004
　　Attorneys for Defendant David A. Harbour

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez