Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.  CR-19-00898-PHX-DLR(DMF) |
| Plaintiff, | **DEFENDANT'S SEVENTH MOTION IN LIMINE: TO PRECLUDE GOVERNMENT'S USE OF THE WORDS "VICTIM" AND "WITNESS TAMPERING" OR "OBSTRUCTING JUSTICE."** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

Pursuant to Federal Rule of Evidence 403, Defendant David Harbour moves *in limine* to preclude the government from using the word "victim" to describe any individuals identified in the superseding indictment ("SSI") or any other individuals that may have invested with or loaned money to Mr. Harbour or any of his entities. We also seek to preclude the government from using the words witness tampering and obstruction of justice with respect to civil settlements reached with certain so-called victims.

## I.     BACKGROUND AND ARGUMENT

The government alleges that, over a period of about ten years, Mr. Harbour defrauded investor-victims out of approximately $4,382,864.01 by promoting and selling fraudulent high-yield investments known as payday loans. [Doc. 154 at 2:5-9.] Mr.

Harbour allegedly induced the investor-victims to provide funds by making materially false statements and omissions. [Doc. 154 at 2:9-10.]

The government and its witnesses should be barred from using the term "victim" and "investor-victim" in the presence of the jury. Using the term would violate Fed. R. Evid. 403, invade the province of the jury to decide whether there is, in fact, a victim, presuppose facts not in evidence, and deprive Mr. Harbour of a fair trial. The issue at trial is whether a crime has been committed – and therefore, whether there is a victim. *See State v. Cortes*, 851 A.2d 1230, 1239-40 (Conn. App. Ct. 2004), aff'd, 885 A.2d 153 (Conn. 2005) (holding that jury charges using the term "victim" instead of "alleged victim" violated a defendant's due process right to a fair trial); *Talkington v. State*, 682 S.W.2d 674, 674 (Tex. App. 1984) (use of the term "victim" in court's rape charge was reversible error when the issue at trial was whether complainant consented to sexual intercourse); *People v. Davis*, 423 N.Y.S.2d 229, 230 (N.Y. App. Div. 1979) ("By referring in its charge to the complainant as the 'victim' and to the defendant as the 'perpetrator,' the court impermissibly insinuated to the jury that the complainant was the victim of injuries resulting from acts committed by the defendant.").

This situation contrasts, for example, a murder case where the murdered individual is a victim because a crime has already been determined to exist. Then, the issue is whether the defendant committed the crime. Here the jury has the responsibility of deciding whether a crime even occurred and whether that crime resulted in harm to certain individuals. To label those individuals "victims" at the outset of the trial carries the risk of improperly influencing the jury's decision, and would presuppose that Mr. Harbour already committed the crimes for which he is actively on trial. This would be premature

and prejudicial.

The prejudice described above resulting from use of the "victim" label at trial substantially outweighs any probative value of the term. Fed. R. Evid. 403. Using the term "victim" presupposes that Mr. Harbour committed a crime against the named individuals and paints him as a criminal in front of the jury before a fair trial has been completed. There is virtually no probative value in allowing the government to use the term "victim" to describe the individuals in the SSI. *See United States v. Ehrens*, No. CR-15-200-C, 2015 WL 7758544, at *2 (W.D. Okla. Dec. 1, 2015) (considering a similar motion and finding that there was "no need by any party to refer to [the alleged victim] by any particular descriptor other than her name"). Restricting the use of the term "victim" does not prevent the government from describing the harms allegedly suffered by the individuals in this case, or from presenting any of its other evidence. The government and its witnesses would remain free to refer to individuals by name, initials, or by other descriptive terms.

R.G. is one of the "Group of Six," a so-called investor-victim. Her proposed evidence is discussed in MIL Number 1 which seeks to exclude all victim-witness evidence because it is not part of any of the charged conduct. If that evidence is ruled inadmissible, it would moot the part of this MIL that discusses her.

With respect to the phrases witness tampering and obstruction of justice, two parts of this Court, you and Magistrate Judge Fine, have already found that there was no probable cause to believe that Harbour had engaged in witness tampering or obstruction of justice with respect to settlement agreements reached with Rich Turasky and Allison Wilson and sought but not reached with Carol Hill and Mark Burg. If the government used those phrases the Court will be asked to instruct the jury that, as a matter of law, this Court

has already determined that those civil settlement negotiations did not constitute an attempt either to tamper with a witness or obstruct justice. We are not arguing that evidence of the settlement discussions and agreements be excluded under Rule 408, Fed. R. Evid., but will ask for a jury instruction with respect to the limitations on the use of settlement discussions and documents. The agreements and proposed agreements, themselves, contain limiting language ("no admissions").

## II.     CONCLUSION

For the reasons above, Mr. Harbour respectfully requests an order precluding the government and its witnesses from using the terms "victim", witness tampering, or obstructing justice in the presence of the jury.

RESPECTFULLY SUBMITTED this 20th day of December 2022.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
     Stephen M. Dichter
     Justin R. Vanderveer
     2800 North Central Avenue, Suite 860
     Phoenix, Arizona 85004
     Attorneys for Defendant David A. Harbour

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800

Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez