Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>David Allen Harbour,<br><br>　　　　　　Defendant. | Case No.  CR-19-00898-PHX-DLR(DMF)<br><br>**DEFENDANT'S NINTH MOTION IN LIMINE: TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO DEFENDANT'S SEXUAL RELATIONSHIPS, CONDUCT OR COMMUNICATIONS RELATED TO SEX** |

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant David Allen Harbour moves *in limine* to preclude the government from introducing evidence of his sexual conduct, sexual relationships, and communications or media regarding the same (collectively, "Sexual Matters") at trial.

**I.      BACKGROUND AND ARGUMENT**

Following Mr. Harbour's arrest, government agents seized his cell phone and several other electronic devices. The government downloaded the information from these devices and produced copies to Mr. Harbour. The electronic evidence included pictures of Mr. Harbour's spouse wearing scant clothes, and which were sent to some of Mr. Harbour's friends who

invested with him. The government also disclosed text messages and voicemails from alleged victim-investor R.G. Some of these text messages, which occurred almost four years after R.G.'s loan, include instances of graphic sexual flirtation. To the extent the government seeks to present any of this information at trial, the Court should preclude it.

**A.    Evidence of and testimony regarding the Sexual Matters is not relevant to the crimes charged against Mr. Harbour.**

The charges against Mr. Harbour are wire fraud, mail fraud, money laundering, and tax evasion, and mortgage fraud; there are no allegations of Mr. Harbour committing any sex-related crimes, and the government has not alleged any facts that his activities relate to the alleged crimes. This evidence is not relevant and inadmissible as it does not tend to make any fact more or less probable that would help the government prove whether Mr. Harbour committed wire fraud, mail fraud, money laundering, or tax evasion. *See* Fed. R. Evid. 401, 402.

**B.    Evidence of and testimony regarding the Sexual Matters would unfairly prejudice Mr. Harbour at trial.**

Additionally, courts have broad discretion to exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (court may exclude evidence with "slight" probative value if there is "even a *modest* likelihood of unfair prejudice or a *small risk* of misleading the jury" (emphasis added)). Evidence selectively tailored to underscore highly offensive, but marginally relevant, actions of a party is also unfairly prejudicial. *See Douglas v. Hustler Magazine, Inc.*, 769 F.2d 1128,

2

1142 (7th Cir. 1985); *see also United States v. Hedgepeth*, 418 F.3d 411, 419-21 (4th Cir. 2005) (excluding evidence if it unfairly portrays a party in a bad light, while offering little probative value in return). The substantially prejudicial nature of the Sexual Matters material greatly outweighs any probative value, as it could be seen as tasteless, irresponsible, and demeaning towards women, none of which has any connection to the charges against Mr. Harbour. Evidence related to Sexual Matters will only inflame the jury's passions and substantially and unfairly prejudice Mr. Harbour. *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985) (excluding evidence which has an undue prejudicial impact on the jury's emotions).

## II.   CONCLUSION

Mr. Harbour respectfully requests an order precluding the government from introducing evidence of the Sexual Matters.

RESPECTFULLY SUBMITTED this 20th day of December 2022.

          CHRISTIAN DICHTER & SLUGA, P.C.

          By: /s/ Stephen M. Dichter
              Stephen M. Dichter
              Justin R. Vanderveer
              2800 North Central Avenue, Suite 860
              Phoenix, Arizona 85004
              Attorneys for Defendant David A. Harbour

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez