Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | Case No. CR-19-00898-PHX-DLR(DMF) |
|---|---|
| Plaintiff, | **DEFENDANT'S TENTH MOTION IN LIMINE: TO EXCLUDE EVIDENCE RELATING TO COUNT 3 DATED AFTER AUGUST 11, 2015** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant David Allen Harbour moves *in limine* to preclude the government from introducing evidence relating to Count 3 dated after the relevant period of August 11, 2015.

**I.   BACKGROUND AND ARGUMENT**

One part of the alleged fraudulent scheme found in the indictment is the claim that Mr. Harbour raised funds for Green Circle, a Native American payday lending entity, in late 2014, and then misused that money. [Doc. 154 at 7-8.] In or around June 2015, Mr. Harbour purportedly established a business relationship with Princeton Alternative Income Fund

("PAIF"), which loaned funds to Green Circle to use for payday loans to consumers. [Doc. 154 at 8.] In Count 3, wire fraud, the government alleges that on August 1, 2015, Mr. Harbour induced PAIF to transfer $1.1 million to Green Circle by submitting false borrowing base calculations. [Doc. 225 at 3:19-21.] As it turns out, there was no borrowing base report submitted to PAIF until well-after the $1.1 million had been received.

Of course, the allegation, as it turns out was completely false. No borrowing base was ever submitted to PAIF on or about August 1, 2015. Rather, the facts are that an accounts receivable aging report was prepared by Green Circle, was forwarded to Harbour, and Harbour forwarded it to PAIF precisely as it had been received from Green Circle. An accounts receivable aging report is an entirely different document than a borrowing base certificate.

More importantly, as he has recently admitted, Alonzo Primus, who was the controller at Green Circle, was the supervisor of the preparer of the accounts receivable aging statement prepared by Green Circle's employee, Stefan Andreev at the same time as he was also, secretly, PAIF's chief credit officer. In other words, Primus was simultaneously in management of both Green Circle and PAIF. Any statement made by Green Circle to Harbour passed along to PAIF was vicariously a statement made by Primus at Green Circle to Primus at PAIF and therefore, the truthfulness of the statement, or its untruthfulness, was known to PAIF at the same time as it was prepared by Green Circle. So, in sum, the accusation cannot possibly even pass the straight-face test.

Nonetheless, because the transaction described in Count 3 occurred or did not occur on a specifically charged date, any borrowing base evidence from after August 11 is, by definition, irrelevant. Any small probative value would be substantially outweighed by the risks of

misleading and confusing the jury as to what to consider regarding Count 3. *See* Fed. R. Evid. 403.  Mr. Harbour is not alone in this contention; the government has told the Court as much: "documents sought by Harbour *after* August 11, 2015, are irrelevant to [Count 3]." [Doc 225 at 4:6.]

The parties' agreement as to the import of borrowing base evidence dated after August 11, 2015, should foreclose any further inquiry by the Court, which should exclude that evidence as irrelevant, an undue waste of time, likely to confuse the issues related to Count 3, and lacking any purpose for introduction at trial.  Fed. R. Evid. 401 and 403.

**II.     CONCLUSION**

Mr. Harbour respectfully requests an order precluding the government from introducing evidence of Green Circle borrowing base information or calculations dated after August 11, 2015.

RESPECTFULLY SUBMITTED this 20th day of December, 2022.

                                                                     CHRISTIAN DICHTER & SLUGA, P.C.

                                                                     By: /s/ Stephen M. Dichter
                                                                           Stephen M. Dichter
                                                                           Justin R. Vanderveer
                                                                           2800 North Central Avenue, Suite 860
                                                                           Phoenix, Arizona 85004
                                                                           Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez