Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  vs.<br><br>David Allen Harbour,<br><br>    Defendant. | Case No. 2:19-cr-00898-DLR (DMF)<br><br>**DEFENDANT'S ELEVENTH MOTION IN LIMINE: TO EXCLUDE PAIF, LJP CONSULTING, PHILLIP BURGESS, AND ALONZO PRIMUS** |

Defendant, David Harbour (Defendant), by and through undersigned counsel, respectively moves this Court *in limine* to exclude the testimony of Princeton Alternative Income Fund (PAIF), LJP Consulting, Phillip N. Burgess and Alonzo Primus[1] due to a failure to comply with this Court's numerous orders concerning document production, the last of which was the February 22, 2022, Order [Doc. 340-2].

///

---

[1] Mr. Primus is included in this list as he was the CFO of Green Circle and controller of the company. Green Circle was ordered to produce documents in Doc. 340-2 as well as Mr. Primus personally. As with the other people and entities in this motion, Mr. Primus remains uncompliant with the Order.

## I.     BACKGROUND

The discussion must begin with Doc. 198 filed 1/21/21. This Order required that Burgess and Primus and the other entities who had opposed the subpoena duces tecum produce the documents PAIF (we use the initials to include all of the witnesses collectively in the group represented by Mr. Krovatin) were supposed to produce the following by the end of February 2021:

1. Green Circle's accounting ledgers, quick books, bank statements, signature cards, checks and wire transfers for the time frame of June 2015 through July 2017.

2. Green Circle's financial statements, including profit and loss statements, balance sheets and income statements for the time frame of June 2015 through July 2017.

3. The items requested in this category are covered by the preceding categories.

4. The items requested in this category are covered by the preceding categories.

5. PAIF's financial statements for the time frame of June 2015 through July 2017.

6. Contemporaneous electronic, written or otherwise recorded communications between Alonzo Primus, Green Circle Officers, Mr. Burgess and Robert Farrell relating to the borrowing base calculation and the $1.1 million transfer.

The Court also ordered that Primus' consulting company, LJP Consulting was required to produce: "[a] agreements between LJP Consulting and Green Circle" and "[a]ll evidence of payment or compensation to LJP Consulting from or on behalf of Green Circle."

It is noted that the Court's Order at points 3 and 4 referred back to the subpoenas. These were a list of all consumer loans made by Green Circle from 2014 to the present [June 2020]" and "All records related to underwriting provided to Green Circle to make loans to consumers."

Virtually none of the information ordered to be produced was ever produced. The Court's order requiring production was never vacated, even though, even though more limited orders were later entered for more specific items within the larger group of items that had never been produced. The government could have done a lot more to cause the production of these documents and, given that Burgess and Primus were both sued by the Princeton Bankruptcy Trustee for, *inter alia*, violations of the New Jersey racketeering statute and that Burgess is currently being sued by the SEC our of the same bankruptcy, it is obvious that, for reasons known best to itself, the government has chosen to remain "close" to Burgess and Primus. The government could have gotten these records with a search warrant, had it so desired.

As this Court is aware, Defendant filed a Motion for Sanctions [Doc. 340] in February of 2022 against Mr. Burgess and collectively against PAIF. The basis for that Motion was to receive critical June-August 2015 documents that are linked to some of the charges brought by the government in the Superseding Indictment. Defendant received some information as required by the Order but the earlier order which required a far broader group of documents and which was the result of a fully contested motion to compel, has never been complied with, but notably the Order was not fully complied with. The documents at issue are the following:

1. Green Circle/Cash Source daily A/R Aging Reports from June 1, 2015 through August 31, 2015 including the daily LMS printouts that listed all the Green Circle borrowers by name with balances,

2. Green Circle's June, July, and August 2015 balance sheet, and cash flow statements,

3. The Emails originally requested for June through August plus September 2015,

4. Microbilt Scoring that supported the August 11, 2015 disbursement, including the loan portfolio of the borrowers whose accounts were scored.

It is time for the piper to be paid, that is for the Court's authority to be vindicated. What really happened with PAIF is that, in March 2016, Ranger, a hedge fund that had loaned PAIF about $65 million exercised its right to get is money back from PAIF. PAIF, in turn, then foreclosed on all of the portfolios it owned, including Green Circle and in doing so, wiped out the OakTree loans.

Had PAIF produced all the documents the Court required them to produce, the cross examination of either or both Burgess and Primus – the government declined a specific defense to inform us whether either or both would be testifying – would have been markedly aided but this did not occur. Nor can the government contend that they should not been held accountable for their witnesses' recalcitrance which is, obviously, the position the government will take. The government, ministers of justice and officers of the Court, never lifted a finger to make sure the documents ordered produced by the Court were produced. Instead, the government is pleased, we surmise, that the documents

4

were not produced because the government is interested in the damage Burgess and Primus might be able to do to Harbour.

## II.   ARGUMENT

Since PAIF, LJP Consulting LLC[2], Mr. Burgess, and Mr. Primus have not produced the documents as ordered by the Court, they should be excluded from trial. First, these entities have failed to comply with the Court's Order; this alone should merit their exclusion from testifying. Additionally, pursuant to Federal Rule of Evidence 403, the probative value of their testimony would be substantially outweighed by a danger of unfair prejudice. Defendant did not receive the documents as ordered, and those documents would have proven/disproven counts included in the indictments. To permit those witnesses to then testify regarding those counts without ever producing the evidence would be highly prejudicial. Defendant would not be able to impeach their testimony, disprove their allegations, and the jury would be left hearing that Mr. Harbour testimony regarding alleged fraud with no way for the Defense to rebut that position because a failure to comply with the Order.

## III.   CONCLUSION

Due to the failure to comply with the Order and Fed. R. Evid. 403, PAIF, LJP Consulting LLC, Mr. Burgess, and Mr. Primus should be excluded from testifying at the upcoming trial. Any testimony they may provide would be substantially outweighed by a

---

[2] We understand corporations can not technically 'testify.' However, PAIF or LJP could use representatives to testify, which is the basis for our objection to their 'testimony.'

danger of unfair prejudice by failing to produce documents, and the above entities stand in contempt of court.

RESPECTFULLY SUBMITTED this 20th day of December 2022.

                                           CHRISTIAN DICHTER & SLUGA, P.C.

danger of unfair prejudice by failing to produce documents, and the above entities stand in contempt of court.

RESPECTFULLY SUBMITTED this 20th day of December 2022.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez