Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **NOTICE OF SUPPLEMENTAL AUTHORITY FOR DEFENDANT'S FIFTH MOTION IN LIMINE TO ADMIT DR. MANNING AS AN EXPERT** |
| David Allen Harbour, | |
| Defendant. | |

Defendant David Allen Harbour (Defendant), by and through undersigned counsel, submits this Notice of Filing of Supplemental Authority in support of his Motion in limine to admit Dr. Robert Manning as an expert witness filed on December 20, 2022 (Doc. 490).

In further support of the motion, counsel points this Court to an order written by Judge Michael T. Liburdi in *United States v. Losch*, 2:19-cr-00294. This order, Doc. 243, filed 6/23/2022, has only recently come to Counsel's attention, hence the necessity for this Notice. In the *Losch* matter, the government moved to exclude the defendant's expert witness on the grounds of relevance and untimely disclosure. In our case, we anticipate

the government may raise both issues and perhaps others. We do not know because the government indicated it would move to preclude Dr. Manning but did not do so.

The following case law and citations stem from that order and support the admission of Dr. Manning as an expert witness.

Fed. R. Evid. 702 requires that testimony from an expert be both "relevant and reliable." *U.S. v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001). There is a low hurdle to the relevancy of expert testimony and any weaknesses in an expert's opinion may be developed upon cross-examination; such weaknesses go to weight and not admissibility. *Bergen v. F/V St. Patrick*, 816 F.2d 345, 1352 n5 (9th Circ. 1987).

*Taylor v. Illinois*, 484 U.S. 400 (1988) and *United States v. Peters*, 937 F.2d 1422, 1426 (9th Circ. 1991) support the position that exclusion of an expert is only an appropriate remedy for a discovery rule violation when the omission was willful and motivated by a desire to obtain a tactical advantage. The burden to exclude a defense expert is an extremely high burden to because "few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 1049, 35 L. Ed. 2d 297 (1973); *Taylor*, 484 U.S. at 408.

RESPECTFULLY SUBMITTED this 28th day of December 2022.

                CHRISTIAN DICHTER & SLUGA, P.C.

                By: /s/ Stephen M. Dichter
                    Stephen M. Dichter
                    Justin R. Vanderveer
                    2800 North Central Avenue, Suite 860
                    Phoenix, Arizona 85004
                    Attorneys for Defendant David A. Harbour

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez