**DISTRICT JUDGE'S MINUTES**
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA – PHOENIX**

| | |
|---|---|
| **U.S. District Judge:** Douglas L. Rayes | **Date:** January 17, 2023 |
| **USA v. David Allen Harbour** | **Case Number:** CR-19-00898-001-PHX-DLR |

**Assistant U.S. Attorney:** Kevin Rapp and Coleen Schoch
**Attorney for Defendant:** Steve Dichter and Justin Vanderveer (Retained)
**Interpreter:** N/A
**Defendant:** ☒ Present  ☐ Not Present  ☐ Released  ☒ Custody  ☐ Summons

## FINAL PRETRIAL CONFERENCE

<u>1:30 p.m.</u> Convene. Government counsel and Defense counsel present. Defendant present. Discussion held regarding the amended bifurcated trial schedule. The Court affirms the February 1, 2023 trial on Counts 1-23, for a total of fifteen (15) trial days. At the request of the Defendant, and there being no objection, a bench trial is set for March 7, 2023 on counts 24-26, for a total of four (4) trial days. Finally, a jury trial is set for March 14, 2023 on counts 27-34, for a total of five (5) trial days.

Oral argument heard on the pending motions in limine.

Government's Motion in Limine to Determine Admissibility of Evidence (Doc. 505) is GRANTED in part and DENIED in part. Specifically, the Court finds as follows:

Subsection I. Defendant's Prior Testimony –
    A. The Court will allow the use of Defendant's under oath deposition testimony taken during the FTC investigation.
    B. The Court will allow the use of the facts about the FTC settlement, including the payment made by the Defendant of $750,000, if the Government lays proper foundation. This evidence is not being allowed to prove the validity of the FTC claim but as evidence of Defendant's state of mind. A jury could find the information about the FTC settlement was material and Defendant's failure to share it with investors goes to his intent.
    C. The Court takes under advisement the admissibility of the unsworn statement taken from Defendant in the FTC investigation.
    D. The Court will not allow use of the SEC deposition of the Defendant where he invoked his 5th Amendment right not to testify. Although taking the 5th coupled with his later positions on the subjects discussed in the deposition may be material, that materiality does not overcome the 5th Amendment privilege not to testify,
    E. The Court will allow the use of the Wilson deposition, divorce deposition, and San Stanford divorce depositions subject to the parties designating their particular portions and the Court ruling on any objections.

Subsection II. Spaulding and Rowland Obituaries – The Court will not take judicial notice of the obituaries, but will take judicial notice of the deaths.

Subsection III. Summary Exhibits – The Court will allow the admission of the summary exhibits, pursuant to Rule 1006.

Subsection IV. Emails and Text Messages Sent or Received by the Defendant – The parties are directed to meet and confer regarding the stipulation of this evidence. The Court will defer ruling on any remaining email and text message evidence once objections have been made during trial.

Subsection V. Letter Correspondence Sent to the Defendant - The parties are directed to meet and confer regarding the stipulation of this evidence. The Court will defer ruling on any remaining letter correspondence evidence once objections have been made during trial.

Subsection VI. Business Records Pursuant to Fed. R. Evid. 902(11) Certification – The parties are directed to meet and confer regarding the stipulation of this evidence. The Court will defer ruling on any remaining business record evidence once objections have been made during trial.

Subsection VII. Defendant's Signed and Notarized Affidavit – The Court takes this section of the motion under advisement until defense counsel has reviewed the affidavit and filed any objections.

Subsection VIII. Evidence of Defendant's Exorbitant Spending on Luxury Items – The Court finds this evidence to be admissible if the Government lays the foundation that:
  A. That investors alleged in the Indictment knew of his Exorbitant spending on luxury items before they invested.
  B. That investors in the indictment were influenced, at least in part, to invest with Defendant because of his lifestyle and spending.
  C. That the apparent wealth and lavish lifestyle exhibited by the Defendant at the time any investor alleged in the indictment chose to invest with him was a façade, because it was the result of funds obtained through fraudulent or illegal means.

Subsection IX. Defendant's Home Purchases and Intent to Purchase Other Homes – The Court finds this evidence to be admissible if the Government lays the necessary foundation during trial, specifically:
  A. That investors alleged in the indictment knew of his home purchases and intent to purchase other homes before they invested.
  B. That investors in the indictment were influenced, at least in part, to invest with Defendant because of his home purchases and intent to purchase other homes.
  C. That Defendant's home purchases and intent to purchase other homes at the time any investor alleged in the Indictment chose to invest with him was a façade, because it was the result of funds obtained through fraudulent or illegal means.

Case 2:19-cr-00898-DLR   Document 539   Filed 01/17/23   Page 3 of 4

| | |
|---|---|
| **USA v. David Allen Harbour** | **Date:** January 17, 2023 |
| **Case Number:** CR-19-00898-001-PHX-DLR | Page 3 of 4 |

Subsection X. Witness Tampering – The Court finds that this evidence is admissible. However, the Government may not use the term "witness tampering." This evidence is relevant to show consciousness of guilt.

2:58 p.m. Recess.

3:15 p.m. Reconvene. Parties present. Additional oral argument heard on the pending motions in limine.

Buried inside Defendant's response to the Government's Motion in limine on witness tampering is Defendant's Motion to Dismiss Counts 13-19 of the Second Superseding Indictment. The motion does not cite authority and the Government has not had opportunity to respond.   The motion is DENIED without prejudice.

Defendant's Motion in Limine #3 to Exclude Evidence Concerning Wealth, Spending, and Lifestyle (Doc. 488) is DENIED. The Court ruled on this issue in its ruling in the Government's Motion in Limine.  For the reasons set forth above, this motion is denied.  The Government may introduce such evidence if the proper foundation is laid, as set forth above.

Defendant's Motion in Limine #4 to Exclude Evidence and Testimony Related to Settlements SEC; FTC; to a Later Stipulated Tax Court Judgment (IRS Counts); and to Tax Issues For 2005, 2006 and 2011 as Uncharged (Doc. 489):
- A. The Court has ruled on the admission of the FTC statements and the settlement above.
- B. Evidence of the SEC settlement will not be admissible at trial.
- C. Evidence of the stipulated decision in tax court will not be admissible in the first trial.

Defendant's Motion in Limine #5 to Admit Dr. Robert Manning as an Expert Witness (Doc. 490) is GRANTED based on Defense counsel's avowals that there will be evidence presented at trial that ties Mr. Manning's opinions to the Defendant's investments/businesses and their performances.

Defendant's Motion in Limine #6 to Exclude Shelby Bare and Roman Hernandez as Expert Witnesses (Doc. 491) is GRANTED.

Defendant's Motion in Limine #7 to Preclude Government's Use of Words "Victim" and "Witness Tampering" or "Obstructing Justice" (Doc. 492) is GRANTED.

Defendant's Motion in Limine #10 to Exclude Evidence Relating to Count 3 Dated After August 11, 2015 (Doc. 495) is DENIED without prejudice.

Defendant's Motion in Limine #11 to Exclude PAIF, LJP Consulting, Phillip Burgess, and Alonzo Primus (Doc. 496) is WITHDRAWN by Defendant.

| | |
|---|---|
| **USA v. David Allen Harbour** | **Date:** January 17, 2023 |
| **Case Number:** CR-19-00898-001-PHX-DLR | Page 4 of 4 |

The Court will defer ruling on Defendant's Motion in Limine #8 (Doc. 493) and Motion in Limine #9 (Doc. 494) until Defendant's Motion to Determine the Admissibility of 404(b) Evidence has been fully briefed. The Government's response to the motion is due by January 23, 2023, and Defendant's reply is due by January 25, 2023. A Status Conference/Oral Argument Hearing is set for January 27, 2023 at 1:30 p.m.

<u>4:34 p.m.</u> Court is adjourned.

LATER: The Government asked the Court to rule in limine on the admissibility of Defendant's Signed and Notarized Affidavit without supplying a copy to either Defense Counsel or the Court. The Court had taken its admissibility under advisement but upon further reflection, without having a copy of the affidavit there is no reason to take the matter under advisement. IT IS ORDERED that the motion to admit into evidence Defendant's Signed and Notarized Affidavit is DENEID without prejudice.

| | |
|---|---|
| **Court Reporter** Jennifer Pancratz | **FPTC  2 hrs, 47 min** |
| **Deputy Clerk** Robert Vasquez | |
| | **Start:  1:30 PM** |
| | **Stop:   4:34 PM** |