**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Defendant David Allen Harbour asks the Court to suppress his unsworn statement to the Federal Trade Commission on April 28, 2015 on the grounds that the Government agreed that it would be inadmissible. (Doc. 522 at 6 n.9.) This issue was first raised in footnote nine of Defendant's response to the Government's motion in limine. (Doc. 522). Construing the response as a motion in limine with respect to this issue, the Court heard oral argument on January 17, 2023, and took the matter under advisement.

The agreement, memorialized in the transcript of the interview, states:

> [T]oday's proceeding is being taken for reference purposes only.
>
> Mr. Harbour is not under oath today, and by agreement the transcript will be deemed among the parties as inadmissible for any purpose in the litigation including impeachment or rebuttal.
>
> And Mr. Harbour retains the right to amend, add to, or otherwise revise any issues that might need follow-up after today's interview.

(Doc. 522-1 at 44.) Mr. Harbour was represented by an attorney at this interview, including when the above agreement was reached. Upon review, the Court finds that the parties' agreement did not include the promise not to use this interview outside "the litigation." Neither party argues that "the litigation," in which Defendant was not a party, includes the present case. Consequently, the subject agreement does not prevent this interview from being admissible in this case.

**IT IS ORDERED** that Defendant's construed motion in limine (Doc. 522) is **DENIED**.

Dated this 20th day of January, 2023.

Douglas L. Rayes
United States District Judge