Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **EMERGENCY MOTION TO DISMISS COUNT(S) 1; 13-19** |
| David Allen Harbour, | (Oral Argument Requested) |
| Defendant. | |

Defendant David Allen Harbour (Defendant), by and through undersigned counsel, files this Motion to Dismiss Counts 1 and Counts 13-19. These Counts pertain specifically to R.T. (Richard Turasky), an individual identified as a victim by the government.

## BACKGROUND

The government filed its motion *in limine* to determine the admissibility of evidence on December 20, 2022 (Doc. 485). In the motion, the government stated that "the United States has learned that Harbour's efforts at tampering with witness Richard Turasky were misguided…But in the case of Turasky, his investment with Harbour

wasn't really his money. The actual source of that money belonged to a Scott Prater. Prater is expected to testify that he was defrauded by both Harbour and Turasky." Doc. 485 pg. 23 ln. 4-5; 9-11. Count 1 of the Second Superseding Indictment is for wire fraud of $500,000, which at the time of the indictment, was money associated with Turasky. Counts 13-19 contain the transactional money laundering counts for the same funds.

In Harbour's Consolidated Response to the Government's Motion (Doc. 509), Defendant pointed out what certainly seemed to be the abandonment of Turasky as a victim and the substitution of Scott Prater as a victim instead. The Court identified this notation as a motion to dismiss tucked into the response and denied the motion without prejudice during oral argument on January 17, 2023, instructing counsel to file a true motion to dismiss the counts, if we wished to do so.

## APPLICABLE LAW

"It has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215–16, 80 S. Ct. 270, 272, 4 L. Ed. 2d 252 (1960) *citing to Ex Parte Brian*, 121 U.S. 1, 7 S.Ct. 781, 30 L.ed. 849 (1887). The well settled law in the United States is that once an indictment has been returned, neither judges nor prosecutors are able to change the charging part of the indictment. *See United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) *quoting United States v. Leichtnam*, 948 F.2d 370, 375-76 (7th Cir. 1991) "It is the exclusive prerogative of the grand jury finally to determine the charges, and once it has done so neither a prosecutor nor a judge can change the charging part of an indictment to suit [his or her] own notions of what it ought to have been, or

2

what the grand jury would probably have made it if their attention had been called to suggested changes." An amendment to the body of an indictment violates a defendants Fifth Amendment rights and renders any convictions based upon the changes void. *United States v. Dawson*, 516 F.2d 796, 801 (9th Cir. 1975). Amendments to indictments are only permitted as to form or technicality, such as typographical errors. *Id*. Other examples of permissible amendments include correcting clerical mistakes or eliminated surplusage from the text of an indictment. *United States v. Stewart Clinical Lab'y, Inc.*, 652 F.2d 804, 807 (9th Cir. 1981). However, portions may be removed from an indictment and withdrawn from the jury provided nothing is added to the indictment. *Dawson*, 516 F.2d at 801. Indictments may not be amended by changing the offense charged to conform with the proof expected to be elicited at trial; such amendments that lead to a conviction constitute a per se reversable error. *Stewart Clinical Lab'y, Inc.*, 652 F.2d at 807. A defendant may not be convicted of an offense different from that _specifically_ charged by the grand jury. *Id*.

## **ARGUMENT**

The government has decided to remove Turasky as a victim and instead identify him as a co-conspirator.  Counts and victims may be withdrawn. *Dawson*, 516, F.2d at 801. Indeed, C.W., a so-called "investor victim" in the original indictment, was withdrawn.  However, it is not permissible for the government to add a different victim and an entirely new origin story to $500,000 in charges without the grand jury.

The 9th Circuit has delineated two areas of inconsistency for the purposes of an indictment: a constructive amendment and a variance. *United States v. Von Stoll*, 726

F.2d 584, 586 (9th Cir. 1984). "An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *Id*. *citing to United States v. Cusmano*, 659 F.2d 714, 718 (6th Cir.1981). Constructive amendments normally involve a complex of facts while a variance occurs where the indictment and the proof involve only a single, though materially different sets of facts. *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002), *holding modified by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007). However, even some variances may be fatal when it affects the substantial rights of a defendant. *Id*. at 615-616, *citing to United States v. Tsinhnahijinnie,* 112 F.3d 988, 990–92 (9th Cir.1997) (finding fatal variance where indictment charged defendant with sexual abuse of child occurring on Indian reservation during summer of 1992, but proof fluctuated between placing the abuse at place and time in indictment and placing it off reservation in 1994); *Jeffers v. United States,* 392 F.2d 749, 752–53 (9th Cir.1968) (finding fatal variance where indictment alleged that money solicited by religious group was used for non-religious purposes, but evidence failed to prove that use was non-religious, instead showing that use was merely contrary to representations made when money was collected).

As for constructive amendments: "There are two types of constructive amendments: first, where "there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument, and second, where the crime

charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017).

The situation for Harbour is a constructive amendment of the second category; the crime charged in the indictment for count(s) 1 and 13-19 were specifically directed at conduct with Turasky. Now, the government has changed the victim to Scott Prater, a previously unknown individual.  The substitution of Turasky into Prater is not merely a substitution of names, but of evidence. The government now contends that Turasky and Harbour were co-conspirators who defrauded Prater, which is a substantial alteration of the evidence from what was presented to the grand jury versus what the trial would be.

First, there is no conspiracy charge in the indictment and it is far too late to add one. The 5-year SOL for conspiracy ran over 3 years ago. Second Scott Prater was not included in the Bill of Particulars.

As an example of a constructive amendment involving individuals, in *Howard*, the defendant appealed his denial of petition for a charging error in the instruction of the jury during trial.  *Howard v. Dagget*, 526 F.2d 1388, 1388 (9th Cir. 1975). Two women were named in his indictment for aiding prostitution, but evidence was admitted at trial that delt with several women not named in the indictment. *Id*. at 1390. The trial court provided a supplemental instruction that, in effect, permitted the jury to convict the defendant on the basis of the other women that were not the original named women in the indictment. *Id*. The Court of Appeals found that this instruction was improper, as the

evidence of other individuals allowed the jury to convict on a charge not brought by the grand jury. *Id*.

In the alternative, even if this Court found the change to the indictment was not a constructive amendment but rather a variance, the variance is still fatal. The Defense, having been provided with what the government considered a lot of evidence pointing to Turasky as a victim of Harbour had been operating under the impression that we would be confronting Turasky as a victim witness, and prepared its defense as such, only to now be confronted with an entirely new case.  This case is not charged in the Second Superseding Indictment and it was not disclosed in the Bill of Particulars, one of whose purposes, in fact, is to prevent just this sort of thing from occurring.

## **CONCLUSION**

The government has made it absolutely clear that Richard Turasky is no longer a victim in this case.  The government is not permitted to amend the indictment without the intervention of the grand jury. This is not a civil case where, under Rule 15, F.R.Civ.P., an amended complaint might relate back to the original date of filing and avoid the implications of the SOL.  Evidence concerning Scott Prater and that the $500,000 was associated with him and that, therefore, he and not Turasky was the victim cannot possibly be admitted in this case.  Therefore, the government having made no secret that it regards Harbour and Turasky as co-conspirators to defraud Prate, Counts 1 and 13-19 must be dismissed.

RESPECTFULLY SUBMITTED this 20th day of January 2023.

CHRISTIAN DICHTER & SLUGA, P.C.


By: /s/ Stephen M. Dichter
    Stephen M. Dichter
    Justin R. Vanderveer
    2800 North Central Avenue, Suite 860
    Phoenix, Arizona 85004
    Attorneys for Defendant David A. Harbour


**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez