Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
| Plaintiff, | |
| vs. | **REPLY IN SUPPORT OF THE MOTION TO DETERMINE THE ADMISSABILITY OF 404(b) EVIDENCE** |
| David Allen Harbour, | |
| Defendant. | |

Defendant David Allen Harbour (Defendant), by and through undersigned counsel, files this Reply in support of his Motion to Determine the Admissibility of 404(b) Evidence with respect to witnesses, specifically, the witness previously described as the Group of 6.

## BACKGROUND

The dilemma for the Court and the Defense is that the government is fixated on the premise that evidence that is completely irrelevant to any of the elements of any of the 23 counts in the Second Superseding Indictment ("SSI") can be admitted under something other than Rule 404(b) evidence. We have made the argument before, without

any response from the government, or comment by the Court, that the mail and wire fraud statutes under which Counts 1-12 are charged do not criminalize, under Federal law, a scheme and artifice to defraud but, rather, criminalize the use of the mails or wires in furtherance of a scheme to defraud identified victims. The SSI is charged in precisely that manner. The money laundering charges relate to specific underlying alleged criminal conduct, here, solely the wire fraud involving three alleged victims.

The Count has plenty of experience with Arizona's general scheme and artifice statute, namely, A.R.S. §13-2310. Under Arizona law, seeking a benefit pursuant to a scheme and artifice to defraud constitutes the crime and the manner and means of achieving the benefit (mail, wire, hand-delivery) are completely irrelevant. Federal law is different.

The only way to get the alleged R.G. fraud and the alleged Patrick Spaulding fraud before the jury is, first, for the government to prove that they are admissible under Rule 404(b), F.R.Evid. and second, for the Court to engage in a Rule 404(b) vs. Rule 403 analysis. There is no third-path beyond "inextricably intertwined;" neither of the two alleged frauds even come close to meeting.

If not relevant to any of the 23 charges – and the government cannot contend that the Spaulding and Gray alleged frauds go to the proof of any element of the charged conduct, the only way the proffered evidence could be admitted is under Rule 404(b). Notably, the government still has not complied with the Notice requirements of Rule

404(b) effective in December 2020 and, of course, since the government did not comply with the Rule, the Court has never engaged in the required Rule 404(b) analysis.[1]

The government articulates that they are seeking to admit evidence of Harbour's false gift letter scheme and statements made to an IRS officer under Rule 404(b). Doc. 550 at pg. 1 ln. 28 – pg. 2 ln. 1-2. We seem to be, again, in a position of arguing over one another, but the Defense will attempt to articulate why its prior motion should be granted while arguing against the newly articulated character evidence issues the government has set forth.

## **ARGUMENT**

1. <u>This Court has ruled prematurely on the 403 admissibility of Spaulding and Gray but has not yet ruled on the admissibility of the evidence under Rule 404(b).</u>

The government first argues that this Court has already ruled that Spaulding and Gray are "probative and admissible." *See* Doc. 550 pg. 3 ln. 24-25. This is true in part; the Court ruled that the evidence of Spaulding and Gray were admissible on 403 grounds and did not issue any rulings under Rule 404. *Id*. at pg. 3 ln. 6-8. The Court asked if Defense Counsel was, at that time, arguing exclusion under 404. Since the government had never given notice of its intent to use Rule 404(b) evidence, preferring instead to invent a new category hitherto unknown in the law ("Investor-Victim"), at the time, there was no platform to raise a Rule 404(b) challenge. It was the hearing that made it clear

---

[1] The government has also used the Response to add that it wants to use evidence pertinent to Trial #3 (an alleged false gift letter) and Trial #2 (alleged false statement to n IRS Agent). The defense is not going to reply in a vacuum. If the government wishes to add more Rule 404 evidence, it needs to follow the Rules. We are concerned that the government declined to do so, though the reason is clear-enough. The government is rightfully concerned that it cannot meet the Rule 404(b) test.

that 404 would be an issue, regardless of notice, which prompted the Defendants initial motion on 404 evidence notwithstanding the government's failure and refusal to comply with the December 2020 changes in Rule 404(b).

2.   The Pat Spaulding and Rhonda Grey 'fraud' are not inextricably intertwined and should be excluded under Rule 404(b).[2]

Under the case law cited by the government, evidence may be introduced when it is inextricably intertwined to permit the prosecutor to offer a coherent and comprehensive story regarding the commission of the crimes. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 11012 (9th Cir. 1995); *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004). However, the determination of whether the conduct is intertwined is a fact-centric determination. In *U.S. v. Benzer*, the court found that the government failed to make the connections necessary based on the present evidence that a defendant's role in a notarizing scheme was necessary to paint a complete story in an alleged conspiracy. No. 2:13-CR-18 JCM GWF, 2014 WL 6747151, at *5 (D. Nev. Dec. 1, 2014). In another example, *U.S. v. Holmes*, the court also declined to find that statements made by the defendant in an 'all hands' meeting were admissible to provide a coherent and

---

[2] We should also note that the government concludes this section by stating that Harbour's motion to exclude 404(b) evidence based on untimely notice is misplaced. *See* Doc. 550 pg. 6 ln. 11-12. While relying on lack of notice would not have been misplaced, since the government has never complied with the requirements of the Rule, our motion did not seek to exclude the first salvo of Rule 404(b) evidence on that basis. However, for the new Rule 404(b) evidence disclosed in the Response, if that evidence is offered in trial, we will object based upon lack of timely notice and the fact that the required Rule 404(b) test cannot be applied by the Court. In addition to that, it is also now apparent that the government intends to use an alleged fraud involving C.J. as Rule 404(b) evidence. We definitely will oppose the use of that evidence based upon lack of notice pursuant to the Rule 404(b) changes effective in December 2020 and, if the government does intend to use C.J. evidence that, like here, the Court engage in a Rule 404(b) analysis.

comprehensible story under *DeGeorge* and should be excluded on 404(b) grounds. No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *42 (N.D. Cal. May 22, 2021).

When evidence is not part of the charged transaction and the prosecution would encounter little difficulty in presenting the evidence relevant to its case against the defendant without the Rule 404(b) evidence it is proffering, the evidence is not admissible as being intrinsic to the charged offense. *United States v. Eng.*, No. 1:14-CR-0217-DAD-BAM, 2016 WL 4702102, at *1 (E.D. Cal. Apr. 22, 2016) *citing to United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013).

We have shown that November 2010 is the earliest month for which either side has any bank statement of any kind that might shed any light on Harbour's finances. This is an HPCG bank statement showing a balance of $63,000. So, by November 2010, the only financial documents available to anyone show that the C.J. money and the R.G. money had been expended.

In addition, there is no proof available to the government that Harbour retained the $2.5 million Bobrow had advanced. The government has nothing other than rank speculation to support the contention that that the C.J. money ($6 million), K.B. money ($2.5 million) or the R.G. money ($1 million) somehow was connected with the alleged payday lending fraud that commenced in April 2011. The high-interest payday loan activity *is* that which comprises Counts 1-23. The irrebuttable reality is that, for Harbour, payday lending commenced 4 years after the K.B. money was received and passed on, 2 years after the C.J. money was received and a year after the R.G. money was received.

What is most important is this: Beyond arguing that the evidence is inextricably linked to the alleged fraud, Counts 1-23, the government did not even bother trying to satisfy the requirements under Rule 404(b) for the admissibility of the R.G., K.B., and the newer C.J. evidence.

It is important to note that the government has not contradicted our very pointed and specific allegations concerning the low-interest, 10-year, R.G. loan. This is because it cannot. It has R.G.'s typed notes, and it knows good and well why R.G. was introduced to Harbour and why she handed the insurance proceeds to Harbour. He was to have the money until the bank's forthcoming judgment against her expired and until one renewal also would have expired, a period of 10-years. There is simply no way that the R.G. $1 million can be viewed as inextricably intertwined in order to avoid the requirement for the government to meet the required test for admissibility laid-out under Rule 404(b) and outlined in Defendant's Rule 404(b) motion. The government did not even attempt to meet the Rule 404(b) test. All of the government's eggs rest in the argument that a 2009, low-interest loan made for the purpose of (legally) avoiding a bank judgment (to which a judgment was about to be stipulated) is inextricably intertwined with the alleged, high-interest, payday loan fraud.

The Spaulding money is of a similar character. The government absolutely cannot prove that Harbour *retained* the money. The other allegations made by the government concerning the Spaulding matter are a pure concoction and, if the Court permits the government to sally forward with no more than the rank speculation that is not actually subject to any proof, the case will, almost assuredly, be mistried by this court. Once these

sorts of bells are rung, they cannot be un-rung and that is why courts conduct Rule 404(b) hearings and decline to rely on the government's mere representations.[3]

The Federal Rules of Evidence do not explicitly allow for evidentiary hearings, but such hearings are commonplace to prevent the jury from being tainted by improper evidence at trial. *See*, *generally*, *Dowling v. United States*, 110 S. Ct. 668, 670, 107 L. Ed. 2d 708 (1990) (appeal taken from 404(b) evidence admitted in an evidentiary hearing); *Kummer v. Ryan*, No. CV1802338PHXROSJZB, 2019 WL 2870943, at *15 (D. Ariz. Apr. 26, 2019), *report and recommendation adopted,* No. CV-18-02338-PHX-ROS, 2019 WL 4886022 (D. Ariz. Oct. 3, 2019) (District Court held a hearing on Rule 404(c) evidence); *Basurto v. Luna*, No. 306CV00287TMBJDR, 2008 WL 11464851, at *4 (D. Alaska Feb. 1, 2008) (trial judge held a hearing on 404(b)(3) evidence). Such a hearing should be conducted by this Court to weed through the potential 404(b) issues that have been raised, and continue to be raised, by both the government and the Defendant.

3.      The tax counts (24-34) are not permissible under Rule 404(b).

It was, at first, unclear whether the government was attempting to backdoor the entirety of the severed tax case into the first case (payday lending). However, we think that a close reading of the Response reveals that the government wishes to use all or parts of an IRS Revenue Agent's interview of Harbour. We are not sure why an alleged

---

[3] The government also refused to confront the irrefutable allegation that its prosecutors have told the Court three difference stories concerning R.G.'s $1 million. The earliest story – the one that convinced the Court to not dismiss the forfeiture allegation – had the money going to payday lending. The latter two stories were that the money was combined with C.J.'s $6 million and the third that the money was used to buy a house. All are utter speculation but the fact that the government has told three different stories means that at least two of them are false and, more likely, all of them are false.

statement made to a Revenue Agent during an audit would constitute Rule 404(b) evidence. We have reviewed the governments Exhibit A, filed under seal, and understand that the government intends to call an IRS Revenue agent.

If the government wishes to call the Revenue Agent, we see no reason why he cannot be called. As Exhibit A points out, the Revenue Agent has a lot of background in this matter aside from the audit he was conducting and will likely be a valuable witness to both sides. So much so that, if he testifies, we intend to ask leave to question him as if on direct under Rule 611(b) with respect to many of his statements in Exhibit A. However, there is no connection between the interviews he conducted and Counts 24-26 themselves.

A.    The government has not met their burden of demonstrating the four factors required to admit counts 24-32.

As the government identifies in section B(2) of its Response, the government must show that the evidence they are seeking to admit tends to prove a material point, the prior act is not too remote in time, the evidence is sufficient to support a finding that the defendant committed the other act, and the act is similar to the offense charged. *See* Doc. 550 at pg. 7 ln. 18-25. However, the government fails to articulate *any* of these points in section B(1) where it seeks to admit counts 24-34. Additionally, while the government addresses the tax counts (24-26) in some manner, they do not articulate why counts 26-34 should be admitted on 404(b) grounds. On their failure to meet the burden alone, the governments motion to admit the evidence couched within their reply should be denied.

4.      The Allegedly Forged Gift Letter is not Rule 404(b) Evidence in the First Trial.

The government has no evidence that David Harbour falsely signed a gift letter or a loan agreement in the Georgia Avenue case. Its most recent FBI questioned document examination – a December 2022 review of the FBI's "inconclusive" June 2022 examination – remains "inconclusive" as to the author of any signatures pertinent to Trial #3. Nonetheless, without any basis in fact, the government continues to simply claim that Harbour forged names.

So, we guess that the supposed Rule 404(b) connection urged by the government is that, in R.G.'s lawsuit against David Eckholt,[4] he claims, also without any evidence to support it other than is own supposition, that Harbour forged his name to a consulting agreement. Under the government theory a "no evidence in support" allegation from 2012 or earlier and a "no evidence in support" allegation from 2021 must be Rule 404(b) for each other because the government speculates that Harbour must have forged signatures. This theory does not suffice.

Factor three of the 9th Circuit's balancing test with Rule 404(b) evidence states that the government must have support that a defendant committed the other act. *See*, *U.S. v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). Sufficient evidence to admit prior bad acts is more than just unsubstantiated innuendo. *See*, *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990). The accusation that Harbour forged a gift letter is just that, unsubstantiated innuendo. The government has yet to prove, nor can it prove, that

_____

[4] She also sued Harbour in the same case. That part of the action has been stayed because of this case.

Harbour signed any gift letter, nor can it prove that he signed the Eckholt retention agreement. Again, if Eckholt was not retained, why did he meet in San Antonio?

Indeed, with respect to the Georgia Avenue gift letter, neither MJ Fine nor this Court was able to conclude that Harbour signed or even uttered any gift letter.

Again, this is why Rule 404(b) was amended. The Court has a gate keeping role to play here and the nature of the government's allegations show precisely why. It will be very possible to taint this trial beyond salvation if the government is permitted to just introduce the 404(b) evidence with the Court having given it a pretty thorough review and, here, we mean an evidentiary hearing and not one that simply consists of the government lawyers making proffers.

### CONCLUSION

Rule 404(b) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," yet evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1). None of these apply here. This case involves 5 very specific claims the government has little, if any, chance of proving any of them each for a different reason. The government's only hope is to paint the Defendant with what Mike Kimerer once called a "sinister brush." The government clearly intends to foment amongst the jury such a distaste for Harbour that, surely, it will convict him of something. The Court must protect the Defendant against the misuse of Rule 404(b) evidence.

RESPECTFULLY SUBMITTED this 25th day of January 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ *Stephen M. Dichter*
   Stephen M. Dichter
   Justin R. Vanderveer
   2800 North Central Avenue, Suite 860
   Phoenix, Arizona 85004
   Attorneys for Defendant David A. Harbour

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ *Yvonne Canez*