Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO AMEND CONDITIONS OF RELEASE** |
| David Allen Harbour, | |
| Defendant. | |

Defendant David Allen Harbour (Defendant), by and through undersigned counsel, files this Reply to the Government's Response (Doc. 554) to his Emergency Motion (Doc. 535).

## ARGUMENT

1. <u>This is an Attempt to Solve a Practical Problem, not a Theoretical Debate</u>

We are certain that the Court appreciated the seriousness of the issue; that was indicated by the speed with which the Court directed the response and this reply. The issue is a very practical one: Harbour's confinement led to a number of difficulties in his preparing for trial but it must be said that the coordination with the directors and

personnel at CoreCivic in Florence has shown us that he cannot participate in his own defense under the custody arrangement in place. At most, the schedule allows a maximum of 2.5 hours a day for Harbour to sleep. If he cannot meaningfully participate in his own defense, his lawyers cannot adequately defend him. If these circumstances persist, how could any lawyer even think about putting him on the stand? And, obviously, were he to testify in a sleep deprived condition, the problems are only magnified. If he testifies, I imagine that he will be on the stand for at least two days, there would be no time to prepare him between the examinations.

The government's arguments as to why his bail was raised have nothing to do with the issue at hand. While the court found he was a flight risk, there was no evidence that he had ever taken any step to flee. The Court made the $500,000 cash bond an "all-condition" bond because of the breach of the financial conditions of release and not because he was a flight risk. The financial issues are hardly going to dominate over the next month and a half and we have not asked any changes in the very extreme conditions the Court was set to impose if he had been able to post the additional $500,000 cash bond. His life in the present and near future will be completely dominated by defending three trials.

2.      Sentencing Arguments are Not Well Taken

The government's arguments about sentencing should not be particularly convincing. Elizabeth Holmes, the Theranos founder and current bell-weather in the Circuit in terms of being sentenced for mail fraud, recently received a 135-month sentence for a fraud in excess of $100,000,000 which definitely involved the health and

safety of millions of people. As of this moment, she remains free on bail (even though it appears that she bought a one-way plane ticket to Mexico during her release). Briefing on a request for a bond on appeal remains open.

Here, it is patently obvious that, from a causation standpoint, which is what drives sentencing, the proximate causation that anyone associated with Harbour in Payday 1 lost *anything* is wholly the government's fault. There was an inexhaustible supply of consumer borrowers in States without usury laws or with very high lawful interest rates, whose borrowing at very high interest rates provided a huge amount of returns for those on the lending side.

As for Payday 2, the losses ($1 million Burg and $350,000 Turasky) were precipitated by PAIF's foreclosure of the Green Circle portfolio. These losses were also not "caused" by Harbour. In reality, Harbour is really in the Guideline range we discussed in our initial motion to revisit the release conditions.

Assuming a conviction, were he to receive a 60-month sentence, the anticipated good time would reduce it to 51 months. He would get pretrial credit of at least 14 months, leaving around 37 months to be served. The tax case, now admitted by the government to involved $169,000, and the mortgage fraud case is a $242,000 case with a loan not in foreclosure and the property worth well in excess of the total loan, would likely add nothing or next to nothing to any sentence. It is a case in which the government will never be able to show that Harbour played any more than a minor role. The government has no proof that Harbour signed anyone's name to anything. Its latest FBI document report does not assist the government in the slightest.

# **CONCLUSION**

Between the parties, we believe that somewhere around 1000 written exhibits will be offered. Our need to consult with our client in his defense depends upon his being awake to listen and speak and, if he needs to testify, he is certainly going to need a clear head and his wits about him. Moving him closer might be incrementally better than where is will be if the present situation holds but it will certainly not improve things very much. And, of course, there will be trade-offs. Presently, he has computer access which has been vital in preparing. We imagine that, if he is a county facility, the Court cannot order that his computer access continue. Some facilities, like the LBJ, do not have face-to-face client-counsel rooms available. Documents cannot be reviewed together. There will be days during trial when the Court will be dark and weekends. Harbour's place during those times as well as before and after court is best suited for our offices.

Finally, we believe that Harbour's 80-year-old mother will sign a personal appearance bond, should the Court require it. We appreciate the Court hearing our request.

RESPECTFULLY SUBMITTED this 25th day of January 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez