Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANTS' REPLY TO THE GOVERNMENTS' RESPONE TO THE MOTION TO DISMISS COUNTS 1; 13-19** |
| David Allen Harbour, | |
| Defendant. | |

Defendant David Allen Harbour (Defendant), by and through undersigned counsel, files this Reply to the Governments' Response to the Motion to Dismiss Counts 1 and 13-19.

## ARGUMENT

In the governments Motion in Limine to Determine the Admissibility of Evidence, Doc. 485, the government states: "Since the series of hearings before the Magistrate Judge and the appeal of the order to this Court, the United States has learned that Harbour's efforts at tampering with witness Richard Turasky were misguided. Turasky, in order to satisfy a claim dating to 2014, accepted $500,000 from Harbour, in 2020,

involving a convoluted investment. In all cases the monies promised to provide to the victims (Turasky, the Wilsons, Hill, and Burg) in exchange of for them signing a declaration avowing they were no longer a victim never really belonged to Harbour. But, in the case of Turasky, his investment with Harbour wasn't really *his* money. The actual source of that money belonged as [sic] to Scott Prater. Prater is expected to testify that he was defrauded by both Harbour and Turasky." *See* doc. 485 pg. 23, ln. 3-11.

The government, in this section, fully admits that the money affiliated with the Turasky counts was never Turasky's money, instead alleging it belonged to Scott Prater. If there are no funds associated with an individual the government has identified as a victim, the counts associated with those funds must be dropped.

Instead, the government now claims that "Prater is expected to testify that he was defrauded by both Harbour and Turasky." However, the government also fully admits that Prater never met nor spoke to Harbour, nor that Prater ever even knew of his existence. In short, Turasky defrauded Prater.

Therefore, it cannot be said that Harbour either affirmatively misrepresented or materially omitted material facts with respect to Prater. In short, while somewhere and in some place, the government might well be able to prove that Turasky defrauded Prater, that cannot happen here as Turasky is not on trial. The only way that both could have defrauded Prater is if Harbour and Turasky were conspirators. Assuming, *arguendo*, that was true, then, under a *Pinkerton*[1] theory, the Turasky fraud committed against Prater might, in theory, be consider a fraud committed by Harbour. However, there is no

---

[1] *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

conspiracy charge in the Second Superseding Indictment. Count 1 alleges that Harbour, acting alone, defrauded Turasky of $500,000. It does not even use the language "along with persons known and unknown to the grand jury," nor does this theory of proof appear in the Bill of Particulars. It is completely new.

The government cannot be permitted to change their case so close to trial, and such changes are impermissible without a grand jury; to do so would be a blatant violation of the Fifth Amendment. Defendant maintains its position that an indictment may not be changed after an indictment has been returned. *See United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014). Tellingly, the government has failed to rebut even a single point of law in their response or articulate how the government has not, in fact, altered the indictment.

The Defendant incorporates the applicable law outlined in the initial motion, Doc. 542, regarding amendments to indictments, which is apparently not contested by the government. Deprivation of a defendants right to be tried only on the charges presented in an indictment and returned by a grand jury is "of such a basic right" that is "far too serious to be treated as nothing more than a variance." *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 273, 4 L. Ed. 2d 252 (1960).

There is no basis to allow the testimony of Scott Prater at trial. His testimony would obviously be admissible in a trial of Turasky and the fact that the SOL has expired with respect to Turasky's fraud against Prater (as Turasky loaned the $500,000 on or about July 30, 2014), Turasky was interviewed by the government well within the 5 year SOL for 18 U.S.C. §1001 (false statements) and we cannot recall Turasky ever

mentioning that he got the funds from Prater, let alone that he defrauded Prater to get the funds. Scott Prater is mentioned zero times in the bill of particulars. *See* Doc. 228. Prater was not identified by the government anywhere in its second superseding indictment and never presented to a grand jury.

The government contends that they disclosed Turasky's SEC deposition to Harbour as early as November of 2019 and, in it, Turasky identified Prater as the source of the $500,000. Of course, the government would have had it earlier than November 2019 and before then Harbour would have had no access since SEC depositions are confidential.

Since then, the government twice went back to the grand jury and added charges. And, more tellingly, since the government chiding the defense for not knowing about Prater as early as in November 2019, the government does not bother to explain why Prater does not appear in the March 22, 2021 Bill of Particulars. So, it seems perfectly obvious that the government never studied the SEC deposition.

Prater emergence occurred when Prater's lawyer, who was trying to serve Turasky, approached the government looking for assistance in finding him. If that is the case and the government waited until December of 2022 to conduct a FBI 302[2] of Prater and until late December of 2022 to inform the Defense they mixed up who the actual victim was, then the government criticism of not knowing about the source of the funds in November 2019 is really a much more telling criticism of its own conduct.

---

[2] Conducted on December 2, 2022. Disclosed by the government as HARBOUR_058304.

As presaged earlier in this Reply, in his FBI interview, Prater states that he did not have any contact with Harbour. If Prater is the victim of any crime, it is at the hands of Turasky and only if Turasky and Harbour were co-conspirators could Harbour be criminally responsible for Turasky fraud committed against Prater. There will be no place on the jury verdict form for the jury to determine whether Turasky defrauded Prater and the government has conceded that Prater was the victim; defrauded by Turasky and Harbour. The synapse that cannot be breached here is that a jury cannot find Harbour guilty of defrauding Prater nor Turasky guilty of defrauding Prater.

In this regard it is noteworthy that the government is not alleging that Harbour defrauded Turasky and that, separately, Turasky defrauded Prater. Even for the government, that would too telling an admission. Two alleged separate crimes are not one crime and, if so, the government would have to have conceded that Prater cannot be involved in this case. Therefore, the conspiracy theory is the only way that Harbour could be held responsible for Turasky's apparently admitted fraud against Prater (that is, under the agency theory underling *Pinkerton*). Since there was no contact at all between Prater and Harbour, it is only through Turasky that Harbour could have defrauded Prater and that could only occur under a conspiracy theory.

For the government to do what it seeks would be an unlawful amendment of the Second Superseding Indictment. The government cannot call back its words. It has conceded that Turasky, the victim in Counts 1 and 13-19, was not a victim of a fraud by Harbour. Rather, Prater was the victim and Turasky and Harbour combined, the government contends, to defraud Prater.

That is more than a sufficient fatal attempted amendment of the SSI (or at a minimum, a fatal variance) to result in the dismissal of those counts of the indictment.

Once again, in order for Prater to be the victim, Turasky and Harbour had to have been conspirators who, acting in combination, defrauded Prater of $500,000. This is a bridge way too far.

RESPECTFULLY SUBMITTED this 27th day of January 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ *Stephen M. Dichter*
        Stephen M. Dichter
        Justin R. Vanderveer
        2800 North Central Avenue, Suite 860
        Phoenix, Arizona 85004
        Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff

/s/ *Yvonne Canez*