Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
| Plaintiff, | **DEFENDANT DAVID A. HARBOUR'S OBJECTIONS TO GOVERNMENT'S STATEMENT AND DEPOSITION EXTRACTS** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

Defendant respectfully files his objections to the Government's extracts of EUOs, informal Statements and Depositions. Defendant re-urges his arguments against the government's use of these documents and by making specific objections, Defendant does not waive the overall objections previous raised.

**HARBOUR WILLSON DEPOSITION OBJECTIONS**
**4-17-2019**

P. 7, ll. 24-25, p. 28, l. 1    Object. The settlement with the SEC was a no admissions settlement. Rule 408 bars use of the settlement to prove that the SEC's claims against Harbour were legitimate.

P. 33, ll. 20-25    Object. The passage hangs in midair.

1       P. 39, ll. 12-23     Object.  Relevance as to where Harbour lived in April 2019.

**HARBOUR SANFORD DEPOSITION OBJECTIONS**
**July 23, 2019**

      p. 6, ll. 6-4       Object. Whether the IRS or Deel have judgments against Harbour is irrelevant to the case.

      p. 19, ll. 4-9      Object unless ll. 9-11 are added.  Rule of completeness. Responsive to the question.

      p. 35, ll. 9-15.     Object. Metz, who?  This passage just hangs in mid-air. Connected with nothing.

      p. 40, ll. 13-14     Object. How much Bobrow loan to whom?  The passage hangs in thr air.

**OBJECTIONS TO FTC INFORMAL UNSWORN STATEMENT**

1.    P. 44, ll. 3    Object to discussion of a letter that stated the IRS claimed he owed $883,000 in back taxes for 2011.  No relevance to Counts 1-23.  Simply a position stated by the IRS.

2.    P. 78, ll. 78    Object as the IRS lien as it existed in April 2015 is not relevant to any of the charged conduct in Counts 1-23.  Prejudicial under Rule 403.

**HARBOUR OBJECTIONS TO FTC EXAMINATION UNDER OATH**

      P. 33.         Object unless ll. 11-12 are added. Rule of Completeness.

2

| | | |
|---|---|---|
| 1 | P. 39, ll. 4-13 | Object on the basis that the passage is completely unconnected with anything before or after.  The FTC says, would you not want to know something about [Joel Tucker], whereupon Harbour spends about three pages finishing his answer. |
| 6 | P. 85, ll. 5-9 | Object on the basis that "she" is not even identified.  This section just hangs there. |
| 8 | P. 86, ll. 2 | Object because "After the FTC suit was filed" is unconnected with anything before or after it. |
| 11 | P. 92, ll. 1-6 | Object. "Bob" who?  And then he explains why "Bob" gave money to Joel and not to Ted but that (ll. 7-11) is omitted and then the passage picks up at l. 12.  You can't just leave out a section in the middle of an answer. |
| 15 | P. 93, ll. 7-10. | Object.  The passage starts without the answer to the question (ll. 5-6) that sets up the passage quoted. |
| 17 | 96, ll. 1-10 | Object. Did you hear anything "who" said?  If the passage continued, the jury might learn who the "he" was. |
| 19 | P. 105, ll., 1-4 | Object. You cannot leave out ll. 5-11 and then start again at l. 12. |
| 22 | P. 106 | Object. You cannot pick words out of an answer and omit the rest of the answer.  See, e.g., ll. 14-15 the omission of ll. 16-20 and then adding a little more of the continuing answer on ll. 21-23. |
| 26 | P. 107 | Object. You cannot omit a line of an answer in the middle of the answer. |

      P. 116, ll. 8-11      Object. Kevan who?  This question and answer hangs in space connected to nothing before or after.

      P. 120, ll. 20 – 12, ll.1 12.  Object. And then Ted called me when?  And which Ted, as there are two.  Well, actually, here, both Teds are being discussed. And the, as the answer proceeds, the government omits ll. 2-4 on p. 121 and then picks up ll. 4-7 and omits ll. 7-12.  That is not how depositions are designated.

      P. 121, ll. 23      Object. Because what or why?  You cannot use this passage without that which preceeds it as it explains why and when Harbour would talk to someone, I guess, Ted Rowland.

      P. 124, ll. 15.      Object.  The passage is unintelligible without what is before it, which is the discussion about ACH.  Otherwise, what does "debit the consumer's accounts" mean?

      P. 126, ll. 9-24.      Object.  How do you omit the "his understanding in 2012" right in the middle of the passage especially when the questioner adopts the modifier?

      P. 128, ll. 21.      Object.  How does Billing Tree get into the conversation?  If the prior passage had been included, perhaps we would know.

      P. 129, ll. 1-15.      Object.  You cannot stop at "no," when the answer proceeded onward from "no" because "no" was an incomplete answer.

      P. 132, ll. 22.      Object. How do you omit l. 7 on p. 133 and then omit ll, 1-4 p. 134 when the omitted passage explains the included portion?

      P. 145, ll. 10-13.      Object.  You cannot remove 4 lines in the middle of an answer just because you don't like them.

    P. 151, ll. 12-17.  Object. What recorded conversations, what borrowers, and who is Mr. Kieffer? This passage simply hangs in space.

    P. 166, ll. 1-18.  Object. Mullen, who? Oh, he must be a lawyer. You cannot omit ll. 19-24. And then you cannot then omit ll. 8-10 on P. 167 which is part of the answer to the question, "what letter are you referring to?"

    P. 168, ll. 10-22  Object. You cannot omit ll. 18-20 and go straight to ll. 21-22. He is saying he does not deny that the email was received but says that he does not remember reading it.

    P. 178., ll. 3-7  Object. What emails he copied you on? What emails we were just looking at. There was only one in a passage marked by the government.

    P. 179, ll. 8-19.  Object. You cannot stop an answer to an open-ended, compound question at "I remember asking Ted about the complaints and then omit everything else after that but then pick-up again on p. 180, at a question which is based upon the contents of the answer that was omitted.

    P. 180, ll. 16-20.  Object. The answer is cut-off. And, by the way, the FTC lawsuit that the questioner is referencing is the lawsuit in which the Supreme Court held that the FTC had no lawful authority to bring either the Scott Tucker lawsuit (directly) or by implication, any Section 13(b) suit for money damages or a disgorgement action.

    P. 183, ll. 11  Object. The question is about Scott Tucker with whom Harbour had no dealings and is about a television story. Not relevant to anything.

    P. 184, ll. 5  Object. Negative press about someone who one has no connection with is more a reflection on the questioner than the questioned. government

      P. 186, ll. 15-16.    Object. The government omits the answer and then picks up a clause in the middle where Harbours says he met Scott once in 2011 at a party. Scott Tucker is irrelevant to this case. Joe Tucker is not. The government ought to be ordered to read the answer all the way to p. 187, l. 18.

      P. 208, ll. 1-4    Object. The answer is cut off in the middle.

      P. 213, ll. 16-25    Object. This question is unconnected with anything. What default rate? What investor perspective? It just hangs there.

      P. 216, ll. 17 -25    Object. This "what" would have been early in Harbour's dealings with Ted. And what default analysis?

      P. 225, ll. 8-10.    Object. You cannot stop the answer in mid-sentence when the question was what was your reaction (meaning not only how you felt but how you reacted.

      P. 227, ll. 6-11.    Object. There is an answer but not question.

      P. 237, ll. 16-17    Object. The government cuts off the answer in the middle of the answer which was fully responsive to the question.

      P. 242, ll. 3-4    Object. And Blue Pine, what?

      P. 255, ll. 20-23    Object. Michael, who? And the next question is answered but the answer is not designated.

      P. 262, ll. 10-13.    Object and request that these lines need to be added to the Oread material above the lines.

      P. 264, ll. 1 1-3    Object. What agreement?

P. 268, ll. 1-21    Object. You cannot omit the question and answer about Sockagon in the midst of everything else surrounding it being designated.

P. 277, ll. 25.    Object. The answer is simply cut off when Harbour explains that he and his wife are private people whereas Coppinger is not, explaining why they might have not gotten along.

RESPECTFULLY SUBMITTED this 30th day of January 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez