Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION TO STRIKE GOVERNMENT EXPERT JEANETTE PAIGE** |
| David Allen Harbour, | |
| Defendant. | |

Defendant David Allen Harbour (Defendant), by and through undersigned counsel, files this Motion to Strike Government Expert Jeanette Paige.

## **APPLICABLE LAW**

Federal Rule of Criminal Procedure 16(a)(1)(G) outlines the governments obligations to a criminal defendant regarding expert disclosure. While the new rule is rather expansive, the applicable sections of the rule for the purposes of this motion are 16(a)(1)(G)(iii), (v), and (vi). These sections state:

> **(iii) Contents of the Disclosure.** The disclosure for each expert witness must contain:

- a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

**(iv) Information Previously Disclosed.** If the government previously provided a report under (F) that contained information required by (iii), that information may be referred to, rather than repeated, in the expert-witness disclosure.

**(v) Signing the Disclosure.** The witness must approve and sign the disclosure, unless the government:
- states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or
- has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

**(vi) Supplementing and Correcting a Disclosure.** The government must supplement or correct its disclosures in accordance with (c)

The above Rule is the 2022 amendments to Rule 16, and for context, the rule prior to December of 2022 stated as follows:

(G) **Expert Witnesses**. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The current iteration of Rule 16 marks a drastic shift in the criminal rule to mimic that of the civil rules. Despite the rule changes, the changes towards the civil rules are not intended to replicate all aspects of practice under the civil rules in criminal cases, which

have obvious differences from a civil case. *See* Fed. R. Crim. P. 16 2022 Amendment Notes. However, the two main areas of focus for the amendment are prior lack of specificity regarding what information must be disclosed and the lack of an enforceable deadline for disclosure. *Id*.

## **ARUGMENT**

The government provided notice of expert witness Jeanette Paige, CPA, on December 27, 2019 (Doc. 52). In the notice, the government provided a summary paragraph that Ms. Paige would testify to her accounting procedures and provide summaries showing the flow of funds from individuals and into personal expenses or repayments of certain victims. *See* Doc. 52. Summary witness do not testify to accounting procedures. Experts do. She was identified as an expert. Experts were required to provide reports and now are required to provide even more detailed reports from which cross-examination can proceed. Flow charts are not items from which suitable expert cross-examination can proceed.

To date, the Defendant has received summary charts of Mr. Paige, but has not received the complete statement as required by Rule 16. The parties are a continual disclosure obligation under Rule 16. If a party fails to comply with Rule 16, they court may: order a party to permit the discovery, grant a continuance, prohibit the introduction of the undisclosed evidence, or enter any other order that is just under the circumstances. Fed. R. Crim. Pro. 16(d)(2). A district court may prohibit a party who fails to comply with Rule 16 from introducing that evidence. *United States v. Tsosie*, 532 F. App'x 705, 707 (9th Cir. 2013). Exclusion is only appropriate when the omission was willful and

motivated by a desire to obtain a tactical advantage. *United States v. Finley,* 301 F.3d, 1000, 1018 (9th Cir.2002).

RESPECTFULLY SUBMITTED this 31st day of January 2023.

CHRISTIAN DICHTER & SLUGA, P.C.


By: /s/ Stephen M. Dichter
    Stephen M. Dichter
    Justin R. Vanderveer
    2800 North Central Avenue, Suite 860
    Phoenix, Arizona 85004
    Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez