GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona Bar No. 014249
Kevin.Rapp@usdoj.gov
COLEEN P. SCHOCH
Georgia State Bar No. 366545
Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> David Allen Harbour, <br><br> Defendant. | No. CR-19-00898-PHX-DLR <br><br> **JOINT SUPPLMENTAL PROPOSED MODIFIED JURY INSTRUCTION 2.5** |

The parties respectfully submit the following proposed modified supplemental Jury Instruction 2.5:

### 2.5 Deposition as Substantive Evidence

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Defendant, David Harbour, which was taken on April 7, 2019, is about to be presented to you. You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Comment**

Use this instruction only when the court concludes that testimony by deposition may be received as substantive evidence in light of the rules of evidence and the defendant's confrontation rights. The Committee recommends that it be given immediately before a deposition is read. The bracketed last sentence of the instruction would not be used when the deposition is presented by video or audio recording.

See Fed. R. Crim. P. 15.

*Revised Dec. 2017*

### 2.5 Deposition as Substantive Evidence

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Defendant, David Harbour, which was taken on July 23, 2019, is about to be presented to you. You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Comment**

Use this instruction only when the court concludes that testimony by deposition may be received as substantive evidence in light of the rules of evidence and the defendant's confrontation rights. The Committee recommends that it be given immediately before a deposition is read. The bracketed last sentence of the instruction would not be used when the deposition is presented by video or audio recording.

See Fed. R. Crim. P. 15.

*Revised Dec. 2017*

Respectfully submitted this 8th day of February, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
COLEEN P. SCHOCH
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 8th day of February, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

*s/Daniel Parke*
U.S. Attorney's Office