Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | **MOTION TO RECONSIDER RULING RE DISCLOSURE OF EXPERT WITNESS EMAILS** |
| vs. | |
| David Allen Harbour, | (Hon. Douglas L. Rayes) |
| Defendant. | |

Defendant David Allen Harbour, ("Defendant") by and through his attorneys, submits this Motion to Reconsider an Order issued from the bench regarding providing witness communications. The background is that the government demanded the email communications between Dr. Robert Manning and the undersigned.

The government cited a case that the Court declined to follow but, without announcing the citation on the record, cited to a case that it believed was applicable to the situation after having, the Court stated, Rules 16 and 26 of the Criminal Rules. As Dr. Manning was put-on out of order in the government's case, this matter was quickly decided.

Now, the government has demanded to see all the communications between all of Harbour's lawyers and Cathie Cameron, a defense expert witness noticed in Doc. 95, filed on June 15, 2020.

Consistent with the Court's view on discovery of expert materials, the Court first directed the Defense to file a Summary of its Experts Opinions. This was done in Doc. 629 filed February 17, 2023. Thereafter, the Court directed that the Defense file the original notices of experts. These are Documents 52 (government) and 95 (defense) and a statement as to how it came to pass that drafts were prepared and why they were prepared when they were prepared. As to this requirement, the Defense raises no issue. The summary and the table of contents of the drafts are being filed today.

However, respectfully, the Court's order that the emails between Dr. Manning and the undersigned be disclosed was erroneous and, if the Court orders that the emails and attachments between Cathie Cameron and the undersigned and the prior attorneys be supplied, the error will be magnified exponentially.

Rule 16.1(a)(1))(G) governs discovery with respect to the government's expert witnesses.

**(G) Expert Witnesses.**
   **(i) Duty to Disclose.** At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.

2

**(ii) Time to Disclose.** The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.

**(iii) Contents of the Disclosure.** The disclosure for each expert witness must contain:

• a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

• the bases and reasons for them;

• the witness's qualifications, including a list of all publications authored in the previous 10 years; and

• a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

**(iv) Information Previously Disclosed.** If the government previously provided a report under (F) that contained information required by (iii), that information may be referred to, rather than repeated, in the expert-witness disclosure.

**(v) Signing the Disclosure.** The witness must approve and sign the disclosure, unless the government:

• states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or

• has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

**(vi) Supplementing and Correcting a Disclosure.** The government must supplement or correct its disclosures in accordance with (c).

**(2) Information Not Subject to Disclosure. Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500. [Emphasis Added]**

The Rule applicable to the Defendant is Rule 16.1(b)(1)(C)

**(C) Expert Witnesses.**

**(i) Duty to Disclose.** At the government's request, the defendant must disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial, if:

• the defendant requests disclosure under (a)(1)(G) and the government complies; or

• the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

3

**(ii) Time to Disclose.** The court, by order or local rule, must set a time for the defendant to make the defendant's disclosures. The time must be sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence.

**(iii) Contents of the Disclosure.** The disclosure for each expert witness must contain:

• a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;

• the bases and reasons for them;

• the witness's qualifications, including a list of all publications authored in the previous 10 years; and

• a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

**(iv) Information Previously Disclosed.** If the defendant previously provided a report under (B) that contained information required by (iii), that information may be referred to, rather than repeated, in the expert-witness disclosure.

**(v) Signing the Disclosure.** The witness must approve and sign the disclosure, unless the defendant:

• states in the disclosure why the defendant could not obtain the witness's signature through reasonable efforts; or

• has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

**(vi) Supplementing and Correcting a Disclosure.** The defendant must supplement or correct the defendant's disclosures in accordance with (c).

**(2) Information Not Subject to Disclosure. Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:**

**(A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or**

**(B) a statement made to the defendant, or the defendant's attorney or agent, by:**

**(i) the defendant;**

**(ii) a government or defense witness; or**

**(iii) a prospective government or defense witness. [Emphasis Added]**

When the Court quizzed Defense counsel as to the basis for our contention that disclosure of the emails and drafts were not required, we cited back to the Rule itself.

Under Rule 16, there is no question that communications between counsel and counsel's expert nor the drafts are required to be produced. Therefore, neither the emails and drafts sent to and from Cathie Cameron and to the lawyers who engaged her nor her

4

draft reports are subject to disclosure under this Rule any more than the government's materials are discoverable.

Thus, only if Rule 26.2(b) trumps Rule 16 are the emails and drafts producible. We contend that Rule 26.2 does protect the emails and drafts from production.

**(c) Producing a Redacted Statement.** If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.

The defense's position is that Rule 16 (b)(1)(C) makes the emails and drafts the government wishes to see privileged from disclosure altogether. First, Rule 16 protects them from disclosure by its own language.

The section of Rule 16 pertaining to expert disclosure discusses experts in terms of they being witnesses in the trial; not merely as consulting experts during the investigation. The Rule protects from disclosure expert materials created during both the investigation *and* the prosecution when created by the government. For the defense, the Rule protects from disclosure expert materials created during both the investigation and the defense. Therefore, it is clear that Rule 16 does trump Rule 26.2.

Secondly, the Court's order, if the Court persists in requiring the disclosure, will result in a complete breach of the attorney-client privilege that exists between the Defendant and all of his lawyers and a complete breach of the attorney work-product privilege that exists between the Defendant, his lawyers, and the expert witness.

The provisions of Rule 16 discussed herein would be meaningless were it to make available to the opposite party under Rule 26.2 exactly that which Rule 16 meant to protect from disclosure in both directions.

The Court's prior ruling, which is not embodied in an order or minute entry, is erroneous and needs to be fixed. We will, of course, bring the emails to court and hand them to the government after Cathie Cameron's direct examination just as we expect that the government will hand the defense all the emails between Ms. Paige and any and all other government personnel after she has completed her direct examination. This is a bell that, once rung, cannot possibly be un-rung. The breach of privileges being ordered by the Court, if the Court is found to have erred, will render the case not prosecutable except by those who have never seen or heard of what will be produced.

RESPECTFULLY SUBMITTED this 21st day of February 2023.

CHRISTIAN DICHTER & SLUGA, P.C.


By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov

| | |
|---|---|
| 1 | Coleen Schoch |
| 2 | Coleen.schoch@usdoj.gov |
|   | U.S. Attorney's Office |
| 3 | 40 N. Central Avenue, Suite 1800 |
|   | Phoenix, AZ 85004 |
| 4 | Attorney for Plaintiff |
| 5 | |
| 6 | /s/ Yvonne Canez |