GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
COLEEN P. SCHOCH
Georgia Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> David Allen Harbour, <br><br> Defendant. | No. CR-19-00898-PHX-DLR <br><br> **UNITED STATES' SUPPLEMENTAL JURY INSTRUCTIONS** |

The United States requests the following six supplemental jury instructions.

Respectfully submitted this 22nd day of February, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Kevin M. Rapp*
> KEVIN M. RAPP
> COLEEN SCHOCH
> Assistant U.S. Attorneys

**1. Transactional Money Laundering—Concealment Not Required**

Concealment is not an element of the offense of Transactional Money Laundering. It is a violation of the statute even if the financial transaction was conducted openly and with no intent to disguise either the nature of the transaction or the identity of the person involved.

## AUTHORITY

*United States v. Messer*, 197 F.3d 330, 341 (9th Cir. 1999) ("To prove a conviction under § 1957, the government must establish that Appellants: (1) knowingly engaged in a financial transaction; (2) knew that the transaction involved criminal property; (3) the property's value exceeded $10,000; and (4) the property was in fact derived from a specified unlawful activity.")

*Cf. United States v. Montoya*, 945 F.2d 1068, 1076 (9th Cir. 1991) *abrogated on other grounds by McCormick v. United States*, 500 U.S. 257 (1991) (upholding defendant's conviction for money laundering under 18 U.S.C. § 1956, even though "he never attempted to conceal the transaction," because "an intent to launder, disguise or thwart detection of the source or purpose of monies deposited into a bank is not a required element of the section 1956 offense for which Montoya was charged").

**2. "False or Fraudulent"—Reckless Indifference To Truth**

As I have noted, the Mail Fraud and Wire Fraud charges require proof, among other things, of a scheme or plan to obtain money or property through "false or fraudulent" pretenses, representations, or promises. I instruct you that a pretense, representation, or promise is "false or fraudulent" if it is known to be untrue or is made with reckless indifference as to its truth or falsity and is made or caused to be made with the intent to deceive.

### AUTHORITY

*United States v. Dearing*, 504 F.3d 897, 903 (9th Cir. 2007) ("The 'intent to defraud' element is common to the federal fraud statutes. We have repeatedly held that the intent to defraud may be proven through reckless indifference to the truth or falsity of statements.") *United States v. Sayakhom*, 186 F.3rd 928, 942 (9th Cir. 1999) ("'One who acts with reckless indifference to whether a representation is true or false is chargeable with knowledge of its falsity.'") (citation omitted).

### 3. "False or Fraudulent"—Half Truths

A "false or fraudulent" representation also may be made by statements of half-truths or the concealment of material facts as well as by affirmative statements or acts. That is, if a person represents that a particular fact or set of facts exists but at the same time knowingly and intentionally and with intent to deceive fails to reveal other relevant and material facts concerning those representations which would place a different light on the matters represented, the failure to disclose the other material facts may make the matters represented "false or fraudulent" within the meaning of the statutes.

### AUTHORITY

*United States v. Sayakhom*, 186 F.3rd 928, 941 (9th Cir. 1999) ("Intent [to defraud] need not be established by direct evidence, but may be inferred from the defendant's statements and conduct. 'Deceitful statements of half truths or the concealment of material facts is actual fraud under the mail fraud statute.'") (citation omitted).

*United States v. Allen*, 554 F.2d 398, 410 (10th Cir. 1977) ("[F]raudulent representations, as the term is used in 18 U.S.C.A. § 1341, may be effected by deceitful statements of half-truths or the concealment of material facts and the devising of a scheme for obtaining money or property by such statements or concealments is within the prohibition of the statute.").

*Lustiger v. United States*, 386 F.2d 132, 138 (9th Cir. 1967) ("While the statements in the advertising materials may not have been literally false, taken as a whole they were fraudulently misleading and deceptive.").

**4. Acting Through Agent or Employee**

It is not necessary to prove that a defendant personally did every act constituting the offense charged. As a general rule, whatever any person is legally capable of doing himself, he can do through another as his agent. So, if the acts or conduct of an employee or other agent are willfully ordered or directed, or willfully authorized or consented to by a defendant, then the law holds the defendant responsible for those acts or conduct the same as if personally done by the defendant.

## AUTHORITY

*United States v. Collins*, 109 F.3d 1413, 1419 (9th Cir. 1997) ("The act of an intermediary does not break 'the chain of causation.' Employing another person to perform a criminal act does not immunize the principal from the acts of his agent.").

*United States v. Stapleton*, 563 F.2d 777, X (5th Cir. 1977) (upholding as "proper" the following instruction in mail fraud prosecution: "It is not necessary to prove that the accused personally did every act constituting the offense charged. As a general rule, whatever any person is legally capable of doing himself, he can do through another as his agent. So, if the acts or conduct of an employee or other agent are willfully ordered or directed, or willfully authorized or consented to by the accused, then the law holds the accused responsible for such acts or conduct the same as if personally done by the accused.").

**5.  Belief That Investors Will Eventually Be Repaid Is Not A Defense**

Although an honest, good-faith belief in the truth of a misrepresentation may negate intent to defraud, a good-faith belief that an investor will eventually be repaid and will sustain no lo is no defense at all.

## AUTHORITY

*United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1992) (holding that the following instruction "accurately stated the law":  "You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud. However, a defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crimes charged in the indictment.").

*United States v. Benny*, 786 F.2d 1410, 1414 (9th Cir. 1986) ("*While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all.*") (emphasis added)

**6. Negligence of Investors**

You are further instructed that the possibility that an investor may have been negligent or naive in failing to detect the plan or scheme is no defense to a defendant charged with fraud.

## AUTHORITY

*United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000) (holding that "[i]n this circuit, [i]t is immaterial whether only the most gullible would have been deceived by the defendants' scheme" and that "the wire-fraud statute protects the naive as well as the worldly-wise") (citations and internal quotation marks omitted).

*United States v. Hanley*, 190 F.3d 1017, 1023 (9th Cir. 1999), overruled on other grounds by United States v. Martin, 278 F.3d 988, 1003 (9th Cir. 2002) ("Defendants argue that their convictions must be reversed, because the government failed to prove that they had devised a scheme reasonably calculated to deceive persons of ordinary prudence and comprehension. However, the law of this circuit does not require such a showing. In this circuit, '[i]t is immaterial whether only the most gullible would have been deceived' by the defendants' scheme.") (citation omitted).

**CERTIFICATE OF SERVICE**

      I hereby certify that on 22nd day of February 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

_s/Daniel Parke_
U.S. Attorney's Office