Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR MISTRIAL BASED UPON RULE 16 VIOLATIONS AND REQUIRED PRODUCTION OF PRIVILEGED MATERIALS** |
| David Allen Harbour, | |
| Defendant. | |

Defendant David A. Harbour ("Harbour"), by and through undersigned counsel, submits this Motion for a Mistrial based on Rule 16 Violations and the Defendants' Required Production of Privileged Materials.

## ARGUMENT

In 1975, the Federal Rules of Criminal Procedure were amended. In the committee notes to that adoption, the Conference analyzed two definitions of non-discoverable "work product" under Rules 16(a)(2) and (b)(2). *See* Fed. R. Crim. P. 16 1975 Amendment Committee Note D. These versions were drafted by the House and the Senate, with the Committee adopting the Senate definition that under Rule 16(a)(2) and

(b)(2), work product is reports, memoranda, or other internal government documents. *Id.*

The entirety of the relevant amendment note is as follows:

> **"D. Rules 16(a)(2) and (b)(2).** Rules 16(a)(2) and (b)(2) define certain types of materials ("work product") not to be discoverable. The House version defines work product to be "the mental impressions, conclusions, opinions, or legal theories of the attorney for the government or other government agents." This is parallel to the definition in the Federal Rules of Civil Procedure. The Senate version returns to the Supreme Court's language and defines work product to be "reports, memoranda, or other internal government documents." This is the language of the present rule.

> The Conference adopts the Senate provision.

> The Conferees note that a party may not avoid a legitimate discovery request merely because something is labelled "report", "memorandum", or "internal document". For example if a document qualifies as a statement of the defendant within the meaning of the Rule 16(a)(1)(A), then the labelling of that document as "report", "memorandum", or "internal government document" will not shield that statement from discovery. Likewise, if the results of an experiment qualify as the results of a scientific test within the meaning of Rule 16(b)(1)(B), then the results of that experiment are not shielded from discovery even if they are labelled "report", "memorandum", or "internal defense document". House Report No. 94-414."

Rule 16(b)(2) currently reads:

> (2) *Information Not Subject to Disclosure.* Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:
> > (A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or
> > (B) a statement made to the defendant, or the defendant's attorney or agent, by:
> > > (i) the defendant;
> > > (ii) a government or defense witness; or
> > > (iii) a prospective government or defense witness.

This exclusion carves out an exception for documents that fall under the work product doctrine as contemplated by the Committee in 1975. The government sought, and obtained, discovery pursuant to Rule 26.2 for all documents and communications

between counsel and its expert Dr. Robert Manning and has indicated it will continue to seek such materials as more witnesses testify. This, with respect, is an incorrect application of law by the government and the Court, and with the disclosure of privileged documents to the government, a mistrial must be granted.

1.   Fed. R. Crim. P. 26.2 does not constitute an automatic waiver of work product for expert witnesses.

Under the plain language of Rule 26.2, the Rule applies to all witnesses other than the defendant. Fed. R. Crim. P. 26.2(a). On motion, the *statement* of the witness that is in a party's possession and relates to the subject matter of the witness's testimony is to be produced. *Id*. However, a party who called the witness may claim privilege or that it does not relate to the subject matter of the witness's testimony; then, the court must inspect the statement *in camera*. *Id*. at (c). Two aspects of this rule are at note, what constitutes a statement and the subject matter of a witness's testimony.

Rule 26.2 itself lends guidance to what is a 'statement':

**(f)** "Statement" Defined. As used in this rule, a witness's "statement" means:
(1) a written statement that the witness makes and signs, or otherwise adopts or approves;
(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

The case law surrounding Rule 26.2 also lends some guidance as to what a statement is. In *U.S. v. Valdez-Gutierrez*, the court stated Rule 26.2(f) can be read two ways "conjunctively or disjunctively. The conjunctive reading requires both (1) that the witness make the statement, and (2) that the witness sign or in some other manner adopt

or approve the statement that the witness made. The disjunctive, more permissive interpretation is that the witness must either (1) make and sign the statement or (2) in some other manner adopt or approve the statement that the witness, personally, or someone else has made." 249 F.R.D. 368, 370 (D.N.M. 2007). Regardless of the reading, the court above did not interpret "statement" to mean any/all communications the witness was ever a part of, rather, the witness had to sign or adopt the statement. Courts have given further guidance on statements on Rule 26.2. *See United States v. Melo*, 411 F. Supp. 2d 17, 24 (D. Mass. 2006) *holding that* handwritten notes by an agent in their investigation were not subject to Rule 26.2 disclosure; *United States v. Watts*, 934 F. Supp. 2d 451, 497 (E.D.N.Y. 2013) *holding that* lawyers notes of witness interviews were not discoverable under Rule 26.2.

The case law relies on actual written or oral statements provided by a person to a witness at trial and adopted by the witness intending to testify about that statement. *See*, *generally*, *United States v. Wallace*, 326 F.3d 881 (7th Cir. 2003) (disclosure of defense investigators report based on interviews of the defendant's girlfriend was required); *United States v. Hubbard*, 269 F. Supp. 2d 474 (D. Del. 2003) (disclosure was not required as to headers and identifying information that was not part of a witnesses statement); *United States v. Mitrovic*, 286 F.R.D. 683 (N.D. Ga. 2012) (disclosure was not required to governments unredacted investigative reports that summarized interviews with individuals).

Second, Rule 26.2 requires that the witness' statement be part of the subject matter of the testimony. Undoubtably, this cannot mean the other party is entitled to all

communications between the parties, such as scheduling travel plans, negotiating fees for experts, or exchanging drafts of opinions. What is discoverable is the final product, i.e., what the witness will be testifying towards.

The Advisory Committee states that Rule 26.2 is designed to place the disclosure of prior relevant statements of a witness in the possession of the other party, the same as it would be under the Jencks Act. *See* Fed. R. Crim. P. 26.2 Advisory Committee Comments. As this Court is aware, the Jencks Act[1] requires only verbatim statements or reports, not every communication by a witness. The plain language, case law, and Advisory Committee comments make it clear that the definition of 'statements' is not as broad as the government makes it out to be.

The government is incorrect when it seeks all communications relating to the Defendant's expert witnesses. Rule 26.2 does not contemplate discovery of materials exchanged between a witness, especially an expert, and counsel. The government is entitled only to statements that are the subject matter of the testimony. Rule 26.2 is meant to apply to statements received or created by a witness and used in a witness's court testimony. An example of this would be an expert report. Another example would be an interview of a person that is used by another witness in the actual trial. What the Rule does not contemplate is an invalidation of the work product doctrine or attorney client privilege, nor is it so broad to encompass communications exchanged between parties unless that communication is relied upon during testimony. At a minimum, the Court was

---

[1] Unlike the Jencks Act, undersigned counsel acknowledges Rule 26.2 is reciprocal.

required under Rule 26.2 to conduct an *in camera* review of the documents before passing them over to the government.

2.   <u>Fed. R. Crim. P. 16 protects work product documents in relation to expert witnesses and the Court's ordered disclosure warrants a mistrial.</u>

Rule 16 explicitly protects "a statement made to the defendant, or the defendant's attorney or agent, by…(ii) a governement or defense witness." Fed. R. Crim. P. 16(b)(2)(B). The plain language of Rule 16 protects the communications of an expert and the defendants' lawyer. As noted above, this is a 'work product' protection as contemplated by the Advisory Committee. The work product doctrine is a qualified protection limiting discovery of documents and tangible things prepared by a party or their representative in anticipation of litigation or trial. *Jones v. Hernandez*, 322 F.R.D. 411, 412 (S.D. Cal. 2017). Work product applies to criminal litigation as well as civil. *United States v. Nobles*, 422 U.S. 225, 236, 95 S. Ct. 2160, 2169, 45 L. Ed. 2d 141 (1975)[2]. It is a broader protection than attorney-client privilege, and shelters the mental processes of the attorney and protects material prepared by agents for the attorney. *Id*. Attorney work product is waived only when an attorney attempts to use the work product as testimony or evidence or reveals it to an adversary to gain an advantage in the

---

[2] *Nobles* also deals with the application of Rule 26.2 and held that a lay witness investigator was required to turn over statements received from individuals they interviewed. *Nobles* is distinguishable from the case at hand regarding Rule 26.2 as: 1) the investigator was a lay witness; 2) the witness was not required to turn over everything, just statements received from others; 3) work product had been waived by the defense. We anticipate the government will rely on this case in terms of Rule 26.2, and we will address in more detail then.

litigation. *Id*. at 239-240; *see also United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006) *citing to Nobles*.

Here, the Defense was required to disclosure documents protected by work product and the attorney-client privilege by this Court, documents the prosecution now has access to and has already not hesitated to use. *See* Doc. 639 p. 7 footnote 3. In *Upjohn Co. v. U.S*., the Supreme Court evaluated notes, memoranda, and communications and found that the government was not entitled to those documents. 449 U.S. 383, 397, 101 S. Ct. 677, 686, 66 L. Ed. 2d 584 (1981). *Upjohn* warned that forcing an attorney to disclose work product is particularly disfavored. *Id*. The prohibition on forced disclosure of privileged documents was not followed by this Court.

The government insisted on the Defense providing everything pertaining to Dr. Robert Manning, to which the Defense objected, and the Court sided with the government, requiring a full production of all documents. The error caused does not lie solely with the Court; it was the government that insisted on disclosure and blatantly misinterpreted the law before the Court. Now, the government has access to all would-be privileged documents, revealing case strategies, thoughts, and opinions of Defense counsel. That is a bell that cannot be un-rung with the government, as they are now tainted. The jury has also heard cross examination of Dr. Manning based on materials gained through this forced disclosure. The impact on the jury based on information the government should never have had is unknown, but runs the risk of impacting his credibility from information they should never have heard. With respect, the Courts order

to the Defense to disclose privileged documents constitutes error of Rule 16, 26.2, and goes against Supreme Court case law such as *Nobles* and *Upjohn*, necessitating a mistrial.

## CONCLUSION

A mistrial is warranted due to the government receiving materials that would have been subject to the work product doctrine or attorney client privilege had the Court held an *in camera* review. The Defense objected to this disclosure but was ordered to turn over all communications and documents. The government prosecutors now have received insight into the inner workings of the Defense strategy. Additionally, the government was permitted to ask questions of a Defense witness based on the required disclosure that may have impacted the jury. For the forgoing reasons, a mistrial is warranted.

RESPECTFULLY SUBMITTED this 23rd day of February 2023.

CHRISTIAN DICHTER & SLUGA, P.C.


By: /s/ Stephen M. Dichter
    Stephen M. Dichter
    Justin R. Vanderveer
    2800 North Central Avenue, Suite 860
    Phoenix, Arizona 85004
    Attorneys for Defendant David A. Harbour


## CERTIFICATE OF SERVICE

I hereby certify that on February 23 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez