GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
COLEEN P. SCHOCH
Georgia Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Kevin.Rapp@usdoj.gov
Coleen.Schoch@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-PHX-DLR (DMF) |
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S FIRST MOTION FOR MISTRIAL (Doc. 641)** |
| David Allen Harbour, | |
| Defendant. | |

Defendant's motion for mistrial should be denied. Defendant's narrow interpretation of Rule 26.2's scope is incorrect. The rule requires both parties to produce statements of their witness in their possession that relate to the subject matter of their witness's testimony. Second, the United States never sought Defendant's privileged materials; it repeatedly requested that Defendant produce his *witnesses'* Rule 26.2 statements. Third, the Court followed the appropriate procedure for disclosure of Rule 26.2 statements. It reviewed in camera the communications provided by Defendant and identified certain statements covered by the Rule. It then gave Defendant an opportunity to review those emails before they were produced to the United States. Defendant waived that opportunity, informing the Court: "whatever you've decided is fine by me."

The Court did not "require" Defendant to produce any privileged materials. He affirmatively waived his opportunity to review certain communications selected from the materials that he had provided for *in camera* review before they were disclosed. His after-the-fact motion for a mistrial based on his own trial decision should be denied.

## I.  The Work Product Doctrine Does Not Bar Producible Rule 26.2 Statements

Defendant's motion relies on the incorrect presumption that Rule 26.2 does not contemplate the discovery of materials exchanged between a witness and defense counsel. The Supreme Court in *Goldberg v. United States* held otherwise. 425 U.S. 94 (1976). The *Goldberg* Court found that the trial court "erred in holding that the work-product doctrine bars protection of writings otherwise producible under the *Jenks* Act."[1] *Id.* at 98. "We hold that a writing prepared by a Government lawyer relating to the subject matter of the testimony of a Government witness that has been 'signed or otherwise adopted or approved' by the Government witness is producible under the Jencks Act and is not rendered nonproducible because a Government lawyer interviews the witness and writes the 'statement.'" *Id.* "[N]othing in the Jencks Act or its legislative history . . . excepts from production otherwise producible statements on the ground that they constitute 'work product" of Government lawyers." *Goldberg*, 425 U.S. at 101-02.

Courts have found that Jencks Act materials can include "reports, notes, memoranda, correspondence, e-mails, and tape recordings—created by or sent to a government agent who will testify in this matter." *United States v. Weston*, 2007 WL 1555798, at *2 (D. Utah May 22, 2007). In addition, communications between a defendant or his counsel, and a testifying expert are not protected by the attorney-client privilege. *United States v. Ganesh*, 2017 WL 11439117, at *2 (N.D. Cal. Oct. 20, 2017). In *Ganesh*,

---

[1] As Defendant made clear, the Rule 26.2 Advisory Committee stated that the rule is designed to make the procedure identical to how statements are produced under the Jencks Act. (Doc. 641 at 5); *see also United States v. Wiktor*, 403 F.Supp.2d 964, 966 (D. Ariz. 2005) ("The Jencks Act and Rule 26.2 define 'statement' in the same way.") Accordingly, courts rely on cases that cite and interpret either or both Rule 26.2 and the Jencks Act, even when the applicable issue falls exclusively under Rule 26.2. *Wiktor*, 403 F.Supp.2d at 966.

the district court held that if the defendant possessed communications with his testifying expert—including email communications—that the expert relied on to formulate his expert report, then the defendant must produce those communications. The same rule applies here. Defendant had an obligation to produce all statements by Dr. Manning, which include communications between Dr. Manning and Defendant's attorneys that were relied upon by Dr. Manning in preparing his report or his trial testimony. *Id.*

## II.     The United States Never Sought Privileged Materials

Defendant argues that the United States improperly sought the production of certain privileged documents. Defendant is wrong. The United States continually requested the Rule 26.2 statements of Defendant's witnesses in accordance with the rule and applicable caselaw. In Document 642, the United States attached its requests to Defendant's counsel to produce all Rule 26.2 statements. (*See* Doc. 642-1 at 1, 3, 11-12.) The United States' requests included the following:

> "When can we expect (today) the lists and Rule 26.2 statements of any of your witnesses? This would include any correspondence, emails, text messages, and voicemails that are relevant to their testimony." (*Id.* at 11-12.)

> "In the event that Manning is allowed to testify this is our second request that you disclose all Rule 26.2 statements of Dr. Manning, including text messages, emails and correspondence. If you believe that you are not obligated to disclose the items please bring them to court so that we can ask the court [] for an *in camera* review." (*Id.* at 3.)

> "This is the USA's third request that you disclose all 26.2 statements (texts, emails, correspondence, voicemails) and any prior relevant testimony of Dr. Manning today." (*Id*. at 1.)

During the in-court discussion of this issue, counsel for the United States specifically stated that it was not seeking communications by defense counsel: "I want to know what email communications he had with Mr. Dichter when he's . . . discussing the substance of his testimony with Mr. Dichter. I don't need Mr. Dichter's emails, I need his emails, and so this case stands for that proposition. 26.2 stands for that proposition." Trial

Tr. 7:19-24 (Feb. 17, 2023). There is nothing improper about the United States requesting that Defendant follow the applicable rules governing trial.

### III.     The Court Followed the Appropriate Procedure for Rule 26.2 Production

The Court followed the correct protocol for Rule 26.2 document production. If a party believes a portion of a witness statement is irrelevant or not producible under the Jencks Act or Rule 26.2, then the statement must be provided to the court *in camera* for the court to determine whether production is warranted. *United States v. Alvarez*, 86 F.3d 901, 907 (9th Cir. 1996). Here, the Court conducted such an *in camera* review.

Defendant identified Dr. Manning's potential Rule 26.2 statements and sent them electronically to the Court for its review the morning of Dr. Manning's testimony. Trial Tr. pp. 7-8 (Feb. 17, 2023). Following Dr. Manning's direct examination, the Court reviewed those statements and determined that production of certain emails to the United States was appropriate. Trial Tr. 95:5-7 (Feb. 17, 2023). This is the correct procedure. *Palermo v. United States*, 360 U.S. 343, 354 (1959) (holding that if a party doubts that production of a particular statement is compelled under the statute, the appropriate practice is to submit the statements to the trial judge for an *in camera* review); *Alvarez*, 86 F.3d 901, 907.

The Court then sent Defendant the emails that it had flagged for disclosure to the United States under Rule 26.2. It *specifically provided Defendant an opportunity to raise concerns about those emails*. Trial Tr. 95:7-8 (Feb. 17, 2023) ("I've forwarded to Mr. Dichter the emails I had planned on turning over to the government, but for you to have a chance to raise any specific issues to those emails if you have any."). Defendant's attorney *chose not to review those emails and to defer to the Court*'s decision. Trial Tr. 95:17-18 (Feb. 17, 2023) ("[W]hatever you've decided is fine by me."). The complete exchange between the Court and Defendant's counsel is as follows:

> (Proceedings resumed at 12:16 p.m.)
>
> THE COURT: First of all, with regard to the emails, I've forwarded to Mr. Dichter the emails I had planned on turning over to the government, but for you to have a chance to raise any specific issues to those emails if you have any.

> MR. DICHTER: I just learned of that downstairs. So -- and it would appear -- well, I -- I'm not going to be able to do this quick enough because our fancy-dancy new double secret probation email protection system has sent this to our administrator because it has some forbidden word in it.
>
> THE COURT: Okay. Well, I -- we started making hard copies, but it turned out to be there's so much to copy we couldn't get it all done, so that's why I emailed it to you.
>
> MR. DICHTER: Yeah, whatever you've decided is fine by me.

Trial Tr. p. 95 (Feb. 17, 2023). Defendant chose to provide the statements to the Court for review during the witness's direct examination. He chose to provide them without any proposed redactions. Most significantly, he chose to waive the opportunity *specifically offered to him by the Court* to review the emails identified for disclosure to the United States for any purpose prior to their disclosure. Defendant was *not* "required to disclos[e] documents protected by work product and the attorney-client privilege by this Court." Mot. for Mistrial 7. He affirmatively waived any objection to their disclosure.

## IV.    Conclusion

The Court should deny Defendant's first motion for mistrial. Rule 26.2 requires both parties to produce statements of their witness in their possession that relate to the subject matter of their witness's testimony. The United States repeatedly sought such statements by Dr. Manning and specifically informed Defendant and the Court that it was not seeking statements by Defendant's attorneys. After the Court reviewed Dr. Manning's potential Rule 26.2 statements and informed the parties that he intended to release certain emails to the United States, Defendant chose to defer to the Court's decision and not take the opportunity specifically provided to review those emails before they were released. Defendant's motion for a mistrial based on his own trial decision should be denied.

Respectfully submitted this 27th day of February, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona
*s/ Kevin M. Rapp*
KEVIN M. RAPP
COLEEN SCHOCH
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office