Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
| Plaintiff, | **DEFENDANT DAVID A. HARBOUR'S SUPPLEMENTAL REQUESTED JURY INSTRUCTIONS** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

**Non-Model Instruction No. 3**
**No Proof of Regulatory**
**Regulatory Violations**

You have heard reference at times during the trial to federal regulations enforced by Federal Trade Commission ("FTC") and the Securities Exchange Commission ("SEC"). While, in and of itself, a violation of these regulations, principles, standards, or guidelines does not establish a violation of the criminal law, in this case, there was no evidence introduced by the government that any charges were brought against Mr. Harbour by either the FTC or the SEC. As a result, you are not permitted to consider any evidence of regulatory violations involving Mr. Harbour in determining the charges brought against him by the government.

*Authority*: *United States v. Hussain*, No. 16-CR-00462-CRB, Dkt. 374 (N.D. Cal. Apr. 24, 2018); *United States v. Reyes*, No. 06-CR-00556-CRB, Dkt. 524-N.D. Cal. July 25, 2007)

# Non-Model Instruction No. 4

## Ponzi Scheme Defined

You have heard the government characterize the conduct of the Defendant as a Ponzi Scheme. A Ponzi Scheme is defined as follows:

First, deposits were made by investors;

Second, the Defendant conducted little or no legitimate business operations;

Third, the purported business operation of the Debtor produced little or no profits or earnings; and

Fourth, the source of payments to investors was from cash infused by new investors.

*Gowan v. Amaranth Advisors L.L.C. (In re Dreier LLP)*, Adv. P. No. 10–03493, 2014 WL 47774, at *9 (Bankr. S.D.N.Y. Jan. 3, 2014) (citation omitted). *See also*, *Eberhard v. Marcu,* 530 F.3d 122, 132 n. 7 (2d Cir. 2008); *accord In re BLMIS*, 654 F.3d 229, 232 (2d Cir. 2011) ("Net Equity Decision "), cert. denied, — U.S. —, 133 S. Ct. 25 (2012); *see United States v. Moloney*, 287 F.3d 236, 242 (2d Cir.)

The language and the citations are drawn from the government's Motion in Limine to Determine the Admissibility of Certain Evidence, Doc. 485, 12/20/2022, p. 17-18.

RESPECTFULLY SUBMITTED this _____ day of February 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

## **CERTIFICATE OF SERVICE**

I hereby certify that on February ____, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff

/s/ Yvonne Canez