GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona Bar No. 014249
Kevin.Rapp@usdoj.gov
COLEEN P. SCHOCH
Georgia State Bar No. 366545
Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br>David Allen Harbour,<br><br>　　　　　　　Defendant. | No. CR-19-00898-PHX-DLR<br><br>**SUPPLMENTAL PROPOSED MODIFIED JURY INSTRUCTION RE: COUNTS 11 AND 12** |

Pursuant to the Court's request of February 27, 2023, the United States submits the following modified Jury Instruction relating to Counts 11 and 12 (Mail Fraud).

**Mail Fraud – Completion of Scheme**

For a mailing to "carry out or attempt to carry out an essential part of the scheme," it must have been mailed prior to the scheme's completion. In deciding when a scheme was completed, you are to consider the scope of the scheme as it was devised by the Defendant. If during course of the scheme the Defendant formulated a specific plan for evading detection, mailings sent as part of that specific plan meant to lull the victims into a false sense of security or facilitate the concealment of the scheme are an essential part of the scheme to defraud.

If you find that the United States has not proven beyond a reasonable doubt that the mailings described in Counts 11 and 12 were "an essential part of the scheme" devised by the Defendant, then you must return a not guilty on both counts.

**AUTHORITY**

*United States v. Gelazela*, 777 F. App'x 898 (9th Cir. 2019); *Schmuck v. United States*, 489 U.S. 705, 710-11 (1989) ("The wire itself "need not be an essential element of the scheme. It is sufficient for the [wire] to be incident to an essential part of the scheme, or a step in the plot."); *United States v. Tanke* 743 F.3d 1296, 1301 (9th Cir. 2014) ("Where the victim's money has already been obtained, wirings designed to avoid detection or responsibility for a fraudulent scheme fall within the wire fraud statute when they are sent before the scheme is completed."); *United States v. Lane*, 474 U.S. 438, 451-52 (1986) ("[T]he scheme was not completed *until the final mailing* ... because that mailing was intended (as were the two earlier ones) to 'lull' the [victim] into a false sense of security."); *United States v. Rutigliano*, 790 F.3d 389, 401 (2d Cir. 2015); *United States v. Howard*, 350 F.3d 125, 128 (D.C. Cir. 2003) ("In applying the statute of limitations to mail and wire fraud the circuits appear uniformly to focus on the actual mailing and use of the wires."); *United States v. Jones*, 712 F.2d 1316, 1320-21 (9th Cir. 1983) ("The mailings here follow the classic pattern of a 'lulling' scheme . . . . In such a scheme, the mailing reassures the victim that all is well, discouraging him from investigating and uncovering the fraud"); *United States v. Ferguson*, 584 F. App'x 749, 750-51 (9th Cir. 2014) ("[T]he letters were lulling letters because they were intended to reassure victims that neither their principal nor their previously accrued interest earnings were in jeopardy.... [T]he letters fit neatly into the definition of 'lulling letters.'")

Respectfully submitted this 27th day of February, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
> *s/ Coleen Schoch*
> KEVIN M. RAPP
> COLEEN P. SCHOCH
> Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

 *s/ Coleen Schoch*
U.S. Attorney's Office