GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-PHX-DLR (DMF) |
| Plaintiff, | |
| v. | **UNITED STATES' MOTION TO DETAIN DEFENDANT POST GULITY-VERDICT** |
| David Allen Harbour, | |
| Defendant. | |

The jury has now convicted the Defendant on Counts 1, 2, 3, 6, 7, 8, 13, 14,15, 16, 17, 18, 19, 20, 21, 22, & 23. Pursuant to 18 U.S.C. § 3143(a), and the Court's order of January 27, 2023, the United States requests that the Court detain Defendant David Allen Harbour pending the imposition of sentence.

First, the Court released Defendant on an emergency basis only for the duration of the first trial: "It's further ordered that defendant be temporarily released from custody forthwith until the completion of the first trial in this case, on the conditions the Court otherwise previously set." Final Pretrial Conf. Tr. 35:12-15 (Jan. 27, 2023). Second, detention is presumed under 18 U.S.C. § 3143(a). Probation is unavailable because Defendant has been convicted of Class C felonies and faces a lengthy prison sentence under the United States Sentencing Guidelines. The Court has already found that "Defendant has

- 1 -

violated his conditions of release in multiple ways . . . . [and] is a serious flight risk." Order at 4 (July 22, 2022). The lengthy sentence that he now faces only gives Defendant a heightened incentive to flee.

Defendant cannot overcome the presumption in favor of detention pending his sentencing. The Court should detain Defendant David Allen Harbour pending the imposition of his sentence.

**I.  Detention Pending Sentencing After Conviction is Statutorily Presumed**

A jury has found the Defendant guilty of Class C felonies. Absent clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community, detention is mandatory:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

18 U.S.C. § 3143(a).

In *United States v. Gerrans*, 2020 WL 1865420, at *1 (N.D. Cal. Apr. 14, 2020), the court found that neither § 3143(a)(2) nor the "exceptional reasons" provision of § 3145(c) (which applies to those detained under § 3143(a)(2)) applied. The Court noted that, even if there were "exceptional reasons," release under § 3145(c) would not be proper unless the judicial officer found by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released with conditions under § 3142(b) or (c). *Id.* After conviction, exceptional reasons can override the requirement of a substantial likelihood that a motion for acquittal or new trial will be granted (§ 3142(a)(2)) or that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in relief on appeal (§ 3143(b)(1)); it does not, however, authorize relief if there is a risk of flight or danger.

Other circuit courts have held that there is no constitutional right to bail pending

sentencing and, further, that the law disfavors release pending sentencing. *See, e.g.*, *United States v. Abuhamra,* 389 F.3d 309, 317 (2nd Cir. 2004). Thus, the burden is on the defendant to demonstrate lack of flight risk and risk of harm is "plainly substantial." *Id.* at 316-20. This is because the government has:

> a strong and obvious countervailing interest in detaining defendants who have been found guilty beyond a reasonable doubt of serious crimes; such detention providing public safety by removing a presumptively dangerous person from the community; it also encourages general respect for the law by signaling that a guilty person will not be able to avoid or delay imposition and service of the sentence prescribed by law.

*Id.* at 320.

Defendant cannot meet a burden of clear and convincing evidence and therefore should be detained. As set forth below, Defendant's circumstances and the potentially lengthy prison sentence that he faces both support detention pending sentencing.

## II. The Court Released Defendant Temporarily Until the Completion of Trial 1

Defendant was released by the Court only for the duration of the first trial. The Court found that "the nature and volume of evidence in the upcoming trial warrants granting the relief requested in defendant's motion so that defendant may have adequate time to communicate with counsel during trial and participate in his defense at trial. Final Pretrial Conf. Tr. 35:4-8 (Jan. 27, 2023). "It's further ordered that defendant be temporarily released from custody forthwith until the completion of the first trial in this case, on the conditions the Court otherwise previously set." Final Pretrial Conf. Tr. 35:12-15 (Jan. 27, 2023). The first trial has concluded with Defendant being found guilty. The basis for Defendant's emergency release has expired, and he should be detained.

## III. Defendant is a Flight Risk as He Faces a Guideline Sentence of 17-22 Years

Defendant is now directly faced with a lengthy prison sentence: 20 years' imprisonment. Having been convicted of Class C felonies, probation is not available. 18 U.S.C. § 3561. The length of a potential sentence is generally accepted as an indicator of flight risk. *Abuhamra*, 389 F.3d at 309. Under the U.S. Sentencing Guidelines, Defendant

Harbour's sentencing range is 210 to 262 months' imprisonment (17.5-22 years) based on a criminal history level I and a total offense level 37:

| | | |
|---|---|---|
| Base Offense Level § 2B1.1(A) | | 7 |
| Amount of Loss § 2B1.1(B)(1) ($9.5- $20M) | | + 20 |
| Use of Sophisticated Means § 2B1.1(B)(9) | | + 2 |
| Role of Leader/Extensive Scheme § 3B1.1(A) | | + 2 |
| Abuse of Trust/Use Of Specialized Skill § 3B1.3 | | + 2 |
| Obstruction of Justice § 3C1.1 | | + 2 |
| Vulnerable Victim § 3A1.1[1] | | + 2 |
| **Total** | | **= 37** |

Other defendants in similar fraud cases in this district have received lengthy prison sentences following trial:

- *United States v. Mario Bernadel*, CR-08-00256-PHX-SMM: leader of mortgage fraud scheme with $10 million in loss and criminal history category II sentenced to 17 years after trial.

- *United States v. Eitan Maximov*, CR-10-00822-PHX-DGC: investor in mortgage fraud scheme with $1-2.5 million in loss and criminal history category I sentenced to 8 years after trial.[2]

- *U.S. v. Liddle,* CR-10-01725-PHX-SRB: sentenced in 2012 to 15 years for Bank Fraud involving a loss of $7-20 million following trial.

- *U.S. v. Slade*, CR-09-1492-PHX-ROS: Slade sentenced in 2013 to 15 years after pleading guilty to a *Ponzi* scheme that involved a loss of $20-

---

[1] Both Kenneth Bobrow and Rhonda Gray were vulnerable victims due to Bobrow's age and Gray's vulnerability following the sudden death of her husband. U.S.S.G. § 3A1.1 app. note 2.

[2] Maximov was taken into custody following a guilty verdict. (Doc. 201) Maximov had not violated his pretrial release conditions.

50 million; co-defendants (Guy and Brent Williams) sentenced to 12 and 7 years, respectively, following trial.

- *U.S. v. Woodard,* CR-10-1721-02-PHX-DLR: Woodard was sentenced in 2015 to 9 years following a trial that involved an advance fee fraud scheme with a loss of $7.5 million. Woodard only received $1.5 million of the proceeds.

- *U.S. v. Anderson/Plany,* CR-12-1606-PHX-SRB: sentenced in 2016 to 9.5 years following trial regarding a mortgage fraud scheme with a loss of $10 million[3] in which he defrauded both putative investors and lenders.

- *U.S. v. Audette,* CR-14-00858-PHX-SPL: sentenced to 20 years for wire fraud and money laundering in a fraud scheme following trial with a loss of $3.4 million.

Defendant remains a flight risk and a danger to the community. His substantial sentence exposure from the counts of which he was convicted in this trial gives him a motive to flee. He is also facing significant additional exposure following his second and third trials, which will occur this month.

### A. Defendant is a "serious flight risk"

When reviewing the decisions of the magistrate judge regarding Defendant's pretrial release violations, the Court found that "Defendant has violated his conditions of release in multiple ways . . . . [and] is a serious flight risk." Order at 4 (July 22, 2022).

### B. Defendant violated numerous pretrial release conditions

Defendant's persistent disregard for his pretrial release conditions provides further support for his immediate detention. A grand jury found probable cause to find that Defendant committed additional crimes while on release, as charged in Counts 27-34. Order at 2 (July 22, 2022) (Doc. 427). The Court also found that, while on release,

---

[3] Both Anderson and Plany were taken into custody following a guilty verdict. (Doc. 212) Neither had violated the conditions of their respective pretrial release.

Defendant violated two additional conditions. First, it found by clear and convincing evidence that Defendant violated the condition that he not solicit investors for any investment when he solicited Kenneth "Bobrow to invest $142,000 for the purchase of a residence on Georgia Ave. . . . for Defendant's benefit." Order at 2 (July 22, 2022). Second, it found by clear and convincing evidence that Defendant violated the condition that he notify Pretrial Services of his financial transactions when he failed to inform pretrial services of a $1,950,000 loan. Order at 4 (July 22, 2022). "Defendant's attempt to "finesse" this transaction, which is clearly a loan, by labelling it as an advance on expected income, is an obvious attempt to circumvent the condition of release that he report financial transactions to PTS." Order at 4 (July 22, 2022). Defendant's repetitive violations show that he does not respect or abide by the Court's orders.

**C. Defendant forges signatures and creates fictitious documents**

During the trial, the Court also heard evidence of Defendant forging or otherwise falsifying signatures, creating fictitious documents and email addresses, and even hijacking a cell phone and computer to facilitate his attempts to tamper with the witnesses against him at trial. The fraudulent and deceptive nature of these offenses reflect on the seriousness of Defendant's criminal conduct, Defendant's poor character, and the need to protect society from his risk of flight and from further harm. Defendant cannot show otherwise by clear and convincing evidence.

Defendant since he has now been found guilty of his crimes by a jury. The Court should detain him pending sentencing.

Respectfully submitted this 2nd day of March, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
COLEEN SCHOCH
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office