Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>David Allen Harbour,<br><br>        Defendant. | Case No. 2:19-cr-00898-DLR (DMF)<br><br>**DEFENDANT'S RESPONSE TO THE MOTION TO DETAIN DEFENDANT POST GUILTY VERDICT** |

Defendant David A. Harbour ("Harbour"), by and through undersigned counsel, submits this Response to the Government's Motion to Detain Defendant Post Guilty Conviction.

18 U.S.C. § 3143(a)(2)(B) permits the release of a Defendant who has been found guilty of Class C felonies when the judicial officer finds clear and convincing evidence that the Defendant is not likely to flee or pose a danger to any other person in the community.

This Court initially ordered the release of Harbour in order to participate in his own defense. While the Defense acknowledges that the release was only for the duration

of the first trial, Defendant respectfully requests to remain out of custody for the remainder of trials and through sentencing.

He was released from August 2019 to December 2021 and he actually won the hearings to revoke his release.

First, as a matter of practicality, the same conditions that the Court relied upon in releasing Harbour the first time still exist today as they did in January. Harbour would not be able to participate in his defense in any meaningful way if he is remanded to custody; counsel would have little contact with Harbour due to the U.S. Marshall's transport schedules and Harbour would be given next to no sleep on a daily basis.

Second, clear and convincing evidence exists that the Defendant is not a flight risk. Harbour, since his release, has abided by all release conditions, actively participated in his defense, and has maintained close contact with the Court's Pretrial Services Officer. Harbour's wife, daughters, sister, mother, and friends reside in the State of Arizona. His daughters are enrolled in school and have relationships that would be difficult to upend if Harbour were to flee.

The government contends that Harbour would face 17-22 years if sentenced under the guidelines, but that is fantastical. The amount of loss as calculated by the government is $9.5-$20 million. Harbour was not convicted on all counts and as the Court is aware, the transactional money laundering counts tie directly to the underlying wire fraud amounts. The potential losses are $1.1 million for PAIF, $1 million for Burg, and $350,000 for Turasky.

PAIF foreclosed OakTree's account when it had $1.9 million in it, so PAIF wound-up $800,000 ahead of where it should have been. Turasky converted his loss into a future gain in a new deal.

So realistically, Harbour is in the ballpark of roughly $2.5 million for the amount of loss. The parties can and will argue for adjustments through the presentencing process. At the moment, the Defense calculates the offense level at 22, criminal history category 0-1; Harbour does not have a prior criminal history. The government also lists Kenneth Bobrow and Rhonda Gray as vulnerable victims, but they were not counts in the indictment. The co-called Spaulding fraud happened in 2007 and Kenneth Bobrow was, at that time, hardly a vulnerable adult. Rhonda Gray's loan was not related conduct.

The government failed to prove the existence of a Ponzi scheme. Anything that existed prior to Operation Chokepoint was acquitted by the jury, which is the point of the results of acquittals in the Alison Willson and Carol Hill counts (Counts 11 and 12).

At this stage, Harbour has no reason to flee. While he was found guilty on most counts, he was also found not guilty on others.

Harbour's recent conduct, his observance of very strict release conditions coupled with his ties to the community and the initial Guideline calculation, all militate in favor of his continuing on release. With two more trials currently scheduled, the same need for his release as existed for trial still exists. A remand to custody would effectively eliminate his Constitutional right and his ability to participate in those trials.

Finally, late in the afternoon of March 2, 2023, the government forwarded a proposed plea agreement that, if negotiated to a successful resolution, would cause the

entry of a plea to Count 24 of the Second Superseding Indictment. The offer expires at 5:00 P.M. today and is under serious consideration. If Mr. Harbour is remanded after this morning's hearing, the negotiations cannot be completed.

RESPECTFULLY SUBMITTED this 3rd day of March 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez

4