FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 0 2 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**CHARGES AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION
OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**REASONALBE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      First, the sworn testimony of any witness;

      Second, the exhibits received in evidence; and

      Third, any facts to which the parties have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**LAW ENFORCEMENT WITNESSES**

You have heard testimony of law enforcement officers and government employees. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from Dr. Robert Manning and Cathy Cameron who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

### ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
## SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

1

**ON OR ABOUT—DEFINED**

The second superseding indictment charges that the offense alleged in Counts 1-23 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts 1-23 of the second superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings , and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**WIRE FRAUD**
**(18 U.S.C. § 1343)**

The defendant is charged in Counts 1-10 of the second superseding indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in and/or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

## MAIL FRAUD—SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY FALSE PROMISES (18 U.S.C. § 1341)

The defendant is charged in Counts 11-12 of the second superseding indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in and/or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict the defendant of mail fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of

1    the scheme, nor does it matter whether the scheme or plan was successful or that any money

2    or property was obtained.

**TRANSACTIONAL MONEY LAUNDERING**
**(18 U.S.C. § 1957)**

The defendant is charged in Counts 13-23 of the second superseding indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the acts of Wire Fraud alleged in Counts 1-10 of the second superseding indictment; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank.

The term "criminally derived property" means any property constituting, or derived from, the proceeds obtained from a criminal offense.  The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.  The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of wire fraud.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all the property at issue was criminally derived.

## MATERIAL OMISSIONS - LENDERS

The government has contended that Mr. Harbour omitted advising lenders of a variety of circumstances that the government contends amounted to material omissions. In certain circumstances, as I have instructed, material omissions can support allegations of fraudulent conduct. Lenders and borrowers, by the nature of that legal relationship, do not usually have special, trusting relationships in which one part acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

To find that a special relationship existed between Mr. Harbour and any of the lenders, you must find that the relationship was a trusting relationship, such that Mr. Harbour was bound to act for the benefit of the lender.

If a special relationship exists between Mr. Harbour and a lender, you may consider whether Mr. Harbour omitted advising lenders of a variety of circumstances amounting to material omissions.

If no special relationship existed between Mr. Harbour and a lender, only knowingly made affirmative material misrepresentations can support a conviction for mail fraud or wire fraud.

**MATERIAL OMISSIONS – INVESTORS**

Mr. Harbour owed a duty to investors not to materially omit making disclosures that, had they been made, would have had a natural tendency to influence or capable of influencing investors to not part with money or property. It is up to the government to prove beyond a reasonable doubt that, with respect to investors that Mr. Harbour willfully omitted facts that, had they been disclosed to investors would have caused investors not to part with money or property.

**WIRE FRAUD – VICTIM'S CONDUCT**

A victim's negligence is not a defense to wire fraud. You have heard evidence regarding investors' process for deciding whether to invest money with Mr. Harbour. You are to consider this evidence to the extent that it helps you determine whether Mr. Harbour made false or fraudulent pretenses, representations, omissions of material fact or promises as part of a scheme or plan to defraud (see prior Wire Fraud instruction).

You may also consider this evidence to the extent that it helps you determine whether the statements made or facts omitted as part of the alleged scheme were material; that is, whether they had a natural tendency to influence, or were capable of influencing, a person to part with money or property (see prior Wire Fraud instruction).

**OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

You have heard testimony and seen evidence that the defendant submitted two false gift letters in relation to a home purchase. This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant: had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; and, did not commit the acts for which the defendant is on trial by accident or mistake. Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for wire fraud, mail fraud, and transactional money laundering, not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

**REGULATORY VIOLATIONS**

You have heard reference at times during the trial to federal regulations enforced by Federal Trade Commission ("FTC") and the Securities Exchange Commission ("SEC"). In and of itself, a violation of these regulations, principles, standards, or guidelines does not establish a violation of the criminal law.

**INTENT TO DEFRAUD AND GOOD FAITH**

An essential element of each crime charged is intent to defraud. A person who acts on a belief or opinion honestly held is not punishable under these statutes merely because his or her opinion or belief turns out to be wrong.

**KNOWINGLY**

An act is done knowingly if the defendant is aware of the act and does not act or fails to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INTENT TO DEFRAUD**

An intent to defraud is an intent to deceive or cheat.

## STATUTE OF LIMITATIONS IN CONNECTION WITH MAIL FRAUD CHARGES

The Defendant contends that the charges in Courts 11 and 12 were filed after the expiration of the statute of limitations. The Government has the burden of proving beyond a reasonable doubt that the charges were filed before the expiration of the statute of limitations.

The indictment in this case charging Counts 11 and 12 was filed on November 24, 2020. The statute of limitations for the charges in Counts 11 and 12 of this case, mail fraud, is five years from the completion of the fraud. In a mail fraud case, the offense is deemed completed when the proceeds of the alleged fraud have been received by the alleged perpetrator of the fraud or on the latest date on which the defendant acts to prevent discovery of the fraud or to permit further fraudulent activities to progress unhindered.

Therefore, with respect to Counts 11 or 12, charging the Defendant with mail fraud, if you find that the Government has not proved beyond a reasonable doubt that the charges were filed within 5 years from the completion of the fraud, you must find the Defendant not guilty of those charges.

### DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.