

1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP
   Assistant U.S. Attorney
4  Arizona State Bar No. 014249
   Kevin.Rapp@usdoj.gov
5  COLEEN SCHOCH
   Assistant U.S. Attorney
6  Georgia State Bar No. 366545
   Coleen.Schoch@usdoj.gov
7  Two Renaissance Square
   40 N. Central Ave., Suite 1800
8  Phoenix, Arizona 85004
   Telephone: 602-514-7500
9  Attorneys for Plaintiff

FILED ___ LODGED ✓
___ RECEIVED ___ COPY

MAR 07 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

10                 IN THE UNITED STATES DISTRICT COURT

11                     FOR THE DISTRICT OF ARIZONA

12  United States of America,              CR-19-00898-PHX-DLR (DMF)

13                      Plaintiff,

14            vs.                                  PLEA AGREEMENT

15  David Allen Harbour,

16                      Defendant.

17

18          Plaintiff, United States of America, and the defendant, DAVID ALLEN

19  HARBOUR, hereby agree to dispose of this matter on the following terms and conditions:

20  1.    **PLEA**

21          The defendant will plead guilty to Count 24 of the second superseding indictment

22  charging the defendant with a violation of charging a violation of 26 U.S.C. § 7201, Tax

23  Evasion, a Class D Felony Offense.

24

25  2.    **MAXIMUM PENALTIES**

26          a.    A violation of 26 U.S.C. § 7201 is punishable by a maximum fine of

27  $500,000, a maximum term of imprisonment of 5 years, or both, and a term of supervised

28

release of 3 years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

     b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

          (1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

          (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

          (3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

          (4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

     c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.**    **AGREEMENTS REGARDING SENTENCING**

     a.    Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that if the Defendants **enters this plea on or before 9:00 am on March 7, 2023,** the defendant's sentence shall not exceed the 24 months' imprisonment. This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

     b.    The United States Attorney for the District of Arizona will not charge Abby

*The Restitution & taxes interest and penalties for the 2012 tax year are one and the same.*

Harbour with any offenses arising out of the charges against David Harbour in the Second Superseding Indictment.

c. The defendant specifically agrees to pay restitution to the Internal Revenue Service in the amount of at least $4,680,354.24 for the 2012 tax year. The defendant understands there may be additional civil adjustments to the tax due for that year after he is sentenced. The defendant further agrees to cooperate with the Internal Revenue Service regarding tax years 2013-2021, including by filing or amending his previously filed tax returns, provided, however, that "cooperation" shall include making use of any and all administrative and civil remedies available to taxpayers under the Internal Revenue Code through his advisors and attorneys. Restitution to the Internal Revenue Service will be collected and distributed after the restitution allocated to the victims in paragraph 3(e) has been fully paid. *In the convicted counts of the 2nd Superseding indictment.*

d. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

1  commission of the offense, and if the defendant demonstrates an acceptance of
2  responsibility for this offense up to and including the time of sentencing, the United States
3  will recommend a two-level reduction in the applicable Sentencing Guidelines offense
4  level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,
5  **and enters this plea on or before 9:00 am on March 7, 2023,** the United States will move
6  the Court for an additional one-level reduction in the applicable Sentencing Guidelines
7  offense level pursuant to U.S.S.G. § 3E1.1(b).

8  **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

9        a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of
10 sentencing, shall dismiss the following charges: Counts 25-34 of the second superseding
11 indictment.

12       b.    This agreement does not, in any manner, restrict the actions of the United
13 States in any other district or bind any other United States Attorney's Office. In addition,
14 the United States agrees to not bring new charges against Defendant or his wife based upon
15 any acts or omissions of which the United States was aware prior to the date of this
16 Agreement, including but not limited to,  witness tampering and obstruction of justice
17 charges. The defendant understands that the United States shall be free to use allegations
18 of witness tampering and obstruction  of justice  as enhancements at sentencing on any
19 count of the second superseding indictment.

20       c.    If the Court, after reviewing this plea agreement, concludes that any
21 provision contained herein is inappropriate, it may reject the plea agreement and give the
22 defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
23 11(c)(5).

24       d.    In this regard, the United States represents that it is unaware of any United
25 States Attorney's Office that is currently investigating Defendant.

26       e.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,
27 vacated, or reversed at any time, this agreement shall be null and void, the United States
28 shall be free to prosecute the defendant for all crimes of which it then has knowledge and

any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

5.   **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives, as counts 24-34 of the SSI, (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

6.   **DISCLOSURE OF INFORMATION**

a.   The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

- 5 -

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

d.      The defendant shall cooperate fully with the Internal Revenue Service and pay all tax liabilities. The defendant shall file timely, accurate, and lawful income tax returns and provide proof to the probation officer.

7.      **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.      Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8.      **ELEMENTS**

**Tax Evasion of Payment**

a.      Defendant had a substantial income tax deficiency for calendar year 2012;

- 6 -

    b.    Defendant made an affirmative attempt to evade or defeat the payment of income tax;

    c.    Defendant acted willfully; and

    d.    Defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

1. **FACTUAL BASIS**

    a.    The defendant admits that the following facts are true and that, if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt:

    b.    I know that I had a income tax deficiency for calendar year 2012.

    c.    On or about April 14, 2016, I provided the IRS a signed Form 433-A and financial documents that intentionally omitted bank records held under my control.

    d.    On or about April 26, 2017, I provided the IRS a second signed Form 433-A that contained intentionally and materially false statements including regarding my wife's employment, financial information, assets, and liabilities. For example, I omitted bank records held under my control, ownership positions in my entities, and entities held under the name of my wife and/or owned by her. I did not disclose the ownership arrangement of my personal residence on Martingale Road in Scottsdale, Arizona, and I did not disclose the possession and use of an American Express credit card held under the name of W.Y. I agree that an analysis of my American Express credit card activity for the period of January 1, 2017, to April 30, 2017, shows $277,706.49 in payments made. In addition, during the following two months (May-June 2017), I paid American Express a total of $209,131.36. I also falsely listed my position with a company known as Volente on this Form 433-A. I misrepresented to the IRS that my wife and I did not have any bank accounts and that I was paid by Volente via a company credit card. In truth, from January-June 2018, my wife and I had control over at least three bank accounts with deposits to these accounts exceeding $240,000 during this time. I intentionally did not disclose and misrepresented this information on the Form 433-A.

e.      I intentionally committed overt acts  to evade the payment of taxes for the tax year 2012.

f.      On or about December 20, 2019, I signed an IRS Form 1040X for calendar year 2012 that attempted to drastically reduce our tax due for that year by falsely claiming a net operating loss. The net operating loss is a carryback from calendar years 2013 and 2014. I knew that this loss was falsely claimed because taxes for calendar years 2013 and 2014 were (and are currently) in tax court and unsettled.

g.      Pursuant to a stipulation entered into in October 2018, I know that my tax due and owing, including penalties and interest, totals $4,680,354.24 for tax year 2012.

h.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range

1    of the possible sentence and that my ultimate sentence shall be determined by the Court

2    after consideration of the advisory Sentencing Guidelines.

3         My guilty plea is not the result of force, threats, assurances, or promises, other than

4    the promises contained in this agreement.  I voluntarily agree to the provisions of this

5    agreement, and I agree to be bound according to its provisions.

6         I understand that if I am granted probation or placed on supervised release by the

7    Court, the terms and conditions of such probation/supervised release are subject to

8    modification at any time.  I further understand that if I violate any of the conditions of my

9    probation/supervised release, my probation/supervised release may be revoked and upon

10   such revocation, notwithstanding any other provision of this agreement, I may be required

11   to serve a term of imprisonment, or my sentence otherwise may be altered.

12        This written plea agreement, and any written addenda filed as attachments to this

13   plea agreement, contain all the terms and conditions of the plea.   Any additional

14   agreements, if any such agreements exist, shall be recorded in a separate document and

15   may be filed with the Court under seal; accordingly, additional agreements, if any, may not

16   be in the public record.

17        I further agree that promises, including any predictions as to the Sentencing

18   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

19   (including my attorney) that are not contained within this written plea agreement, are null

20   and void and have no force and effect.

21        I am satisfied that my defense attorney has represented me in a competent manner.

22        I fully understand the terms and conditions of this plea agreement.  I am not now

23   using or under the influence of any drug, medication, liquor, or other intoxicant or

24   depressant that would impair my ability to fully understand the terms and conditions of this

25   plea agreement.

26

27   __3-3-2023__                    _____
     Date                                   DAVID ALLEN HARBOUR
28                                           Defendant

- 9 -

1
2
## APPROVAL OF DEFENSE COUNSEL

3    I have discussed this case and the plea agreement with my client in detail and have
4   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the
5   constitutional and other rights of an accused, the factual basis for and the nature of the
6   offense to which the guilty plea will be entered, possible defenses, and the consequences
7   of the guilty plea including the maximum statutory sentence possible. I have further
8   discussed the concept of the advisory Sentencing Guidelines with the defendant. No
9   assurances, promises, or representations have been given to me or to the defendant by the
10   United States or any of its representatives that are not contained in this written agreement.
11   I concur in the entry of the plea as indicated above and that the terms and conditions set
12   forth in this agreement are in the best interests of my client. I agree to make a bona fide
13   effort to ensure that the guilty plea is entered in accordance with all the requirements of
14   Fed. R. Crim. P. 11.

15
16   3-23-23
17   _____                    _____
     Date                                        STEVEN DICHTER
18                                               Attorney for Defendant

19   ## APPROVAL OF THE UNITED STATES

20    I have reviewed this matter and the plea agreement. I agree on behalf of the United
21   States that the terms and conditions set forth herein are appropriate and are in the best
22   interests of justice.

23
24                                               GARY M. RESTAINO
                                                 United States Attorney
25                                               District of Arizona
                                                 KEVIN RAPP    Digitally signed by KEVIN RAPP
26                                                             Date: 2023.03.03 16:31:12
                                                             -07'00'
27   _____                    _____
     Date                                        KEVIN M. RAPP
28                                               COLEEN P. SCHOCH
                                                 Assistant U.S. Attorneys

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ACCEPTANCE BY THE COURT

_____          _____
Date                                                HONORABLE DOUGLAS L. RAYES
                                                          United States District Judge

- 11 -