GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>David Allen Harbour,<br><br>　　　　　Defendant. | No. CR-19-00898-PHX-DLR (DMF)<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL [Doc. 698]** |

The Court should deny Defendant David Allen Harbour's Motion for New Trial, which he brings under Federal Rule of Criminal Procedure 33. New trials should only be ordered in exceptional cases, and Defendant's case is not one. The jury's verdict is reasonable and supported by the evidence offered at trial. Defendant's arguments to the contrary include absolutely zero citations to the trial record. He appears to expect the Court to comb that record for evidence to support his assertions. The Court need not do so. His motion merely recycles arguments that the Court has already repeatedly rejected. Specifically, Defendant again argues that the evidence presented regarding the PAIF, Turasky, and Burg frauds was insufficient to allow a reasonable jury to reach a guilty verdict. These claims remain unpersuasive and unsupported by the trial record. Defendant also argues that the Court improperly permitted testimony regarding the inception and

progression of Defendant's long-running scheme to defraud investors. The Court has heard these arguments before, carefully considered them, and rejected them. It should do so again.

## I. BACKGROUND

Defendant proceeded to trial on Counts 1-23 of the Second Superseding Indictment from February 1, 2023-March 2, 2023. After several days of deliberations, the jury found Defendant guilty of Counts 1-3, 6-8, 13-23 and not guilty of Counts 4-5, and 9-12. Doc. 681. Defendant filed a motion for a new trial pursuant to Criminal Rule of Procedure 33 on March 16, 2023. D.'s Mot. for New Trial, Doc. 698.

## II. LEGAL STANDARD

There are two grounds upon which a Court may grant a motion for new trial: newly discovered evidence, which is not claimed here, and the interest of justice. Fed. R. Crim. P. 33. The decision whether to grant or deny a motion for new trial rests in the sound discretion of the trial court subject to an abuse of discretion standard. *United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004); *United States v. Hursh*, 217 F.3d 761, 769 (9th Cir. 2000). A decision to grant a defendant a new trial in the wake of a guilty verdict is an exceptional remedy limited to extraordinary cases. A motion for a new trial "should be granted only in exceptional cases in which the evidence preponderates highly against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (quoting 2 Wright, Federal Practice and Procedure, Criminal § 553 at 487 (1969)).

In exercising its discretion to grant a new trial pursuant to Rule 33, a court is entitled to weigh the evidence and evaluate the credibility of the witnesses. But it is only in limited circumstances—such as where the testimony of a witness is patently incredible or defies physical realities—that a court should intrude upon the jury's assessment of the credibility of a witness and completely substitute its own credibility assessment of a witness. *See United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). Accordingly, when considering a motion for a new trial, it is not the role of a court to act as a "thirteenth juror,"

and a court "cannot simply set aside a verdict just because [it] personally disagrees with a jury's finding." *United States v. Sherpa*, 97 F.3d 1239, 1244 (9th Cir. 1996).

### III. ARGUMENT

New trials should only be ordered in exceptional cases, which this case is not. While Defendant disagrees with the jury's verdict, he has not identified any circumstances that would allow the Court to intrude upon the jury's assessment of the credibility of the witnesses and completely substitute its own. *See United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). Defendant identifies no testimony that is patently incredible or in defiance of physical realities. He also has not established that the "evidence preponderates highly against the verdict." Defendant's mere disagreement with the jury's decision is not a basis for the extraordinary remedy of a new trial, and the Court should deny the motion.

**A. No Serious Miscarriage of Justice Occurred**

Defendant's arguments regarding PAIF, Turasky, and Burg show only that he disagrees with the jury on these counts, not that any "serious miscarriage of justice" occurred.

**1. PAIF**

With respect to PAIF, Defendant again complains that the Government did not prove each fact alleged in the SSI at trial. As the Court previously agreed, an indictment need only contain "plain, concise, and definite written statements of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); *see also* D.'s Mot. under Rule 29, Doc. 649; Gov't. Opp'n, Doc. 659; D.'s Reply, Doc. 665; Order, Doc. 671; Hr'g Tr. p. 72 (Feb. 28, 2023). The purpose of an indictment is to apprise a defendant of the nature of the charges against him, not to allege the theory of the case or all the evidence underlying the charges. *See, e.g.*, *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 2020) (the government need not allege its theory of the case or provide its underlying evidence in the indictment). Defendant also fails to explain how his complaints about the SSI resulted in any serious miscarriage of justice that merit the extraordinary remedy of a new trial. There was no serious miscarriage of justice, and the Court should deny his motion.

Defendant also appears to argue that the Government did not prove the elements of Wire Fraud with respect to PAIF. That is incorrect. The Government offered ample evidence for a reasonable jury to find that Defendant knowingly participated in or devised a scheme or plan to defraud PAIF or a scheme or plan to obtain money from PAIF by means of false or fraudulent pretenses, representations, or promises, omissions, or half-truths. *See* 9th Cir. Pattern Jury Instruction 15.35, Wire Fraud, Doc. 687. Specifically, the Government offered evidence that: (1) PAIF relied on accurate financial information from Defendant; (2) the Borrowing Base spreadsheet contained information about the individual payday loan borrowers and the status of their loans; (3) the amount of money funded by PAIF was directly dependent on the information provided about the individual payday loan borrowers and particularly dependent on the status of those loans as in repayment and not overdue; (4) Defendant made changes to the Borrowing Base spreadsheet in a way that increased how much funding he could obtain from PAIF; (5) both Purifoy and Stefan Andreev agreed that Defendant's proposed changes were incorrect; (6) Purifoy changed the Borrowing Base spreadsheet in accordance with Defendant's requests; and (7) Purifoy was responsible for submitting the Borrowing Base spreadsheet to PAIF on behalf of Defendant. Trial Tr. pp. 103-105, 112-15, 118-122, 126, 162, 178 (Feb. 14, 2023) (Testimony of L. Purifoy); Trial Exs. 1354, 518, 2293, and 2294. In addition, FBI Forensic Accountant Jeanette Paige testified that, with the $1.1 million he obtained from PAIF, Defendant paid various expenses, including $500,000 of his settlement with the FTC. Trial Tr. pp. 28-38 (Feb. 23, 2023) (testimony of J. Paige); Trial Exs. 910, 911, 916, 917.

Based on this evidence, a reasonable jury could find that Defendant obtained the $1.1 million from PAIF not to lend it to borrowers, but instead to pay his own expenses, including the preexisting penalty owed to the FTC for a prior failed payday lending scheme. It also could reasonably have found that Defendant directed Purifoy to alter the Borrowing Base spreadsheet so that PAIF would not uncover his fraud and demand the return of its funding. *See United States v. Tanke*, 743 F.3d 1296, 1301 (9th Cir. 2014) (Where the victim's money has already been obtained, wirings designed to avoid detection or

responsibility for a fraudulent scheme fall within the wire fraud statute when they are sent before the scheme is completed."). The jury also could have reasonably found that, by submitting the Borrowing Base spreadsheet to PAIF, Defendant represented to PAIF that that he had and was continuing to distribute PAIF's funds to the payday loan borrowers in the spreadsheet, even though he actually used PAIF's funds for a variety of other purposes, including paying his settlement with FTC.

The jury, by its verdict, showed that it rejected Defendant's arguments that falsified Borrowing Base spreadsheets were not submitted to PAIF and that the timing of the submissions showed that PAIF did not rely on the false information. The jury's rejection of Defendant's arguments does not create a "serious miscarriage of justice." The jury carefully evaluated the evidence presented, deliberated over the course of several days, asked questions of the Court and parties, and in fact found Defendant not guilty of several of the charged counts. Defendant's motion shows only that he disagrees with the jury's assessment of the evidence, not that there was a miscarriage of justice or that this is an extraordinary case warranting a new trial.

**2. Defendant's Complaints regarding the Turasky and Burg Counts**

Defendant's argument regarding Mr. Turasky's and Mr. Burg's investments also lacks any citations to the record and comprises only bullet-pointed phrases, including unanswered rhetorical questions such as "What was the fraud?" D.'s Mot. for New Trial 5-7. To the best that the United States can discern, Defendant argues that "the jury could only have found" that both Turasky and Burg agreed that Harbour could use their investments for "expenses," "provided that [the money] eventually reached Green Circle." D.'s Mot. for New Trial 6, 7. Defendant further argues that "[t]his is precisely what occurred." D.'s Mot. for New Trial 6, 7. But the jury rejected these arguments and found Defendant guilty of these counts. The jury's decision to reject these arguments does not create a "serious miscarriage of justice." Defendant asks the Court to improperly act as a "thirteenth juror," and "set aside a verdict just because [it] personally disagrees with a jury's finding." *United States v. Sherpa*, 97 F.3d 1239, 1244 (9th Cir. 1996). It should decline to do so.

In addition, Defendant again complains that the SSI did not allege that Defendant made material *omissions* to Turasky or Burg, only material misrepresentations. Mot. 6. Defendant raised this argument in his second motion in limine, and the Court rejected it. Second Mot. in Limine, Doc. 487; Gov't Opp'n 6-11, Doc. 520; Order, Doc. 529; Hr'g Tr. pp. 60-65 (Jan. 6, 2023). This argument does not create any "interest of justice" that would justify overturning the jury's well-considered verdict. Again, the indictment need not contain every affirmative misstatement, omission, half-truth, deception, or other fact that the United States will use at trial. *Buckley*, 689 F.2d at 899. Its purpose is to set forth a "plain, concise, and definite written statements of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Defendant also fails not connect his complaints about the SSI to any serious miscarriage of justice that would merit a new trial. The Court should deny his motion.

### B. The Government Properly Presented Testimony of Prior Investors

Defendant yet again argues that the Court should have excluded all evidence and witnesses regarding the inception of Defendant's long-running scheme to defraud investors and the infusions of funds that he received that enabled him to continue his scheme from at least 2007 through the charged conduct. Defendant repeats the same arguments that he has presented to the Court at least eight times before. Each time, the Court heard and evaluated these arguments and rejected them. *See* First Mot. in Limine, Doc. 486; Gov't Opp'n 1-6, Doc. 520; Order, Doc. 529; Hr'g Tr. pp. 46-60 (Jan. 6, 2023); *see also* D.'s Mot. to Exclude 404(b) Evidence, Doc. 533; Gov't Opp'n, Doc. 550; D.'s Reply, Doc. 555; Order, Doc. 563; Hr'g Tr. pp. 3-30[1] (Jan. 27, 2023); *see also* D.'s Mot. for Mistrial, Doc. 648; Gov't Opp'n, Doc. 654; D.'s Reply, Doc. 662; Order, Doc. 671; Hr'g Tr. pp. 72-74 (Feb. 28, 2023). The testimony of the five witnesses to which Defendant objects was relevant and admissible and not substantially outweighed by the risk of unfair prejudice. *See e.g.*, Hr'g Tr. pp. 16-17 (Jan. 27, 2023). In addition, at trial, the government presented

---

[1] The Court specifically ruled on this evidence with respect to K. Bobrow and P. Case at pp. 16-17, R. Gray at p. 24, C. Jackson at p. 28, and J. Cathey at pp. 29-30.

evidence that satisfied the Court's two-prong test for its admissibility. Hr'g Tr. pp. 72-74 (Feb. 28, 2023).

Defendant's sole new argument on this issue is that "the jury rejected the unsophisticated alleged victims, Willson and Hill." Mot. 8. First, we have no knowledge that the jury rejected Ms. Willson and Ms. Hill as "victims," only that they did not find Defendant guilty beyond a reasonable doubt of the alleged counts of mail fraud. Defendant does not explain why the jury's decision to acquit his client of two mail fraud counts means that the Court should overturn the entirety of the jury's verdict. That the jury did not find Defendant guilty of all counts shows that it reviewed each count and the evidence supporting it carefully. The jurors were not persuaded as to Defendant's guilt on mail fraud. The mere existence of a split verdict, especially one that rejects one type of fraud—mail fraud—does not show that the remainder of the verdict was against the interests of justice or that this is the rare situation where the extraordinary remedy of a new trial is needed.

### IV.   CONCLUSION

The Court should deny Defendant's Motion for New Trial. His motion recycles the same arguments that the Court has rejected on numerous occasions, and he offers no explanation for why the Court's previous rulings should be overturned. The interests of justice favor the jury's considered verdict.

Respectfully submitted this 21st day of April, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
COLEEN SCHOCH
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office