Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
| Plaintiff, | **DEFENDANT DAVID HARBOUR'S RESPONSE TO GOVERNMENT OPPOSITION TO REQUESTED 4-PAGE EXTENSION TO REPLY TO RESPONSE TO RENEWED RULE 29 MOTION** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

Defendant David A. Harbour responds to the government's two-page opposition to the Defense's request to extend its Reply with respect to the pending Rule 29(a) Motion by four pages.

**GOOD CAUSE TO EXTEND THE PAGE LIMIT**

1) The need to respond to the government's argument with respect to *United States v. Miller*, 953 F.3d 395 (9th Cir. 2020).

Throughout this case, it has been the defenses position that the government conflated "deceive" and "cheat." The government may have proved "deceive" (omissions) but did not prove "cheat." While "cheat" is sufficient to sustain a wire fraud

conviction and deceive *and* cheat are sufficient, to "deceive," standing alone, is not. Had the government explained the difference, the Defense would not have needed to do so. Additional pages were required to provide the Defense's position on, what it believes, is a misstatement of the law by the government.

2) <u>The government tried to explain away its Exhibit 516 by changing the theory of the case in its Response.</u>

Before the trial, in Doc. 378, the government's position was that the fraud against PAIF was that the $1.1 million returned was supposed to be used for lending. During the trial, the government stated that Harbour misused Turasky's and Burg's funds to pay the FTC settlement. Then, in Doc. 710, it was KC Lending that was the victim because it was KC Lending whose funds were used. When the government changes its position, responding to the new position takes more space.

3) <u>Judge Campbell's case was so close to our case that the Court would benefit from reviewing it.</u>

*United States v. Szilagyi*, a case decided by Judge Campbell, is analogous to the situation of the Defendant. The Defense required additional space to ensure it was included and argued for the record.

RESPECTFULLY SUBMITTED this 17th day of May 2023.

             CHRISTIAN DICHTER & SLUGA, P.C.

             By: /s/ Stephen M. Dichter
               Stephen M. Dichter
               Justin R. Vanderveer
               2800 North Central Avenue, Suite 860
               Phoenix, Arizona 85004
               Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez