Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>David Allen Harbour,<br><br>           Defendant. | Case No. 2:19-cr-00898-DLR (DMF)<br><br>**EMERGENCY MOTION TO RELEASE DEFENDANT TO ASSIST IN PREPARING FOR AND PARTICIPATING IN THE TWO-DAY SENTENCING AND FORFEITURE HEARINGS** |
|---|---|

After months of hearings and *de novo* review, the Court ordered that Defendant could be released on bail with new conditions. The Court went over the new conditions in a hearing on July 19, 2022. *See*, RT 7/19/22. Prior to the trial that commenced on February 1, 2023, the Court re-reviewed the requirement for an additional $500,000 cash bond to augment the $500,000 real estate bond (secured by Abby Harbour's parents' home in Fountain Hills). *See* RT 7/19/22 at pp. 5-6. After a hearing, the Court set-aside that new condition. The Court's stated reason was that it determined that Defendant was not a flight risk and, equally as important, if not more important, Defendant needed to be in a position to aid counsel in his own defense. After a few days, Defendant was released.

Following the trial, the government demanded an immediate revocation of Mr. Harbour's release. This was denied twice, first by Judge Humetewa following the verdict and then several days later after an exchange of papers.

On March 3, 2023, the Court stated:

> Although the detention is presumed under 18 U.S.C.Section 3143(a) and I found that he's a flight risk, I find that by clear and convincing evidence that the flight risk has been sufficiently mitigated by the conditions that have been imposed and have been successfully imposed and he's done very well. I do not find that he should be placed into custody because of those reasons.  (RT, March 3, 2023)

Mr. Harbour remained free until after the entry of a plea of guilty to Count 24 even though the Court again found that he was not a flight risk. When the Court reversed that finding after Mr. Harbour pleaded guilty to Count 24, an offense involving $170,000, whose cap was 2-years will be a Level 13 offense at most at sentencing, the Court did not offer a reason for its change of position.

On Tuesday, January 18, 2023, we all had experienced a "practice run" as to what each day in court could be foreseen to entail. Defendant would be turned-out at around 10:30 P.M., would be transported to the Courthouse in the middle of the night, caged with others in similar position. He would be unable to sleep at all, nor could anyone be expected to sleep under those conditions. We stated that, in court, he would be completely sleep-deprived every day. After that in-person appearance, Defendant left the Courthouse at about 5 P.M. and arrived at Florence at about 8:30 P.M.

Unless he is released for the sentencing and forfeiture proceeding, this can be expected to occur again in the same way. He will essentially be out on his feet for both days of these critical proceedings. He plans to address the Court, at no small length,

arguing for his liberty. After all, through the catastrophic series of government-induced error (in our opinion), he is going to have to explain 15 years of his life to the Court. It is not going to be possible for him to do this given the circumstances described above.

The draft presentencing report is a single spaced, 37-page document. Double-spaced, it would be about 70-pages.[1] There may be a lot to discuss over the two-days set-aside for the proceedings. Trying to accomplish the defense's aims will be impossible under the circumstances presented. In my professional opinion, there is no chance that defendant will be able to receive and process the counsel's advice under the conditions outlined above and, consequently, for defendant to receive a fair sentencing hearing.

There were once 5 charged victims whose total losses were: PAIF $1.1 million, Burg, $1,000,000, Alison Willson $100,000, Carol Hill $81,000 and Rich Turasky, $350,000. The tax case was conceded by the government to be a $169,000 case. The alleged mortgage fraud case involved an alleged $242,000 fraud and that case has been dropped.

The losses in this case, at worst, are $2,450,000 and, at best, zero, meaning that Harbour is a Level 7 and has already served more than a guideline sentence. Burg's and Turasky's losses were not proximately connected to the fraud, even if they were

---

[1] Government counsel apparently thinks that the Presentence Report must be a pleading governed by LRCiv. 7.2. The government has moved to strike the Objections to the Draft PSR because the objections are longer than 17-pages. This is, of course, a position with no support in any Rule. The first clue should have been the Draft PSR is not a pleading at all, and LRCiv. 7.2 does not apply to it. There are literally no cases to be found wherein a page-limitation was applicable to objections to the PSR nor, just as importantly, to the forthcoming sentencing memo. For example, Elizabeth Holmes first Sentencing Memorandum was 84-pages.

connected to the "deceit," meaning the failure to disclose the FTC and State regulatory investigations. It is incontrovertible that the losses resulted from the superseding and intervening actions of PAIF in foreclosing the Green Circle Bank account into which their funds had been deposited. As to PAIF, it suffered no loss at all since when it foreclosed it took $2.9 million. Deducting Burg's and Turasky's funds ($1,350,000), PAIF not only got back the $1.1 million it had advanced to Green Circle to repay Oak Tree's loan to Green Circle, but about $450,000 in "boot."

The Marshall's have a schedule they keep and there are no exceptions of which we are aware that could alter what we all know will occur here. Between the Marshall's schedule and the Court's calendar, there is no opportunity for Harbour to sleep at all. Harbour cannot get a fair sentencing hearing while in custody and sleep deprived.

It is therefore requested that the Court release Mr. Harbour under the same conditions as he was released before the trial. The sentencing proceeding is less than 3-weeks away.

Harbour was on time for every session of the month-long trial. There are plenty of adults who are able to look out for his welfare and ensure his arrival in Court for the June 6-7, 2023 hearing. They include his mother-in-law who has placed a $500,000 property bond on her house; his mother, who was at trial almost every day, his wife, and his sister who lives on the West Side.

RESPECTFULLY SUBMITTED this 19th day of May 2023.

                CHRISTIAN DICHTER & SLUGA, P.C.

                By: /s/ Stephen M. Dichter
                     Stephen M. Dichter

|||
|---|---|
|1| |
|2|Justin R. Vanderveer|
| |2800 North Central Avenue, Suite 860|
| |Phoenix, Arizona 85004|
|3|Attorneys for Defendant David A. Harbour|

Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 19, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez