Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>    vs.<br><br>David Allen Harbour,<br><br>             Defendant. | Case No. 2:19-cr-00898-DLR (DMF)<br><br>**DEFENDANT'S RESPONSE TO THE GOVERNMENTS MOTION TO STRIKE (DOC. 717)**<br><br>(Oral Argument Requested) |

Defendant David Allen Harbour, by and through his attorneys, responds to the government's motion to strike Defendant's objections to the presentencing report.

Fed. R. Crim. Pro. 32(f) governs a defendant's right to object to a presentence report. The rule states that the parties must "state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." *Id.* at (f)(1). However, nowhere in the Rule is there a limitation on pages, either for the government's presentencing report or for defendant's objections.

The rules cited by the government apply to Local Rules governing pleadings. Of note, the local rules do not specify the application to sentencing reports and objections to said reports. LRCiv. 7.2, adopted for criminal purposes by LRCrim. 12.1, states that the length of motions are 17 pages, reply memorandums are 11 pages, and objections to reports and recommendations issued by a magistrate judge are limited to 10 pages. *See* LRCiv. 7.2(e).

The government is mistaken when it classifies Defendant's objections as a 'brief.' Defendant's objections are merely that, objections; the objections are not a pleading, motion, or memorandum that would be confined to the restrictions of LRCiv. 7.2. The government does not get a response and Defendant would not get a reply. The presentencing officer submitted a 37-page, single spaced, draft presentencing report.

Defendant, under Fed. R. Crim. Pro. 32(f), is entitled to object to the draft report, but must do so with specificity. If a defendant fails to specifically object to a fact in the presentencing report, the fact is deemed admitted at the sentencing hearing. *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) *citing to United States v. White,* 447 F.3d 1029, 1032 (8th Cir.2006). Furthermore, the objections must be substantially based on allegations of factual inaccuracies. *United States v. Aleman*, 832 F.2d 142, 144 (11th Cir. 1987).

The presentencing report itself is not a pleading; if it were, it would, perforce, be limited to 17-pages. But it is not a pleading, and neither are lodged objections to the report. A defendant is required to make its objections with specificity to a presentencing report, and if a 37-page, single spaced report is returned, it should be assumed that the

length of objections would be at least as long. Furthermore, the government cannot reasonably believe that LRCiv. 7.2 contemplated presentencing reports and their objections as being limited to 17 pages; it is a civil rule adopted in the criminal context to govern general pleadings.

Defendant's objections should not be struck, as they are not pleadings as defined by LRCiv. 7.2, and the document filed by the Defendant is reasonable in light of the Defendant's requirement to object with specificity.

RESPECTFULLY SUBMITTED this 19th day of May, 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff

/s/ Yvonne Canez