GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | |
| vs. | **UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S OBJECTIONS (DOC. 720)** |
| David Allen Harbour, | |
| Defendant. | |

Defendant has filed a 68-page pleading challenging the jury verdict disguised as his objections to the PSR. LRCiv. 7.2(e)(1) limits pleadings to 17 pages. The Court should strike Defendant's oversized objection because it flagrantly violates this page limit by an incredible 51 pages.

The local rules required Defendant to proffer *in advance* the circumstances that required his over-length filing and to request leave from the Court to file it. LRCiv. 7.2(e)(1) contains a straightforward mandate that page limits are not to be exceeded "unless otherwise permitted by the Court" upon a demonstration of "good cause." In other words, motions to exceed page limits are not granted as a matter of right – a party must demonstrate good cause and secure the Court's permission first. *See, e.g.*, *King Co. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001). Defendant's failure to explain

the good cause for his 68-page filing and to seek permission to file it ignored the extraordinary workload in this Court. He also disregarded the logical onus that local rules place upon moving parties to exercise self-restraint in making such requests and in explaining what is absolutely needed to justify a departure from Local Civil Rule 7.2, and then to construct their briefing to meet that measure. Defendant's argument that his objections are not a pleading and that the local rules do not apply to it are misplaced. Defendant complied with the other local rules with respect to formatting and filing. He just chose to ignore a very reasonable page limitation.

When "a motion does not conform in all substantial respects with the requirements of this Local Rule….such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Accordingly, the Court should strike Defendant's motion. Alternatively, it should order Defendant to file a motion setting forth the good cause for additional pages and seeking advance permission to file an overlong objection to the PSR.

Respectfully submitted this 24th day of May, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Coleen Schoch*
> KEVIN M. RAPP
> COLEEN P. SCHOCH
> Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

> Stephen M. Dichter
> Justin R. Vanderveer
> *Attorneys for Defendant*

*s/ C. Schoch*
U.S. Attorney's Office