Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR (DMF) |
|---|---|
| Plaintiff, | **EMERGENCY MOTION TO EXCEED PAGE LIMIT FOR DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S DRAFT PRESENTENCE REPORT** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

Defendant David A. Harbour ("Harbour"), by and through undersigned counsel, hereby moves to exceed the page limitation from 17 pages to 68 pages in connection with its Objections to the Government's Draft Presentence Report. The Objections (Doc. 716) were filed in the mistaken belief that Rule 32 applied and that Rules 12 and 7 did not apply. If the Court was affronted by this, we apologize but do, for the record, maintain our belief and position that the page limits for pleadings do not apply when responding to a 38-page document that is not itself a pleading. We request that, assuming the page-limit extension request is not granted, the stricken document be maintained as part of the record for purposes of appellate review. This having been said, this motion should be

viewed as step-down motion, meaning that, if the Court does not grant the extension sought, the Court should substitute a page number in the attached proposed Order, which as lodged leaves the number of pages blank.

## MEMORANDUM OF POINTS AND AUTHORITIES

The almost 15,000 word, 69-numbered paragraph, Draft Presentence Report ("PSR") was drawn from the government reports and the Author's interview of the case agent(s), plus a non-offense interview of Mr. Harbour. Thus, the PSR may be regarded as the government's version of the PSR with the author's guideline calculations added.

We omitted discussing forfeiture in the objections in favor of a planned memorandum on that single issue. This is because it has yet to be tried, the Defendant's "not guilty" plea stands with respect to it, and forfeiture is unrelated to the Sentencing Guidelines. Aside from that, our response needed to respond to every allegation in the PSR that impacts the Court's determination of the appropriate Sentencing Guideline.

Had the PSR been limited to the counts of conviction involving three victims, the PSR would have been short, and the objections would have also been short. However, the PSR did not so limit itself. Instead, the PSR covers from at least 2007 through 2022 and seeks to address virtually every facet of the Defendant's life. We think this terribly prejudicial. But, having no choice but to respond to everything, we endeavored to do so.

Responding to the 38-page, 69-numbered paragraph PSR could not have been accomplished within the standard of care applicable to a white-collar criminal defense lawyer in 17-pages. Because the PSR raised a myriad of issues, we elected to mix the response with the references to the citations to the transcripts and court filings that

adequately, in our view, refuted them. We thought that this would be the most convenient way for the author and the Court to receive the objections and this was because,

> A district court commits Rule 32 error when the defendant objects to the PSR's factual rendition of his underlying offense conduct, and the district court fails to either "explicitly rule on" objections or "state that the controverted issues would not be taken into account at sentencing." *United States v. Herrera-Rojas*, 243 F.3d 1139, 1142–43 (9th Cir. 2001); *United States v. Petri*, 731 F.3d 833, 840 (9th Cir. 2013) (noting that factual objections to a PSR may very well "counsel for a finding by the sentencing judge").

*United States v. Venning,* 1:19-cr-00152 Doc. 205, p. 5 (6/15/2022)

Admittedly, we could have proceeded in a slightly different manner and, perhaps, avoided the objection and the Court's ruling and, if the Court signals that it prefers that approach because the 17-page limit could then be observed or only a few extra pages needed, we could certainly accomplish that but, in reality, at the end of the day, the Court has to see and consider the same total output.

As previously stated, the main reason the Objections are so lengthy is that we included within the text all the factual support we could marshal supporting the specific objection.[1] The case law makes it clear that if a defendant fails to specifically object to a

---

[1] Because, one way or the other, our objections and the support for the objections *must* be laid-out for the Court both to assist the Court in hopefully reaching the correct result with respect to the Guidelines, to provide a ready basis for the Court to meet the requirements outlined in *Herrera-Rojas* and *Petri, supra.,* as quoted in *Venning*, and for a proper record in the event the sentencing needs to be reviewed. For the defense to be limited in providing the information to the PSR's author and to the Court would impair the Defendant's right to due process and, respectfully, constitute a serious error. After all, the author of the Draft PSR should include and evaluate the objections and, even if she does not, this Court must if it is to reach the detailed conclusions it must concerning the objections. And, of course, the government's submission to the author of the PSR, which became the heartland of the PSR was completely unlimited by any limitations whatsoever. Not by the law, not by the facts, and certainly not be any page-limit.

3

fact in the presentencing report, the fact is deemed admitted at the sentencing hearing. *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) *citing to United States v. White,* 447 F.3d 1029, 1032 (8th Cir.2006). Objections must also be substantially based on allegations of factual inaccuracies. *United States v. Aleman*, 832 F.2d 142, 144 (11th Cir. 1987).

The PSR which, again, is really the government's version of the offense, suggests that the Offense Severity Level may be as high as Level 44 in which case only the statutes' maximums would limit the Court's discretion. We take the position that Level 7 applies for the fraud and money laundering charges, Level 13 applies to the single tax charge, and that the Defendant, who has already served 17 months, is eligible for immediate release on a time-served sentence.

In summary, while the PSR claims the loss is over $41 million, the Defense claims the loss is zero for the fraud and money laundering counts and $170,000 for Count 24, the tax charge (that was agreed to in the plea agreement). Showing why the defense position is correct and the government's position through the PSR is wrong, takes a great deal of testimony as long as we had to cite to testimony, to exhibits, and to the contradictory positions taken by the government in the pretrial and mid-trial papers and arguments.

This is, we submit, as wide a positional difference as could possibly exist in a Guidelines' sentencing connected to a fraud case. Through the PSR, the government took about 15,000 words without citing to *anything* to deliver its message to the Court. To be sure, in order to meet the standard of care expected of us in the crucial advisory

4

guidelines analysis, our objections were and had to be more detailed than the government's version.

However, for demonstration purposes, we stripped the Objections of the citations and saved them separately to see how many words would remain in the objection if the citations were made exhibits. At present, a version of the Objections in which the Objections are separate from the cited support for the objections is half the length of the PSR. It would be just under 8,000 words compared to the PSR's 15,000 words.[2] The citations extracted from the 68-pages of original objections (Doc. 716) is 12,341 words and, as stated, if the Court prefers, we can submit the citations as exhibits and attach the exhibits to the Objections. In that case, the Objections stripped of citation would need about a 10-page extension.

What we cannot do, however, unless we are given no other choice, is to not provide the author and the court with the objections but without the citations to the record.[3]

**CONCLUSION**

Plenty of good cause has been shown in this motion for an extension of the page limits. The materials we presented in Doc. 716, which the Court struck, must be received by the PSR author and the Court in one form or another in order for the Defendant to not

---

[2] To obtain the word count of the PSR, we first converted it to Word and then used the word count function. In prior experiences, this produces a close-enough count but is likely not exact because of what happens internally when the document is converted.

[3] It is also fair to inform the Court that for the oral argument on the objections that will, perforce, occupy a significant part of the two-day proceedings, we plan to have power points for virtually every facet of the objections and the sentencing factors.

be denied due process. We thought, in good faith, if only because, since the implementation of Guidelines sentencing after the *Mistretta* case (*Mistretta v. United States*, 488 U.S. 361 (1989), we had *never* heard of the 17-page Rule 12 and Rule 7 page limits being applied to objections to a PSR, that the best way to proceed was to integrate the voluminous citations in the text rather than by attaching those citations as Exhibits.

The sheer length of the PSR, the number of alleged victims, the number of alleged other acts mis-portrayed as relevant conduct, and the grossly incorrect size of the alleged loss, made, and makes, a very long set of objections supported by fact and law crucial to Defendant's due process rights. Therefore, we are absolutely not ashamed and are unabashed in asking the Court to receive Doc. 716 the way it was submitted by making this motion to extend the page limits.

However, as stated, if the Court gives us but 30-pages with the understanding that what has been stripped will be marked as Exhibits and attached to a shrunken version of the Objections, then we can do that as well. However, we think that the manner in which we first filed Doc. 716 is the best way for the author of the PSR and the Court to receive the document. And, again, we meant no affront to the Court by filing the Objections as we first did. There is ample good cause to permit it and the way it was first presented, as an integrated whole, is the best way for it to be received and reviewed.

RESPECTFULLY SUBMITTED this 26th day of May 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
Attorneys for Defendant David A. Harbour

6

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
Coleen Schoch
Coleen.schoch@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez