GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-00898-001-PHX-DLR |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO RELEASE DEFENDANT TO PREPARE FOR SENTENCING (DOC. 719)** |
| David Allen Harbour, | |
| Defendant. | |

Defendant's emergency motion to be released for his sentencing and forfeiture hearing should be denied. First, Defendant has provided no new facts that were not already known to and considered by this Court when it denied Defendant's previous motion for post-conviction release. Def.'s Mot. to Continue Release on Bail Until Sentencing, Doc. 693. Second, Defendant never raised in that prior (26-page) motion a need to be out of custody to prepare for his sentencing hearing. His motion for reconsideration of his release status should be rejected on this basis alone.

As this Court knows, Defendant was released from custody prior to trial over the government's objection to assist his counsel during a lengthy (five-week) trial. Order re Gov't Mot to Detain Def., Doc. 691. Prior to trial, Defendant was presumed innocent. He has now been convicted of 18 counts of the Second Superseding Indictment (SSI). He has

also pleaded guilty to tax evasion, and the remaining counts will be dismissed only at the time of sentencing. There is therefore a statutory presumption that he should be detained pending sentencing. 18 U.S.C. 1343; *see also* Doc. 674.

More importantly, Defendant has always been and remains a serious flight risk and an economic danger to the community. After he was released from custody following his arrest in August 2019, Defendant proceeded to violate numerous terms of his release, including committing another federal offense. Defendant's risk of flight and economic danger have only increased since then. First, he was found guilty by a jury of 17 counts of wire fraud and money laundering stemming from a 15-year fraudulent scheme that caused million dollars of losses his victims. Second, he pleaded guilty to tax evasion involving $4.6 million and involving a different victim (U.S. taxpayers). Third, both the Magistrate judge and grand jury found probable cause to believe that Defendant committed money laundering, bank fraud and aggravated identity theft (Counts 25-34) stemming from Defendant's mortgage fraud scam. Order granting in part and denying in part Gov't Pet. to Revoke Pretrial Release, Doc. 346; SSI, Doc. 387. While these counts are expected to be dismissed at sentencing, the related loss is relevant conduct for his sentencing. U.S.S.G. §1B1.3.

Defendant's trial was also replete with evidence that he is an economic danger to whomever has the misfortune to enter his orbit. *See* Gov't Mot. to Detain Def. Post Guilty Verdict, Doc. 674. Defendant forged others' signatures, created fictitious email addresses, tampered with witnesses, hijacked a vulnerable victim's (Kenneth Bobrow) cell phone to tamper with another witness (Turasky), attempted to pay off Burg in exchange for not testifying, and spent unreservedly of other people's money (Gray, the Hills, Cathey, Burg, and many more). Gov't Mot. to Detain Def. Post Guilty Verdict, Doc 674. An economic danger is a danger to the community. *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) ("We agree with the district court that Reynolds has failed to show by clear and convincing evidence that he does not constitute an economic danger to the community. We further hold that danger may, at least in some cases, encompass pecuniary or economic

harm."); *see also United States v. Provenzano*, 605 F.2d 85, 95 (3rd Cir. 1979) (danger is not limited to physical harm; the concept includes the opportunity to exercise a substantial and corrupting influence).

Defendant's risk of flight and economic danger to the community have increased exponentially now that he faces a lengthy prison term. The PSR calculates his applicable Guideline range as life and recommends a 20-year sentence. PSR para. 62. The United States intends to recommend a sentence of 22 years, which includes a consecutive sentence for the separate crime of tax evasion. Such a lengthy prison sentence provides an incentive for Defendant to flee and to defraud others in a desperate attempt to avoid a nearly-life sentence. *United States v. Zinnel*, No. 2:11-cr-00234-TLN (E.D. Cal. May. 11, 2021) ("[N]ow that the reality of conviction is undeniable to him, [Defendant is] going to start moving around money . . . [and] needs to be in custody, recorded, so that [doing so] is much harder."). Defendant has provided no new evidence to demonstrate that he is no longer an economic danger to the community.

Defendant's argument that he needs to be released from custody so that he can prepare to address the court is meritless. Defendant presents no exceptional circumstances that distinguish him from other all the other federal criminal defendants who are remanded after a guilty verdict and who prepare for sentencing while in custody. He has had over three months and the assistance of two attorneys to prepare to address the court. He has provided no new evidence to demonstrate that he is no longer a flight risk and an economic danger to the community.[1]

Defendant's professed need to be released for the forfeiture hearing is equally unconvincing. Forfeiture was largely established at trial through the testimony of FBI

---

[1] The government also notes that Defendant's family members are also not appropriate third-party custodians. Rather than encouraging him to live a law-abiding life, his family members enthusiastically reaped the benefits of his fraud. Defendant also violated many pretrial release conditions, including committing a new federal crime, while living with and associating with these family members.

Forensic Accountant Jeanette Paige. The jury clearly rejected the flimsy and confusing testimony of Cathie Cameron (and of Dr. Manning, for that matter). Therefore, at this hearing, the Court need only decide, by a preponderance of the evidence, whether the assets that Defendant purchased during his 15-year fraudulent scheme were purchased with funds obtained by fraud. Defendant has not explained what evidence, if any, he intends to present that would somehow require him to be out of custody.

Last and importantly, the defendant's numerous victims of his protracted fraud schemes strongly oppose his release. *See* Victim Impact Statements. Defendant Harbour should remain in custody. He has failed to articulate any changed or exceptional circumstances that would require to Court to revisit his prior post-conviction motion for release. He has also again failed to demonstrate by clear and convincing evidence that he is not a flight risk and not a serious economic danger to the community. The Court should again deny Defendant's motion for release.

Respectfully submitted this 26th day of May, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
>  *s/ Kevin M. Rapp*
> KEVIN M. RAPP
> COLEEN P. SCHOCH
> Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

> Stephen M. Dichter
> Justin R. Vanderveer
> *Attorneys for Defendant*

 *s/D. Parke*
U.S. Attorney's Office