GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-00898-001-PHX-DLR |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE (DOC. 727)** |
| David Allen Harbour, | |
| Defendant. | |

## SUMMARY

Defendant's motion to extend the page limit 51 pages beyond the 17 page limit for objections to the PSR should be denied for two independent reasons. First, defendant has failed to demonstrate "good cause" as to why he should have 68-pages to respond to the PSR in light of a long standing local rule that limits all pleadings to 17 pages. Second, the majority of his objections are merely scattershot challenges to the jury verdict based on unsupported theories that were implicitly rejected by the jury. The jury unanimously found the defendant guilty of 17- counts of the 23 charged in the second superseding indictment (SSI) beyond a reasonable doubt. Then, Defendant, having no real choice because of the overwhelming evidence, pleaded guilty to count 24 (tax evasion). The evidence in support of count 24 is basically the same for counts 25 and 26. As for counts 27-34, Magistrate

Judge Deborah Fine, after several days of evidentiary hearings, found that Defendant had committed the offenses alleged in a supplemental petition to revoke release and held him in custody pending trial.

In sum, a sentencing hearing and/or written objections is not an opportunity to retry the case or revisit factual findings by the Court and the Magistrate Judge. Defendant's pleading should be stricken and he should be directed to file objections that focus on the guideline enhancements where there is any reasonable factual dispute that does not contradict the jury verdict or the Court's various factual findings rather than factual grievances that have already been litigated (some several times) and rejected by a jury, this Court, a magistrate judge, and his own under oath admissions.

## LAW AND ARGUMENT

At least three authorities combine to safeguard the accuracy of fact-findings at a federal sentencing. Most fundamentally, the due process clause demands that evidence used at sentencing be reasonably reliable. *See United States v. Tucker*, 404 U.S. 443, 447 (1972).The Federal Guidelines likewise require that information used at sentencing exhibit "sufficient indicia of reliability to support its probable accuracy." USSG §6A1.3(a). And Federal Rule of Criminal Procedure 32 offers a collection of procedural guarantees that together "provide for the focused, adversarial development" of the factual and legal record. These include: a PSR that calculates the defendant's Guideline range, identifies potential bases for departure from the Guidelines, describes the defendant's criminal record, and assesses victim impact, (Fed. R. Crim. P. 32(d)); the timely disclosure of the PSR, (Fed. R. Crim. P. 32(e)); an opportunity to object to the PSR, (Fed. R. Crim. P. 32(f)); an opportunity to comment on the PSR orally at sentencing, (Fed. R. Crim. P. 32(i)(1)), and a ruling on "any disputed portion of the PSR or other controverted matter" that will affect the sentence, (Fed. Crim. P. 32(i)(3)). *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc)("However, when a defendant raises objections to the PSR, the district court is obligated to resolve the factual dispute, and the government bears the

burden of proof . . . . The court may not simply rely on the factual statements in the PSR. ");701 Fed. Appx. 592, 595 (9th Cir. 2017)(unpublished)("A district court may not simply rely on the factual statements in a PSR when a defendant objects to those facts."). And as in the Eighth Circuit, the principle is not merely abstract, but has instead given rise to reversals when the government failed to offer evidence in favor of the PSR. *See United States v. Showalter*, 569 F.3d 1150, 1158-1160 (9th Cir. 2006); Khan, 701 Fed. Appx. at 595.

Here, the facts in the PSR, as argued by Defendant, are not merely the Government's version of the facts where no evidence has been offered in support other than investigative reports authored by investigating agents. As the Court knows, there has been substantial pre-trial litigation involving many of the same issues that defendant now re-urges in his oversize brief. For example, Defendant relentlessly urges his Operation Choke Point theory based on the irrelevant testimony of Dr. Manning. That theory was implicitly rejected by the jury. In addition, defendant's objections raises many of the same issues in his Rule 29 motion that was found similarly unpersuasive by this Court based on the testimony and evidence presented at trial.

Importantly, the jury has spoken. In sum, the PSR is based on reports (corroborated by trial testimony) and evidence presented at trial (or admitted to in the case of count 24). The factual underpinnings of Counts 25 and 26 are substantially related to Count 24, therefore, sufficient evidence has been presented to support those counts as relevant conduct. Similarly, counts 27-34 are relevant conduct as the facts related to those counts were the subject of a lengthy evidentiary hearings in support of a supplemental petition to revoke defendant's release. The Magistrate Judge found that defendant had indeed violated those conditions by committing federal crimes.

In sum, Defendant's objections should be refiled within the 17- page limit set by the local rule. Defendant provides no authority in support of his newly minted theory that the local rules don't apply to objections. In any event, this Court should direct defendant to file objections that address offense characteristics where he is able to articulate a reasonable

factual dispute that has not already been resolved by this court, the jury, a Magistrate Judge, or defendant's own under oath admission.

Respectfully submitted this 30th day of May, 2023.

GARY M. RESTAINO<br>
United States Attorney<br>
District of Arizona<br><br>
<i>s/Kevin Rapp</i><br>
KEVIN M. RAPP<br>
COLEEN P. SCHOCH<br>
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Stephen M. Dichter
Justin R. Vanderveer
*Attorneys for Defendant*

*s/ D. Parke*
U.S. Attorney's Office