GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>  v.<br><br>David Allen Harbour,<br><br>   Defendant. | No. CR-19-00898-PHX-DLR (DMF)<br><br>**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE SEEKING THE FORFEITURE OF ITEMS SEIZED, SUBSTITUTE ASSETS, AND ADDITIONAL ASSETS LOCATED POST-CONVICTION AND UNITED STATES' REQUEST FOR A MONEY JUDGMENT IN THE AMOUNT OF $5,596,985.89** |

The United States of America, pursuant to Rule 32.2(b)(2), Fed. R. Crim. P. and moves the Court to enter the attached preliminary order of forfeiture as to Defendant David Allen Harbour. In support of this motion and order, the government states as follows:

**I. Procedural Background**

Following a jury trial, defendant was convicted of Counts 1-3 and 6-8 of the Second Superseding Indictment (SSI), charging Wire Fraud in violation of 18 U.S.C. § 1343, and Counts 13-23, charging Transactional Money Laundering in violation of 18 U.S.C. § 1957. The SSI contained a forfeiture allegation notifying the defendant that upon conviction the United States would seek forfeiture of the following:

1. A sum of money equal to ***at least*** $4,382.864.01 in United States currency, representing the amount of money involved in the offenses. (emphasis added)

2. All right, title, and interest in any and all personal property, involved in or traceable to any transaction set forth in Counts 1 through 23 of the Second Superseding Indictment. Such property includes, but is not limited to, the following personal property:

   a. 18 Karat White Gold Diamond Cuff Bracelet;
   b. 18 Karat Yellow and White Gold Custom Kansas University Jayhawk Pendant and Cable Chain;
   c. Scott Kay Engraved Platinum Classic Band Stamped PT950;
   d. Hamra Jewelers Engraved Custom Platinum Diamond Ring;
   e. Patek Philippe Stainless Steel Nautilus Watch and Steel Bracelet with Serial Number A384EAP;
   f. Engraved Custom Platinum Eternity Band;
   g. Rolex Day-Date Pearlmaster Watch with Serial Number G527156 and Masterpiece Bracelet;
   h. Stainless Navitimer Gents Breitling Watch with Serial Number 422425 and Polished Navitimer Heritage Bracelet; and
   i. Cartier Pasha Seatimer Chronograph Watch with Serial Number 604011MX and Black Rubber Bracelet.

The forfeiture allegation also put Defendant on notice that the United States will seek substitute assets by including the following:

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence,
   (2) has been transferred or sold to, or deposited with, a third party,
   (3) has been placed beyond the jurisdiction of the court,
   (4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

Following his conviction, Defendant waived a jury determination of the forfeiture allegation.

## II. Law & Argument

### A. Forfeiture is Mandatory

The Court's jurisdiction in this matter, as to Counts 1-3, 6-8, and 13-23 is founded upon 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c). Title 18 U.S.C. § 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of "any offense constituting 'specified unlawful activity'" which includes section 1343 and 1957(a).[1] Title 28, United States Code, Section 2461(c) provides that if a defendant is convicted of an offense giving rise to forfeiture for which there is a civil forfeiture provision, but no criminal forfeiture provision, "the court shall order the forfeiture of the property as part of the sentence in the criminal case...."

Forfeiture is mandatory once the factual predicates have been met. *See, e.g., Alexander v. United States*, 509 U.S. 544, 562 (1993) ("A RICO conviction subjects the violator not only to traditional, though stringent, criminal fines and prison terms, but also mandatory forfeiture under [section] 1963."); *United States v. Monsanto*, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied . . ."); *United States v. Johnson*, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes).

---

[1] Wire Fraud, 18 U.S.C. § 1343 and Transactional Money Laundering, 18 U.S.C. § 1957, are "specified unlawful activities" (SUAs). *See* §§ 1956(c)(7)(A), 1957(f)(3), and 1961(1)(B).

**B. Items Traceable to Defendant's Fraud**

Certain items were seized at Defendant's Martingale residence, including jewelry and watches that have been alleged to be subject to forfeiture. (SSI, Doc. 387.) At trial, FBI Forensic Accountant Jeanette Paige testified at length about items that Defendant purchased during the life of his fraudulent schemes. Ex. 2, FA Paige Trial Testimony, Doc. 643 pp. 196–209. FA Paige also testified regarding the seizure of the items and obtained receipts that demonstrated the purchase date and the value of each item. Ex. 2, FA Paige Trial Testimony, Doc. 668 pp. 53–74. Defendant's scheme to defraud commenced in December 2007 with the Pat Spaulding Fraud and continued until approximately December 2021, where he was engaged in witness tampering. (SSI, Doc. 387.) Accordingly, all items purchased during that time period are subject to forfeiture.

**C. Money Judgement and Substitute Assets**

If proceeds or directly forfeitable property are unavailable, pursuant to 21 U.S.C. § 853(p), the court "shall order" the forfeiture of substitute assets up to the value of the unavailable assets.

Fed. R. Crim P. Rule 32.2(b)(1)(A) acknowledges that the government may obtain a money judgment. "If the government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim P. Rule 32.2(b)(1)(A). The Court may order forfeiture of a sum of money representing the amount of money involved in the offense. *See, e.g.*, *United States v. Poulin,* 690 F. Supp. 2d 415, 425 (E.D. Va. 2010) (concluding that use of term "property" in 18 U.S.C. §982(a)(7) pertaining to health care fraud permits entry of a money judgment for the amount of proceeds defendant obtained; any other reading would eviscerate the statute); *United States v. Boesen*, 473 F. Supp. 2d 932, 954-55 (S.D. Iowa 2007) (defendant ordered to forfeit gross proceeds traceable to the health care fraud scheme). Therefore, the government is seeking a monetary judgment in the total amount of proceeds traceable to Defendant's various schemes outlined in the SSI.

A criminal forfeiture order may take several forms: directly forfeitable property, substitute assets, and a money judgment. *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999), *cert. denied*, 529 U.S. 1055 (2000); *United States v. Davis*, 177 F. Supp. 2d 470, 484 (E.D. Va. 2001) (following *Candelaria-Silva*), *aff'd*, 63 Fed. Appx. 76, 2003 WL 1871050 (4th Cir. 2003), *cert. denied*, 540 U.S. 895 (2003); *United States v. Tedder*, No. 02-CR-0105-C-01, 2003 WL 23204849 (W.D. Wis. July 28, 2003) (same); *see also United States v. Iacaboni*, 363 F.3d 1, 6 (1st Cir. 2004) (court enters money judgment equal to sum of amounts involved in all money laundering transactions making up the conspiracy to launder gambling proceeds, including salaries paid to co-defendants, overhead expenses, and payouts to winning bettors, even though defendant did not retain the money for himself); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Adams*, 189 F. App'x. 600, 602–03 (9th Cir. 2006) (amount of money defendant could be ordered to forfeit as substitute assets was limited to the value of the proceeds derived from the crimes for which defendant was convicted; he could not be ordered to forfeit property in substitution for the missing proceeds of other offenses not covered by indictment).

Here, there were several items seized at the Martingale residence for which the time of purchase and source of funds for the purchase is unclear. Therefore, the United States is seeking their forfeiture under a substitute asset theory. Ex. 3, Paige Decl. ¶ 7.

Lastly, both the United States and U.S. Probation requested financial disclosures from the Defendant in advance of sentencing. The plea agreement requires Defendant to "make a full accounting of all assets in which [he] has any legal or equitable interest." (Plea Agm't Para. 3.d, Doc. 695.) It also requires him to "make full disclosure of all current and projected assets to the US Probation Office." Yet the USAO did not receive these disclosures until June 2, 2023.

These disclosures, in addition to being late, lack any supporting documentation. Both the United States and U.S. Probation have requested documents to support Defendant and his wife's claims on these forms. The United States could move to amend the proposed preliminary order of forfeiture after Defendant completes his disclosures. *United States v. Warshak*, No. 1:06-CR-00111, 2008 WL 2705044 (S.D. Ohio July 8, 2008) (court may amend preliminary order of forfeiture prior to sentencing to include a money judgment and substitute assets); *United States v. BCCI Holdings (Luxembourg) S.A. (I]n re Bank of California Int'l)*, 980 F. Supp. 522, 524 (D.D.C. 1997) (preliminary order may be amended as often as necessary to include additional property subject to forfeiture that government may identify through post-trial discovery).

### D. Amount of Money Judgment

As noted above, forfeiture may take the form of a judgment against the defendant for a sum of money equal to the proceeds the defendant obtained from the offense, even if those proceeds are no longer available at the time of sentencing. This is consistent with the mandatory nature of criminal forfeiture and the provision in Section 853 directing courts to liberally construe its provisions to effectuate its remedial purposes. *United States v. Casey*, 444 F.3d 1071, 1074-76 (9th Cir. 2006) Here, defendant is liable for the money he obtained by fraud during the entirety of his schemes, not merely with respect to the counts of conviction. *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016) (government is entitled to a forfeiture money judgment in the amount of the proceeds obtained as a result of the entire fraud scheme even though defendant pleaded to only some of the fraud counts); s*ee also United States v. Jennings*, 487 F.3d 564, 584 (8th Cir. 2007) (affirming without discussion of this point the forfeiture of the proceeds of the entire mail fraud scheme based on a conviction on just two substantive counts).

### E. Procedure for Determining Amount of the Money Judgment

The government's burden to prove the amount of the forfeiture is a preponderance of the evidence. *See* Forfeiture Jury Instructions, Doc. 543; *United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003). Fed. R. Crim P. 32.2(b)(1)(A) states that "[i]f the

government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay." *See, e.g., Poulin*, 690 F. Supp. 2d at 421 ("when the government seeks a money judgment, 'the court must determine the amount of money that the defendant will be ordered to pay.'"). The rule also provides that the "court's determination may be based on evidence already in the record, . . . and on any additional evidence or informati8on submitted by the parties and accepted by the court as relevant and reliable." Rule 32.2(b)(1)(B); *see also United States v. Capoccia*, 503 F.3d 103, 109 (2nd Cir. 2007) (the court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the Government to reintroduce that evidence in the forfeiture hearing). Because forfeiture is part of the sentencing process, traditional rules of evidence do not apply, allowing the admissibility of hearsay so long as it is sufficiently reliable. *Poulin*, 690 F. Supp. 2d at 421; *United States v. Gaskin*, 2002 WL 459005 (W.D.N.Y. 2002) (in the forfeiture phase of the trial, the parties may offer evidence not already in the record; because forfeiture is part of sentencing, such evidence may include reliable hearsay), *aff'd*, 364 F.3d 438 (2d Cir. 2004); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005) (because forfeiture is part of sentencing, reliable hearsay is admissible to establish the forfeitability of the property).

"If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." Fed. R. Crim. P. 32.2(b)(2)(B). Anticipating that defendant will not stipulate to the government's requested amount for the forfeiture money judgment, a hearing will be required.

The trial evidence established that defendant engaged in a series of frauds starting in 2007 and ending when he was arrested on a petition to revoke his release. Therefore, for relevant conduct purposes, the defendant is held accountable for total losses—minus funds returned to the victims that were referenced in the SSI and testified at trial—in the amount of $5,596,985.89. (Paige Decl. ¶ 9.)

Forfeiture is not necessarily based on loss, but on the proceeds that the defendant obtained from the criminal conduct.[2] *United States v. Nicolo*, 597 F. Supp. 2d 342, 347 (W.D.N.Y. 2009) (loss to the victim is relevant to restitution, but not to forfeiture; given the punitive purpose of criminal forfeiture, the defendant must forfeit the gross proceeds of his offense whether or not the victims suffered any loss); *United States v. Kalish*, 2009 WL 130215, *4 (S.D.N.Y. Jan. 13, 2009) (calculation of the amount of proceeds to be forfeited is independent of the calculation of the victims' losses; that the victims could demonstrate only $1.2 million in losses did not bar the forfeiture of $8.4 million in proceeds obtained by the defendant), *aff'd, United States v. Kalish*, 626 F.3d 165 (2nd Cir. 2010); *see United States v. McHan*, 101 F.3d 1027, 1041-42 (4th Cir. 1996) (gross as opposed to net proceeds forfeitable in drug case).

In *United States v. Herder*, 594 F.3d 352, 364-65 (4th Cir. 2010), the court of appeals held that the proper standard for the requisite nexus between the offense and property to be forfeited is the substantial connection test. However, proceeds of a crime are necessarily "substantially connected" to the offense. *See Poulin*, 690 F.2d at 427 n.16 (noting that for purposes of the substantial connection test, the traceability requirement of a statute requiring forfeiture of proceeds of the offense "does the work of ensuring that there is a substantial connection between the money to be forfeited and the Defendant's crime."). As the government proved the amount of proceeds the defendant received from the offenses of conviction, the government has necessarily satisfied the substantial connection test. In this case, the government submits that the amount of investment funds stolen from the victims referenced in the SSI and testified at trial requires a money judgment of $5,596,985.89. (Paige Decl. ¶ 9 and Ex. H.)

---

[2] For example, the PSR references different figures for both loss and restitution. (*See* PSR ¶¶ 54, 64) As of the filing of this memorandum, the Court has not accepted Defendant's objections to loss. (*See* Doc. 724) Restitution is another matter and will likely be the subject of a separate hearing.

### F. Location of Additional Property

Since Defendant's guilty verdict, the Government continued to locate and identify other property traceable to the defendant's scheme to defraud. The Government has uncovered positive balances at two private country clubs—Whisper Rock Golf Club and Paradise Valley Country Club—as a result of Defendant's payment of initiation fees. (Paige Decl. ¶ 8 and Exs. F, G.) This additional $65,257.19 is traceable to defendant's fraudulent schemes and subject to forfeiture. (Paige Decl. ¶ 8 and Exs. F, G.)

### G. Legal Basis for the Forfeiture of Newly Discovered Assets

Rule 32.2(e)(1)(A) provides that on the Government's motion, "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered." *See United States v. Kilbride*, 2007 WL 2528087, at *1 (D. Ariz. 2007) (answers the defendant gives in response to questions regarding his finances during a pre-sentence investigation may be used to amend the order of forfeiture to include additional property pursuant to Rule 32.2(e)); *United States v. Jefferson*, __ F.R.D. __, 2009 WL 613889 (E.D. La. Mar. 4, 2009) (purpose of Rule 32.2(e) is to allow a court to retain jurisdiction to amend an order of forfeiture to include newly-discovered property and substitute assets after the order of forfeiture is final).

To add newly-discovered property to an existing order of forfeiture, the Government need only establish by a preponderance of the evidence that the property falls within the scope of the existing order. *See United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003) (the burden of proof for criminal forfeiture is preponderance of the evidence); *United States v. Najjar*, 300 F.3d 466, 485-86 (4th Cir. 2002) (because forfeiture is part of the punishment, the standard of proof for forfeiture remains preponderance of the evidence, notwithstanding the Supreme Court's decision in *Apprendi*).

Here, the evidence set forth by FA Paige establishes by a preponderance of the evidence that the initiation fees were paid during the life of defendant's 15-year fraud. (Paige Decl. ¶ 8 and Exs. F, G.) Accordingly, pursuant to Rule 32.2(e)(2)(A), the

preliminary order of forfeiture includes the newly-discovered funds. Ex. 1, Proposed Preliminary Order of Forfeiture (POOF).

### III. Conclusion

For the foregoing reasons, the United States prays the Court will enter the attached preliminary order of forfeiture.

Respectfully submitted this 2nd day of June, 2023.

>
> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Kevin M. Rapp*
> KEVIN M. RAPP
> COLEEN SCHOCH
> Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office