Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>David Allen Harbour,<br><br>            Defendant. | Case No. 2:19-cr-00898-DLR (DMF)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND PAGES**<br><br>(Oral Argument Requested) |

Defendant David Allen Harbour, by and through his attorneys, submits this Reply in Support of his Motion to Extend the Page Limits re Objecting to the Presentencing Report (Doc. 726).

The government objects to Defendant's page extension request on two grounds; first, a failure to demonstrate good cause, and second, because Defendant's objections are based on "unsupported theories." Doc. 731 pg. 1 ll. 20-24. However, in granting a page extension request, a court is not required to evaluate the validity of the statements contained in the lodged document. Even so, good cause exists for the extension and Defendant's objections to the presentencing report should be accepted onto the record.

1. <u>Good cause exists as defendant is required to object in detail and with specificity to the allegations of the presentencing report.</u>

A defendant's failure to object to a fact in the presentencing report ("PSR") deems that fact admitted for the purposes of the sentencing hearing. *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) *citing to United States v. White*, 447 F.3d 1029, 1032 (8th Circ. 2006). Raised objections must also be substantially based on allegations of factual inaccuracies. *United States v. Aleman*, 832 F.2d 142, 144 (11th Cir. 1987). The government does not rebut these rules, rather argues that the Defendant is simply wrong in its factual assertions; but the validity of the Defendants factual objections or the governments initial factual statements in the PSR are not at issue for a page extension request. What is relevant here is merely Defendant's requirement to explicitly lay forth his objections and state its contention of factual inaccuracies in his objections to the PSR. Indeed, the government even acknowledges that the court cannot simply rely on the facts of the PSR after a defendant has objected to those facts. *See* Doc. 731 pg. 3 ll. 2-3.

The government recently submitted its final PSR, which including attachments, totals 89 pages. *See* Doc. 729. Defendant cannot possibly be expected to reply with specificity and assert the facts it believes are in error within the 17-page limit the government argues for. Good cause exists for the extension due to the sheer volume of the PSR and legal requirements regarding objections.

2. <u>The factual allegations contained in the PSR require objections and are issues for the Court to resolve.</u>

The second part of the government's response is that Defendant's objections are meritless and should be disregarded. It contends that the Defendant should file objections

where he can articulate a factual dispute that has not already been resolved. Doc. 729 pg. 3 ll. 27-28; pg. 4 ll. 1-2. First, this is not an issue for a page extension request. Even if it were, the government's position is inherently biased and its interpretation of the facts just that – the government lawyer's version of the facts. We would have thought that documenting the top 30 or 40 government misrepresentations would have steered the Court to the inescapable conclusion that nothing the government says can be relied upon. That aside, objections to the PSR serve to allow a defendant to dispute what they believe are inaccurate factual assertions and have a court resolve those factual disputes. *See* Doc. 729 pg. 2 ll. 26-29; pg. 3 ll. 1-7.

For example, the government contends that Dr. Robert Manning's testimony was disregarded by the jury – but the Defense takes the position that it was actually well received, resulting in a dismissal for all counts associated with the first iteration of Payday lending. The government is deluding itself.

Additionally, the government muses that Defendant had no choice but to take a plea deal for count 24 due to overwhelming evidence. Doc. 729 pg. 1 ll. 26-27. While we do not believe this is a proper argument, especially in the context of extending page limits, the governments speculation as to why the Defendant took the plea is again, just their version of the facts that requires pages for the Defendant to respond and, of course, is completely ridiculous.

The government makes the same allegation that the counts dismissed by the plea deal, counts 25-34, are evidence of conduct relevant to sentencing. *Id.* at ll. 27-28. Actually, it is just as likely, given that of its two main witnesses, one is obviously

presently incompetent and would not pass the anticipated Rule 26 examination and the other has given sworn Declarations filed in Court that would leave a jury to answer only the following question: Which is more false, his testimony or his Declarations? There has been no finding beyond a reasonable doubt to these *dismissed* charges, yet the government attempts to parade them as proven conduct. Such factual and legal discrepancies only strengthen Defendant's arguments that additional pages are required.

The PSR is simply the government's version of the facts filtered through the Court's PSR author who stated that she relied entirely on the government reports and the agent's statements. So, it is unsurprising that the government does not want the defense to have the same opportunity to present the facts through the defense lense.

For the foregoing reasons, Defendant respectfully requests this Court to grant his page limit extension and allow his objections onto the record.

RESPECTFULLY SUBMITTED this 2nd day of June 2023.

                CHRISTIAN DICHTER & SLUGA, P.C.

                By: /s/ Stephen M. Dichter
                    Stephen M. Dichter
                    Justin R. Vanderveer
                    2800 North Central Avenue, Suite 860
                    Phoenix, Arizona 85004
                    Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

1  Kevin M. Rapp
2  Kevin.rapp@usdoj.gov
   Coleen Schoch
3  Coleen.schoch@usdoj.gov
   U.S. Attorney's Office
4  40 N. Central Avenue, Suite 1800
   Phoenix, AZ 85004
5  Attorney for Plaintiff

   /s/ Yvonne Canez