GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>     v.<br><br>David Allen Harbour,<br><br>               Defendant. | No. CR-19-00898-PHX-DLR (DMF)<br><br>**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR PRELIMINARY ORDER OF FORFEITURE SEEKING THE FORFEITURE OF ITEMS SEIZED, SUBSTITUTE ASSETS, AND ADDITIONAL ASSETS LOCATED POST-CONVICTION AND UNITED STATES' REQUEST FOR A MONEY JUDGMENT IN THE AMOUNT OF $5,596,985.89 [Doc. 741]** |

**SUMMARY OF ARGUMENT**

The Government requested that this Court order the forfeiture of (1) items detailed in the forfeiture allegation; (2) assets whose purchase date is unknown as substitute assets; and (3) assets located post-conviction that were obtained during the life of Defendant's scheme to defraud or can otherwise be considered substitute assets. The Government has provided this Court a Preliminary Order of Forfeiture that details these various categories of forfeitable assets.

The Defendant objected to the government's request for a forfeiture order which represents the gross proceeds of the Defendant's fraud scheme. The Defendant stated that "the government did not convict him of a 15- year Ponzi scheme", therefore, the funds and assets obtained before the July 30, 2014, cannot be forfeited. (Mot. at 2)   Defendant's argument is incorrect and irrelevant. It is a well-settled legal principle that criminal forfeiture extends not just to the proceeds gained from a specific fraudulent transaction on which a conviction was based, but "extends to the entire scheme" of which the specific fraudulent transaction was a part. Here, the court decides forfeiture by a preponderance of the evidence standard.

## LAW & ARGUMENT

### A. Funds and Assets Purchased during Defendant's 15- year Scheme to Defraud Should be Forfeited.

The court can order the forfeiture of assets and funds that were obtained prior to the first substantive count of conviction (July 30, 2014) because they were purchased during defendant's scheme to defraud. In *United States v. Cox*, 851 F.3d 113, 120 (1st Circ. 2017), the defendant contested the forfeiture award arguing that proceeds from uncharged and/or unconvicted relevant conduct were not authorized under the criminal forfeiture statute. The court rejected this argument finding that a court may order forfeiture of the proceeds from uncharged conduct that was part of the same fraudulent scheme alleged in the counts of conviction. *Id.* In *Cox*, identical to the forfeiture allegation here, the government sought forfeiture under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 28 U.S.C. § 2461. The relevant language from these statutes is broadly framed to reach property beyond "the amounts alleged in the count(s) of conviction." *United States v. Venturella*, 585 F 3d 1013, 1017 (7th Cir. 2009)("Furthermore, contrary to the defendants' claims, forfeiture is not limited solely to the amounts alleged in the count(s) of conviction. The plain language of the section 981(a)(1)(C) along with the expansive definition of "proceeds" indicates that the statute contemplates the forfeiture of property other than the amounts alleged in the

count(s) of conviction. We have also interpreted other statutes authorizing forfeiture to include the total amount gained by the crime or criminal scheme, even for counts on which the defendant was acquitted"); *see also United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016)("The district court therefore did not err in ordering a forfeiture money judgment in the amount of proceeds that Lo obtained as a result of his two fraudulent schemes. Nor did the district court clearly err in calculating that total to be $2,232,894, where the plea agreement, as well as the Presentencing Report, victim impact statements, and other evidence submitted as part of the district court's three sentencing proceedings all supported that amount."); *United States v. Sigillito*, 899 F. Supp. 2d 850, 862 (E.D. Mo. 2012), *aff'd*, 759 F.3d 913 (8th Cir. 2014) ("It is a well-settled point of law that the government may seek the forfeiture of all proceeds involved in a [fraud] scheme, even if some of the proceeds were realized outside of the 5-year statute of limitations") *United States v. Fuikinaga*, 2016 WL 11184225 at *6 (D.Nev. Dec. 27, 2016)("As forfeiture is not a substantive offense, and as the caselaw clearly establishes that the United States may seek the forfeiture of all proceeds involved in a scheme or conspiracy, the Court finds that no portion of the forfeiture allegation is barred by the statute of limitations.") Therefore, the Court finds that the forfeiture allegations properly seek forfeiture of the amount of money alleged in the entire alleged scheme rather than the amount alleged in the substantive counts.");*United States v. Capoccia*, 503 F.3d 103, 117-18 (2d Cir. 2007) ("Where the conviction itself is for executing a scheme … the government need only establish that the forfeited assets have the 'requisite nexus,' … to that scheme").

In sum, both the Ninth and Seventh Circuits relied on this inclusive statutory language to conclude that, in the case of crimes that involve a scheme to defraud, funds "obtained ... as a result" of the offense "consist of the funds involved in that fraudulent scheme, including additional executions of the scheme that were not specifically charged or on which the defendant was acquitted." *Lo*, 839 F.3d at 793.

Defendant cites *United States v Garcia-Guizar*, 160 F.3d 511 (9th Cir. 1998), for the proposition that the court can order forfeiture only for counts of conviction. (Mot at 5).

*Garcia-Guizar* is distinguishable from the facts here. In that case the court ordered forfeiture of $43,000. The Ninth Circuit Court found that there was no evidence showing that money was acquired by defendant during time period of offenses for which he was convicted. In other words, the government could only show that $4300 was related to drug trafficking. *Id.*

In contrast to the holding in *Garcia-Guizar,* there was substantial evidence here that not only did defendant engage in a scheme to defraud but he purchased assets (primarily jewelry) with funds that be obtained by the Pat Spaulding Fraud, Rhonda Gray Fraud and the frauds related to KSQ and DNA Investments. As the Court knows, the SSI noticed a fraudulent scheme dating back to 2007 that predated the substantive counts. This Court is also well aware of these various frauds as they were both a subject of pretrial litigation and there was substantial evidence and testimony presented during trial in support of Defendant's fifteen -year scheme to defraud. Indeed, the assets were primarily expensive jewelry, (including a $25,000 Patek Philippe watch and a $100,000 six carat ring, among other expensive jewelry) that defendant displayed in furtherance and in support of his false veneer of being a successful and wealthy businessman. *See* Doc. 735-3

Courts have specifically rejected the arguments defendant makes that the forfeiture amount should be limited to the proceeds earned during the statute of limitations period. In *United States v. Reed,* 908 F.3d 102, 125-26 (5th Cir. 2018), the defendant was convicted of wire fraud, mail fraud and money laundering. When the government sought a forfeiture money judgment for the proceeds he earned from the entire scheme, the defendant argued that his forfeiture should be limited to a portion of the scheme that occurred during the five-year statute of limitations. The Fifth Circuit rejected the defendant's argument and held that "[w]e see no clear factual error in the district court's finding that Reed had engaged in a continuing scheme over 20 years, and no legal error in its conclusion that he could therefore be required to forfeit all of the proceeds from that scheme under 18 U.S.C. § 981 and 28 U.S.C. § 2461(c)." *Id.* at 125.

During trial the government presented a number of witnesses that testified to these

schemes. Regarding the Pat Spaulding fraud, both victims Kenneth Bobrow and Pam Case testified to being defrauded by Defendant and relevant exhibits were admitted. [1]Rhonda Gray testified to being defrauded by defendant out of $1,000,000.[2] Joe Cathey, Carol Hill and Alison Willson testified to being defrauded in the KSQ/DNA Investments/ Northrock fraud schemes. Accordingly, any assets purchased during the 2007-2014 time frame presumptively came from, in whole or part, the victims' funds and should be forfeited.

### B.      The Money Judgment Can Include Dismissed Counts.

In addition to the fraud scheme discussed above, the Georgia Fraud is also relevant conduct. *See* U.S.S.G. § 1B1.3.  Counts (27-34) are expected to be dismissed upon the sentencing of count 24 (tax evasion). (*See* Doc. 695, .Plea Agreement, ¶s 4(a)) Nevertheless, Magistrate Judge Fine, after multiple days of evidentiary hearings, found probable cause that the offenses Bank and Wire Fraud, Conspiracy, etc. underlying these counts had been committed by defendant. *See* Doc. 346 ("Upon additional review of the record before the Court and review of the authorities cited by counsel, the Court finds that probable cause has been shown that Defendant Harbour conspired to commit wire fraud, bank fraud, and false statement on loan and credit applications in violation of 18 U.S.C. §§ 371, 1014, 1349, 1343, and 1344.")  This Court affirmed the Magistrate Judge's ruling. (Doc. 427)(" …because a grand jury, after evaluating the evidence, found that probable cause was proven as to the alleged crimes, the Court finds that probable cause has been shown to exist as to those offenses alleged in Counts 27 through 34 of the Superseding Indictment.")

Accordingly, assets purchased during 2007-2014 were presumptively purchased in whole or in part with the proceeds from a fraudulent scheme. Simply put, Defendant had no other source of income except funds form his fraud scheme.  In addition, the proceeds from his fraud scheme plus the losses associated with the 2021 Georgia Fraud

---

[1] Trial Tr, 2/15/23, pp.27-142, Tr. Exs. 781,783,109,113 and 114. Trial Tr., 2/1/23, pp-4-51, Exs. 519,521.

[2] Trial Tr. 2/2/23, pp. 7-184, Trial Exs. 216-218, 222,223 225-228,788,789,790-794.

($140,591.67) should comprise the $5,596,985.89 money judgment. (*See* Doc. 735-3, Ex. H)

## CONCLUSION

By arguing that he should only forfeit the portion of his fraud proceeds that he obtained inside a single five-year period, the Defendant in this matter seeks to place an additional burden on the government that has no basis in law or common sense. To allow the Defendant to retain a significant portion of his ill-gotten gains would defy the objectives of criminal forfeiture and run counter to existing law. For these reasons, this Court should reject Defendant's arguments and enter the Preliminary Order of Forfeiture Order that forfeits assets obtained during and traceable to the 15-year scheme and includes substitute assets.  Lastly the Court should order the requested  money judgment.

Respectfully submitted this 12th day of June 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
COLEEN SCHOCH
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office