Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:19-cr-00898-DLR |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION TO STRIKE THE GOVERNMENTS SUPPLEMENTAL RESPONSE TO THE RULE 29 AND 33 MOTIONS** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | (Oral Argument Requested) |

Defendant David Allen Harbour, by and through his attorneys, submits this Motion to Strike the Governments Supplemental Response to the Defendant's Renewed Rule 29 and 33 Motion filed on June 23, 2023.

## BACKGROUND

As of the time of the filing of this Motion, the Court had acquitted Defendant of Counts III, XXI, XXII, and XXXIII. Doc. 757. The government filed its supplemental response with exhibits to the Defendant's Rule 29 motion prior to Doc. 757, on June 23, 2023. *See* Doc. 754. In that "supplement," the government sought to address a single issue, which is Princeton Alternative Income Fund ("PAIF"), which was the totality of

this Courts recent acquittal. Despite the acquittal, a brief response from the Defendant is required to preserve the record and to keep the Court informed, honestly, as to the state of affairs, given that the supplemental pleading is, like much if not most of the government's filings, loaded with misrepresentations.

In its supplement, the government attached Exhibit B, which is a string of emails from PAIF representatives to the government and an attached spreadsheet allegedly submitted by PAIF. The submission of this email and document was a last-gasp attempt borne out of obvious desperation to thwart what the government had every reason to believe was the Court's likely dismissal of the largest dollar-volume set of claims.

Deliberately, with actual knowledge both of the underlying impropriety of foisting on any Court new materials never presented to the jury in post-trial motions but also of the Court's specific order to the prosecutor to not argue anything that was not contained in the evidence submitted to the jury, the government sought to back-door "new evidence" into the record that had never been presented to the jury. *See* TT. June 6, 2023 pg. 44-45.

Exhibit B is a package of materials presented to the Court's presentence writer by PAIF for use in sentencing. It is misleading, at best, except where it is not completely false. The temptation is great to take it on, here, piece by piece. After all, having so flagrantly breached its duties as the "minister of Justice," as well as this Court's direct order, the government would hardly be in any position to criticize the Defense for responding in kind. But, the Court could rightly be critical and we want the Court to have the clearest of fields to address the government's tactics.

Leave it at this: Sadly, the prosecutor has been completely hoodwinked by PAIF, just as the government was hoodwinked by Bart Shea. This occurred because the government's obsession over the Defendant has replaced good sense.

Motions to strike are governed by LRCrim 12.1, which incorporates the local civil rules 7.1 and 7.2. LRCiv 7.2(m) in turn governs motions to strike. First, the supplement should be stricken as it is now moot with the Court's ruling to acquit the PAIF counts. Second, the supplement also argues evidence that is outside of the evidence presented at trial. In the event the Court is not inclined to strike the supplement, Defendant asks that the Court invite a substantive response to the supplement.

## **ARGUMENT**

I.     The government's supplement is an improper argument and must be stricken.

First, it is unclear from what source the government conjured the right to supplement its filed response to the Rule 29 and Rule 33 post-trial motions. There is no rule that permits supplements without leave. Nor do we see that the government lodged the pleading along with a motion to permit its filing.

More importantly, this Court was explicit – no evidence from outside of the trial was to be argued by the government. *See* TT. June 6, 2023 pg. 44-45. Yet, knowing it could not do so, the government submitted a new exhibit containing new financial records and statements from PAIF representatives (who had been sued for racketeering by the United States (of America) Trustee in the PAIF Chapter 11 and who have now been sued by the United States (of America) Securities and Exchange Commission. It is

indeed noteworthy that the United States (of America) Attorney has sided with PAIF against the positions of other agencies of the same United States of America.

The issue with this evidence could not be plainer; the government seeks to supplement what was, and this Court has now found, insufficient evidence to sustain a conviction on the PAIF Counts. The government's supplemental response must be stricken due to the incredibly prejudicial nature of the government's actions, improper argument by attempting to circumvent the jury process, and another fatal variance by the government. *See United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) (quoting *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)); *United States v. Morse*, 785 F.2d 771, 775 (9th Cir. 1986).

## **CONCLUSION**

The government's unauthorized supplemental response is moot, as this Court has already acquitted the defendant based upon a series of grounds. More importantly, the government's supplemental response seeks to have the Court consider hearsay that was not introduced at trial. In the alternative, Defendant respectfully requests leave to substantively respond to the supplement and to its Exhibit B.

RESPECTFULLY SUBMITTED this 30th day of June 2023.

CHRISTIAN DICHTER & SLUGA, P.C.


By: /s/ Stephen M. Dichter
        Stephen M. Dichter
        Justin R. Vanderveer
        2800 North Central Avenue, Suite 860
        Phoenix, Arizona 85004
        Attorneys for Defendant David A. Harbour

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on June 30, 2023, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF system for filing and for transmittal

of Notice of Electronic Filing to the following CM/ECF registrants:

4

5

Kevin M. Rapp

Kevin.rapp@usdoj.gov

6

Coleen Schoch

Coleen.schoch@usdoj.gov

7

U.S. Attorney's Office

8

40 N. Central Avenue, Suite 1800

Phoenix, AZ 85004

9

Attorney for Plaintiff

10

11

/s/ Yvonne Canez

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28