**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David Allen Harbour,<br><br>　　　　　Defendant. | No. CR-19-00898-001-PHX-DLR<br><br>**ORDER** |

　　　　Pending before the Court is the Government's motion to strike Defendant David Allen Harbour's memorandum on judicial estoppel. (Docs. 751; 755.) The Court grants the motion.

　　　　Though motions to strike generally are disfavored, *Picurro v. Baird*, No. CV 09-00938-PHX-NVW, 2011 WL 4433954, at *1 (D. Ariz. Sept. 23, 2011), LRCiv 7.2(m)(1) allows a party to move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." And in this instance, the filing subject to the motion to strike was not authorized by statute, rule, or by the Court.

　　　　On June 6, 2023, the Court held oral argument regarding Harbour's motions for acquittal and new trial. (Docs. 648, 649, 749.) At the hearing, Defense counsel argued for the first time that the Government was estopped from arguing post-trial that a specific exhibit, Exhibit 516, was fraudulent based on the Government's statements about that exhibit at trial (Doc. 749 at 57-58.) When the Court asked Defense counsel for "any

authority" for that proposition, Defense counsel did not have authority on hand. The Court then granted Defense counsel leave to "supplement on this very limited issue with five pages where you quote what it said in his argument and you have authority to me that he cannot now make a contrary argument in these motions." (*Id.* at 58-59.)

A few days later, Defense counsel filed a memorandum that devoted a single paragraph to the estoppel issue. Nowhere in the memorandum did Defense counsel "quote what [the Government] said in its argument" about Exhibit 516. The rest of the five-page allotment was spent discussing "Continuing Scheme and Lifestyle," "Turasky and Burg Expenses," "Prior Admitted Prejudicial Evidence," "Omissions," and "Yes and No Answers"—arguments already raised in the fully briefed motions for acquittal and new trial. Even more, attached to the memorandum is a train of exhibits, many rehashing the questions posed by the Court in oral argument on the motions for acquittal and new trial.

This memorandum ranged far beyond the issue the Court asked Defense counsel to address. It was not authorized by statute or by rule. The Court also notes that the order resolving the motions for acquittal and new trial did not depend on resolving the estoppel issue. (*See* Doc. 757.)

**IT IS ORDERED** that the Government's motion to strike Defendant's Memorandum on Judicial Estoppel (Doc. 755) is **GRANTED**. Defendant's Memorandum on Judicial Estoppel (Doc. 751) is **STRICKEN**.

Dated this 3rd day of July, 2023.

Douglas L. Rayes
United States District Judge