GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 14249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiffs,<br><br>     vs.<br><br>David Allen Harbour,<br><br>            Defendant. | CR-19-00898-PHX-DLR (DMF)<br><br>**UNITED STATE'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE THE GOVERNMENT'S SUPPLEMENTAL BRIEFING ON RULE 29 AND 33 MOTION [DOC. 760 ]** |

## SUMMARY OF ARGUMENT

Defendant's motion to strike the United States supplemental briefing on PAIF should be denied for several reasons. First and importantly, the government sought permission to file a supplemental briefing. Second, instead of responding to the motion that demonstrates that Defendant's claim that PAIF seized funds from Green Circle was based on nonexistent evidence, defendant files a motion to strike that is nothing more than an absurd nonseqitur arguing the government provided this Court with unauthorized information regarding PAIF's losses. Third, in light of the Court granting a judgment of acquittal of PAIF related counts, the government's motion will become all the more germane at sentencing as the government still intends to pursue PAIF losses (and other uncharged victims for that matter) under a relevant conduct theory. The motion to strike should be denied.

**LAW AND ARGUMENT**

At the hearing on the Rule 29 and 33 the government asked the court's permission if it could file a supplement on a narrow issue regarding the defense argument that PAIF had seized funds from Green Circle. The Court granted the government's request by conditioning it on asking defense counsel where that evidence came from. Again, Defendant's only source for this claim is "it came from Cameron's report." It didn't. The report never was introduced into evidence and Cameron's testimony on this point was, to put it mildly, confusing and equivocal.

In the final analysis, the evidence at trial never supported defendant's argument that PAIF seized funds from Green Circle in September 2016. This argument was concocted to fit a false narrative. Despite a jury finding defendant guilty of wire fraud and money laundering regarding PAIF related counts, this Court has now acquitted defendant of those counts. The Government, nevertheless, intends to pursue both loss and restitution on behalf of PAIF at sentencing.

Defendant should properly respond to the motion and explain what evidence he based this argument on in opening statement, closing argument, and during arguments on the Rule 29 and 33 motions. By failing to respond, defendant admits that such evidence never existed. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

In sum, the PAIF fraud is relevant conduct to be considered for loss and restitution, among other things, at sentencing. The PAIF loss is not, as the Defense argues, moot. (Mot at 3) It has long been the law that relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" occurring during the commission, preparation, or cover-up of the charged offense. U.S.S.G. § 1B1.3 Relevant conduct may include related loss from (1) uncharged conduct, (2) charged conduct of which the defendant was acquitted , and (3) conduct beyond the criminal statute of limitations. *United States v. Watts*, 519 U.S. 148, 155 (1997) quoting *United States v One Assortment of 89 Firearms,* 465 US 354, 361 (1984) ("[A]quittal on criminal charges does not prove that a defendant is innocent; it

merely proves the existence of a reasonable doubt as to his guilt.") A sentencing court may consider conduct of which defendant has been acquitted, so long as that conduct has been proved by preponderance of evidence. *Id.*; *see also United States v. May*, 706 F.3d 1209, 1213 (9th Cir. 2013) ("Because relevant conduct may include a broader range of conduct than the underlying offense conduct, a district court may properly consider charged, uncharged, and acquitted conduct.")

Once the Court strips the Defense motion to strike of its hyperbole, its ad hominem attacks, its conclusory statements, and its irrelevant and incorrect statements on the law and facts, there is nothing left but his failure to properly address the Government's supplemental motion. Simply put, his failure to address the lack of evidence supporting the argument that PAIF seized Green Circle funds is deafening.

## CONCLUSION

For the foregoing reasons, the government hereby request that this Court deny Defendant's motion to strike and order a date by which Defendant may file a response if it chooses.

Respectfully submitted this 6th day of July 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants who have entered their appearance as counsel of record.

 *s/Daniel Parke*
U.S. Attorney's Office