Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>David Allen Harbour,<br><br>Defendant. | Case No. 2:19-cr-00898-DLR (DMF)<br><br>**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant David Allen Harbour, by and through his attorneys, submits the following supplemental authority in support of his Forfeiture Memorandum (Doc. 741).

In further support of the memorandum, counsel directs this Court to the following cases that support the position that forfeiture is improper.

- There are three undisputed propositions of law that are used in the resolution of forfeiture. First, the property of an innocent spouse is not to be taken to satisfy a forfeit on her husband. *United States v. Chavez*, 323 F.3d 1216, 1219 (9th Cir. 2003) *citing to United States v. Lester,* 85 F.3d 1409, 1413 (9th Cir.1996). The 2nd Circuit has also held that innocent owners are excluded from forfeiture, and

forfeiture is limited to the criminal defendant's property interest. *United States v. Wolf*, 375 F. Supp. 3d 428, 440 (S.D.N.Y. 2019). Second, State Law determines the ownership of property. *Chavez* at 323 F.3d at 1219. Third, Federal law determines the forfeiture. *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000).

- *United States v. Babichenko*, No. 1:18-CR-00258-BLW, 2023 WL 3221115, at *1 (D. Idaho May 2, 2023). Here, the court ordered that in forfeiture, the defendant was required to divest himself of title to proceeds that were gained from unlawful activity. The court further held that the government may not 'double count', in that it is prohibited from obtaining a money judgment in addition to assets. The court applied a 'but for' test in identifying if the government had shown a link between unlawful conduct and assets to be forfeit. In other words, but for the unlawful conduct, the defendant would not have obtained those assets. Furthermore, there is no joint and several liability in forfeiture.

- *United States v. Martin*, No. 1:13-CR-0065-BLW, 2014 WL 221956, at *3 (D. Idaho Jan. 21, 2014). In another case from the same district, the court again applied the 'but for' test in a forfeiture action, noting that the C.A.D.C., the 1st Cir., 3rd Cir., 2nd Cir., and 7th Cir. have all adopted the but-for test. The court further analyzed the Supreme Court ruling of *U.S. v. Bajakajion*[1], which held that forfeiture is excessive under the 8th Amendment if it is grossly disproportional to the gravity of the offense.

---

[1] 524 US 321, 334, 118 S Ct. 2028 141 L. Ed. 2d 314 (1998).

- *United States v. Capoccia*, 503 F.3d 103, 116 (2d Cir. 2007). In an opinion written by the now Supreme Court Justice Sonia Sotomayor, the 2nd Circuit found that the district court erred in forfeiting assets obtained by the defendant through uncharged violations that did not have an adequate statutory nexus to the violations the defendant was convicted of. Defendant was not charged with any criminal conduct prior to May 24, 2000, and therefore, the government was not entitled to forfeiture for assets obtained before then.

RESPECTFULLY SUBMITTED this 25th day of July 2023.

                                            CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Stephen M. Dichter
    Stephen M. Dichter
    Justin R. Vanderveer
    2800 North Central Avenue, Suite 860
    Phoenix, Arizona 85004
    Attorneys for Defendant David A. Harbour

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004Attorney for Plaintiff


/s/ Yvonne Canez