GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 14249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-19-00898-PHX-DLR (DMF) |
|---|---|
| Plaintiffs, | **UNITED STATE'S MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. 766]** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

**ARGUMENT**

For the fourth time the United States moves this Court to strike one of Defendant's post-trial pleadings for failure to follow established Court Rules. On the eve of the forfeiture oral argument Defendant has filed a sur reply masquerading as supplemental authority. The motion should be stricken for a number of reasons. First, this filing does not alert the Court to new, arguably, intervening law. Instead, it cites seven cases, some out of circuit, issued years ago that were available to Defendant when he filed his response.[1]

---

[1] Indeed, one of the cases (*United States v. Capoccia*, 503 F.3d. (2d. Cir. 2007)) was cited in the Government's reply. Simply put, Defendant provides this Court with "supplemental authority" that was already provided then misstates the proposition of the case. *Capoccia* involved substantive interstate transportation of stolen property counts rather than the lengthy scheme to defraud involving wire and mail fraud alleged in the Second Superseding indictment here. *Id.* at 117-118("Capoccia's conviction under Count

In short, none of the cases cited as supplemental authority were decided after the close of the forfeiture briefings. Second, Defendant never sought leave of the Court to supplement its filing and the Court never invited further briefing on forfeiture.

Third and importantly, the "supplemental authority" constitutes an additional, unauthorized, 3-page sur response. It should be stricken for that reason alone. LRCiv 7.2(m)(1). *See E.E.O.C. v. Creative Networks, LLC and Res-Care, Inc.*, 2008 WL 5225807, at *3 (D. Ariz. Dec. 15, 2008) (striking separate responses and replies to summary judgment statements of fact that contained further factual and legal arguments in support of the summary judgment motion). "Sur replies ... are highly disfavored, as they usually are a strategic effort, as it is here, by the nonmoving party to have the last word on a matter." *In re Enron Corp.*, 465 F.Supp.2d 687,691 n. 4 (S.D.Tex.2006) *(quoting Lacher v. West,* 147 F.Supp.2d 538, 539 (N.D.Tex.2001). Accordingly, courts will not allow sur replies except "in the most extraordinary circumstances." *Beckner v. Astrue*, 2007 WL 2013608 *1 (D.Kan.2007). See also *Gen.Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp 2d 749, 752 n. 1 (W.D.Ky.2001) ("[M]otions for sur replies ... will be summarily denied absent extraordinary circumstances.").

Defendant had a full and fair opportunity to brief forfeiture issues in this case prior to the scheduled hearing. His untimely motion filed a day before the hearing, disguised as supplemental (dated) authority should be stricken.

## CONCLUSION

For the foregoing reasons, hereby request that the Court grant this motion and enter an order striking the Defendant's Supplemental Authority and give it no consideration.

---

One is not for a scheme, conspiracy, or enterprise, because 18 U.S.C. § 2314 prohibits only individual instances of transferring stolen money. Funds received from the pre-May 2000 uncharged transfers are not proceeds of, and thus do not have the "requisite nexus" to, the post-May 2000 payments forming the basis of Capoccia's conviction.")

Respectfully submitted this 26th day of July 2023.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>*s/Kevin M. Rapp*
>KEVIN M. RAPP
>Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants who have entered their appearance as counsel of record.

 _s/Daniel Parke_
U.S. Attorney's Office