**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Pending before the Court is Defendant David Allen Harbour's motion to reconsider the Court's June 28, 2023 order resolving his renewed motion for new trial and motion for acquittal. (Doc. 764.) Additional briefing is unnecessary, and the Court denies the motion.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for

reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The Court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

Harbour raises three arguments in the motion, all of which fail. The first argument asserts manifest error, and it goes like this. Because Burg and Turasky's funds eventually went where they were supposed to go, Harbour could not have committed wire fraud because he lacked the requisite intent to cheat, that is, to deprive them of money or property. Therefore, any "detour" the money took on the way could have been deceptive but could not have been evidence of an intent to cheat.

The Court sees no manifest error. For starters, as Harbour concedes, once he obtained Burg and Turasky's funds, he never returned the full amount owed to them—they were deprived of money. Whether "circumstances out of Harbour's control shut down the flow of money" was a disputed fact at trial for the jury to decide, not for the Court to decide on a motion for reconsideration. (Doc. 764 at 5.) Even if he had intended to repay, that is no defense to wire fraud. *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020). Without considering whether Harbour is correct on his intent to cheat argument, the jury reasonably concluded that Burg and Turasky were deprived of their funds and could reasonably infer from that deprivation and Harbour's misrepresentation about how he would use the funds that he intended to deprive them of their funds. (Doc. 647 at 162-65, 184.) There is no manifest error.

Harbour next argues that he must be acquitted of the Burg and Turasky counts because the evidence does not support that he used Burg and Turasky's funds for personal expenses. This argument is improper for a motion for reconsideration because it merely rehashes his argument in his post-trial motions, and which the Court's June 28, 2023 order resolved by concluding that the jury had sufficient circumstantial evidence to find beyond a reasonable doubt that Harbour used Burg and Turasky's funds for personal expenses. Harbour does not address the circumstantial evidence argument and merely argues that there was no direct evidence. The Court detects no manifest error.

Lastly, Harbour argues that several of the money laundering accounts related to the Turasky and Burg counts were for business expenses and the Government presented no evidence they were personal expenses. This argument assumes no rational juror could conclude that Burg and Turasky's funds never arrived at Green Circle. Harbour contends that Exhibit 516 establishes this as an undisputed fact. But the Government disputes it with Jeanette Paige's testimony and her spreadsheets. (Doc. 688 at 14-15; Ex. 912.) The jury was responsible for resolving this factual dispute, and it had sufficient evidence to conclude that the Burg and Turasky funds never reached Green Circle.

Regardless, the Court's June 28, 2023 order concluded that *even assuming* the Burg and Turasky funds reached Green Circle, the jury had sufficient *circumstantial* evidence to conclude that Harbour used their funds for personal expenses contrary to what he promised. Harbour's argument does not address this conclusion because it focuses squarely on the absence of *direct* evidence. The Court sees no manifest error.

Accordingly,

**IT IS ORDERED** that Harbour's motion for reconsideration (Doc. 764) is **DENIED**.

Dated this 28th day of July, 2023.

_____
Douglas L. Rayes
United States District Judge