GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 14249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiffs, <br><br> vs. <br><br> David Allen Harbour, <br><br> Defendant. | CR-19-00898-PHX-DLR (DMF) <br><br> **UNITED STATES' SECOND MOTION TO STRIKE DEFENDANT'S AMENDED OBJECTIONS TO THE PSR, [Doc. 770]** |

## INTRODUCTION

This Court should strike the Defendant's Amended Objections to the Presentence Report [Doc. 770] because Defendant has entirely disregarded both this Court's order—which limited his objections to 34 pages—and the Arizona local rules that govern pleadings. Rather than comply with the Court's order and submit a filing within the page limit, Defendant simply transferred his extraneous argument to the footnotes and added single-space font throughout the body of the pleading. Worse, Defendant has—yet again—included a 76-page exhibit that simply rehashes the exact same arguments already contained of the body of his overly-long pleading. Defendant's objections now total 110 pages (compared to his previous 144-page motion). The Court should strike his pleading and order him to comply with the Court's Order and the Local Rules.

## LAW AND ARGUMENT

*First*, Defendant flatly ignored the Court's prior order, which struck his first 68-

page objection to the PSR [Doc. 739] because it was well outside the bounds of an acceptable page limit:

> The Court, having held evidentiary hearings, and having witnessed the evidence presented at [sic] trail as well as having read the pretrial, trial and post-trial motions finds that Defendant has not shown good cause for such an extensive and lengthy objection. The Court is familiar with the facts and legal issues raised and a 68-page objection is not necessary to inform the Court, would not assist the Court, and would be a waste of judicial resources. Defendant can comfortably inform the Court of his objections in 34-pages, half the 68-pages requested, but double the 17-page limit.

*Id.*

*Second*, Defendant extended the content of his recent pleading by transferring entire sections of argument to single-spaced footnotes. Defendant's 34-page motion now includes fourteen footnotes, five of which (fn. 5–9, 12) are single spaced and occupy approximately half-a-page each. There are also an additional nine single-spaced footnotes that occupy four-to-five lines each. In total, four-and-a-half *pages* of Defendant's pleading are comprised of single-spaced footnotes, without which Defendants pleading would been several pages longer, far exceeding the 34-page limit.

Beyond his attempts to evade the page limit, Defendant's footnotes are composed almost entirely of inappropriate legal argument. *See Sony Music Ent. v. Vital Pharms., Inc.*, No. 21-22825-CIV, 2022 WL 4771858, at *13 (S.D. Fla. Sept. 14, 2022) ("addressing legal arguments in footnotes is an incorrect method to present substantive arguments on the merits or otherwise request relief from the Court."). Indeed, much of Defendant's substantive description of the Government's case is contained in the footnotes and his 76-page exhibit, rather than in the body of the pleading.

*Third*, in addition to the single-spaced footnotes, another six pages of the motion are comprised of single-spaced bullet points, designed solely to circumvent the page limit. When combined with several pages that are devoted almost entirely to footnotes, Defendant's motion sometimes contains a single sentence that carries on for *multiple pages*, making it difficult to follow and undermining even the most advanced reader's

comprehension.

*Fourth*, Defendant has once again attached as an exhibit a document which is not an exhibit but is instead 76-pages of additional argument. In many cases, the "exhibit" regurgitates the exact same arguments that Defendant already made in his motion. Defendant's motion should be stricken for this reason alone.

*Fifth*, as is now typical for anything that Defendant's files, the motion is replete with *ad hominem* attacks that are unduly strident and inappropriate. Starting with an introductory missive that aggressively attacks and accuses the PSR writer, the motion never relents. Multiple evidentiary hearings and a guilty verdict notwithstanding, Defendant repeatedly alleges that Government counsel engaged in misconduct and made other misrepresentations (i.e., "just another version of the fiction the government has been spinning since the outset of a prosecution that, as these objections are composed and submitted, hangs by no more than the thinnest of threads.") Mot. at 3. But like many of his filings, once stripped of overblown hyperbole, personal attacks, and incorrect statements of law and fact, the motion is reduced to a confusing muddle that is masquerading as a legitimate objection to the PSR.

Defendant's method of brief-writing, which ignores Court rules and seizes every opportunity to attack those who disagree with him, is a disservice to the entire defense bar. After seeking Court permission, Defendant disingenuously side-stepped this Court's order by resorting to multiple pages of single-spaced arguments, half-page footnotes, and a 76-page "exhibit" that is really a compendium of factual arguments. For the fourth time (post-trial) this Court should strike Defendant's motion.

Respectfully submitted this 7th day of August 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Kevin M. Rapp
KEVIN M. RAPP
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants who have entered their appearance as counsel of record.

 _s/Daniel Parke_
U.S. Attorney's Office