Stephen M. Dichter, 004043
sdichter@cdslawfirm.com
Justin R. Vanderveer, 037657
jvanderveer@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Defendant David Harbour

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  vs.<br><br>David Allen Harbour,<br><br>    Defendant. | Case No. 2:19-cr-00898-DLR<br><br>**RESPONSE TO GOVERNMENT'S MOTION TO EXTEND TIME TO FILE ITS RESPONSE TO THE MOTION FOR RECONSIDERATION OF RENEWED RULE 29 MOTION**<br>**[Doc. 764]** |

Pursuant to the Court's Order of September 7, 2023, Defendant's reply to the Motion for Reconsideration is currently due on September 26, 2023. The government's request is certainly not unreasonable and would be completely understandable except for the following factors:

1) The sentencing is currently scheduled for Monday, October 2, 2023,

2) The government's request, if approved, will make the government's response due on September 26, 2023. The two business day extension the government requested amounts to four calendar days,

3) Presently, the Defense reply is due on September 26, 2023. The Court gave us five calendar days to reply to the government's response. Five calendar days from September 26, 2023 means that, without an extension, the Reply would be due the same day as the sentencing and if we received the same four calendar day extension sought by the government, that the Reply would be due October 5, 2023, which is after the sentencing date.

4) Defendant remains in custody.

5) The Parties have just finished responding to the objections to the PSR and replying to the response. Presumably, the PSR report writer now has obligations to fulfill under Rule 32(e), F.R.Crim.P.

6) The Parties have not yet filed sentencing memoranda nor has the defense yet filed a motion to sentence beneath the Guidelines.

7) It seems like the present sentencing date cannot stand, but the Defense is loath to request an extension, given that the Defendant is in custody. Obviously, all of this would be greatly simplified were the Defendant to be released, as he was for the trial. The Court is already aware of all the arguments for and against.

8) The undesigned starts a 2-week Superior Court trial on Tuesday, October 3, 2023.

9) The earliest that counsel could participate in a sentencing, were it to be continued, would be Monday, October 16, 2023 and that assumes the PSR has been actually finally completed, sentencing memos filed and, in the blind, a motion to sentence

outside the Guidelines has been filed. It would have to be filed in the blind because we do not know the Guidelines the Court proposes to apply in the case.

10) Having listed all of the issues we can think of, outside of ordering Defendant released as he was for trial, we must throw ourselves on the sound discretion of the Court and hope the Court is able to fashion appropriate relief in the interests of justice.

RESPECTFULLY SUBMITTED this 19th day of September 2023.

CHRISTIAN DICHTER & SLUGA, P.C.


By: /s/ Stephen M. Dichter
Stephen M. Dichter
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendant David A. Harbour


**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Kevin M. Rapp
Kevin.rapp@usdoj.gov
U.S. Attorney's Office
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
Attorney for Plaintiff


/s/ Yvonne Canez

3