# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | **AMENDED ORDER**[1] |
| v. | |
| David Allen Harbour, | |
| Defendant. | |

Before the Court is Defendant's Motion for Clarification of the Court's Denial of Defendant's Motion for Reconsideration. (Doc. 769.) The Court denied Defendant's Motion for Reconsideration (Doc. 764) without ordering a response from the Government.[2] Defendant's Motion for Reconsideration raises two arguments: (1) if all the funds given to Defendant by Turasky and Burg eventually ended up in the investment upon which the parties agreed (Green Circle), there could not have been underlying fraud and (2) the Government's theory that the funds took a detour and were used by Defendant to pay personal expenses was neither alleged in the Second Superseding Indictment ("SSI"), nor supported by the evidence because there was no direct evidence that the funds were used for personal expenses.

---

[1] Amending the Court's September 7, 2023, Order (Doc. 780) to correct a typographical error on page 5 regarding the rule being addressed.
[2] Under this District's Local Rules, the Court must order a response before granting a motion for reconsideration; the Court may deny one without ordering a response. *See* LRCiv 7.2(g)(2).

The SSI alleged that Green Circle was a Ponzi scheme, and that Defendant stole large portions of Burg's and Turasky's money, putting it into his pocket and never sending it on to Green Circle. Although the Government has retreated from its Ponzi scheme theory, it continues to argue that not all of the funds made it to Green Circle. The Court, without deciding whether Exhibit 516 proved that all the Turasky and Burg funds eventually arrived in Green Circle (as argued by Defendant), agreed with the Government that Defendant's fraudulent conduct was, in part, proven by his use of the money for personal expenses, even if that use was temporary, because such use was not authorized by the agreements between Defendant and Turasky and Burg.

Defendant's arguments, though not new, are substantial and the factual and legal issues are complex. The Court will take a second look. To that end, the Court orders the Government to respond to Defendant's Motion for Reconsideration. (Doc. 764.) In addition to whatever other arguments the Government deems relevant, its response shall answer the following questions, identify which answer corresponds to which question, and include citations to the record.

1. The Government has argued that the exhibit Defendant relies on in his post-trial motions—Exhibit 516, dated June 23, 2016, prepared by Purifoy and sent to Alonzo Primus, the Green Circle Treasurer—is part of the fraud, and not an accurate document.

    a. Assuming, for purposes of this question that Exhibit 516 is accurate, does the Government agree with Defendant's contention that Exhibit 516 shows that the Turasky and Burg money was deposited into the Green Circle account? If not, explain with citations to the record.

    b. List the evidence the Government relied on when it informed the Court during oral argument that Exhibit 516 was part of Defendant's fraud and not accurate.

    c. Did the Government present any evidence or argument to the jury, that the accuracy or reliability of the information contained in Exhibit 516 was in

dispute or that its accuracy was a question of fact?

    d. Was there any tracing of the money into Green Circle that contradicts Defendant's contention?

2. What is the evidence that $350,000, representing some or all of Turasky's investment, did not reach Green Circle?

3. What is the evidence that the $1 million Burg investment did not all reach Green Circle?

4. For purposes of this question, assume the Court will follow the reasoning employed in *United States v. Szilagvi,* No. CR13-116-01-PHX-DGC, 2018 WL 6620506, at *3 (D. Ariz. Dec. 18, 2018).

    a. To prove that the funds did not end up at Green Circle, would Green Circle's accounts need to be traced up to the time of the indictment?

    b. How could tracing that ended before the indictment be relevant to show that the money invested by Turasky and Burg was never placed into Green Circle?

5. The SSI stated that Turasky's money was used to make Ponzi payments. Was any evidence (direct or circumstantial) of that introduced at trial?

6. The SSI does not charge that Defendant used Turasky's or Burg's money for personal expenses. Why isn't the theory employed by the Government and accepted by the Court (the diversion of the funds to private expenses as a theory of fraud) either a constructive amendment of the SSI or fatal variance?

7. Was evidence presented at trial that Defendant did not pay any legitimate business expenses from his bank account?

8. Was evidence presented at trial that Defendant did not pay any legitimate business expenses through his Amex card?

9. Is part of the Government's theory that Defendant was required to seek and receive specific approval from Turasky and Burg amongst categories of expenses? If so, what in the SSI provided Defendant notice of this theory?

10. What evidence was presented that the payments made with respect to the "money laundering" counts enumerated in Exhibit 912 (13-19) were *not* business expenses?
11. In the Government's view, what specifically was the lie about the bargain that Defendant employed to cheat Burg and Turasky out of their money?

The Court also will direct Defendant to file a reply, which shall include answers, to the following questions:

1. In his post-trial motions, Defendant relies heavily on Exhibit 516. At trial, did Defendant:
   a. Argue or present Exhibit 516 as evidence that the Turasky and Burg money made it to Green Circle;
   b. Point to or reference Exhibit 516 for any reason?
2. Exhibit 516 shows, among other things, the amounts of deposits into the Green Circle bank account and the dates of those deposits. In the relevant time frame, there are several deposits that, when added up, total the amounts of the funds provided to Defendant by Tursaky and Burg. However, the Court does not see anything in Exhibit 516 identifying the source of the money or the name of any investor to whom it is tied.
   a. Is there anything in Exhibit 516 specifically identifying the source of those deposits?
   b. Is there any other evidence that was presented at trial establishing that the source of those deposits was Defendant depositing the Turasky and Burg money?
   c. Is Defendant's contention that those deposits represent the Turasky and Burg funds based solely on the amounts and the timing?
   d. How would the jury know that it was Defendant's position that the deposits identified in Exhibit 516 were those made by Defendant for Turasky and Burg?
   e. Assuming the jury understood it was Defendant's position that those deposits

into Green Circle were from Defendant and represented the full amount of the Burg and Turasky money, could it nonetheless have found, like the Government now argues, that Exhibit 516 is fraudulent and inaccurate? If not, why not?

3. Is it Defendant's position that Exhibit 516 should be treated as a stipulation of fact and the jury had to accept the information contained therein as true because it was introduced and relied on by the Government? If so, please provide authority.

4. Is there any reason why the jury could not have rejected the information in Exhibit 516?

5. Does Defendant contend that the items on which he spent money after receiving funds from Burg and Turasky is not circumstantial evidence from which a jury could infer the money was spent on personal items? If so, explain.

6. Under Defendant's theory, the Burg and Turasky funds were not used for personal expenses because Defendant was merely being reimbursed for money he had previously loaned his business. Why isn't the issue of reimbursement versus personal expenses a question of fact for the jury to resolve?

7. Defendant contends that the Turasky investment amount was $350,000 and not $500,000. Turasky testified the parties agreed that, although $150,000 was refunded, his investment would be treated as $500,000. Even if his testimony is contrary to the documents, why doesn't Turasky's testimony about the parties' agreement create a question of fact for the jury?

8. Defendant's Rule 29 argument concerning the Turasky fraud is that all $350,000 went into Green Circle. Does any colorable Rule 29 argument exist if the jury could have found that Turasky's investment amount was an agreed upon $500,000, even if it found that $350,000 went into Green Circle?

/ / /

/ / /

/ / /

**IT IS ORDERED** that the Government shall respond to the Motion for Reconsideration (Doc. 764) by no later than **September 21, 2023**, and Defendant shall reply by no later than **September 26, 2023**.

Dated this 21st day of September, 2023.

_____
Douglas L. Rayes
United States District Judge