1
2
3
4
5
6               **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                No. CR-19-00898-001-PHX-DLR

10              Plaintiff,                     **ORDER**

11   v.

12   David Allen Harbour,

13              Defendant.

14

15

16          Before the Court is Defendant's (Second) Rule 33(b)(1) Motion for a New Trial

17   (Doc. 811) and Defendant's Motion for Reconsideration of Doc. 801 – Order re Forfeiture

18   (Doc. 804).

19          The Court ordered the Government to file a response to the Motion for

20   Reconsideration. The Government filed a "Consolidated Response to the Motion for

21   Reconsideration and New Trial" (Doc. 824), but its consolidated response does not contain

22   a substantive response to the motion for reconsideration. Although some of the issues in

23   the motion for reconsideration and motion for new trial overlap, the Court will order the

24   Government to file a substantive response to Defendant's Motion for Reconsideration of

25   Doc. 801- Order re Forfeiture (Doc. 804)—in particular, the portions regarding manifest

26   error and the forfeiture of community property—by no later than January 11, 2024.

27          Defendant seeks a new trial arguing, among other things, that a recent stipulation

28   entered between Defendant and the IRS ("the IRS stipulation") and associated supporting

documents is newly discovered evidence which "goes to the heart of the Court's ruling that [Defendant] committed wire fraud against Turasky and Burg." (Doc. 811 at 5.)

The parties agree on the five-part test that a defendant must satisfy to obtain a new trial based on newly discovered evidence. The Court seeks additional information from the parties on three of the five elements; whether the evidence (1) is newly discovered and (2) material, and (3) whether a new trial would probably produce a different result. Because the Court is requiring legal citations and citations to the trial record, in lieu of oral argument, the parties shall file written responses to the following questions by no later than January 11, 2024.

## I.   QUESTIONS DIRECTED TO DEFENDANT

### A.  Newly Discovered Evidence

1. Defendant argues that the IRS stipulation, gross receipts, expenses, and tax returns, including Schedules C and E for the 2013 and 2014 tax years, are newly discovered evidence. Defendant concedes that he previously possessed the tax returns but argues that he could not use them as evidence at trial because (1) during an active audit there would have been a challenge as to whether the returns were authoritative (2) it would have given the prosecutor a second opportunity for cross examination and (3) offering them as evidence would have amounted to legal malpractice.

   a. List every document that was not offered as evidence at trial but was provided to the IRS as proof of deductible business expenses during the relevant time frame.

   b. List specifically every item that Defendant is claiming is newly discovered evidence.

   c. Excluding the IRS stipulation, did any item identified above as newly discovered evidence not exist at the time of the trial?

   d. Excluding the IRS stipulation, was any item identified above as newly discovered evidence not available to Defendant or his counsel at the

time of trial?  If so, identify the item and explain its unavailability.

e.  Provide legal authority for the argument that, although newly discovered evidence, including the 2013 and 2014 tax returns, Schedules C and E, and supporting documents existed at the time of trial and were exculpatory, they nonetheless were unavailable for use at trial because of the ongoing audit.

f.  Provide legal and factual authority that offering Defendant's 2013 or 2014 tax returns, or any part of them, would have (1) amounted to legal malpractice and (2) therefore it was appropriate to withhold them as evidence.

g.  Distinguishing the tax returns and schedules from the underlying supporting documents supplied to the IRS, like receipts and bank statements, why were the underlying supporting documents not offered as evidence at trial.  Provide legal authority for the claim that documents the Defense knew existed at and before trial are newly discovered evidence.

h.  Wasn't the decision not to use the purported newly discovered evidence merely trial strategy? If not, why not?

i.  If Defendant is claiming that some of the purported newly discovered evidence was not *physically* available at the time of trial,

   i.  Identify every such item;

   ii.  Identify the location of such item before and during trial; and

   iii.  State every act taken to locate and make such item available before trial.

2.  Other than Counsel's concern that the use of these items as evidence while the tax returns were under audit would constitute malpractice, was there any other reason the items identified above as newly discovered evidence were not offered as evidence at trial?

3. Defense expert Cathie Cameron testified about the extent and legitimacy of Defendant's business expenses.

    a. Were the 2013 or 2014 tax returns, schedules, and supporting documents relevant to her testimony?

    b. Was she provided the 2013 or 2014 tax returns, schedules, and supporting documents? If not, why not?

    c. Is it the Defense's position that her testimony would have been more effective had she been supplied with those documents? Explain any response.

    d. Was there any other reason why the 2013 or 2014 tax returns, schedules, and supporting documents were not provided to the Defense expert? If so, provide legal authority that the additional reason(s) warrant(s) a new trial.

    e. Before and/or at the time of trial, did Defendant or his legal team have access to the QuickBooks containing invoices, bills, credit card statements, cancelled checks, mileage records, wire transactions or W-2's that contained evidence of the business expenses Defendant is now arguing the IRS stipulation establishes?

    f. Do the QuickBooks contain explanations of Defendant's expenditures?

        i. If not provided to Ms. Cameron, why not?

        ii. If not offered as evidence at trial, why not?

**B. Materiality**

1. Is it Defendant's contention that the IRS stipulation:

    a. Would be admissible at a new trial and, if so, under what authority?

    b. Would be binding on the Government and, if so, provide legal authority?

2. What new information does the purported newly discovered evidence supply?

3. For what entity(ies) or person(s) did Defendant spend Tursaky's and Burg's

- 4 -

money on alleged business expenses?

4. Defendant was the owner of Oak Tree Management and Milagro Consulting but was a consultant to Green Circle. If the purported newly discovered evidence shows that Turasky's and Burg's money was spent by Defendant on his business expenses, explain how that is relevant.

5. The jury could have found that not all Turasky's and Burg's money was transferred to Green Circle. Is it Defendant's contention that even if $400,000 of the Burg investment and $295,000 of the Turasky investment did not ultimately reach Green Circle, the IRS stipulation establishes that Defendant engaged in no cheating or deception?  If so, explain.

**C. Different Result**

1. Defense expert Ms. Cameron stated her opinions on the nature of the expenditures made by Defendant.

   a. If she did not have the relevant tax returns and supporting documents, what facts did she have to support her opinions?

   b. How would her opinions have been any different if she had the purported newly discovered evidence?

   c. Aside from her opinions and the basis for those opinions, what fact evidence was presented at trial that supports the contention that the expenditures made by Defendant, which the Government contended were improper personal expenditures, were in fact business expenses?

   d. Would the purported newly discovered evidence likely change any of Ms. Cameron's opinions or the Defense's arguments?

**II.     QUESTIONS DIRECTED TO THE GOVERNMENT**

   **A. Materiality**

1. In Doc. 796 at pages 8-9, the Government argues that Defendant could not have had any businesses expenses to reimburse because he did not have any funds to invest. Additionally, at the July 26, 2023, oral argument, the Government stated:

"I'll tell you what would be a better exhibit:  How about his tax returns from 2014 and 2015? . . . That would show what his income [was] and his Schedule C with his expenses and overhead." (Doc. 778 at 65.) Explain how those positions, which the Government has taken about the materiality of Defendant's 2014 revenue and his tax returns, are consistent with the Government's contention that if the case was retried, the newly discovered evidence would not be material to any issue in the case?

2.   Is the Government contending that evidence showing Defendant had legitimate business expenses is not relevant to any defense on any count for which Defendant was convicted?  If so, explain.

3.   Is the Government contending that if the case is retried, the IRS stipulation would be inadmissible?  If so, explain.

4.   The Government argues that Defendant's 25% finder's fee kickback morphed into the start-up of the Green Circle fraud scheme. What evidence was presented at trial that Defendant received a 25% finder's fee for the moneys invested by Burg and Turasky?

5.   The Government notes that the parities to the stipulation settled on $5,021,729.00 in gross income and that the initial exam resulted in $11,025,208.00 in gross income, representing the funds sent to Defendant from KSQ, but poses the question, "where did the money go?" Why does it matter how Defendant spent the money in excess of that spent on business expenses, if the business expenses equaled at least the amount invested by Turasky and Burg allegedly not moved to Green Circle ($695,000)?

6.   The Government argues that there is a mismatch between the newly discovered evidence and the result Defendant seeks.  Please explain.

7.   Does the Government contend that, in reaching its verdict, the jury did not determine whether Defendant's expenditures were legitimate business expenses? If so, explain what other theory and evidence the jury could have

considered that would have supported the verdicts.

8. Does the Government contend that the jury's determinations in this case regarding the nature of all expenditures made by Defendant, i.e. whether they were personal or business expenses, were apparent from the facts and reasonable experts could not disagree?

9. The Government contends that the purported newly discovered evidence, including the IRS stipulation, is not material because it is not relevant to the misrepresentations and omissions Defendant made to Burg and Turasky. Please identify all misrepresentations and omissions that support the jury's verdict and for which the purported newly discovered evidence is not relevant, and as to each please explain why it is not relevant.

**B. Different Result**

1. The Government's presentation of the evidence and arguments have been directed to the claims that Defendant squandered the investment moneys of Turasky and Burg on personal expenses instead of investments or business expenses. If the jury finds that the IRS stipulation shows more money was spent by Defendant on legitimate business expenses than allegedly failed to reach Green Circle, could there still be a finding of guilt as to the wire fraud charges stemming from the Turasky and Burg investments? If so, please explain how factually and legally that could occur.

2. Is it the Government's contention that, even if the jury believes the purported newly discovered evidence shows that Defendant spent the Turasky and Burg investment money for what the IRS has stipulated to be deductible expenses, the outcome of a new trial would not likely be different because the jury would likely find:

   a. Green Circle was a fraud or Ponzi scheme?

   b. KSQ was a fraud or Ponzi scheme?

   c. Oak Tree Management was a fraud or Ponzi scheme?

d. Milagro Consulting was a fraud or Ponzi scheme?

3. For each of the above entities that the Government contends was a fraud or Ponzi scheme, state the factual basis for the contention.

**IT IS ORDERED** that, by no later than **January 11, 2024**:

1. The parties shall file written responses to questions posed in this order.

2. The Government shall file a substantive response to Defendant's motion for reconsideration.

**IT IS FURTHER ORDERED** that Sentencing in this matter is continued to Tuesday, January 30, 2024, at 9:30 a.m.

Dated this 5th day of January, 2024.

Douglas L. Rayes
United States District Judge