GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
JOSEPH BOZDECH
California State Bar No. 303453
Email: Joseph.Bozdech@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-00898-PHX-DLR (DMF) |
| Plaintiffs, | |
| vs. | **UNITED STATES' SUBSTANTIVE RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF FORFEITURE (Docs. 804, 838)** |
| David Allen Harbour, | |
| Defendant. | |

## INTRODUCTION

On January 5, 2024, the Court ordered the government to provide a substantive response to Defendant David Allen Harbour's Motion for Reconsideration of Doc. 801- Order re Forfeiture (the "Motion for Reconsideration"), Doc. 804, with particular attention to Defendant's arguments on manifest error and community property. Doc. 838. The United States submits the following in response to the Motion for Reconsideration and the Court's Order.

Defendant's Motion for Reconsideration is primarily an attack on his conviction, which is utterly inappropriate in a motion seeking reconsideration of a preliminary order of forfeiture. Defendant also reiterates arguments that have already been considered and considered by the Court, and extrapolates from cherry-

picked excerpts of trial testimony to reach conclusions that are completely at odds with the substance of the evidence presented in the record. None of this amounts to a complete disregard of the controlling law and evidence constituting manifest error.

Arguing that the potential existence of third-party interests, including interests arising under marital community property law, acts as a bar to forfeiture, Defendant improperly attempts to assume the standing of those third parties. In criminal forfeiture, a third-party interest must be asserted by the person possessing such an interest, and is dealt with through the ancillary proceeding. Federal Rule of Criminal Procedure 32.2(b)(2)(A) states, unequivocally, that the preliminary order of forfeiture in a criminal case must be entered "without regard to any third party's interest." This is not the time or place to litigate third party claims. Moreover, there can be no community property interest in the proceeds of criminal activity unless the spouse is a bona fide purchaser for value of property representing proceeds.

## LEGAL STANDARDS

### A. Criminal Forfeiture

Criminal forfeitures are governed by 21 U.S.C. § 853, as well as Federal Rule of Criminal Procedure 32.2. 18 U.S.C. § 982(b)(1); 28 U.S.C. § 2641(c). "As soon as practical after a verdict or finding of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute." Fed R. Crim. P. 32.2(b)(1)(A). When forfeiture is sought as to specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense." Fed R. Crim. P. 32.2(b)(1)(A). "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed R. Crim. P. 32.2(b)(1)(A).

Having made a nexus determination and calculated the amount of any money judgment, the court "must promptly enter a preliminary order of forfeiture." Fed R. Crim. P. 32.2(b)(2)(A). The preliminary order of forfeiture must be entered

"without regard to any third party's interest in the property" and the existence and extent of third-party interests is "deferred until any third party files a claim in an ancillary proceeding." Fed R. Crim. P. 32.2(b)(2)(A). While Rule 32.2 does not prescribe a specific mechanism for resolving disputes as to the preliminary order of forfeiture, the Rule contemplates an opportunity for "the parties to suggest revisions or modification before the order becomes final as to the defendant." Fed R. Crim. P. 32.2(b)(2)(B). State law determines whether a legal interest in the property exists, while federal law determines whether that interest can be forfeited. *United States v. Nava*, 404 F.3d 1119, 1128-29 (9th Cir. 2005).

### B. Motion for Reconsideration and Manifest Error

Under the Local Rules of Civil Procedure, a motion for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brough to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). "Motions for reconsideration are rarely granted." *Waesche v. Embry-Riddle Aeronautical Univ. Inc.*, No. CV-21-08020-PCT-DLR, 2023 WL 6847138, at *1 (D. Ariz. Oct. 17, 2023) (citing *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342 (D. Ariz. 1995)). When seeking reconsideration of a court order "[i]t is not enough to simply incant the phrase 'manifest error.'" *Estrada v. Bashas Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *3 (D. Ariz. Apr. 1, 2014). The party seeking reconsideration "must identify each error and explain how it is 'plain and indisputable, amounting to a complete disregard of the controlling law or credible evidence in the record.'" *Waesche*, 2023 WL 6847138, at *1 (citing *Estrada*, 2014 WL 1319189 (internal alterations and deletion omitted)). A party cannot show manifest error by "merely repeat[ing] arguments that the Court previously considered and rejected." *Waesche*, 2023 WL 6847138, at *1. Where the motion merely asks the court "to rethink what the court has already thought through—rightly or wrongly" there is no manifest error. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

3

# ARGUMENT

### A. Defendant's Motion is an Improper Attack on his Conviction.

Defendant's Motion for Reconsideration argues that the Court's Forfeiture Order, Doc. 801, contains manifest error and should also be reconsidered on the basis of new facts. Doc. 804 at 1-2. Defendant devotes much of his Motion for Reconsideration to arguing that a stipulation between Defendant and the Commissioner of the Internal Revenue Service is somehow dispositive of his criminal conviction. Doc. 804 at 3-6. The government has responded at length to this argument disputing that the stipulation constitutes newly discovered evidence, or even new evidence at all, the materiality of the stipulation, its admissibility, and whether its use would result in an acquittal. *See* Doc. 824. Defendant also advances arguments regarding the applicability of *United States v. Miller*, what conduct constitutes fraud, and the sufficiency of the evidence of the convictions including the receipt of finder's fees. Doc. 804 at 6-9, 10-12.

Arguments challenging the law and facts that led to Defendant's conviction are entirely inappropriate in the forfeiture context. The forfeiture proceeding is not a venue to relitigate or collaterally attack an underlying conviction in a criminal case. *United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010); *United States v. Dong*, 252 F. Supp. 3d 447, 457 (D.S.C. 2017), *aff'd sub nom. United States v. Vaxima, Inc.*, No. 17-4277, 2022 WL 595655 (4th Cir. Feb. 28, 2022); *United States v. Harris*, No. CR 17-00001 HG-01, 2018 WL 6184878, at *9 (D. Haw. Nov. 27, 2018), *aff'd*, 842 F. App'x 28 (9th Cir. 2020). A preliminary forfeiture order is limited in scope, and sets forth a court's order regarding forfeiture of specific property based on a nexus to the crimes of conviction, the amount of any money judgment, and directing forfeiture of substitute property. Fed. R. Crim. P. 32.2(b)(2)(A). It is not a vehicle for a defendant to overturn a jury verdict. Defendant must advance any challenge to his conviction through an appeal or a motion for new trial, not shoehorn them into a forfeiture dispute.

For example, Defendant argues that the Court mistakenly applied an "intent to deceive or cheat" standard. Doc. 804 at 7. This argument goes solely to conviction, not to the calculation of the proceeds Defendant obtained as the result of his fraudulent scheme. *See United States v. Nejad*, 933 F.3d 1162, 1164-66 (9th Cir. 2019) (explaining and reaffirming the imposition of personal money judgments in forfeiture actions up to the value of the fraudulently obtained property). Defendant argues that he never dealt directly with Joe Cathey and that he and Pat Hill did not lose money due to Defendant's actions. Doc. 804 at 8-9. Again, this has nothing to do with how much money Defendant fraudulently obtained or any nexus determination. Whether Defendant received kickbacks or finder's fees may speak to the validity of the convictions, if it is relevant at all, not to the amount of money he acquired by deceiving investors. It certainly does not constitute manifest error for the Court to have taken precisely the steps set forth in the Federal Rules of Criminal Procedure-that is, to make forfeiture nexus determinations and to calculate the amount of the money judgment to be imposed.

**B. The Court's Money Judgment Calculations are not Manifest Error.**

Defendant argues that Kenneth Bobrow and Pamela Case were repaid more than they lost through Defendant's fraudulent scheme. Doc. 804 at 9. To support his position, Defendant offers a summary exhibit which appears to reflect extrapolations from trial testimony and calculations based on out-of-context testimony. Doc. 804-2 at 6. For example, in support of a calculation that Kenneth Bobrow was paid $2,737,500 from "2008–March 2014," Defendant cites to the testimony of Lisa Berges that payments were monthly. *Id*. (citing Trial Tr. Feb. 9, 2023, 144, 176, and 177). Defendant then makes his own unsupported calculation incorporating his assumption that every payment was timely and in the same amount. *Id*. At no point did Lisa Berges testify that Defendant repaid $2,737,500 to Kenneth Bobrow. In fact, she testified that some payments due were not made, that in total Defendant's companies paid $2,122,973.33 in interest to Kenneth Bobrow's

companies, and that none of the principal of the loan was repaid. Trial Tr. Feb. 9, 2023, 144:16-19; 145:14-146:6. Berges also did not testify as to the specific date in 2008 on which payments began. $2,122,973.33 is the exact amount FBI Forensic Accountant Jeanette Paige used in calculating the loss sustained by Kenneth Bobrow. Doc. 735-3 at 34. Defendant appears to be arguing that his counsel's interpretation of general statements should be adopted over an exact figure reflecting an admitted trial exhibit.

Defendant makes similar assertions regarding payments to Pamela Case. Doc. 804-2 at 7. Again, Defendant's calculations are not based on any actual evidence but rather on unrelated witness testimony, here that Kenneth Bobrow made interest payments to Pamela Case for a certain period of time. Trial Tr. Feb. 9, 2023, 177:20-178:14. Even viewing Defendant's arguments in the most charitable light available, they amount to no more than a disagreement as to weight and interpretation of evidence, and do not identify omissions or conclusions that approach the level of manifest error.

**C. The Court Has Already Addressed Defendant's Arguments Regarding Green Circle Transfers and the Scope of the Fraudulent Scheme.**

Defendant's contentions regarding the transfer of Burg and Turasky's investment funds through Green Circle have been considered at length and rejected by the Court. Doc. 800. Similarly, Defendant objects to the Court's ordering forfeiture of all proceeds of his fraudulent scheme, rather than only those tied to specific counts of conviction. Doc. 804 at 12-13. Defendant made these same arguments regarding the extent of his scheme to defraud in his Forfeiture Memorandum. Doc. 741 at 1-6. The Court rejected these arguments, concluding that it "may order forfeiture of the proceeds from uncharged conduct that nonetheless was part of the same scheme alleged in the counts of conviction." Doc. 801 at 3. Arguments that have already been considered and rejected cannot

constitute manifest error. *Waesche*, 2023 WL 6847138, at *1 ("Plaintiff's mere disagreement with the Court's order is an insufficient basis for reconsideration.").

The government does not concede that Defendant should be permitted to deduct the cost of running his fraudulent scheme from the proceeds, as Defendant appears to argue. Doc. 804 at 11-12. Allowing Defendant to deduct his business expenses would impair the disgorgement of ill-gotten gains. *See United States v. Prasad*, 18 F.4th 313, 322 (9th Cir. 2021) (construing proceeds to mean "receipts" rather than "profits" advances the purpose of criminal forfeiture). Even if the Court determines that the "net profits" definition of proceeds in 18 U.S.C. § 981(a)(2)(B) were to apply, only the "direct costs" of providing goods or services could be deducted, and not overheard or other general business expenses. Proving direct costs is a defendant's burden. *United States v. Shkreli*, 779 F. App'x 38, 42 (2d Cir. 2019). Defendant has not offered any evidence to show that there is any expense constituting a direct cost related to the fraudulent investments at issue here.

**D. Defendant Cannot Assert the Interests of Third Parties.**

Defendant argues that certain items of jewelry, and his membership in Whisper Rock Golf Club, are not forfeitable because third parties may have claims, including his spouse's interest under Arizona's community marital property system. Doc. 804 at 13-14. Defendant simply does not have standing to assert the interest of his spouse, or of any other third party, in forfeiture proceedings. *United States v. Rivers*, 60 F. Supp. 3d 1262, 1266 (S.D. Fla. 2014). The same rule applies whether the property in question is directly forfeitable as proceeds of criminal activity, or forfeitable as a substitute asset. Fed. R. Crim. P. 32.2(e)(2)(B); *United States v. Manlapaz*, 825 F. App'x 109, 117 (4th Cir. 2020) (holding that "a defendant may not object to forfeiture on the ground that the property is owned by someone else"); *United States v. Coffman*, 574 F. App'x 541, 563-64 (6th Cir. 2014) (holding that a defendant "cannot assert a third party's interest in substitute property in a direct challenge to a preliminary forfeiture order"); *United States v. Weitzman*, 963 F.

Supp. 2d 218, 221 (S.D.N.Y. 2013) (same); *see also United States v. Lindell*, No. 13-cr-00512-DKW-1, 2020 WL 5097831, at *2 n. 5 (D. Haw. Aug. 28, 2020) (noting that "while, arguably, Lindell's wife may have standing to assert an interest in the IRA, *Lindell* certainly does not have standing to assert *his wife's* purported interest for her").

Whether a third party has an interest in forfeitable property is a matter to be resolved in an ancillary proceeding, and the possibility that a third party may file a petition does not obstruct a preliminary order of forfeiture from becoming final as to the defendant. 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(b)(2), (c); *see also United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property."). As one court observed, "[a] corollary of the rule that a third party must wait to contest criminal forfeiture in an ancillary proceeding . . . is that the defendant cannot delay or prevent forfeiture by arguing someone else owns the property sought to be forfeited." *United States v. Overstreet*, No. 1:11-cr-00207-BLW, 2012 WL 5969643, at *20 (D. Idaho Nov. 29, 2012); *see also United States v. Grayson Enters., Inc.*, 950 F.3d 386, 410 (7th Cir. 2020) ("A third party's interest is not implicated in [the] initial nexus determination.").

**E. There is no Community Property Interest in Criminal Proceeds.**

The Ninth Circuit has determined, conclusively, that a spouse has no community property interest in the proceeds of unlawful activity. *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000); *see also United States v. 101 Houseco, LLC*, 22 F.4th 843, 850 (9th Cir. 2022) (applying *Hooper* to a forfeiture arising out of a fraud scheme). Under the relation back doctrine embodied in 21 U.S.C. § 853(c), title to the proceeds of a defendant's offenses vests in the government at the time the crime is committed. It makes no difference if the proceeds are later gifted to a spouse or other third party. *See United States v. Boscarino*, No. CR 10-1942-TUC-CKJ, 2013 WL 1833018, at *2 (D. Ariz. Apr. 30, 2013) (dismissing spouse's

petition as to property acquired with criminal proceeds and gifted to the petitioner). Whether by gift or as community property, a spouse has no interest in proceeds of criminal activity that can be recognized in a forfeiture proceeding.

### F. Third-Party Interests do not Prevent Substitute Asset Forfeiture.

To the extent that a spouse has a marital interest in property forfeitable as substitute assets under 21 U.S.C. § 853(p) and Rule 32.2(e), that claim is the spouse's to make, and must be resolved in an ancillary proceeding.[1] The mere fact that a spouse might file, or has filed, a petition does not obstruct a court's ability to enter or amend a preliminary order of forfeiture regarding the defendant's interest in marital property. *United States v. Wolf*, 375 F. Supp. 3d 428 (S.D.N.Y. 2019), cited by Defendant for the incorrect proposition that "the community property laws in Arizona did not allow the government to use substitute property in which the wife has an interest," is instructive. *See* Doc. 804 at 13. In *Wolf*, the court entered preliminary orders of forfeiture ordering the defendant to substitute both direct proceeds and substitute assets. *Id*. at 432-33. The defendant's spouse filed a petition and claimed interests in both the direct proceeds and substitute assets. *Id*. at 433-44. The court granted the government's motion to dismiss the petition as to the proceeds. *Id*. at 440-41. The court denied the motion as to the substitute assets to allow a determination in the ancillary proceeding of the existence and extent of the spouse's marital property interests. *Id*. The court also specifically observed that the defendant's interest in the substitute assets "may lawfully be forfeited to the Government." *Id*. at 437. The court did not suggest that the government could not forfeit marital property to satisfy a money judgment, or even that such property could not be liquidated, but only that the petition raised a plausible claim under 21 U.S.C. § 853(n). *Id*. at 437-38. The court in *Wolf* made it abundantly clear that, contrary to Defendant's reading of the case, a convicted spouse's interest in

---

[1] On December 27, 2023, Abby Harbour filed a letter asserting an interest in certain property identified in the Preliminary Order of Forfeiture and in the government's Motion to Amend the Order of Forfeiture. Doc. 831.

community property may be forfeited as a substitute asset, and the other spouse retains the interest to which they are entitled under applicable state law.

### G. Defendant has not Identified Manifest Error in Directly Forfeitable Property.

Defendant has offered no new evidence or specific and indisputable errors refuting the Court's finding that the jewelry or golf club memberships identified in the Order of Forfeiture are proceeds involved in or traceable to the counts of conviction. *See* Doc. 804 at 7. Defendant merely cites to the trial transcripts and trots out the same arguments regarding KSQ and Canyon Road that have been considered elsewhere in this litigation. Doc. 804 at 13.

### CONCLUSION

Taken as a whole, Defendant's arguments regarding supposed manifest error in the forfeiture order reflect little more than disagreement with the Court and a desire to relitigate this case. They certainly do not establish the "plain and indisputable" error required to meet the stringent test for reconsideration under this District's Local Rules. Accordingly, the government respectfully requests that the Court deny Defendant's Motion for Reconsideration.

Respectfully submitted this 11th day of January, 2024.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/Joseph F. Bozdech*
> Joseph F. Bozdech
> Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Stephen M Dichter, *Attorney for Defendant*

 s/  Ray Southwick
U.S. Attorney's Office