# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>David Allen Harbour,<br><br>　　　　Defendant. | No. CR-19-00898-001-PHX-DLR<br><br>**ORDER** |

Before the Court is the Government's Motion to Amend Order of Forfeiture and/or Order Immediate Payment of Restitution (Doc. 805). There being no response filed by Defendant, and for good cause shown, the Court grants the motion and adopts the Government's proposed order. Accordingly,

**IT IS ORDERED** that the Government's motion (Doc. 805) is **GRANTED** and the Court's forfeiture order (Doc. 801) is amended as follows:

On November 6, 2023, this Court entered its Order of forfeiture, including directly forfeitable substitute property and a money judgment. (Doc. 801). Except as to the value of the directly forfeited property, the money judgment remains unsatisfied. The United States has now shown by a preponderance of the evidence that the following items of personal property and Defendant's $30,000 capital trust account with BackJoy Orthotics, LLC, are subject to forfeiture as substitute assets in partial satisfaction of the money judgment against Defendant:

       1.     Cartier Pasha Seatimer Chronograph Watch with Serial Number 604011MX and Black Rubber Bracelet;

       2.     18 Karat White Gold Diamond Cuff Bracelet;

       3.     Stud Earrings;

       4.     10 Silver Dollars in American Eagle Collector Boxes;

       5.     Three ASU Championship Rings;

       6.     Chanel Watch with Serial Number W.K.80418;

       7.     Ring with Pink Stone; and

       8.     Stainless Navitimer Gents Breitling Watch with Serial Number 422425 and Polished Navitimer Heritage Bracelet (collectively, the "Subject Property").

The Court has determined that the Subject Property is subject to forfeiture as substitute assets pursuant to 18 U.S.C. § 981, 982, 21 U.S.C. § 853(p), and/or 28 U.S.C. § 2461(c). The Government has established that one or more of the conditions in 21 U.S.C. 853(p)(1) have been met, and that the Subject Property qualifies for forfeiture under 21 U.S.C. 853(p)(2). The Court finds that the defendant has forfeited all right, title and interest defendant may have in the Subject Property.

Upon the entry of this Order, the United States is authorized to seize the Subject Property and to conduct any discovery to identify, locate or dispose property that is subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

Any person asserting a legal interest in the Subject Property must, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of any alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the defendant's sentencing and shall be included in the sentence and judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, and the petitioner shall serve a copy upon JOSEPH F. BOZDECH, Assistant United States Attorney.

After the disposition of any motion filed pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 25th day of January, 2024.

Douglas L. Rayes
United States District Judge