GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-00898-PHX-DLR (DMF) |
| Plaintiffs, | |
| vs. | **UNITED STATES' MOTION FOR RECONSIDERATION OF RESTITUTION ORDER** |
| David Allen Harbour, | |
| Defendant. | |

**SUMMARY**

This Court should respectfully reconsider its order failing to award restitution for victims Rhonda Gray (Gray) and PAIF for two independent reasons. First, there is a change in intervening law as the Ninth Circuit changed the standard for sentencing enhancements from a clear and convincing to preponderance of evidence on the same date as the restitution hearing---May 2, 2024.[1] Second, it is likely that this Court committed clear error

---

[1] The Ninth Circuit on May 2, 2024, in *United States v. Lucas* 2024 WL 1919741, joined their sister circuits in holding that clear and convincing evidence is not required for factual findings under the Guidelines, even when potentially large enhancements are at stake; fact-finding by a preponderance of the evidence is sufficient to satisfy due process at sentencing, over ruling *United States* v. *Staten*, 466 F.3d 708,718 (9th Cir. 2006), and its progeny.

resulting in a order by misapprehending the law as it applies to both the Sentencing Commission's recent amendment to the sentencing guidelines regarding acquitted conduct and awarding restitution to a victim who was not the subject of a convicted count. Simply stated, the denial of restitution to two separate victims constitutes a manifest injustice requiring this Court to reconsider its order regarding restitution.

In the final analysis, by a preponderance of evidence standard, there was sufficient evidence to find both the requested loss and restitution for both victims. Gray was referenced in the indictment, the court found her testimony relevant, and in furtherance of Harbour's scheme to obtain funds by misrepresentations and omissions. Lastly, it is unclear whether the bar against considering acquitted conduct will be applied retroactively or even if it applies to a restitution order at all, but until the sentencing commission and/or the Ninth Circuit addresses this uncertainty, this Court should order restitution for PAIF.

## **LAW AND ARGUMENT**

Local Rule of Civil Procedure 7.2(g) sets forth the standard under which a Court reviews a Motion for Reconsideration. *See also* LRCrim 12.1 (noting applicability of LRCiv 7.1 and 7.2 to motions filed in criminal matters). Rule 7.2(g) states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g). *See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). *Accord Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (motions for reconsideration in this district will be granted when there has been a change in the law that was decided or enacted after the Court's decision). Motions for reconsideration should be granted only in rare circumstances and such a decision is within the sound discretion of the trial court. *Navajo Nation*, 331 at 1046; *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (noting a denial of a motion for reconsideration is reviewed for abuse of discretion).

Here, this Court committed clear error resulting in a manifest injustice by failing to award restitution to victims Gray and PAIF. This Court mistakenly believed that it could not award restitution because in Gray's case because the fraud perpetrated on her was not part of the charged and convicted counts. This is incorrect statement of the applicable law.

**A. Gray was referenced in the indictment, testified at trial and addressed this court as a victim.**

This Court raised its concern with the parameters of the charged scheme noting that, "I have no problem finding that this was a fraudulent investment that she [Gray] ended up in. But I'm having trouble finding it was part of the scheme that he's charged with and convicted of." (Hr'g Tr. 5/2/24, pp. 21-23) "I'm trying to follow the law. And the law for restitution is if it's part of the same scheme, even though she was not one of the victims alleged in the crimes charged for which he was convicted, she has a right to claim

restitution. I'm not finding your argument that this was the same scheme." (*Id.*) Simply put, this is an objectively incorrect statement of the law as it applies to restitution.

First, for restitution, this Court would decide whether Gray's loss was part of the same scheme or pattern of criminal activity by only a preponderance of the evidence. Second, "[w]hen the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, ... the restitution order [may] include *acts of related conduct for which the defendant was not convicted*." (emphasis added) *United States v. Brock-Davis*, 504 F.3d 991, 999 (9th Cir. 2007) (alterations in original) (citation omitted). *See United States v. Dickerson,* 370 F.3d 1330, 1339 (11th Cir.2004) ("[T]he courts have held that restitution may be ordered to a victim not named in the indictment ....") (collecting cases); *United States v. Hensley,* 91 F.3d 274, 277 (1st Cir.1996) (finding restitution proper when a scheme is involved "without regard to whether the *particular criminal conduct* of the defendant which directly harmed the victim was alleged in a count to which the defendant pled guilty, *or was even charged in the indictment* ") *(*emphasis added*) See also United States v. Grice,* 319 F.3d at 1175–79 (9th Cir. 2003) (affirming an award of restitution for the full fraud scheme even though the defendant only pled guilty to part).

Here, the fraud perpetrated against Gray, set forth in the SSI (Doc. 387), overlapped with counts of conviction (2010-2016) because Harbour specifically told Gray her money was in payday lending. (*See* Trial Tr. 2/2/23, p. 60; Doc. 387, ¶s 11,12; Doc. 878) In other words, "when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, ... the restitution order[may] include *acts of related conduct for which the defendant was not convicted.*" *United States v. Lawrence,* 189 F.3d at 846–47 (9th Cir. 1999) (emphasis added)(affirming an award of restitution for the full amount in a fraud scheme, including "related conduct" in the amount of $574,700, even though only $60,411 of that amount was "directly attributable to the acts for which the jury found [the defendant] guilty"). *United States v. Brock-Davis*, 504 F.3d 991, 999 (9th Cir. 2007) ("Thus, Brock–Davis' contention that restitution ordered under § 3663A can only be

- 4 -

based on conduct specifically included in the offense of conviction is no longer correct.")

This precise issue was also raised in *United States v. Murray*, where the Ninth Circuit found that it was not error, for the court to allow restitution for victims whose losses resulted from misrepresentations not charged directly in the indictment. 752 Fed.Appx. 439 (9th Circ. 2018) Here, the SSI laid out a protracted scheme to obtain money by misrepresentations or omissions. (Doc. 387) Unlike *Murray*, Gray was referenced in the indictment, testified at trial and, of course, addressed this Court at sentencing; both orally and in a victim impact statement.

**B. This Court Properly found that PAIF sustained losses by clear and convincing evidence and is entitled to restitution.**

Similarly, this Court failed to order restitution for victim PAIF because it presumably speculated that the acquitted conduct, in light of the Sentencing Commission's recent amendment, *may be* applied retroactively and impact restitution. Neither is clear.

Regarding the acquitted counts involving PAIF for guidelines purposes, the U.S. Sentencing Commission largely put an end to the use of acquitted conduct at sentencing. As noted at the recent hearing, the amendment to the guidelines does not take effect until November 1, 2024. But again, it is unknown whether it would be applied retroactively. Importantly, it only precludes the consideration of acquitted conduct *for purposes of calculating the advisory sentencing guidelines*. In other words, the amendment does not preclude judges from considering acquitted conduct for purposes of varying from the advisory guidelines.[2] In any event, the amendment does not address whether the bar against considering acquitted conduct applies to a restitution order.

Nevertheless, until the Commission decides to apply the amendment retroactively and specifically states that it applies to a restitution order this Court should order restitution

---

[2] Currently, Congress is considering this proposed amendment and others. Should Congress not act to the contrary, this and other amendments will take effect Nov. 1, 2024.

for PAIF, having already found that PAIF incurred losses of $3.4 million.[3] In United *States v. Castro,* the district court did not abuse its discretion in ordering Castro to pay restitution for losses arising out of uncharged and acquitted conduct. 554 Fed.Appx, 664, 667(9th Cir. 2014) "[W]hen someone is convicted of a crime that includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, the court can order restitution for losses resulting from *any* conduct that was part of the scheme, conspiracy, or pattern of criminal activity."(emphasis added) *United States v. Reed,* 80 F.3d 1419, 1423 (9th Cir.1996) (emphasis omitted); *see also United States v. Brock–Davis,* 504 F.3d 991, 998–99 (9th Cir.2007); *United States v. Grice,* 319 F.3d 1174, 1177–78 (9th Cir.2003).

The elements of 18 U.S.C. § 1343 include "a scheme to defraud." *United States v. Shipsey,* 363 F.3d 962, 971 (9th Cir.2004). Consequently, the restitution award in a wire fraud case may include losses stemming from uncharged and acquitted conduct if the district court determines, *by a preponderance of the evidence*, that the losses all stem from the same scheme. (emphasis added) *See* 18 U.S.C. § 3664(e); *United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir 2010) ("Actual loss for restitution purposes is determined by comparing what actually happened with what would have happened if the defendant had acted lawfully.")

## CONCLUSION

In sum, this Court should reconsider its Order because intervening law setting a different standard for sentencing as it applies to both guidelines and restitution was issued the day of the restitution hearing on May 2, 2024. Moreover, this Court is merely speculating that the recent Sentencing Commission's amendment barring consideration of

---

[3] This Court found losses to PAIF in the amount of $3.4 million based on the testimony of Phillip Burgess at the sentencing hearing and his declaration filed in Doc. 779. (H'rg Tr. 11/29/23, pp. 13-112; *See also* Burgess decl. at 779-1). The government has recommended that this Court impose restitution in an amount of $1.1 million based on the amount of the wire that Harbour directed to pay his personal expenses. (Hr'g Tr. 5/2/24, p. 47)

acquitted conduct is applied retroactively and impacts a determination of restitution. Lastly, this Court misapprehends the law that a victim must be part of the exact scheme of conviction when it is clear that the victim is entitled to restitution even if a Defendant's misrepresentations were not directly attributable to the acts for which the jury found him guilty.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Stephen M Dichter, *Attorney for Defendant*

<u>s/Daniel Parke</u>
U.S. Attorney's Office