

Krovatin | Nau LLC
ATTORNEYS AT LAW

60 Park Place, Suite 1100
Newark, New Jersey 07102
973-424-9777  Fax 973-424-9779
www.krovatin.com

Gerald Krovatin
Helen A. Nau*

Also Admitted in NY*                              June 11, 2024

**VIA ELECTRONIC FILING**

Honorable Douglas L. Rayes, U.S.D.J.
Sandra Day O'Connor U.S Courthouse
Suite 626
401 West Washington Street, SPC 79
Phoenix, AZ  85003-2162

      Re:    United States v. Harbour
                Docket No. CR-19-0898-PHX-DLR

Dear Judge Rayes:

On behalf of Princeton Alternative Income Fund, L.P. ("PAIF"), I am enclosing herewith a document that we have captioned as a "Supplemental Victim Impact Statement," in which PAIF seeks to join in the Government's pending motion for reconsideration of the Court's ruling on restitution in the above-referenced matter.  Hopefully, the enclosed properly corrects the filing deficiencies identified in the Text Order entered yesterday (ECF No. 917).

Please note that I have been admitted *pro hac vice* in this action.  Previously, PAIF retained the services of Zachary R. Fort, Esq. of the Arizona bar as local counsel and counsel of record in this action.  However, we just learned that Mr. Fort is no longer associated with the Clark Hill firm and is not available to file the enclosed for us on behalf of PAIF.  We also understand that time is of the essence in Your Honor's consideration of the Government's reconsideration motion.

We would therefore respectfully request that Your Honor accept and consider the enclosed on behalf of PAIF without the necessity of PAIF having to identify and retain substitute lead Arizona counsel on such short notice for this limited purpose.  Of course, we will abide by Your Honor's instructions if this request is not acceptable to the Court.

                  Respectfully submitted,

                  /s/Gerald Krovatin

cc:  All Counsel via ECF

GERALD KROVATIN, ESQ. (NJ Attorney No. 024351977), admitted *pro hac vice*
gkrovatin@krovatin.com
**KROVATIN NAU, LLC**
60 Park Place, Suite 1100
Newark, NJ 07102
(973) 424-9777
(973) 424-9779 - fax

*Attorneys for Princeton Alternative Income Fund, L.P.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | : | Case No. CR-19-0008988-PHX-DLR(DMF) |
| | : | |
| Plaintiff, | : | |
| | : | **SUPPLEMENTAL VICTIM IMPACT STATEMENT** |
| | : | |
| David Allen Harbour, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

On behalf of Princeton Alternative Income Fund, L.P. ("PAIF" or "the Fund"), undersigned counsel writes to join in the Government's motion for reconsideration of Your Honor's restitution ruling in the above-referenced matter. (ECF No. 911). Please note that while we support the Government's motion, we respectfully disagree with the Government on the amount of restitution that should be awarded to PAIF for the reasons set forth below.

On or about September 1, 2023, the United States filed a Declaration of Philip N. Burgess, Jr. of the same date (ECF No. 779-1). A copy of the Burgess Declaration is attached hereto as Exhibit A. In it, Mr. Burgess, a consultant to Princeton Alternate Fund, LLC, the general partner of PAIF, swore under penalty of perjury to PAIF's loss, "When all of PAIF's losses are taken into account, PAIF incurred a total loss of $3,420,060.58 caused by Harbour's fraud." *Id., ¶ 15.*

At the sentencing hearing before the Court on November 29, 2023, Mr. Burgess was called as a witness by the Government and was subjected to both direct and cross-examination before Your Honor. *See Transcript, November 29, 2023 ("Tr.").*   He explained in detail how PAIF arrived at and calculated its loss of $3,420,060.58 attributable to the Defendant's fraudulent conduct.  He testified as follows in response to a question from the Government:

> Q.  [By Mr. Rapp] All right. And as you sit there today, taking interest out and other administrative fees, attorneys' fees, how much is Princeton Alternative Fund out? How much did they lose in their relationship with Green Circle and Mr. Harbour?
>
> A. 3.4 and change in principal, 2 million in interest, approximately $200,000 in attorneys' fees monitoring the situation, and about 300,000 in fees for our employees who had to work on this.

*Tr., 34:23 – 35:5*

Later in the hearing, Your Honor pressed Burgess on that loss figure:

> THE COURT: Okay. Is there any -- you gave us some numbers for what PAIF was out principal, interest, attorneys' fees. Does that subtract out all the money collected from all the consumer loans that were in Green Circle after you took it over?
>
> THE WITNESS: Absolutely.
>
> THE COURT: Including interest payments?
>
> THE WITNESS: Absolutely.
>
> THE COURT: Okay. All right.

*Tr., 112:3-11.*[1]

Despite Mr. Burgess's detailed testimony explaining PAIF's actual loss of $3.4 million in principal, the Government has taken the position that the restitution due to PAIF should be limited to the $1.1 million that PAIF advanced to Green Circle in July 2015, based on the false accounts receivable aging report provided to PAIF at Harbour's direction.  That was the amount of the fraud charged in Count 3 of the Superseding Indictment, on which the jury found the Defendant guilty, but which the Court vacated on Defendant's post-trial motion.

However, even if the Court were to reject the Government's position on PAIF's loss and even if that $1.1 million of PAIF's loss is subtracted from its total loss of $3.4 million, it still leaves PAIF with a net loss of $2.3 million of principal.  PAIF submits that $2.3 million loss is attributable to the Defendant's "relevant conduct" and still should be awarded to PAIF as restitution, even if the $1.1 million is not.

Nevertheless, at the sentencing hearing on May 2, 2024, the Court declined to award *any* restitution to PAIF, ruling that prospective amendments to the U.S. Sentencing Guidelines prohibit the Court from taking into account acquitted conduct in determining a defendant's sentence, including restitution.  However, the prospective amendments to the Guidelines only provide that

---

[1]  At another point in the hearing, the Court asked Mr. Burgess why he had not testified at the trial in this matter:

THE COURT: While he's doing that, I just got one question. It would have been helpful if you were here at trial. Why weren't you at trial?

THE WITNESS: I was available to be at trial and thought I was going to be here.

THE COURT: Okay.

*Tr., 124:2-7.*

acquitted conduct cannot be used to calculate a defendant's Guidelines sentencing range. *The amendments do not even mention restitution.*

*See: https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2024*

Therefore, PAIF respectfully submits that the Court should reconsider its ruling on restitution in this matter and award PAIF $3.4 million, commensurate with PAIF's actual loss caused by the Defendant's relevant conduct; alternatively, the Court should award PAIF restitution in the amount of $2.3 million, representing the difference between PAIF's total actual loss of $3.4 million, minus the $1.1 million on the vacated Count 3; finally, alternatively, if nothing else, the Court should award PAIF restitution in the amount of $1.1 million, which is the amount now being advocated by the Government.

After all that PAIF has lost on account of the Defendant's criminal conduct, which easily approaches $10 million when interest, attorney's fees and costs are included, it is unconscionable that PAIF should be awarded absolutely nothing in restitution.

> **KROVATIN NAU LLC**
> 60 Park Place, Suite 1100
> Newark, New Jersey 07102
> (973) 424-9777
>
> *Attorneys for Princeton Alternative Income Fund, L.P.*
>
> /s/Gerald Krovatin

Dated:  June 11, 2024