GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
JOSEPH BOZDECH
California State Bar No. 303453
Email: Joseph.Bozdech@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-19-00898-PHX-DLR (DMF) |
|---|---|
| Plaintiffs, | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO STAY FORFEITURE PENDING APPEAL (Doc. 925)** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

## INTRODUCTION

On July 23, 2024, Defendant David Allen Harbour filed a Motion to Stay Forfeiture Pending Appeal, Doc. 925 (the "Motion"). The Motion asks that the Court "stay the government from moving forward to sell the property seized for forfeiture." Doc. 925 at 2. Defendant cites no case law, and makes only a passing reference to Federal Rule of Criminal Procedure 32.2(d), in support of his request. The Court should deny the Motion because Defendant has failed to make a sufficient showing to merit exercise of the Court's discretionary authority.

/

/

/

## LEGAL STANDARD AND ANALYSIS

To clarify the posture of the forfeiture proceeding in this case, the Court has entered an Order of Forfeiture, Doc. 801, an Amended Order of Forfeiture identifying substitute assets for forfeiture in partial satisfaction of the money judgment imposed against Defendant, Doc. 853, and partially granted Defendant's Motion for Reconsideration of the Forfeiture Order, Doc. 857, to adjust the calculation of Defendant's forfeiture money judgment. The Order of Forfeiture, as amended, became final as to Defendant at sentencing. Doc. 801 at 8, Doc. 853 at 3. Defendant filed a Notice of Appeal to the Ninth Circuit, appealing his conviction and sentence, including the Order of Forfeiture. Doc. 863. At Defendant's request, the Ninth Circuit has since stayed the appeal pending resolution of proceedings in the district court. *United States v. Harbour*, No. 24-696 (9th Cir.), Doc. 11.

The government's Declaration of Publication, Doc. 924, filed on July 17, 2024, is a notification for the record that the government has completed its third party noticing obligations as set forth in Rule 32.2(b)(6) and as contemplated in the Court's Amended Order of Forfeiture, Doc. 853. The act of providing notice of a pending forfeiture to known potential third party petitioners offers due process to those who may wish to assert an interest in the forfeited property. The filing of a statement verifying that such notice has taken place establishes a clear record and confirms that the required notice has in fact taken place. This notice is provided to, and is for the benefit of, non-parties to the criminal case. Once alerted to the pending forfeiture, potential interest-holders may choose to file a petition and thereby initiate an ancillary proceeding. A defendant from whom property was forfeited lacks standing to appear in an ancillary proceeding and can only assert the interest of another to the extent that the defendant is a legal representative of that interest-holder. *United States v. Mertens*, 455 F. App'x 767 (9th Cir. 2011); *United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998). Defendant's speculations

regarding Abby Harbour's interests in the property to be forfeited, Mot. at 3-4, are therefore irrelevant to this Motion.

Defendant has not established that a stay is necessary to preserve the forfeited property. Federal Rule of Criminal Procedure ("Rule") 32.2(d) provides that, if an appeal is filed as to a conviction or order of forfeiture, the district court *may* stay an order of forfeiture "on terms appropriate to ensure that the property remains available pending appellate review." The decision whether to issue a stay under Rule 32.2(d) is confided to the district court's discretion. Courts often consider four factors in determining whether to stay an order of forfeiture: (1) the likelihood of success on appeal; (2) whether the forfeited asset will likely depreciate over time; (3) the forfeited asset's intrinsic value to the defendant; and (4) the expense of maintaining the forfeited asset. *United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001) (collecting cases).

Defendant has not demonstrated a considerable likelihood of success on appeal, as the Motion merely rehashes arguments already considered and rejected by the Court at length. *See* Docs. 769 (denying Defendant's Motion for Reconsideration), 800 (denying Defendant's Motion for Reconsideration of Renewed Rule 29 Motion), 857 (granting Defendant's Motion for Reconsideration of Forfeiture Order only as to partial loss causation). Defendant has also not made any showing that any property ordered forfeited as either direct proceeds of his fraudulent scheme or as substitute property has special intrinsic value. While much of the property identified in the forfeiture orders is either in the form of currency or jewelry, and as such are not likely to depreciate or create a substantial maintenance expense, the capital trust account with BackJoy Orthotics, LLC identified as a substitute asset is of uncertain value. Staying forfeiture would hamper efforts to liquidate and preserve the value of this asset. Given Defendant's failure to articulate a reason that forfeiture must be stayed, the Court should decline to exercise its discretion.

Even if the Court were to impose a stay as to the finality of the forfeiture order, it could still adjudicate third party interests in the ancillary proceeding or order the forfeiture of Defendant's other assets in satisfaction of the money judgment. "A stay [pending appeal] does not delay the ancillary proceeding or the determination of a third party's rights or interest." Fed. R. Crim. P. 32.2(d). Criminal Rule 32.2(e) provides that "the court may at any time . . . amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." The advisory committee notes to Rule 32.2 explain that "[s]ubdivision (e) makes clear, as courts have found, that the court retains jurisdiction to amend the order of forfeiture at any time to include . . . substitute property." Fed. R. Crim. P. 32.2, advisory committee's note to subdivision (e) (2000); *see United States v. Carpenter*, 941 F.3d 1, (1st Cir. 2019). The Court should therefore in any case leave the forfeiture action open to resolve third party interests or to amend the order, should the government locate further substitute assets.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendant's Motion to Stay Forfeiture Pending Appeal.

Respectfully submitted this 6th day of August, 2024.

                GARY M. RESTAINO
                United States Attorney
                District of Arizona

                *s/Joseph F. Bozdech*
                Joseph F. Bozdech
                Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Stephen M Dichter, *Attorney for Defendant*

 *s/ Ray Southwick*
U.S. Attorney's Office