## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America**<br><br>v.<br><br>**David Allen Harbour**<br><br>USM#: 22704-508 | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>No. CR-19-00898-001-PHX-DLR<br><br>Stephen Dichter (Retained)<br>Attorney for Defendant |

**THERE WAS A VERDICT OF** guilty on March 2, 2023, as to Counts 1, 2, 6, 7, 8, and 13 through 20 of the Second Superseding Indictment. **THE DEFENDANT ENTERED A PLEA OF** guilty on March 7, 2023, as to Count 24 of the Second Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §1343, Wire Fraud, a Class C Felony offense, as charged in Counts 1, 2, 6, 7, and 8 of the Second Superseding Indictment; Title 18, U.S.C. §1957, Transactional Money Laundering, a Class C Felony offense, as charged in Counts 13 through 20 of the Second Superseding Indictment; Title 26, U.S.C. §7201, Tax Evasion, a Class D Felony offense, as charged in Count 24 of the Second Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **NINETY-SIX (96) MONTHS**, which consists of **NINETY-SIX (96) MONTHS** on Counts 1, 2, 6, 7, 8, and 13 through 20, and **TWENTY-FOUR (24) MONTHS** on Count 24, with credit for time served, said counts to run concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THIRTY-SIX (36) MONTHS**, which consists of **THIRTY-SIX (36) MONTHS** on Counts 1, 2, 6, 7, 8, and 13 through 20, said counts to run concurrently.

**IT IS FURTHER ORDERED** that defendant's interest in the following property shall be forfeited to the United States: A sum of money equal to $3,320,146.50 in U.S. currency, representing the amount of money involved in the offenses; 18 Karat White Gold Diamond Cuff Bracket; 18 Karat Yellow and White Gold Custom Kansas University Jayhawk Pendant and Cable chain; Scott Kay Engraved Platinum Classic Band Stamped PT950; Hamra Jewelers Engraved Custom Platinum Diamond Ring; Patek Philippe Stainless Steel Nautilus Watch and Steel Bracelet bearing serial number A384EAP; Engraved Custom Platinum Eternity Band; Rolex Day-Date Pearlmaster Watch bearing serial number G527156 and Masterpiece Bracelet; $3,000 cash; Paradise Valley Country Club Equity in the amount of $12,437.42; and Whisper Rock Golf Club Membership in the amount of $52,819.77.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

Case 2:19-cr-00898-DLR   Document 930   Filed 09/19/24   Page 2 of 5

CR-19-00898-001-PHX-DLR                                                                    Page 2 of 5
USA vs. David Allen Harbour

**SPECIAL ASSESSMENT:** $1,400.00   **FINE:** WAIVED   **RESTITUTION:** $7,383,812.44

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay restitution to the following victim(s) in the following amount(s):
Carol and Pat Hill, in the amount of $432,939.70; Joe Cathey, in the amount of $1,335,518.50; Mark Burg, in the amount of $935,000.00; Internal Revenue Service, in the amount of $4,680,354.24.

The defendant shall pay a special assessment of $1,400.00 which shall be due immediately.

The defendant shall pay a total of $7,385,212.44 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $5,000.00 over a period of 34 months to commence 60 days after the release from imprisonment to a term of supervised release.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $1,400.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 13, 24 of the Superseding Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

The drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

1)     You must not commit another federal, state or local crime.

Case 2:19-cr-00898-DLR   Document 930   Filed 09/19/24   Page 3 of 5

CR-19-00898-001-PHX-DLR                                                                    Page 3 of 5
USA vs. David Allen Harbour

2)  You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3)  You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS

1)  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)  You must answer truthfully the questions asked by your probation officer.
5)  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6)  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7)  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8)  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

Case 2:19-cr-00898-DLR   Document 930   Filed 09/19/24   Page 4 of 5

CR-19-00898-001-PHX-DLR                                                                Page 4 of 5
USA vs. David Allen Harbour

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1) You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.
2) You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.
3) You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts over $5,000.00 without the prior approval of the probation officer.
4) You shall pay restitution to the Internal Revenue Service and to the victims in an amount to be determined.
5) You must not contact the following victim(s), MB, RT, PAIF, K and VB, PC, RG, JC, P and CH, AW, CJ, DD, TD, GW, SA, and MR, and the probation officer will verify compliance.
6) You must not hold a position of fiduciary responsibility over another person without the prior approval of the probation officer.
7) You must cooperate in the collection of DNA as directed by the probation officer.
8) You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution.
9) You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines or special assessments.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL BY FILING A NOTICE OF APPEAL IN WRITING WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

CR-19-00898-001-PHX-DLR Page 5 of 5
USA vs. David Allen Harbour

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter, **as to Count 24 only**. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence:  **Tuesday, January 30, 2024**

    Dated this 18th day of September, 2024.

_____
Douglas L. Rayes
Senior United States District Judge

**RETURN**

I have executed this Judgment as follows:

_____, the institution

defendant delivered on _____ to _____ at _____

designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

United States Marshal     By:     Deputy Marshal

CR-19-00898-001-PHX-DLR - Harbour     1/30/2024 - 11:17 AM