JON M. SANDS
Federal Public Defender
JAMI JOHNSON, NY Bar #4823373
Asst. Federal Public Defenders
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700   voice
jami_johnson@fd.org
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-00898-PHX-DLR |
|---|---|
| Plaintiff, | **Motion to Amend Conditions of Release** |
| vs. | |
| David Allen Harbour, | |
| Defendant. | |

As the Court is aware, on March 13, 2025, this Court issued an order releasing Mr. Harbour during the pendency of his appeal subject to certain conditions. (Doc. 951.) Mr. Harbour is grateful to the Court for releasing him. Unfortunately, after more than three months of experience subject to these conditions, certain of the conditions are presenting difficulties with respect to Mr. Harbour's ability to participate fully in his defense as well as to maintain his physical health. For that reason, Mr. Harbour respectfully requests that this Court modify its March 13, 2025, Order Setting Conditions of Release in the following manner:

1. Mr. Harbour requests that this Court remove the condition that Mr. Harbour not possess or use an internet capable device. As explained more fully below, this modification is necessary for Mr. Harbour to be able to assist his counsel in preparing the appeal.

2. Mr. Harbour requests that the location monitoring condition be modified from home detention to curfew as directed by Pretrial Services in order to expand the list of activities for which Mr. Habour is allowed to leave his

residence, including most importantly to allow him to leave home for the purpose of exercising.

3. Mr. Harbour requests that this Court modify the location monitoring condition to authorize pretrial services to temporarily remove Mr. Harbor's location monitoring device whenever removal of the device is necessary for Mr. Harbour to undergo medical procedures incompatible with wearing the device.

Mr. Harbour has consulted with both the United States and with Pretrial Services regarding the requested modifications. Pretrial Services does not object to the proposed modifications. The United States does object, and Mr. Harbour understands that the United States intends to file a response to this motion explaining the basis for its objections.

## I. Removing the restriction on internet capable devices.

Counsel for Mr. Harbour requests that the condition barring Mr. Harbour from using or possessing an internet capable device be removed to allow Mr. Harbour to assist counsel in the preparation of his appeal. As the Court is aware, the proceedings in this case were lengthy, and the record is voluminous—far too voluminous to be printed and reviewed in paper. Because Mr. Harbour currently lacks access to any device capable of accessing the internet, he is not able to review his case file, read transcripts, assist his counsel in locating relevant materials, or review any drafts in electronic format. He also cannot communicate with counsel via email.

Mr. Harbour previously had electronic access to his case file while incarcerated at the Bureau of Prisons in Florence, Colorado because counsel coordinated with BOP staff to send Mr. Harbour a flash drive with case materials that he could access via special computers set up for that purpose at the prison.

Mr. Harbour also had access to Westlaw through the prison law library. He used these materials to assist counsel in his appeal but has been unable to do so since being released from prison because of the bar on internet-capable devices. Permitting Mr. Harbour to access a computer would facilitate timely and effective preparation of his appeal.

In addition, the condition that Mr. Harbour not possess or use an internet-capable device materially limits his ability to seek employment. Virtually all jobs in today's economy, and certainly all jobs for which Mr. Harper would be a competitive candidate, require some degree of access to a computer. Mr. Harbour is unlikely to secure employment so long as he is subject to this condition.

For these reasons, Mr. Harbour requests that this Court remove the condition that he not possess or use an internet capable device.

## II. Replacing Home Detention with Curfew.

As the Court is aware, the appeal in this case is likely to take a substantial amount of time to resolve because of the length of proceedings and the number and complexity of the issues to be litigated. The opening brief is currently due October 31, 2025.

Mr. Harbour currently shares a 2-bedroom apartment with his mother, and home confinement limits him to the space inside the apartment, not including the curtilage. It permits him to leave the home only for a certain restricted list of activities with prior notification to pretrial services, and many ordinary activities of daily life are excluded from the list of activities that pretrial services may approve, including exercising and going to the grocery store. Home confinement is a level of confinement that is difficult to maintain over the prolonged period of time that this appeal will take and is ultimately likely to negatively impact Mr. Harbour's physical

and mental health. The inability to exercise outside the home is of particular concern to Mr. Harbour given his age and his family history of diseases for which a sedentary lifestyle is a risk factor.

Mr. Harbour therefore requests that home detention be replaced with a curfew whose hours are set at the discretion of pretrial services. Curfew will allow Mr. Harbour to leave his home to exercise, shop for groceries, and to go to work and church activities without prior approval from his probation officer so long as he schedules these activities during curfew-permitted hours.

Mr. Harbour understands that pretrial services does not object to his being placed on curfew rather than on home detention. However, to the extent that the Court finds curfew to be inappropriate in this case, Mr. Harbour respectfully requests that exercise outside the home be added to the list of activities that pretrial services may approve while he is on home detention.

### III. Authorizing pretrial to temporarily remove Mr. Harbour's ankle monitor for medical appointments.

As the Court is aware, Mr. Harbour currently wears an ankle monitor that cannot be removed without prior permission of the Court. Mr. Harbour needs to undergo certain medical procedures which are incompatible with the wearing of an ankle monitor. To avoid burdening the Court with repeated motions for temporary removal of Mr. Harbour's ankle monitor, Mr. Harbour requests that the Court authorize pretrial services to temporarily remove the ankle monitor whenever removal is necessary for medical purposes.

Excludable delay is not likely to result from this motion or from an order based thereon.

Respectfully submitted: July 3, 2025.

JON M. SANDS
Federal Public Defender

s/Jami Johnson
JAMI JOHNSON
Assistant Federal Public Defender
*Attorney for Defendant*