TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00898-001-PHX-DLR |
| Plaintiff, | |
| vs. | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** |
| David Allen Harbour, | [Doc. 955] |
| Defendant. | |

The Court should deny the Defendant's motion to modify his release conditions for several key reasons.

First, the numerous victims of his long-term fraud schemes oppose any changes that would grant him internet access.

Second, the Court should not allow Harbour access to the internet under any circumstances. Importantly, his supervising officer should not have this added burden of monitoring his use of the internet. During the trial, substantial evidence showed that he used the internet to facilitate his fraud (PSR ¶ 17). For instance, he created an email for the deceased Pat Spaulding, hijacked Kenneth Bobrow's phone to mislead victim Turasky, and sent emails from his former bookkeeper, Laura Purifoy. He has already violated his release conditions by committing bank fraud, engaging in unauthorized financial transactions, and having unauthorized contact with a victim (Doc. 346). Additionally, this Court, after trial,

found that he tampered with witnesses while on pretrial release. This history demonstrates that he does not deserve relaxed release conditions.

Third, as noted in the defense filing, the Court previously provided him with a standalone computer without internet access to assist in his defense while in custody. It is unclear why this cannot be done again. The government disagrees with the assertion that he cannot receive hard copies of the record. Harbour filed numerous post-trial motions that relied heavily on the record and assisted his trial counsel in reviewing it. He is already familiar with key witnesses and arguments. Specific transcripts could be provided to him, or he could direct his appellate counsel to the relevant excerpts. Many defendants in custody pending appeal, who, unlike Harbour, have not violated several release conditions, can assist their counsel without internet access.

Fourth, regarding employment while Harbour is out of custody pending appeal, it is unclear what type of employment he is seeking. Given the nature of his fraud convictions and the harm caused to victims, he should not be allowed internet access to search for work.

Fifth, his request to leave home for exercise should also be denied. He is not pre-conviction on home detention; he is a convicted felon who has already violated release conditions. It is unknown who he would encounter at an exercise facility, and he should be able to exercise at home, as was common during the COVID-19 pandemic.

Finally, the government has no objection to a location monitoring device being removed prior to medical procedures with permission of his supervised release officer.

Respectfully submitted this 24th day of July 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Jami Johnson
*Attorney for Defendant*

 *s/D. Parke*
U.S. Attorney's Office