UNITED STATES DISTRICT COURT
ARIZONA – PHOENIX
September 11, 2025

USA v. David Allen Harbour     Case Number: CR-19-00898-001-PHX-DLR

## AMENDED ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND:**
    ☐ UNSECURED
    ☐ SECURED BY:
**SECURITY TO BE POSTED BY:**

☒ FILED    ☐ LODGED
**Sep 11 2025**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

**NEXT APPEARANCE: To be determined** or as directed through counsel.
☐ 401 West Washington St., Phoenix, AZ, Courtroom #, Floor

Pursuant to 18 U.S.C. § 3142(c)(l)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒    appear at all proceedings as required and to surrender for service of any sentence imposed.

☒    not commit any federal, state, tribal or local crime.

☒    cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒    report as directed to the Pretrial Services Division 1-800-769-7609 or 602-322-7350; 401 W. Washington St., Suite 160, Phoenix, AZ 85003.

☐    appear at the United States Marshal's Service Office at 401 W. Washington St., Phoenix, AZ 85003, to make an identity record.

☒    abide by specified restrictions on personal associations, place of abode or travel.

☒    reside at the address on file with Pretrial Services and IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, for approval PRIOR to any change in residence address, mailing address and telephone number.

☐    be released to the third-party custody of:  and shall reside with the third-party custodian unless Pretrial Services approves the defendant to reside elsewhere.

☒    not travel outside of the defendant's authorized state of residence unless PRIOR Court or Pretrial Services permission is granted to do so. The defendant shall not travel out of the United States unless PRIOR Court approval is granted to do so.

☐    not travel outside of defendant's authorized state of residence unless PRIOR Court or Pretrial Services permission is granted to travel elsewhere except that with at least two days PRIOR notice to Pretrial Services, the defendant may travel directly to the prosecuting district, and through all states and counties between the defendant's authorized state of residence and the prosecuting district, for Court purposes and lawyer conferences. The defendant shall not travel out of the United States unless PRIOR Court approval is granted to do so.

☒    avoid all direct or indirect contact with any persons who are considered alleged victim(s), potential witness(es), or codefendant(s): Kenneth Bobrow, Victoria Bobrow, Steve Baker, Mark Burg, Phillip Burgess, Pam Case, Joe Cathey, Daryl Deel, Melvin Dunsworth, Steve Emmons, Rhonda Gray, Carol Hill, Pat Hill, Maya Langbein, David Lunn, Bart Shea, Patrick Spaulding, Richard Turasky, Dan Wilson, and Allision Wilson. Contact exclusively through the defendant's counsel of record is permitted. The Government may seek to add or remove individuals on motion to the Court.

| USA v. David Allen Harbour | Case Number: CR-19-00898-001-PHX-DLR |
|---|---|

September 11, 2025

- ☐ maintain weekly contact with his/her attorney by Friday, noon of each week.
- ☐ surrender all travel documents to Pretrial Services by
- ☒ not obtain a passport or other travel documents during the pendency of these proceedings.
- ☒ maintain or actively seek employment (combination work/school) if physically and medically able to do so and provide proof of such to Pretrial Services. The defendant shall not engage in employment which includes control of financial accounts.
- ☐ maintain or commence an educational program and provide proof of such to Pretrial Services.
- ☒ not drive without a valid driver license.
- ☒ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.
- ☐ participate in the Remote Alcohol Detection Program and shall abide by all technology requirements. You shall follow all program rules and contribute to all or part of the costs of participation in the Remote Alcohol Detection Program, including equipment loss or damage, as directed by the court and/or the officer.
- ☒ not consume alcohol. The defendant shall participate in alcohol treatment and submit to alcohol testing, and make copayment toward the cost of such services, as directed by the Pretrial Services Division. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.
- ☐ submit to breathalyzer or urinalysis testing, as directed by the supervising officer.
- ☐ participate in a program of inpatient or outpatient substance use treatment, if directed by the supervising officer. The defendant shall contribute to all or part of the cost of the treatment program based on your ability to pay as determined by the supervising officer.
- ☒ not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.
- ☐ participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider, including taking all medication prescribed by the treatment provider unless the defendant objects to a medication, and in that event the defendant shall immediately notify Pretrial Services. You must contribute to the cost of such services in an amount to be determined by Pretrial Services.
- ☐ participate in a Specialized Treatment Program and comply with all treatment requirements including taking all medications prescribed by a physician/psychiatrist and make a copayment toward the cost of services as directed by Pretrial Services.
- ☐ reside at an inpatient substance use treatment facility or a halfway house, as deemed appropriate, and shall follow all program requirements including the directions of staff members. The defendant is required to make a copayment toward the cost of services as directed Pretrial Services. The U.S. Marshals Service is authorized, if requested by the program director or an authorized staff member, to remove the defendant from the program for noncompliance at any time to include evenings, weekends and holidays and place the defendant in temporary custody pending court proceedings. Upon completion, the defendant is allowed to reside at a residence approved by Pretrial Services.
- ☐ be at your residence during the hours specified by Pretrial Services as curfew hours.
- ☐ timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of: $.

| USA v. David Allen Harbour | Case Number: CR-19-00898-001-PHX-DLR |
|---|---|

**September 11, 2025**

- ☒ not obtain any new financial accounts without prior notification and approval of the Pretrial Services Division.
- ☐ resolve all pending lower court matters and provide proof of such to Pretrial Services.
- ☐ execute an agreement to forfeit the bond or designated property upon failing to appear as required:
- ☒ not directly or indirectly solicit investors for any investment while on Pretrial Release, whether as part of employment or otherwise.
- ☒ fully cooperate with Pretrial Services' confirmation of Defendant's compliance with the financial and other conditions through credit reports, provision of requested documents, and/or other means.
- ☒ participate in the Remote Internet and Computer Monitoring Program as ordered by the Court and follow the rules of the program. Additional conditions of the Remote Internet and Computer Monitoring Program are as follows: Pretrial Services is authorized, in the lawful performance of the office's duties, to monitor the defendant's computer device(s), as defined in 18 U.S.C. § 1030(e)(1) and monitor the defendant's internet activities using an agency approved computer and internet monitoring software. Pretrial Services is authorized to remotely access the monitoring software installed on the defendant's device(s), at any time, with or without suspicion that the defendant has violated the conditions of supervision. Should the defendant fail to comply with the Remote Internet and Computer Monitoring Program, the Court may impose additional restrictions that may include up to revocation of the defendant's pretrial release. The defendant shall pay for all or part of the cost of the Remote Internet and Computer Monitoring Program as directed by the Pretrial Services Division. The defendant shall submit financial records such as, bank statements, credit reports, internet and cable television statements, sales receipts, credit and debit card statements, to verify compliance with this condition and any other Court ordered condition. The defendant shall not intentionally attempt, or direct a third-party, to remove, bypass, deactivate or impair the monitoring software. The defendant is permitted to use a compatible, monitored computer or compatible, monitored cellular smart phone, as determined by the Pretrial Services Division, to access the internet for legitimate purposes. Any other internet connected devices in the defendant's residence not subject to monitoring shall not be used by the defendant, be password protected, and verified by the Pretrial Services Division for compliance. The defendant shall submit an accounting of all internet capable and data storage media devices to the Pretrial Services Division. the Pretrial Services Division shall approve the number of devices the defendant may use for legitimate purposes. The defendant shall purge any violative material prior to the installation of the monitoring software. Should the monitoring software capture any violative material after the installation of the monitoring software, the defendant may be in violation of the Remote Internet and Computer Monitoring Program. The defendant shall not possess or use an unmonitored internet capable device such as an iPod, iPad, tablet, gaming systems, computer(s), smartphones(s) or any other device capable of connecting to the internet unless preapproved by the Pretrial Services Division. The defendant shall provide Pretrial Services a list of his attorneys. Communications with attorneys will not be reviewed by Pretrial Services.

USA v. David Allen Harbour                    Case Number: CR-19-00898-001-PHX-DLR
September 11, 2025

## LOCATION MONITORING

The defendant shall participate in a location monitoring program that also includes the location restriction component specified below. The supervising officer may specify which location monitoring technology will be utilized. The defendant shall abide by all program and technological requirements of the location monitoring program and comply with all the supervising officer's instructions. The defendant shall contribute to all or part of the cost of location monitoring, including equipment loss or damage, based upon ability to pay, as determined by the supervising officer.

Check one of the following location restriction components:

- ☐ **(Curfew)** You are restricted to your residence every day:
  - ☐ from ____ to ____ or
  - ☐ as directed by Pretrial Services; or

- ☒ **(Home Detention)** You are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the office or supervising officer. The defendant is permitted to attend a gym as approved by Pretrial Services.

- ☐ **(Home Incarceration)** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court; or

- ☐ **(Stand-Alone Monitoring)** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. Note: Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

The defendant shall submit to the location monitoring technology indicated below and shall abide by all technological requirements and instructions provided by the Pretrial Services Division.

☒ Location monitoring technology at the officer's discretion

☐ Radio Frequency (RF) Monitoring

☐ Active GPS Monitoring

☐ Voice Recognition

**Pretrial Services may grant permission for the defendant to temporarily remove his location monitoring device for medical procedures.**

## ADVICE OF PENALTIES AND SANCTIONS

USA v. David Allen Harbour                    Case Number: CR-19-00898-001-PHX-DLR
September 11, 2025

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition) to any other sentence you receive.

    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### ACKNOWLEDGMENT OF DEFENDANT

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE: | SIGNATURE OF DEFENDANT |
|---|---|
| 9-11-25 | *[signature]* |

    Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF CUSTODIAN(S) |
|---|
|  |

**Directions to United States Marshal:**

| USA v. David Allen Harbour | Case Number: CR-19-00898-001-PHX-DLR |
|---|---|

**September 11, 2025**

☒ The defendant was ORDERED released after processing on **3/13/2025**.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Dated this 11th day of September, 2025.

*/s/ Douglas L. Rayes*
Honorable Douglas L. Rayes
Senior United States District Judge

USA, PTS/PROB, USM, DEFT, DEFT ATTY