JON M. SANDS
Federal Public Defender
JAMI JOHNSON, NY Bar #4823373
Asst. Federal Public Defenders
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700    voice
jami_johnson@fd.org
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | No. CR-19-00898-PHX-DLR |
| vs. | **Defendant's Motion to Clarify November 21, 2025, minute entry and to direct USMS to deem February 24, 2025, writ executed** |
| David Allen Harbour, | |
| Defendant. | |

Defendant David Allen Harbour ("Mr. Harbour"), through undersigned counsel, hereby requests that this Court issue an order (1) amending its November 21, 2025, minute entry (Doc. 1002) so that it remands Mr. Harbour to the "custody of the Bureau of Prisons" rather than to the U.S. Marshals Service ("USMS") (2) directing the USMS to deem the February 24, 2025, Writ of Habeas Corpus ad Testificandum (Doc. 948) fully executed, and (3) recommending that Mr. Harbour be housed at the USP Tucson Camp to facilitate contact with his children.

As this Court is aware, on November 21, 2025, this Court issued an Order remanding Mr. Harbour into custody. Mr. Harbour has, since that time, been housed at CoreCivic in Florence, Arizona. He has not been transferred to a Bureau of Prisons facility. As a result of his confinement at CoreCivic, Mr. Harbour is unable to participate in the evidence-based recidivism reduction programming available at Bureau of Prisons facilities, and he is not earning First Step Act credits.

After inquiry, and upon information and belief, it appears the reason that Mr. Harbour has not been transferred to a Bureau of Prisons ("BOP") Facility is because this Court's November 21, 2025, minute entry (Doc. 1002) states, "defendant is remanded into the custody of the U.S. Marshals Service." The USMS interprets this order as directing it to maintain custody of Mr. Harbour and not to transfer Mr. Harbour to the custody of any other agency, e.g., the BOP. The USMS for the District of Arizona houses inmates at CoreCivic, so it appears that Mr. Harbour will remain at that facility unless and until the USMS receives different directions from this Court.

Upon further information and belief and after inquiry, because Mr. Harbour was brought to Phoenix in February 2025 pursuant to a writ of habeas corpus ad testificandum (Doc. 948) and because that writ remains in effect and has not been deemed executed, even if November 21, 2025, minute entry is amended to clarify that Mr. Harbour should be remanded to the custody of the BOP, the USMS will have no choice but to return Mr. Harbour to the last place from which he was removed pursuant to the writ, which is the FCI Florence minimum security satellite camp in Florence, Colorado.

As this Court knows, Mr. Harbour has for some time been engaged in a custody battle involving his minor children. On April 6, 2026, an expert hired by Mr. Harbour's estranged ex-wife produced a report recommending that Mr. Harbour be given visitation with his children. He therefore requests that this Court recommend to the Bureau of Prisons that it confine Mr. Harbour to the USP Tucson satellite camp to facilitate this visitation. Mr. Harbour understands that such recommendations are not binding on the BOP and that he may ultimately be housed at any Bureau of Prisons facility subject to availability and other institutional considerations.

Mr. Harbour therefore requests that this Court issue an order (1) amending the November 21, 2025, minute entry (Doc. 1002) to clarify that Mr. Harbour is

remanded to the custody of the Bureau of Prisons, (2) directing the USMS to deem the February 24, 2025, writ (doc. 948) fully executed, and (3) recommending that Mr. Harbour be housed at the USP Tucson satellite camp to facilitate visitation with his children.

Respectfully submitted:                              April 7, 2026.

JON M. SANDS
Federal Public Defender

*s/Jami Johnson*
JAMI JOHNSON
Assistant Federal Public Defender
*Attorney for Defendant*

3