TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Email: Kevin.Rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>David Allen Harbour,<br><br>Defendant. | No. CR-19-00898-PHX-DLR (DMF)<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CLARIFY NOVEMBER 21, 2025, MINUTE ENTRY AND TO DIRECT USMS TO DEEM FEBRUARY 24, 2025, WRIT EXECUTED [CR 1029]** |

The United States hereby responds to the motion filed by the defendant, David Allen Harbour, requesting clarification of the November 21, 2025, minute entry and directing the court to deem the writ executed as of February 24, 2025.

### Transportation Limitations

It is important to note that the Bureau of Prisons (BOP) currently lacks the capability to transport the defendant to the district court should any reason arise for him to appear. This limitation significantly impacts the handling of the writ and the execution process. Accordingly, this is a basis for him to remain in the custody of the U.S. Marshals Service (USMS).

### Execution of the Writ

Should this Court find that the writ is fully executed due to a violation of release conditions, the defendant can be returned to a BOP facility. However, BOP has clarified

that even if remanded to their custody, the defendant will be housed at the Corrections Corporation of America (CCA) facility in Florence, AZ, as per the existing agreement between BOP and the USMS.

If the writ is resolved, the defendant will be sent to his designated facility, which may not necessarily be the Federal Prison Camp (FPC) in Tucson. The decision regarding placement ultimately rests with BOP, although this Court may make recommendations.

## Visitation Recommendations

In reference to the recent report mentioned by Harbour, which suggests visitation with his children as a reason for him to be designated to FPC Tucson, the United States does not have access to this document. However, Ms. Harbour's attorney has indicated that the report does not align with Mr. Harbour's assertions.

It is pertinent to clarify that upon release, Mr. Harbour will first undergo forensically informed therapy. Any reunification efforts should be contextualized within that therapeutic appointment. Only if the therapists for Mr. Harbour, his estranged children, and the Therapy Intervention (TI) team conclude that visitation is suitable, would the recommending physician suggest supervised parenting time through an independent and professional agency. This is a significant departure from Mr. Harbour's claims presented in his current filing that he requires designation to FPC Tucson to facilitate reunification with his children. But again, without access to the subject report the United States is at a disadvantage in addressing these claims. In conclusion, the United States respectfully asks this Court to consider these points in its deliberation on the motion for clarification.

Respectfully submitted this the 21st day of April, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona


*s/ Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and emailed a copy to the following CM/ECF registrant:

Jami Johnson
*Attorney for Defendant*

*s/ Daniel Parke*
U.S. Attorney's Office