JON M. SANDS
Federal Public Defender
JAMI JOHNSON, NY Bar #4823373
Asst. Federal Public Defenders
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700 voice
jami_johnson@fd.org
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>David Allen Harbour,<br>Defendant. | No. CR-19-00898-PHX-DLR<br><br>**Defendant's Second Motion to Reconsider Order Revoking Release** |

Defendant David Allen Harbour ("Mr. Harbour"), through undersigned counsel, hereby requests that this Court reconsider its order entered December 2, 2025 (Doc. 1002) revoking Mr. Harbour's release pending appeal. This motion for reconsideration is based on changed circumstances and new information that warrant Mr. Harbour's immediate release.

On July 9, 2026, Mr. Harbour filed his opening brief in United States v. Harbour, Case No. 24-696 (9th Cir.). That brief alleged, *inter alia*, extensive prosecutorial misconduct in opening and closing statements and in the questioning of witnesses, errors in the admission of "other act" evidence, and errors in the loss calculation used at sentencing. After Mr. Harbour filed the opening brief, and without responding to the merits, the government agreed that if Mr. Harbour dismissed his appeal, it would agree to file a motion to remand the case for resentencing with a stipulated sentence of time served. A copy of that agreement is attached hereto as Exhibit 1.

On October 1, 2026, the parties filed a Joint Motion to Stay Appeal and Remand for Resentencing in the Ninth Circuit Court of Appeals. A copy of that motion is attached as Exhibit 2. As of the date of this filing, the Ninth Circuit has not ruled on that motion.

In light of the parties' recently executed agreement, Mr. Harbour seeks immediate release so that he may travel to Phoenix out of custody and at his own expense to attend his forthcoming resentencing hearing. Release is appropriate not only in light of the parties' agreement, but also because Mr. Harbour has already served the entirety of his properly calculated guidelines.

At the original sentencing in this case, this Court held Mr. Harbour responsible for a total loss amount of $8,351,345, which resulted in an 18-level increase to his base offense level. (Tr. of Jan. 30, 2024, sent'g at 29.) Of that total, $4,001,345 related to losses alleged by PAIF and Carol Hill that were "acquitted conduct," which the Sentencing Guidelines now prohibit the use of in calculating sentencing guidelines. U.S.S.G. § 1B1.3.

An additional $3,000,000 related to money loaned by Joe Cathey that was used to enhance Mr. Harbour's guidelines apparently in reliance on incorrect statements by the government that Mr. Harbour made statements to Mr. Cathey in connection with Mr. Cathey's decision to invest. No evidence of this sort exists in the record. Indeed, Mr. Cathey unambiguously testified, "I didn't talk to Harbour until after the payments stopped." (Tr. of Feb. 8, 2023, trial at 102:5–14.)

Lastly, losses to Rich Turasky and Mark Burg were not offset by money returned to them, as unambiguously required by U.S.S.G. § 2B1.1, which directs that loss amounts "shall be reduced by . . . [t]he money returned, and the fair market value of the property returned . . . by the defendant or other persons acting jointly with the defendant, to the victim before the offense was detected." U.S.S.G. § 2B1.1 cmt. n.3 (E)(i); *see also United States v. West Coast Aluminum Heat*

*Treating Co*., 265 F.3d 986, 992 (9th Cir. 2001) ("[T]he victim's loss should be offset by the victim's benefit.")

Removing losses associated with to PAIF, Carol Hill, and Joe Cathey from the previously calculated loss total and adjusting losses to Rich Tursasky and Mark Burg by $145,000 to account for funds returned to them before Green Circle collapsed results in a revised loss total of $1,205,000, which corresponds to a 14-level increase to Mr. Harbour's base offense level under U.S.S.G. § 2B1.1(b)(1).

This adjustment, even if no other changes are made to Mr. Harbour's guidelines calculations, would in a decrease in Mr. Harbour's final offense level from 29 to 25. In criminal history category I, this results in a recommended sentencing range of 57 to 71 months. Mr. Harbour has already served more than 48 months in custody which, when accounting for credit for good conduct, is the equivalent of 57 months, without consideration of any of the First Step Act Earned Time Credits that Mr. Harbour has earned by engaging in evidence-based programming while in custody.

Mr. Harbour therefore requests that this Court reinstate reconsider its December 2, 2025, order revoking Mr. Harbour's release (Doc. 1002) and order him reinstated on the same conditions as previously applied.

AUSA Rapp advises that the government opposes the relief requested in this motion.

Respectfully submitted: October 15, 2026.

JON M. SANDS
Federal Public Defender

*s/Jami Johnson*
JAMI JOHNSON
Assistant Federal Public Defender
*Attorney for Defendant*

# Exhibit 1

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br>v.<br>DAVID ALLEN HARBOUR,<br>Defendant-Appellant. | C.A. No. 24-696<br>D. Ct. No. CR-19-00898-DLR<br>**JOINT MOTION TO STAY APPEAL AND REMAND FOR RESENTENCING** |

Plaintiff-Appellee, the United States of America, and the Defendant-Appellant, David Allen Harbour, through undersigned counsel, hereby jointly move to stay this appeal and remand this matter for resentencing, for the following reasons:

1. The defendant is currently appealing his judgment of conviction and sentence and has filed an Opening Brief. The United States has not yet filed an Answering Brief.

2. The parties have consulted and wish to resolve the defendant's case without further litigation. The parties have agreed to jointly remand for resentencing, without any comment on the merits, pursuant to a sentencing agreement under which the defendant will receive a reduced custodial sentence in exchange for his agreement to pay stipulated restitution and waive the right to appeal

and file any motions challenging his conviction or sentence. As part of that agreement, if he receives the sentence stipulated to by the parties, the defendant has agreed to promptly move to dismiss this appeal.

3. The parties believe that this resolution is in the interests of justice, including judicial economy. It will obviate the need for this Court to resolve the current appeal, and once the defendant is resentenced, the case will conclude without further litigation.

4. The parties understand that the briefing schedule, including the United States' upcoming Answering Brief deadline, will be stayed pending resolution of this motion pursuant to Circuit Rule 27.11

5. The defendant is currently in custody and expected to be released on December 18, 2028, according to the Bureau of Prisons.

6. The Court Reporter is not in default as to the preparation of any designated transcripts.

//

//

//

//

//

//

For the foregoing reasons, both parties jointly and respectfully ask this Court to stay this appeal and remand for resentencing. After resentencing in accordance with the parties' agreement, the defendant will promptly move to dismiss this appeal. If resentencing does not occur in accordance with the parties' agreement, the parties would promptly move this Court to lift the stay and reset the briefing schedule.

RESPECTFULLY SUBMITTED this 1st day of October, 2026.

JON M. SANDS
Federal Public Defender
District of Arizona

*s/ Jami Johnson (with permission)*
JAMI JOHNSON
Assistant Federal Public Defender
250 N. 7th Ave., Suite 600
Phoenix, Arizona 85007
Telephone: (602) 382-2700
Attorneys for Defendant-Appellant

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Kevin Rapp*
KEVIN RAPP
Assistant U.S. Attorney
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Attorneys for Plaintiff-Appellee

# CERTIFICATE OF COMPLIANCE

I certify that:

1. This motion complies with the length limits permitted by Ninth Circuit Rule 27-1(d) because it does not exceed 20 pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Kevin Rapp*
KEVIN RAPP
Assistant U.S. Attorney
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Attorneys for Plaintiff-Appellee

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Lydia Elias*
LYDIA ELIAS
Legal Assistant

# Exhibit 2

TIMOTHY COURCHAINE
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>David Allen Harbour,<br>Defendant. | No. CR-19-00898-PHX-DLR (DMF)<br>**SENTENCING AGREEMENT** |

Plaintiff, the United States of America, and the defendant, David Allen Harbour, hereby agree to resolve this matter, including defendant's pending appeal in Ninth Circuit Case No. 24-696, on the following terms and conditions:

**AGREEMENTS REGARDING CONVICTIONS AND REMAND**

1. On March 2, 2023, the defendant was found guilty by a jury on counts 1, 2, 6, 7, 8, and 13-20 of the Second Superseding Indictment ("SSI") and defendant entered a guilty plea to count 24 of the SSI on March 7, 2023. On January 30, 2024, the Court sentenced defendant to 96 months' imprisonment followed by 36 months of supervised release. The Court entered an Amended Judgment on September 19, 2024, that did not change the term of imprisonment or supervised release. (Doc. 930 (the "Amended Judgment").)

2. The United States of America and the defendant hereby enter into this Sentencing Agreement (the "Agreement"). The parties enter into the Agreement to resolve the criminal case and pending appeal filed by defendant and to expedite the liquidation of forfeited assets and the restoration of funds to the victims.

3. Upon execution of this Agreement by the United States and defendant, the parties agree to file promptly a joint motion with the Ninth Circuit Court of Appeals requesting that the Ninth Circuit order a remand of the matter for purposes of re-sentencing and to stay defendant's appeal pending resolution of the remand by the Court.

4. Upon remand, if the Court accepts the Agreement and re-sentences defendant in accordance with the Agreement, defendant agrees to voluntarily dismiss his pending appeal in this matter (Ninth Circuit Case No. 24-696) within one business day after entry of an amended judgment by the Court.

5. If the Court does not accept this Agreement to re-sentence defendant in accordance with the Agreement, this Agreement shall be null and void, the parties will not be bound by the terms of the Agreement, the existing judgment (Doc. 930) shall remain in full force and effect, and defendant will be entitled to pursue his pending appeal. If defendant further pursues his appeal and a stay on defendant's appeal is lifted, defendant will not oppose a request by the United States of at least a 90-day extension of time to file an answering brief.

6. Defendant understands and agrees that under this Agreement, his convictions shall not be disturbed, and defendant agrees not to challenge either the jury's guilty verdicts on counts 1, 2, 6, 7, 8, and 13-20 of the Second Superseding Indictment or the Court's finding defendant guilty on those counts and count 24 in its Amended Judgment entered on those counts on September 19, 2024 (Doc. 930) except under circumstances as set forth in Paragraphs 13 and 14 of this agreement.

## AGREEMENTS REGARDING RE-SENTENCING

7. Re-Sentence. The United States and defendant stipulate that defendant shall be re-sentenced to a custodial term of time served on the date of sentencing with a 36-month term of supervised release to follow upon his release.

8. The parties agree and stipulate to the terms of supervised release included in the Amended Judgment. The defendant has discussed those terms with his counsel, including any potential statutory, constitutional, or other challenges he may have to them, and the defendant expressly waives any such challenges, with the exception of the following two categories of conditions:

a. The parties agree that the Court should consider modifications to the no-contact order based upon the need of the defendant to resolve his ongoing civil litigation; and

b. The condition concerning the potential risk defendant poses to others should be modified to clarify that any risk identified by the probation officer must be related to risk posed by the defendant's criminal record. *See United States v. Magdirila*, 962 F.3d 1152, 1159 (9th Cir. 2020).

9. In calculating his future release date, defendant will receive credit for time he served in federal custody in this matter prior to sentencing.

10. Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount, to the following parties in the following amounts:[1]

| Victim | Restitution Amount |
|---|---|
| Carol and Pat Hill | $432,853.35 |
| Joe Cathey | $1,188,518.50 |
| Mark Burg[2] | $935,000.00 |

[1] The restitution amounts for Mr. and Mrs. Hill and Mr. Cathey have been reduced based upon payments received that were not reflected in the Amended Judgment.

[2] Mr. Burg advised that he wishes that his portion of the pro rata distribution of restitution payments be directed to the Hills pursuant to 18 U.S.C. § 3663(b)(5).

| Victim | Restitution Amount |
|---|---|
| Internal Revenue Service | $4,680,354.24 |

11. Thus, including the $1,400 special assessments, the Court shall order defendant to pay a total of $7,238,126.09 in criminal monetary penalties, due immediately. The parties further agree that if defendant, in his civil litigation with the Internal Revenue Service, resolves his outstanding debt for an amount lower than the restitution amount agreed to in this Agreement, the difference shall be credited against the outstanding restitution.

12. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this Agreement and the law.

## WAIVER OF DEFENSES AND APPEAL RIGHTS

13. The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the second superseding indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence,

including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

14. Defendant specifically understands that this Agreement will result in the dismissal of his pending appeal in Ninth Circuit Case No. 24-696 and will give up and bar him from raising claims that have been or could have been raised in that appeal.

**FORFEITURE - CRIMINAL, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

15. Nothing in this Agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court in an amended judgment entered pursuant to this Agreement, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

16. The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a

substitute for property that constitutes the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s), including the property described in the Court's Amended Judgment (Doc. 930). The defendant also agrees to forfeit, and hereby forfeits, all interest in the property found to be substitute property and described in the Court's Order amending the forfeiture order (Doc. 853).

17. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

18. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This Agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

19. The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this Agreement or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant agrees not to contest the district court's finding that all property covered by this Agreement is subject to forfeiture

as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture.

20. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. This does not require defendant to affirmatively oppose a claim in the forfeiture proceeding made by his spouse.

21. The government reserves its right to proceed against any remaining assets not identified either in this Agreement or in any civil actions which are being resolved along with this Agreement, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

22. The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this Agreement, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read each of the provisions of this Agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering into this Agreement, I will be giving up my right to appeal, including giving up all claims raised or that could have been raised in my currently-pending appeal.

My entering into this Agreement is not the result of force, threats, assurance or promises other than the promises contained in this Agreement. I agree to the provisions of this Agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

This written Agreement contains all the terms and conditions of the agreement between the parties. I further agree that promises, including any predictions made by anyone (including my attorney) that are not contained within this written Agreement are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this Agreement.

10-1-2026
Date

DAVID ALLEN HARBOUR
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the Agreement with my client in detail and have advised the defendant of all matters relevant to this Agreement, including that he is waiving his right to appeal his conviction and sentence. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this Agreement. I concur in the entry of this Agreement and the terms and conditions set forth as in the best interests of my client.

10/01/2026
Date

Jami Johnson
JAMI JOHNSON
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the Agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate as they facilitate restitution to the victims and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

__________________________ ______________________________________
Date KEVIN M. RAPP
Assistant U.S. Attorney